RELATED CASE STATEMENT

This Case is a sub-case of EDNY CASE No. 20-cv-06131, adding Defendant parties alphabetically from Children's Law Ctr to Cytopath Biopsy Lab Inc. The purpose of dividing EDNY CASE No. 20-cv-06131 into sub-cases is to be able to add parties into the Case Management/Electronic Case Files (CM/ECF) system.

This action against the Employer-Defendants named in EDNY CASE No. 20-cv-06131, involves liability of the employer for unlawful employment practices of discrimination based on Plaintiffs' ability to meet their burden of production and persuasion proving that Plaintiffs demonstrated that there was a less discriminatory alternative method of employment practice ("Alternative Employment Practice"). Plaintiffs make the demonstration as an Alternative Employment Practice, described in subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The defendant respondent has refused to adopt such Alternative Employment Practice without valid justification, violating 42 U.S.C. § 2000e-2 of the Civil Rights Act of 1964 as amended in 1991. In addition, this action is for breach of contract brought by the Percy Class as third-party beneficiaries for violating conditions of contracts, including but not limited to Executive Order 11246 ("EO 11246").

This action is grounded by the Memorandum/Order ("Memorandum/Order") of Judge Lasker issued by the United States District Court for the Southern District of New York Case of Percy v Brennan Case 73-cv-04279, reported at 384 F Supp 800 of November 8, 1974 and set forth in the Docket in EDNY 20-cv-06131 at Docket #22, Attachment 2 and entered by Order thereon on February 24, 1975 in Case 73-cv-04279, ("Order") and closed on May 4, 1977, the Case 73-cv-04279 settled by agreement to accept Defendant New York State's offer of Executive Order 45 (9 NYCRR 3.45) (EO 45").

The Second Circuit Court of Appeals in Appeal 17-2273 established that Percy v. Brennan Case 73-cv-04279 in the United States District Court for the Southern District of New York, is final. Here, Case 73-cv-04279 is now relied on for certifying the Percy Class, thereby determining the issue of standing and enforceability of EO 11426 and regulations and laws in relation thereto in favor of the Percy Class against the Defendants by collateral estoppel.

Subsequent to Judge Brodie's dismissal of EDNY action 1:15-cv-03942, a proceeding was brought to continue Percy v. Brennan Case 73-cv-04279. District Court Judge McMahon ruled that Case 73-cv-04279 was no longer a case and controversy having been closed, and she instructed "If the plaintiffs or any party wishes to file a new case, go right ahead." docket #15 of 73-cv-04279. The Second Circuit Court of Appeals in Appeal 17-2273 affirmed that Percy v. Brennan Case 73-cv-04279, is final, EDNY 20-cv-06131, Docket #22, Attachment 5.

Now, this present Action is based on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National archives in New York City, returned upon the request on behalf of Albert Percy, to and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals.This action seeks to enforce the United States District Court for the Southern District of New York Order in the Case of Percy v Brennan Case 73-cv-04279 (the "Percy Action" or "Case 73-cv-04279" or "Percy v. Brennan") reported at 384 F Supp 800 [S.D.N.Y. 1974], the Memorandum/ Order, entered by Judge Lasker on November 8, 1974 in favor of Percy Class, brought on behalf of disadvantaged persons seeking affirmative action in apprenticeship and employment in the New York.

The Memorandum/Order of Judge Lasker in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, as a class of persons that EO 11246 was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23.

Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing Baker v Carr (369 US 186, 204, 82 S Ct 691, 703, 7 L Ed 2d 663 [1962]); (see Flast v Cohen, 392 US 83, 101, 88 S Ct 1942, 20 L Ed 2d 947 [1968])". In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], 17-2273.

The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811 and also at 17-2273, Docket #99, Appendix 1, Volume 3, Page 660). The Order certifying the Class in Case 73-cv-04279 is at 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640, and the final disposition of Case 73-cv-04279 is at Docket 97, Appendix 1, Volume 3 of 3, page 740, respectively.

Nevertheless, the class needed to be identified with specificity. To address this, to identify members of the Class, census records and other data mining methods were used to identify households of Percy Class members. Class counsel sent tens of thousands of letters by first-class mail, had hundreds of telephone calls, sent thousands of emails to specifically identify members of the Percy Class. providing potential members of the Percy Class with a Notice of Enforcement of Settlement for the relief provided in Case 73-cv 04279. At the same time, Percy has demonstrated its alternative employment practice to thousands of employers also within the greater New York City business community urging the adoption of the Percy Program in order to enable members of the Percy Class to compete for jobs and careers based on skills, not by skin color or ethnicity.

Respectfully submitted,

_____
James M. Kernan, Esq.
Kernan Professional Group, LLP
26 Broadway, 19th Floor
New York, N.Y. 10004
Phone: 212-986-3196
Fax: 212-656-1213
Email: jkernan@kernanllp.com