UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------------------------

Albert E. Percy and Percy Jobs and Careers Corporation an
IRC 501(c)(3) non-profit, as Class Representatives,
Class Plaintiff,

-against-                                          **COMPLAINT**

                                                   CASE No.


D & D Metal Work Inc, D & F Development Group, D & J Concrete Corp, D & S Restoration Inc, D & W Central Station, D A Collins Construction Co., Inc, D and D Elevator Maintenance, Inc., D Exposito & Partners, D Glimmers D, D H Griffin Construction Co, D R Management Svc Inc, D Reis Furniture Mfg Corp, D Rosen Co Inc, D S Wolf Group, D.R.E. Drywall Corp, Dab-O-Matic Corp., Daedalus Technology Group Inc, Dagher Engineering, Dagny Enterprises LLC, Dai & Assoc, Daikin Applied, Dallas County Comm Clg / Eastfield Clg, Dal-Tile Corporation, Dalton Greiner Hartman Maher and Co LLC, Damato Lynch, Damcosoft Inc, Damian Family Care Ctr, Dan Endara, Dan Klores Assoc Inc, Dana Farber Cancer Institute, Danadams, Usa, Danbro Distributors, Daniel Gale Real Estate Inc, Dannell Maguire, Dannon Company, D'annunzio & Sons Inc, Danny and Nicole, Dantona Industries, Dap, D'arcambal Ousley-Cuyler Burk, Darcon Construction Corp, Darger Errante Yavitz-Blau LLP, Dasilva Architects P C, Data Art, Data Industries Ltd, Datacom Technology Group Inc., Dataforms, Dataiku Inc, Datalot Inc, Dattner Architects D.P.C., Daughters Of Jacob, Dave Heiner Associates, Dave Restoration, Davellino Cons. Inc., David Abram Law Offices, David Chipperfield Architects, David Geller Assoc, David H Koch Theater, David I Pankin Pc, David Kleinberg Design Assoc, David Kucera Inc, David L Ferstendig Law Offices, David Monn LLC, David Rosen Bakery Supply, David Shuldiner Inc, David V Farrell Co, David Webb, David Werner Real Estate Investment, David York Agency Ltd, Davidson Dawson & Clark LLP, Davidson Kempner Capital Management Lp, Davidson Pipe Company Inc., Davie's Ward Phillips Vineberg, Davis & Gilbert, Davis Brody Bond LLP, Davis Polk and Wardwell LLP, Davis Wright Tremaine, Day Elevator & Lift, Daybreak Independent Services, Dayton Industries Inc, Dbi Construction Consultants, Dca Construction Ltd, Dcbe Inc, Ddb Worldwide Partners Inc., Ddc Ac/Ex Air, Ddk & Co, Dds, Dds Mechanical Corp., De Nardis Engineering, LLC, De Simone Consulting, Dealertrack Holdings , Inc., Dealogic LLC, Dean Energy Solutions Cor, Deangelo Brothers, Inc., Debevoise and Plimpton LLP, Deboe Construction Corp., Deborah A. Nilson and Assoc PLLC, Deborah Berke & Partners, Deborah Bradley Construction & Management Service, Dechert LLP, Deco Associates, Decristofaro Law, Deep Clean Maid Svc, Deer Head Chemical Industries, Deerfield Management, Defender Security Svc Inc, Defoe Corporation, Deg Construction, Deheng Chen, Dejana Industries, Dekalb Senior Residence, Delaney Associates Lp, Delaney Books Inc, Delbello Donnellan-Weingarten, Delcopainting Corp, Delivery.Com, Dell & Dean PLLC, Della Femina, Dell-Tech Enterprise Inc, Delmar International, Delmar Of Ny, Deloitte LLP, Delphi Plumbing & Heating Inc, Delric

