

|  | **T**HE **C**ITY OF **N**EW **Y**ORK |  |
|---|---|---|
| GEORGIA M. PESTANA<br>*Acting Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007-2601 | KAMI Z. BARKER<br>Mobile: (646) 960-1103<br>kbarker@law.nyc.gov[1] |

June 11, 2021

**BY ECF**

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Percy, et. al. v. D & D Metal Work Inc, et. al.
             21 Civ. 02182 (NGG)(SJB)

Dear Judge Garaufis:

       I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York. I write pursuant to Your Honor's Individual Practices and in response to the Court's May 27, 2021, decision and order to show cause (Dkt. No. 39). The City of New York respectfully requests that the Court accept this *amicus* submission supporting the referral of plaintiff's counsel, James Kernan, to the disciplinary committee in connection with his conduct in this matter.

       The City is not a party to this action, having never been properly served, but various City agencies have been threatened with legal action by Kernan if they failed to retain the services of his clients, Albert E. Percy ("Percy") and Percy Jobs & Careers, a nonprofit we referred to the New York State Attorney General's Office for fraudulent use of a charitable organization. The City's interest in this matter stems from the fact that, on numerous occasions over the last year, Kernan has attempted to victimize and defraud multiple City agencies and City contractors, and during the worst crisis in over a century. For the reasons more fully explained below and in the Kami Z. Barker Declaration, dated June 11, 2021, (hereinafter "Barker Decl."), the Court should refer Kernan to the disciplinary committee for appropriate action.

       For over a year, Kernan and his client, Percy, have engaged in a phishing scheme to defraud recipients of federal government funding, including the City of New York and a number of its contractors. See Barker Decl. at ¶¶ 21-36. The recent frivolous litigation Kernan filed in this Court is but one demonstration of his and plaintiffs' unscrupulous and unethical conduct that warrants referral to the disciplinary committee.

---

[1] While the Office's server is down due to a widely reported cyberattack, the undersigned can be reached at her personal email: ariella.barker@gmail.com or the above listed phone number.

**HONORABLE NICHOLAS G. GARAUFIS**
United States District Judge
<u>Percy, et. al. v. D & D Metal Work Inc, et. al.</u>
21 Civ. 02182
June 11, 2021
Page 2

As detailed in the Barker Decl., on or about May 14, 2020, the New York City School Construction Authority ("SCA" est. *circa* 1989), the New York City Department of Design and Construction ("DDC" est. *circa* 1996), and numerous SCA and DDC contractors received, by e-mail from Kernan's office, letters with copies of three separate complaints by the purported "Percy class" styled as "Private Attorney General Actions." <u>See</u> Barker Decl. at ¶ 2. The letters threatened legal action via the enclosed pleadings, claiming that Percy was the class representative for a class of minority construction workers in a federal settlement. They requested that recipients contact Kernan and retain Percy's services to avoid legal action. <u>See</u> <u>id.</u> at ¶¶ 21-35.

These unfiled and improperly served pleadings, like the action herein, attempted to relitigate the claims brought in <u>Percy v. Brennan</u> 73-CV-4279 (CM) and to allegedly enforce the 1974 judgment of <u>Percy v. Brennan</u>, 384 F. Supp. 800 (S.D.N.Y. 1974), against City agencies and their contractors. However, the City was never party to the initial case, and even if it was, there was never a judgment or settlement to enforce. <u>See</u> Barker Decl. at ¶¶ 2-15 and Exhibits "D" and "F."

Thereafter, the undersigned served Kernan with a cease-and-desist letter on July 24, 2020 and informed him of the illegality of his conduct. <u>See</u> <u>id.</u> at ¶ 23 and Exhibit "J." Several DDC and SCA contractors followed suit and served letters of their own. <u>See</u> <u>id.</u> at ¶ 24. However, Kernan and Percy continued their attempt to defraud by forging the existence of a settlement and feigning an association with SUNY Maritime. <u>See</u> <u>id.</u> at ¶¶ 21-35. Thus, this office and SCA's Office of the Inspector General ("OIG") investigated Kernan and Percy, <u>see</u> <u>id.</u> and SUNY served Kernan with a cease-and-desist letter, <u>see</u> <u>id.</u> at ¶ 35. Nevertheless, Kernan persisted in his fraudulent conduct. <u>See</u> <u>id.</u> at ¶¶ 36-40.