Construction Co Inc, Delta, Delta Contractors Inc, Delta Enterprise Corp, Delta Sheet Metal Corp, Delta Signs & Flags Corp, Delta Testing Inc, Deltek, Delux Transportation Services, Deluxe Post Production, Demar Plumbing Corp, Dematteis Construction Corp, Demicco Bros Inc., Democracy Builders, Denal Construction Corp, Dencityworks Architecture, Denihan Construction Co LLC, Deno's Wonder Wheel, Dentons Us LLP, Dentsu America, Inc., Denville Line Pating, Inc, Department Head & Neck Surgery, Department Of Citywide Administrative Services, Department Of Educatiion, Department Of Environmental Protection, Department Of Family Medicine, Department Of Gastroenterology, Department Of Occupational Res, Department Of Veterans Affairs, Departure Films, Dependable Transport-Messenger, Dependable Windows Co Inc, Dept-Pub Safety County Police, Derek T Smith Law Group Pc, Derive Technologies LLC, Dermatologic Associates Of Ny, Design & Urbanism Architectura, Design Construction Division Inc, Design Etc Inc, Design Expressions, Design Strategy Corp, Designs Vatche, Desimone Consulting Engineers, Desman Associates, Deutsch Family Wine and Spirits, Deutsche Bank, Development Counselors Intl, Devere Usa Inc., Devito Verdi, Devries Public Relations, Ltd., Dewberry & Goodkind Inc, Dewey Pegno & Kramarsky LLP, Dewitt Stern Group, Inc., Dexter House, Dexterity Inc, Dfta, Dgcc, Dgital Media, Dgj Contracting, Dh Property Holdings LLC, Dhi Group, Inc., Dhs Ice, Di Giovanna Family Care Ctr, Di Salvo Contracting Co Inc, Dia General Construction Inc, Diabetes & Endocrine Ctr, Diageo, Diagnostic Holter Monitoring, Dialoguedirect Inc, Dialysis, Dialyze Direct Ct LLC, Diamond Personnel, Diamond Properties, Diamond Schmitt Architecture, Diana Naturals, Diaspora Community, Diaz Electric Of New York Inc., Dick Young Productions Ltd, Diehl and Sons Inc, Die-Matic Products Inc, Dierks Heating Incorporated, Dietwatch, Difama Concrete Inc, Difama Concrete Inc, Difazio Industries Inc, Dig Ennaro Communications, Digestive Disease-Nutri Ctr, Digiscribe, Digital Currency Group, Digital First Media, LLC, Digital Force Ltd, Digital Matrix Corporation, Digital Ocean, Inc., Digital Pulp Inc, Digitas, Inc., Digitask Consultants Inc, Digizuite Usa, Diller & Scofidio, Dimaio Millwork Corp, Dimensional Stone-Tile Designs, Dionics Inc, Direct Agents, Directors Chair, Discover General Contracting, Disney, Divatex Home Fashions Inc, Diversified Heat Transfer Inc, Diversified Processors Inc, Dj's Unlimited Productions, Dkms Americas, Dla Piper LLP (Us), Dlandstudio, Dls Inc, Dmar.Remodeling.LLC Sashmasters Nyc, D-Mark Construction Corp, Dmd Contracting, Dms & Assoc, Dnk, Dnp Builders LLC, Do Rite Mechanical Corp., Do Something Inc, Doar Rieck Kaley & Mack, Dobco Inc, Dobrish Michaels Gross LLP, Docs, Docs Physicians, Doctors Clinics, Doctor's Immediate Care Ctr, Doctors Without Borders, Documentary Group, Documentary Reprodctn Svc, Doddi Information Tech Inc, Dodger Properties, Doe Fund Inc, Doghouse, Doh & Mental Hygiene Gotham Center, Dolce Arrowwood, Dollar Airport Parking, Dolphin Construction Corp, Dom & Tom, Doma Inc, Domain Companies, Dometic, Dominican College, Dominican Sisters Of Hope, Dominion Products Inc, Domino A LLC/Domino B LLC, Domovoy LLC, Don Buchwald & Assoc Inc, Don Joe Auto Body, Donald Marck Mcgeachy Inc, Donald W Brown Home Imprvmt, Donjon Marine Co Inc, Donjon Recycling, Donnelly Mechanical Corp, D'onofrio General Contractors Corp., Donovan Hatem LLP, Dooley Electric, Door 3, Door Automation Corp, Dore Partnership, Doremus and Company, Dorfey & Whitney, Dorian Drake Intl Inc, Dorion Norton Electrical, Doshi Diagnostic Imaging,