The City's investigation found that, in 2010, Kernan was convicted of a federal felony of mail and wire fraud for permitting another convicted felon to use Kernan's insurance company, Oriska Corporation, to commit insurance fraud by soliciting Workers Compensation benefits it never provided. <u>See</u> <u>id.</u> at ¶¶ 16-19 and FN6. Disturbingly, it now appears that Kernan is once again using similar phishing schemes to the ones that led to his conviction.[2] In fact, the OIG noted in its report referring Percy Jobs and Careers to the New York State Attorney General's Charitable Organizations Bureau for fraudulent use of a nonprofit, "Kernan and Percy sent these letters and other documents in bad faith to confuse, harass, and extort New York City agencies and their contractors." <u>See</u> <u>id.</u> at ¶ 36 and Exhibit "L."

Under the Rules of the Committee on Grievances and Admissions,

> An attorney may be subject to discipline or other corrective measures for any act or omission that violates the rules of professional conduct or responsibility of the state or other jurisdiction where

---

[2] Kernan's phishing scheme in the late 1990s and early 2000s with Oriska Insurance Company solicited Worker's Compensation benefits the company could and did never provide. <u>See</u> Barker Decl. at FN7; <u>see also</u> <u>United States v. Kernan</u>, No. 08-CR-61 (FJS), 2009 U.S. Dist. LEXIS 19353 (N.D.N.Y. March 11, 2009). This time, Kernan is soliciting Percy Jobs & Careers' services, a front for Kernan's now defunct Oriska Jobs & Careers Corporation ("OJCC"), claiming false U.S. DOL accreditation and the ability to fulfill required affirmative action programs, on threat of frivolous and/or non-existent class action litigation. <u>See</u> <u>id.</u> at FN13 and ¶¶ 21-35.

**HONORABLE NICHOLAS G. GARAUFIS**
United States District Judge
Percy, et. al. v. D & D Metal Work Inc, et. al.
21 Civ. 02182
June 11, 2021
Page 3

> the attorney maintains his or her principal office, or the rules of professional conduct of any other state or jurisdiction governing the attorney's conduct. An attorney may also be subject to discipline or other corrective measures for any failure to comply with a Federal Rule of Appellate Procedure, a Local Rule of the Court, an order or other instruction of the Court, or a rule of professional conduct or responsibility of the Court, or any other conduct unbecoming a member of the bar.

Rules of the Committee on Admissions and Grievances, Rule 4.

A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule. Fed. R. App. P. 46(c). "Conduct unbecoming a member of the bar" may include any conduct "contrary to professional standards that show[s] an unfitness to discharge continuing obligations to clients or courts, or conduct inimical to the administration of justice." In re Snyder, 472 U.S. 634, 645, (1985). For "[m]ore specific guidance," we may look to "case law, applicable court rules, and 'the lore of the profession,' as embodied in codes of professional conduct." Id. at 646 n.7.

Moreover, "[e]ven when a disbarment standard is [] unspecific …, members of a bar can be assumed to know that certain kinds of conduct, generally condemned by responsible men, will be grounds for disbarment. This class of conduct certainly includes the criminal offenses traditionally known as *malum in se*. It also includes conduct which all responsible attorneys would recognize as improper for a member of the profession." In re Ruffalo, 390 U.S. 544, 555 (1968).

Kernan's abuse of the Court system to pursue his phishing schemes with Percy, victimizing unwitting federal funding recipients, is *malum in se*, and his misconduct must be reported. Thus, Kernan cannot show cause why this Court should not refer him to the disciplinary committee, and, in the interest of justice, the Court should do so immediately and refuse to grant him an extension.

Respectfully submitted,

By: **ECF**: _____/s/_____
Kami Z. Barker
Assistant Corporation Counsel

3

**HONORABLE NICHOLAS G. GARAUFIS**
United States District Judge
Percy, et. al. v. D & D Metal Work Inc, et. al.
21 Civ. 02182
June 11, 2021
Page 4

To:    James Kernan
jkernan@kernanllp.com

Michael S. Ross
*Attorney for Kernan*
michaelross@rosslaw.org
(Via ECF)