Dotdash, Dotmailer, Dotworks, Double D Contractors, Double U Real Estate, Doubleclick Inc., Dougherty Ryan Giuffra Zambito, Douglas Elliman Captl Impvment Corp., Douglaston Development, Dow Jones and Company, Inc., Dow Petroleum, Downing & Peck Pc, Downstate Medical Center, Downtown Design Partnership, Downtown Express, Downtown Medical Assoc, Downtown Music Publishing, Downtown United Soccer Club, Downtown Women, Doyle Baldante Inc, Dqp Digital Quick Print, Dr Aaron David & Dr Larissa, Dr Betty Shabazz Health, Dr Briones Med Weight Loss Ctr, Dr Howard Goldin, Dr Penny Dodson, Dr Pichardo Pediatric Ctr, Dr Robinson M. D., Draftfcb, Dragados, Dragon Search, Dragonetti Brothers Landscaping, Drain Kleen Sewer Svc Inc, Dramatists Play Svc Inc, Draper Associates Inc, Drchrono.Com Inc, Dreamgo Liu Xue Zhong Jie Mei, Dreamland Construction, Dreamville Remodeling, Drexel Estimating, Drexel Hamilton Infrastructure, Dri Mark Products Inc, DriLLCo National Group, Drive In Hotel Corp, Drive Medical Design and Manufacturing, Driver Media, Droit Financial Tech LLC, Drsa Technology Inc?, Drug Policy Alliance, Drury Design Dynamics, Dry Harbor Nursing Home, Dsl Commercial Construction Inc., Dsm Design Group, Dtcc, Dti, Dtm Elevator Consulting Inc, Du Art Film Laboratory Inc, Duane Morris LLP, Duc Duc, Duffy & Duffy PLLC, Dufour Pastry Kitchens, Duggal Corp Headquarters, Duggal Visual Solutions, Duke On 42nd Street Theatre, Dunn Development Corp, Dunnington Bartholow-Miller, Dun-Rite Aplnc Repr Inc, Dunwell Elevator Maint, Durafford Construction, Durkin & Durkin, Durr Mechanical Construction, Durst Organization, Duval & Stachenfeld LLP, Dvl Consulting Engineers, Inc., Dweck Law Firm, Dwell Magazine, Dxa Studio, Dy, Dy Consultants Inc, Dylan Hotel, Dyna Tabs LLC, Dyna-Empire Inc, Dynamic Construction Company, Dynamic Mechanical Contractors Inc, Dynamic Services Intl, Dynamic Sports Construction, Dynamo Electrical Corp, E & A Restoration, E & A Supply Corporation, E & J Electric Installation Co, E & T Plastic Mfg Co Inc, E 135 and 3rd Ave Owner, LLC, E A I Inc, E and B Giftware LLC, E Cook Industries, E Daskal Corp, E Electrial Contracting LLC, E G Food Inc, E J Electric Installation Company, E Marketer Inc, E P Engineering, E S Renovations & Construction, E W Howell Co Inc, E Willw Epc, Eac, Eac Inc, Eagle 1 Mechanical, Eagle Instruments Inc, Ear Nose Throat Allergy Assoc, Early Intervention Ctr & Pre, Earnst & Young, Earth Construction Corp, Earth Smart Environmental, Earthworm Equipment Co, Easco Boiler Corp, East 34th St Heliport-6n5, East Coast Interiors, East End Gr., East Harlem Council For Human Serv. Inc., East Harlem Employment Svc Inc, East Meadow Family Practice, East Meadow School District, East New York Svc Corp, East River Medical Imaging, East Tremont Medical Ctr, East West Marketing Group, East West Systems Inc, East Woods Discovery Camp, Eastco Shotcrete, Eastern America Trio Prod Inc, Eastern Excavations Inc, Eastern Feather & Down Corp, Eastern General Contractors, Eastern Landscape Contractors, Eastern Mechanical Contracting, Eastern Plumbing & Mechanical Contracting Inc, Eastern Sprinkler Supply, Eastern States Optical Inc, Eastern Steel Corp, Eastman Cooke Assoc LLC, Eastone 26 Ave LLC, Eastside Endoscopy, Eastside Medical Assoc, Eastsport Inc., Easy2comply, Ebm Publications, Ebo Nexus Inc, Ebrandz Inc, Eby Electro Inc, Ec Metalizing, Inc, Ecco Iii Enterprises Inc, Echo Park Pool Complex, Echostar Construction Inc, Eci Building Corp, Eckenfelder Engineering Dba Brown and Caldwell, Eckhaus & Olson Atty, Eclaro International, Inc., Eclerx LLC, Ecohealth Company Ltd, Ecological Laboratories,

Ecology Soap LLC, Ecommerce Partners, Ecosecurities Limited, Ecosystem Energy Services, Ecs Global, Ecuadorian Civic Committee Inc, Eda Contractors, Eddytex Inc, Edelman & Edelman Pc, Edelsteins Faegenburg-Brown, Eden Ii, Edg, Edge Auto Rental, Edge Property Group LLC, Edgeworx Studios LLC, Edi Construction Inc, Edison Liquidating LLC, Edison Price Lighting, Ednet, Edocny, Edp World Inc, Edson Construction Corp, Education Through Music, Educational Alliance Inc, Edward J Minskoff Equities, Edward T Minor Co, Edwin Discount Doors & Windows, Ee Cruz Co Inc, Ee International, Eeg Enterprises Inc, Efficient Combustion-Cooling, Eger Healthcare, Egg Electric Inc, Egon Zehnder International Inc., Ehit, Ehrenkranz & Ehrenkranz LLP, Eia Electric Inc., Eic Associates Inc, Eidosearch, Eidosmedia Inc, Eiges & Orgel PLLC, Eihab Human Svc, Eikos Partners LLC, Eileen Fisher Inc, Einbinder & Dunn LLP, Einstein Radiology, Eis Laassois Child Devmnt Svc, Eiseman Levine Lehrhaupt, Eisenberg & Baum LLP, Eisner & Assoc, Eisneramper LLP, Ej Electric Installation, Ej Murray Memorial Skating Ctr, Ej&S Contracting Corp, El Barrio's Operation Fightback, El Dorado Renovations Inc, El Museo Del Barrio, El Puente De Williamsburg, Inc., El Regreso, Inc., El Samam Meat Market, El Sol Contracting, Eldor Contracting Corp., Eldor Electric LLC, Eldorado Coffee Distributors, Elecnor Hawkeye, Election Services Corp, Electric Fixx Inc, Electric Lighting Agencies Inc, Electrical Contracting Sltns, Electronic Data & Rates, Electronic Devices Inc, Electrosonic Limited, Elev8 Centers, Elit Green Builders Corp, Elite 29 Construction LLC, Elite Cosmetics, Elite Promotional Marketing, Elite Renovation & Builders Corp., Elizabeth Seton Children's Ctr, Eljin Construction, Elk Investors, Elkus Manfredi Architects Ltd, Ellanef Mgf Corp, Ellenberg & Partners, Ellenoff Grossman & Schole LLP, Elli Ny Design Corp / Metropolitan Realty LLC, Elliot Schwartz Mdpc, Elmax Builders Supply Co, Elmer W. Davis, Inc. Baldwinsville, Ny, Elmhurst Care Ctr, Elmhurst Electric Corp., Elmhurst Pediatrics, Elmo Realty, Elmo Usa Corp, Elmont Un Ion Free School Dist, Elmore Magazine, Elq Industries Inc, Elsol Contracting & Constr Inc, Eltech Elevator Industries, Elvo, Elysabeth Kleinhans Theatrical, Emanon Electric Inc, Emblazent Inc, Emblemhealth, Inc., Emc Corp, Emco Plumbing & Heating Co, Eme Group Consulting Engineers, Emerald Peek, E-Merge Systems, Inc., Emergency Dept James J Peters, Emergency Dept Newyork, Emergency Dept Ny-Presbyterian, Emergency Dept Queens Hosp Ctr, Emergency Dept Staten Is Univ, Emerging Health Info Tech LLC, Emerging Leaders, Emirates, Emm Group, Emo Trans, Emover Software, Empac Contracting Corp., Empire Asset Mgmt Corp Ltd, Empire City Casino At Yonkers, Empire City Iron Works, Empire Coffee Co, Empire Control Abatement Inc, Empire Entertainment Inc, Empire Hotel, Empire Medical Group Of Ny Pc, Empire Medical Svc, Empire Music, Empire Office, Empire Physical Medicine-Pain, Empire Stat Group LLC, Empire State Construction Co, Empire State Development Corp, Empire State Equities, Empire State Fuel Co, Empire State Medical, Empire State Piping Co., Inc., Empirehd, Inc, Empl, Enago, Encompass Develop Design & Construct LLC, End Point Corp, Endai Worldwide, Endavor Streaming, Endeavor, Endeavor Global, Energize Electrical Contracting, Energy Fencing Inc., Energy Intelligence Group, Enertex Marketing Inc, Engel Burman Group, Engine Factory, Engineers Country Club Inc, Englehard Corp, Eng-Wong, Taub & Associates, Enigma Diagnostic Corp, Ennead Architects LLP, En-Power Group, Enrique Norten Architecture, Ensome Builders Inc, Ent & Allergy Assoc LLC, Ent

4

and Allergy Associates, Ent-Ear Nose & Throat Journal, En-Tech Corp, Entech Engineering, Entergy, Enterprise Community Investment, Inc., Enterprise Electrical Contrs, Enterprise Engineering Inc, Enterprise Pals, Inc., Entertainment Software Assn, Entertainment Tonite Music Inc, Entlaw Inc, Entourage Flooring Inc, Environet Systems LLC, Environmental Defense Fund, Incorporated, Environmental Laboratories Inc, Envision Architects, Eon Mechanical Inc., Epec LLC, Epic Ediscoverty Solutions, Epic Long Island, Epic Pharma LLC, Epic Security Corp, Epic Sports Inc, Epilepsy Foundation Of Long Island Inc, Epiq Systems Inc, Episcopal Divinity School, Episcopal Health Services Inc., Episcopal Relief and Development, Episcopal Social Services, Epithany Construction Svc, Epm Communications Inc, Epner Technology, Epoch Investment Partners Inc, Epoch Times Assoc Inc, Epq Ediscovery Solutions Inc, Epstein Drangel Bazerman James, Equinox 63rd Street Inc., Equinox Fitness, Er Dox Pedia-Nytp, Eres, Ernst and Young LLP, Eshel Partners, Esi Cases & Accessories, Esila D. Obiang, Esm Construction Corp, Esoftware Associates Inc, Esperanzaenterprises, Inc., Esplanade, Esposito Builders, Esquire Legal Staffing, Ess & Vee Acoustical Contrs, Essex, Estee Lauder Intl, Esteem Patrol Inc, Etg International LLC, Ethosphere Press, Eti, Ets Contracting Inc, Ettinger Engineering Associates, Euro Castle Construction, Euro Castle Construction Corp., Euro Rscg Direct Response LLC, Euromed Inc., Europa Construction Corp, European Craft Inc, European Reinsurance Corporati, Eurostruct, Eurotech Construction Corp, Evans & Paul Unlimited Corp, Evans Heintges Architects PLLC, Event Journal Inc, Everest Advisors Car Accident, Evergreen Environments LLC., Evergreene Architectural Arts, Everlast Worldwide Inc., Everwest Real Estate Investors, Everyday Health, Everything, Evins Communications Ltd, Evista Group, Evojets LLC, Ew Howell Company Inc, Ewingcole Architects, Ex Air, Inc. D/B/A Ddc Air Conditioning, Exair Inc, Exane, Inc., Excav Services Inc, Excel At Woodbury For Rehab, Excel Interior Construction, Excel Media Systems, Excel Security Corp, Excellent Asphalt Paving, Excelon Associates, Excelsior Automotive, Excelsior Hotel Manhattan Nyc, Excelsiorhome Health Care, Exchange, Exclusive Door Co Inc, Exec Comm LLC, Execusearch Group, Execu-Sys, Ltd., Executive Health Program, Executive Physicians Systems, Executive Snow Control, Expedite Construction, Experian Information Solutions, Inc., Expert Institute, Expert Service, Explorers Tech, Exponents Inc, Express Contracting Of Neck, Express Trade Capital, Exquisite Builders, LLC, Extell Development Co, Extended Care Facility, Exterminare Pest Control, Exude Fitness, Eye Care Assoc, Ez Facility Inc, E-Z-Em Inc, Ezra Medical Center, Ezras Choilim Health Center

Employer Class Defendant.

------------------------------------------------------------------------------------------------

     The Plaintiffs, ALBERT E. PERCY and Percy Jobs and Careers Corporation an IRC 501(c)(3) non-profit, as Class Representatives, by their attorney James M. Kernan of the Kernan Professional Group, LLP, states as follows:

## FACTS AND GROUNDS FOR CAUSES FOR ACTION

1. This is a class action by persons who are ready, willing and able to work for the businesses represented by industry leaders, industry leaders identified by Don & Bradstreet by Standard Industrial Classification ("SIC") and North American Industrial Classification System (NAICS") classification codes, as defendant class representative industry leaders fairly and vigorously able to represent the interests of the Employer Class Defendant to defend this Class Action.

2. This action involves liability of the Employer Class Defendant for unlawful employment practices of discrimination based on Plaintiffs' ability to meet their burden of production and persuasion proving that Plaintiffs demonstrated that there was a less discriminatory alternative method of employment practice ("Alternative Employment Practice").

3. The Plaintiffs have demonstrated an alternative employment practice ("Alternative Employment Practice") to the Employer Class Defendant, members of which have refused to adopt the Alternative Employment Practice after demonstration to persuade as defined and 42 U.S.C. 2000d. Such refusal to adopt is an illegal employment practice under 42 U.S.C. 2000 e-2.

4. The Plaintiffs made the demonstration in accordance with the law as it existed on June 4, 1989 with respect to an Alternative Employment Practice, described in subparagraph (C) referred to by subparagraph (A)(ii) of 42 U.S.C. § 2000e-2(k)(1). The Defendant respondent has refused to adopt such Alternative Employment Practice without valid justification, violating 42 U.S.C. § 2000e-2 of the Civil Rights Act of 1964 as amended in 1991.

5. This Alternative Employment Practice was developed as a private solution after New York State failure of Governors Executive Order 45, which was the settlement provided to the Percy Class in settlement of Percy v. Brennan.

6. The members of the Defendant Class as identified herein have failed to identify an overriding business purpose for their current employment practices which have a more disparate impact on the Percy Class of black and Spanish surnamed persons, failing to justify the continuation of current employment practices that do not adopt the Alternative Employment Practice.

7. Failure to have an overriding business purpose for not adopting the Alternative Employment Practice entitles the Percy Class to injunctive and declaratory relief compelling adoption of the Alternative Employment Practice by all members of the Defendant Class that received a demonstration of the Alternative Employment Practice but failed and refuse to adopt it.

8. This action by the Class Plaintiff is to enforce the benefit of the Alternative Employment Practice demonstrated to the industry leaders to persuade the members of the Employer Class Defendant to adopt the Alternative Employment Practice defined in related Case at (Complaint Case 21-cv-01421 Document #1) at paragraphs 656-629 as the Percy Program, also set forth at Case 21-cv-01421, Document #6 Attachment #22,.

9. In addition, this action is for breach of contract brought by the Percy Class as third-party beneficiaries for violating conditions of contracts, including but not limited to Presidential Executive Order 11246 ("EO 11246"), document #6, attachment 21 in EDNY Case No. 21-cv-

6

001421-BMC.and Governor's New York State Executive Order 45 (9 NYCRR 3.45), document #6, attachment 14 in EDNY Case No. 21-cv-001421.

10. Plaintiff will prove by statistical evidence warranting equitable relief by injunction or declaratory judgment against each Defendant individually and as members of the Employer Class Defendant, relief to redress violations of constitutional and civil rights of the Class Plaintiff as proven at the time of trial of this action.

## Precedent, Authority and Jurisdiction

11. This action is grounded on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National Archives in New York City, returned upon the request on behalf of Plaintiffs, and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals 17-2273.

12. A lead action (Complaint Case 21-cv-01421 Document #1) has been filed in the US Federal Court for the Eastern District of New York against the State of New York and others for failure of settlement involving New York State Executive Order 45 (9 NYCRR 3.45),("EO 45") document #6, attachment 14 in EDNY Case No. 21-cv-001421. That action is grounded upon the final and enforceable Memorandum/Order ("Memorandum/Order") of Judge Lasker reported at 384 F Supp 800 of November 8, 1974, document #6, attachment 3 in EDNY Case No. 21-cv-001421, settled by agreement accepting Defendant New York State's offer of EO 45. The problem is that EO 45, document #6, attachment 14 in EDNY Case No. 21-cv-001421, failed and the Percy Class was never notified of the failure - Governor of the State of New York offered a settlement of Percy v. Brennan in case 73-cv-04279 that is unenforceable, paragraphs 528-553 of (Complaint Case 21-cv-01421 Document #1).

13. Liability is for violation of 42 U.S.C. §§2000e-2, rights secured to the Percy Class as the Complaining Party, liability of the Employer Defendants under the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §§§§ 2000e-2, 1981, 1983, 1985, and United States EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421, for breach of contract where such Employer Defendants have breached contractual conditions requiring compliance with EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421, by failing to affirmatively provide equal employment opportunity to members of the Percy Class as third-party beneficiaries to contracts with Employer Defendants, contracts funded from federal funding requiring compliance with the Civil Rights Act, regulations, laws and US constitutional provisions recited in EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421. Members of the Percy Class are beneficiaries specifically identified in contracts as conditions and obligations where Federal Funding is involved. These conditions of contracts specify compliance with EO 11246. document #6, attachment 21 in EDNY Case No. 21-cv-001421

14. The Alternative Employment Practice under the Civil Rights Act of 1964, and specifically 42 USCA §2000e-2 and §2000d as amended in 1991 (the "Civil Rights Act"), is delivered with

workers' compensation coverage. All employment is required to be covered by workers' compensation. Along with the payment of benefits to cover injury and death while on-the-job as required in under New York Workers' Compensation Law §10, workers' compensation coverage also includes safety training and loss control management.

15. Using workers' compensation coverage as the delivery method for the Alternative Employment Practice to provide apprenticeship for new hires and continuing education for existing employees, the practice provides skills to educate workers to competently and safely perform work, protect themselves and people with whom they come into contact. Too long employees have struggled without being provided the skills necessary to protect themselves and the communities they serve, including the general public with whom they come in contact.

16. The Percy Program established apprenticeship programs as an Alternative Employment Practice to be provided with workers' compensation insurance coverage as part of safety management and loss control. All employment is covered by workers' compensation insurance. The Alternative Employment Practice set forth at (Complaint Case 21-cv-01421 Document #1) the Alternative Employment Practice at paragraphs 656-629 as the Percy Program, also set forth at Case 21-cv-01421 Document #6 Attachment #22, incorporates apprentice training into the workers' compensation loss control and safety training of employees, by enrolling new entrants to the workforce to work alongside existing journeypersons, growing the depth of skilled workers, skilled workers whose ranks are being diminished through age and attrition. The workers' compensation carrier subsidizes the apprenticeship programs by recognizing the savings in reduction of losses which reduces the exposures and liabilities of the claims required to be paid by the workers' compensation insurance carrier. The Alternative Employment Practice is delivered as a function of safety and loss control management with workers' compensation through paid on-the-job apprentice training and continuing education involving apprentice training under the Fitzgerald Act (29 U.S.C. §50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and C.F.R. T. 29, Subt. A, Pt. 29 and Pt. 30, made a part of workers' compensation coverage required of all employment.

17. Although the employers are not named in the original Percy v. Brennan case, Case 73-cv-04279. reported at 384 F Supp 800 of November 8, 1974, document #6, attachment 3 in EDNY Case No. 21-cv-001421, the Employers Defendants in fact are required to provide real affirmative action.

18. The Percy Class has been constantly denied access to apprenticeship to gain skills to compete for employment, entitling the Percy Class to actual damages for lost wages, for lost opportunity compensation, damages also affecting members of the Percy Classes' children and families, significantly disadvantaged in education and skills, struggling to get a job.

## VENUE

19. The basis of the venue in the United States Federal Court for the Eastern District of New York is because a substantial part of the events giving rise to the claims made herein occurred in the

Eastern District of New York, Albert E. Percy resides in the Eastern District of New York, and Plaintiff Percy Class is predominately situated in the Eastern District of New York.

PARTIES

**Plaintiffs:**

20. Plaintiff Albert E. Percy, ("Percy") certified as the class representative of the certified class by Judge Lasker in the Memorandum/Order at 384 F Supp 800, page 811, [S.D.N.Y. 1974] in Case 73-cv-04279, and at document #6, attachment 3 in EDNY Case No. 21-cv-001421, the Class certified in Percy v. Brennan, Federal District Court SDNY Case 73-cv-04279, reported at 384 F. Supp 800, at Page 808, docketed in US 2nd Circuit Court of Appeals appeal No. 17-2273 Docket #97 page 0003 and Docket #99 page 640, and document #6, attachment 3 in EDNY Case No. 21-cv-001421 (the "Percy Class") is fully capable of learning to perform and/or performing skilled occupations as apprentices and journeypersons. Percy, as the Complaining Party, a member of the Percy Class, was denied equal employment opportunities, and remains a proper representative of the Percy Class. Percy's personal and business interests and the claims hereinafter set forth are fully aligned with those of the Class.

21. Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing "Baker v Carr, 369 US 186,(1962) 82 S Ct 691, 7 L Ed 2d 663, document #6, attachment #6, in EDNY Case No. 21-cv-001421 (see Flast v Cohen, 392 US 83, (1968), 88 S Ct 1942, 20 L Ed 2d 947 (1968))" document #6, attachment #7, EDNY Case No. 21-cv-001421. In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], document #6, attachment 3 in EDNY Case No. 21-cv-001421, and 17-2273, Docket #99, Appendix 1, Volume 3, page 684.

22. The Memorandum/Order of Judge Lasker in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), document #6, attachment 3 in EDNY Case No. 21-cv-001421, page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421 as a class of persons that EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23. See also, Docket #99, Appendix 1, Volume 3, page 653 in 2nd Circuit Appeal 17-2273.

23. The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions

that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811, document #6, attachment 3 in EDNY Case No. 21-cv-001421, and 17-2273, Docket #99, Appendix 1, Volume 3, Page 660).

24. The Order certifying the Class in Case 73-cv-04279 is at 384 F. Supp. 800, (S.D.N.Y. 1974), document #6, attachment 3 in EDNY Case No. 21-cv-001421 and 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640

25. Plaintiff Percy Jobs and Careers Corporation is an Internal Revenue Code 501(c)(3) non-profit managing apprentice training at the Maritime College State University Of New York, PO Box 351, 6 Pennyfield Ave, Bronx, NY 10465.

**Defendants:**

26. Defendants are named individually and as representatives of a class of employers ("Employer Defendants") to which the Plaintiff has demonstrated an alternative employment practice ("Alternative Employment Practice"). The Defendants are industry leaders identified as class representatives with the expectation that those industry leaders will protect the interests of the Class, being employers to which the Plaintiff demonstrated the Alternative Employment Practice in an effort by the Plaintiff to persuade the specifically identified Employer Defendants which number 8,773 as set forth on Attachment #1.

## NUMEROSITY

27. The number of members of the Percy Class are essentially unenumerable but are not indeterminate as certified in the Percy v. Brennan action Case 73-cv-04279 being enforced here.

28. The Class defined and certified by Judge Lasker, as all black and Spanish surnamed persons residing in and about the City of New York is an extremely large class. To identify the Class, Percy counsel has caused to be sent out long overdue Notices of Settlement as Notices of Enforcement of the Settlement of Percy v. Brennan Case 73-cv-04279. Included in the mailing the Alternative Employment Practice demonstrated to and urged that the Employer Defendants adopt. This identification will provide specificity as to the members of the Percy Class entitled to relief.

## COMMON ISSUES OF LAW AND FACT

29. The issues of law and fact determining the claims of the Percy Class, that the Employers Defendants named in this action, have caused, are causing, and will continue to cause serious, permanent and irreparable economic and social injury and damage to the Percy Class, are common to all members of the Class.

30. The common issues of law and fact must be determined in order to fashion an appropriate equitable remedy and provide relief for the benefit of the Percy Class.

## JUDICIAL ECONOMY

31. This action avoids the prosecution of separate actions by multiplicity of actions involving the same individual members of the Percy Class and the same Owners which would create a

likelihood of inconsistent or varying adjudications with respect to individual members of the Percy Class.

32. The Percy Class has been denied and deprived of an opportunity to compete effectively within the American free enterprise system and as a result the members of the Percy Class have sustained serious and ongoing damages, that if the wrongdoing of the Defendants is not enjoined and prevented, chronic damage will continue unabated.

## AS AND FOR A FIRST CAUSE OF ACTION

33. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

34. The Percy Program (paragraphs 241 – 274, paragraphs 275 – 276, and paragraph 275 – 280 of (Complaint Case 21-cv-01421 Document #1), presented as the Alternative Employment Practice, is delivered as a function of safety and training with workers' compensation under the covered payroll. The Percy Program is an Alternative Employment Practice, an element of a workers' compensation coverage. Apprenticeship is a function of safety training and loss control management of workers' compensation insurance, apprentices recruited and sponsored through employment or provided through a subcontract with apprentice training under the National Apprenticeship Act of 1937 occurring by three methods: (1) coordinated with joint apprenticeship labor-management counsel involving unions, (2) by sponsorship by an employer, or (3) by sponsorship by a trade association.

35. All employment is required to be covered by workers' compensation. Along with the payment of benefits to cover injury and death while on-the-job as required in under New York Workers' Compensation Law §10, this Alternative Employment Practice of apprentice training is covered as part of workers' compensation coverage as registered apprenticeship with risk-management, safety training and loss control.

36. The Plaintiff is able to meet its burden of production and persuasion proving that there was a less discriminatory alternative method of employment practice available that the Employer Defendants could have adopted, failing to adopt the Alternative Employment Practice without valid justification is an unlawful employment practice violating 42 U.S.C. § 2000e-2(k)(1)(A)(ii) and (k)(1)(C) of the Civil Rights Act of 1964 as amended in 1991.

37. The Alternative Employment Practice answers the need for the Percy Class to obtain competitive skills by utilizing registered apprenticeship meeting the requirements of the Fitzgerald Act (29 U.S.C. § 50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Office of Apprenticeship and Training (BAT) and 29 C.F.R, Subt. A, Pt. 29 and Pt. 30. Apprenticeship is the process of learning a skilled occupation through both on-the-job training (practical, paid experience) and learning the related technical knowledge in a classroom. Candidates must be 18 years old and possess a GED (the Alternative Employment Practice will help a candidate obtain a GED). Enrollment must be done openly under the procedures established by federal and state regulations for Minimum Qualifications Review and Eligibility List Ranking using for: educational achievement, work experience,

seniority, job aptitude, oral interview, and general demographic inquiries to determine a score for ranking for eligibility to be enrolled in OJT and continuing education.

38.  Plaintiff Percy and the Class he represents are entitled to injunctive relief as demanded and actual damages for lost wages, for lost opportunity and compensation as money damages for the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, entitled to compensation as money damages to be determined at trial in this litigation.

39.  The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

40.  Upon information and belief, Defendant has accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC.

41.  Government Agencies set forth in Complaint Case 21-cv-01421 Document #1 are charged with enforcing EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC and laws as contractual conditions to Federal Funds for public work facilities, and are therefore liable for the foregoing lost wages, lost benefits and lost opportunity to which the Percy Class is entitled as intended beneficiaries.

42.  EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC seeks to implement the anti-discrimination program of the Civil Rights Act of 1964 and is directed at all government contractors. Section 2 02(1) of the Order provides: "The contractor will take affirmative action to ensure equal employment opportunity. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship", 30 Fed. Reg. 12, 319 (1965), the "color blind" approach envisioned in EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC, §202(1) of EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC, 30 Fed. Reg. 12, 319(1965), provides that: The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship.

43. The necessary elements of a prima facie cause of action for violation of 42 U.S.C. §2000e-2 exists, depriving rights thereunder, secured to the Percy Class as the Complaining Party by the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §§§ 1981, 1983, 1985, and such employer has breached contractual conditions requiring compliance with EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC).

44. The Employer Defendants and the Class of Defendant Employers have ignored the mandate of EO 11246, document #6, attachment 21 in EDNY Case No. 21-cv-001421-BMC, as well as several other federal regulations specifically identified in the contract, causing and continuing to cause disparate impact discrimination that these statutes, orders, and regulations were designed to remedy.

45. Plaintiff Percy and the Class he represents are entitled to injunctive relief and actual damages for lost wages, for lost opportunity and compensation as money damages for the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, entitled to compensation as money damages to be determined at trial in this litigation.

## RELIEF

Plaintiffs collectively pray that this Court:

On the First Cause of Action, injunctive and declaratory relief compelling adoption of the Alternative Employment Practice by all members of the Defendant Class that received a demonstration of the Alternative Employment Practice, have failed to identify an overriding business purpose for their current employment practices which have a more disparate impact on the Percy Class of black and Spanish surnamed persons to justify the continuation of current employment practices that do not adopt the Alternative Employment Practice, and damages must be stopped and rectified;

On the Second Cause of Action, award Plaintiffs actual damages for lost wages and benefits and lost opportunity damages to the Percy Class and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial;

Award Plaintiffs liquidated damages to be determined;

Award Plaintiffs pre- and post-judgment interest at the statutory rate;

Award Plaintiffs attorneys' fees, expert fees, costs, and disbursements;

Award Plaintiffs further and additional relief as this Court deems just and proper; and

Treating this as a Private Attorney General Action under 42 U.S.C. 1988 insofar as may be necessary to provide the relief requested in this Complaint together with reimbursement of attorney fees, expert fees, costs and disbursements;

All together with such other and further relief as shall seem just and proper under the

circumstances.

**Pursuant to Fed. R. Civ. P. 39, demand is made for trial by jury on all the issues so triable.**

Dated: April 20, 2021

/s/James M. Kernan

KERNAN PROFESSIONAL GROUP, LLP
James M. Kernan, Esq., of Counsel
Attorney for Class Plaintiff
Bar Role # JK1242
26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com