EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ALBERT E. PERCY, | |
| *Plaintiff,* | |
| -against- | SUMMONS |
| NY School Construction Authority, | |
| 147th Street Homes Inc, | INDEX NO. |
| Abc Construction Contracting Inc, | |
| Acs Systems Associates Inc, | RJI: |
| Adam's European Contracting Inc, | |
| Alkem Electrical, | A Private |
| All American Electrical Corp, | Attorney |
| Am NY Electric Corp., | General |
| Amb Contractors Inc, | Action |
| Amcon Contracting Corp, | |
| Annex Masonry Restoration Inc, | |
| Ansu Construction Inc, | |
| APN Construction Corp, | |
| Ark Systems Electric Corp, | |
| Armstrong Roof. Corp., | |
| Army Construction, LLC, | |
| Arnell Construction Corp., | |
| Ashnu International Inc, | |
| ATJ Electrical Co, | |
| AWLl Industries Inc, | |
| B G National Plumbing & Heating Company, | |
| Bagiana Construction, | |
| Bottomline Construction & Development LLC, | |
| BQE Industries Inc, | |

Carnak Construction,

Central Mechanical System Co. Inc.,

Civil Contracting Corp,

Clear It Out Contracting LLC,

Commerce Electrical Contracting Corp,

Conrac Construction Group LLC,

Darcon Construction Inc,

Delric Construction Co Inc,

Dematteis Construction Corp,

Diaz Electric Of New York, Inc.,

Dobco Inc,

Donald Mc Geachy Inc,

Dorion Norton Electrical,

Dynamic Construction Company,

E.W. Howell Co., LLC,

Electric Fixx Inc,

Elite Renovation & Builders Corp.,

Empac Contracting, Corp.,

Empire Control Abatement,

Energize Electrical Contracting,

Euro Castle Construction Corp.,

F.I. Electrical Corp,

Faith Construction Inc,

Falcon Electrical Contracting Corp,

Farragut Builders Ii Inc.,

First Construction Group,

Framan Mechanical - Hvac,

G & F.A.S.T. Electric Incorporated,

Gramercy Group Inc,

Harman Contracting Service, Inc.

Hellman Electric Corp,

Hexagon Construction & Electrical Group, Inc.,

Homeric Contracting Company,

Honey Construction NY Inc,

Iannelli Construction Co Inc,

Imperium Construction, Inc,

Independent Temperature Control Systems,

Inlight Electrical Corporation,

Innovax-Pillar Inc,

J & G Electrical Corp.,

J & Y Electric And Intercom Company Inc,

Jamcob Electric LLC,

JMJ Electrical Corp,

Kab Electric Corp,

Kanta Electric Corp,

Kel-Tech Construction Inc.,

Kew Electrical Service Inc,

KG Construction Services Inc,

Klk Electric Inc,

Koko Contracting Inc.,

Kordun Construction Corp,

Labco Electric Contracting Corporation,

Lakhi General Contractor Inc,

Laser Electrical Contracting,

Laura Electrical Lighting & Maintenance Service,

Lawrence's Contractor, Inc,

Lektric Installations Corp,

Leon D. Dematteis Construction Corp.,

| |
|---|
| Leviathan Mech, |
| Levinson & Santoro Electrical Corp, |
| Liu Electric, LLC, |
| Losardo General Contractors, Inc, |
| Mainstream Electric Inc, |
| Major Contracting Inc, |
| Maric Plumbing & Heating Inc, |
| Marla Construction Inc, |
| Milad Contracting Corp., |
| Monti Concrete Construction Co Inc, |
| Mpcc Corp General Contractors, |
| Msr Electrical Construction Corp., |
| Multi-Tech Electric Inc, |
| National Environmental Safety Co, Inc, |
| Neelam Construction Corp., |
| Nehal Contracting, Inc., |
| New Phase Electrical Contractors Inc, |
| Nikhi Contracting Corp, |
| Noble Electrical Contracting Co, |
| North East Atlantic Business Solutions Corporation, |
| Northeast Electrical Contractors Inc., |
| Northeast Restoration Corp, |
| Oudaz General Contracting Inc, |
| Paradigm Services Inc, |
| Pmy Construction Corp., |
| Positive Electric Associates Inc, |
| Pro Metal Construction, |
| Pullman Sst, Inc, |
| Rebt Corp, |

| |
|---|
| Red & Blue Construction Corp, |
| Rici Corporation, |
| Rocon Plumbing & Heating Corp., |
| Rodel Electrical Inc, |
| Russo Development Enterprises Inc., |
| Saad Construction Inc, |
| Safecon Builders Corp, |
| Satnaam International, |
| Singh Landscaping Co, |
| Sirrye Construction Corporation, |
| Skyline Electrical Corp, |
| Spencer Contracting, |
| Stanco Systems Electrical Contracting, |
| Static Electric Corp, |
| Sun General Construction Inc., |
| T. Moriarty & Son, Inc, |
| Tameer Inc., |
| Tarasis Electric Corp, |
| Technico Construction Services Inc, |
| Tomco Mechanical Corp, |
| Tribeca Electric Corporation, |
| Triton Structural Concrete, |
| Turner Construction Company, |
| Universal Construction, Inc. |
| Urban Ecospaces, |
| Urban Electrical Corp, |
| Utb United Technology Inc, |
| Venus Group Inc, |
| Watts Electrical Corporation, |

| Wdf Inc,<br>Where To Get It Services, LLC,<br>Whitestone Construction Corp.,<br>Zaman Construction,<br>Zarco Contracting Inc.,<br><br>*Defendant(s)* | |

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Trial of this action is to be held in the County of Queens, New York.

The basis of the venue is because a substantial part of the events giving rise to the claims made herein and in tag-along actions occurred in and about the County of Queens. The Owners received and continue to receive Federal Funding on many facilities and project sites within the five Counties of the City of New York, projects identified in tag-along actions, all planned to be presented to the Litigation Coordination Panel with the Lead Action.

Plaintiff Percy Class is predominately situated in Kings County, New York.

Dated:     April 23, 2020

/s/James M. Kernan

6

KERNAN PROFESSIONAL
GROUP, LLP

James M. Kernan, Esq., of Counsel
26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com

*To the above named Defendants:*

*This action is based on the record in US SDNY Case 73-cv-04279, the case file that was archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National Archives in New York City, returned upon the request on behalf of Albert Percy, to and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals and for breach of contract. This action is by third-party beneficiaries for breach of contract.*

*The relief sought is mandamus, money damages, attorney's fees and costs and disbursements.*

Dated:     April 23, 2020

/s/James M. Kernan

KERNAN PROFESSIONAL
GROUP, LLP

James M. Kernan, Esq., of Counsel
26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ALBERT E. PERCY, | |
| *Plaintiff,* | COMPLAINT |
| -against- | |
| | INDEX NO. |
| NY School Construction Authority, | |
| 147th Street Homes Inc, | RJI: |
| Abc Construction Contracting Inc, | |
| Acs Systems Associates Inc, | A Private |
| Adam's European Contracting Inc, | Attorney General |
| Alkem Electrical, | Action |
| All American Electrical Corp, | |
| Am NY Electric Corp., | |
| Amb Contractors Inc, | |
| Amcon Contracting Corp, | |
| Annex Masonry Restoration Inc, | |
| Ansu Construction Inc, | |
| APN Construction Corp, | |
| Ark Systems Electric Corp, | |
| Armstrong Roof. Corp., | |
| Army Construction, LLC, | |
| Arnell Construction Corp., | |
| Ashnu International Inc, | |
| ATJ Electrical Co, | |
| AWLl Industries Inc, | |

1

| |
|---|
| B G National Plumbing & Heating Company,<br>Bagiana Construction,<br>Bottomline Construction & Development LLC,<br>BQE Industries Inc,<br>Carnak Construction,<br>Central Mechanical System Co. Inc.,<br>Civil Contracting Corp,<br>Clear It Out Contracting LLC,<br>Commerce Electrical Contracting Corp,<br>Conrac Construction Group LLC,<br>Darcon Construction Inc,<br>Delric Construction Co Inc,<br>Dematteis Construction Corp,<br>Diaz Electric Of New York, Inc.,<br>Dobco Inc,<br>Donald Mc Geachy Inc,<br>Dorion Norton Electrical,<br>Dynamic Construction Company,<br>E.W. Howell Co., LLC,<br>Electric Fixx Inc,<br>Elite Renovation & Builders Corp.,<br>Empac Contracting, Corp.,<br>Empire Control Abatement,<br>Energize Electrical Contracting,<br>Euro Castle Construction Corp.,<br>F.I. Electrical Corp,<br>Faith Construction Inc,<br>Falcon Electrical Contracting Corp,<br>Farragut Builders Ii Inc., | |

| |
|---|
| First Construction Group, |
| Framan Mechanical - Hvac, |
| G & F.A.S.T. Electric Incorporated, |
| Gramercy Group Inc, |
| Harman Contracting Service, Inc. |
| Hellman Electric Corp, |
| Hexagon Construction & Electrical Group, Inc., |
| Homeric Contracting Company, |
| Honey Construction NY Inc, |
| Iannelli Construction Co Inc, |
| Imperium Construction, Inc, |
| Independent Temperature Control Systems, |
| Inlight Electrical Corporation, |
| Innovax-Pillar Inc, |
| J & G Electrical Corp., |
| J & Y Electric And Intercom Company Inc, |
| Jamcob Electric LLC, |
| JMJ Electrical Corp, |
| Kab Electric Corp, |
| Kanta Electric Corp, |
| Kel-Tech Construction Inc., |
| Kew Electrical Service Inc, |
| KG Construction Services Inc, |
| Klk Electric Inc, |
| Koko Contracting Inc., |
| Kordun Construction Corp, |
| Labco Electric Contracting Corporation, |
| Lakhi General Contractor Inc, |
| Laser Electrical Contracting, |

| |
|---|
| Laura Electrical Lighting & Maintenance Service, |
| Lawrence's Contractor, Inc, |
| Lektric Installations Corp, |
| Leon D. Dematteis Construction Corp., |
| Leviathan Mech, |
| Levinson & Santoro Electrical Corp, |
| Liu Electric, LLC, |
| Losardo General Contractors, Inc, |
| Mainstream Electric Inc, |
| Major Contracting Inc, |
| Maric Plumbing & Heating Inc, |
| Marla Construction Inc, |
| Milad Contracting Corp., |
| Monti Concrete Construction Co Inc, |
| Mpcc Corp General Contractors, |
| Msr Electrical Construction Corp., |
| Multi-Tech Electric Inc, |
| National Environmental Safety Co, Inc, |
| Neelam Construction Corp., |
| Nehal Contracting, Inc., |
| New Phase Electrical Contractors Inc, |
| Nikhi Contracting Corp, |
| Noble Electrical Contracting Co, |
| North East Atlantic Business Solutions Corporation, |
| Northeast Electrical Contractors Inc., |
| Northeast Restoration Corp, |
| Oudaz General Contracting Inc, |
| Paradigm Services Inc, |
| Pmy Construction Corp., |

| | |
|---|---|
| Positive Electric Associates Inc, | |
| Pro Metal Construction, | |
| Pullman Sst, Inc, | |
| Rebt Corp, | |
| Red & Blue Construction Corp, | |
| Rici Corporation, | |
| Rocon Plumbing & Heating Corp., | |
| Rodel Electrical Inc, | |
| Russo Development Enterprises Inc., | |
| Saad Construction Inc, | |
| Safecon Builders Corp, | |
| Satnaam International, | |
| Singh Landscaping Co, | |
| Sirrye Construction Corporation, | |
| Skyline Electrical Corp, | |
| Spencer Contracting, | |
| Stanco Systems Electrical Contracting, | |
| Static Electric Corp, | |
| Sun General Construction Inc., | |
| T. Moriarty & Son, Inc, | |
| Tameer Inc., | |
| Tarasis Electric Corp, | |
| Technico Construction Services Inc, | |
| Tomco Mechanical Corp, | |
| Tribeca Electric Corporation, | |
| Triton Structural Concrete, | |
| Turner Construction Company, | |
| Universal Construction, Inc. | |
| Urban Ecospaces, | |

| | |
|---|---|
| Urban Electrical Corp, <br> Utb United Technology Inc, <br> Venus Group Inc, <br> Watts Electrical Corporation, <br> Wdf Inc, <br> Where To Get It Services, LLC, <br> Whitestone Construction Corp., <br> Zaman Construction, <br> Zarco Contracting Inc., <br><br> *Defendant(s)* | |

Plaintiff, Albert E. Percy, by and through his attorney, James M. Kernan, Esq., of the Kernan Professional Group, LLP, as and for its Complaint (the "Complaint") alleges as follows:

## Contents

I.      PRIVATE ATTORNEY GENERAL ACTION .........................................20

II.     BASIS OF THIS COMPLAINT.................................................................. 21

    Precedent, Authority and Jurisdiction ............................................. 21

III.    PARTIES ............................................................................................... 24

  I.   PLAINTIFF: ..............................................................................................24

  II.  DEFENDANTS:...................................................................................... 24

IV.     PROCEEDINGS .................................................................................... 35

    This action is a tag-along case to Lead Action Albert E. Percy vs  Eugene Scalia ................................................................................................................... 35

V.      As and for a First Cause of Action of 147Th Street Homes Inc............ 35

VI.     As and for a Second Cause of Action of Abc Construction Contracting Inc      36

VII.    As and for a Third Cause of Action of Abc Construction Contracting Inc      37

| | | |
|---|---|---|
| VIII. | As and for a Fourth Cause of Action of Abc Construction Contracting Inc | 38 |
| IX. | As and for a Fifth Cause of Action of Acs System Assocaiates Inc | 38 |
| X. | As and for a Sixth Cause of Action of Acs Systems Associates Inc | 39 |
| XI. | As and for a Seventh Cause of Action of Adam^S European Contracting Inc | 40 |
| XII. | As and for a Eighth Cause of Action of Alkem Electrical | 41 |
| XIII. | As and for a Ninth Cause of Action of Alkem Electrical | 41 |
| XIV. | As and for a Tenth Cause of Action of All American Electrical Corp | 42 |
| XV. | As and for a Eleventh Cause of Action of Am NY Electric Corp. | 43 |
| XVI. | As and for a Twelth Cause of Action of Amb Contractors Inc | 44 |
| XVII. | As and for a Thirteenth Cause of Action of Amcon Contracting Corp. | 44 |
| XVIII. | As and for a Fourteenth Cause of Action of Amcon Contracting Corp | 45 |
| XIX. | As and for a Fifteenth Cause of Action of Amcon Contracting Corp | 46 |
| XX. | As and for a Sixteenth Cause of Action of Annex Masonry Restoration Inc | 47 |
| XXI. | As and for a Seventeenth Cause of Action of Annex Masonry Restoration Inc | 48 |
| XXII. | As and for a Eighteenth Cause of Action of Ansu Construction Inc | 49 |
| XXIII. | As and for a Nineteenth Cause of Action of Ansu Construction Inc | 50 |
| XXIV. | As and for a Twentieth Cause of Action of Apn Construction Corp | 51 |
| XXV. | As and for a Twenty First Cause of Action of Ark Systems Electric Corp | 51 |
| XXVI. | As and for a Twenty Second Cause of Action of Armstrong Roof. Corp. | 52 |
| XXVII. | As and for a Twenty Third Cause of Action of Armstrong Roof. Corp. | 53 |
| XXVIII. | As and for a Twenty Fourth Cause of Action of Army Construction LLC | 53 |
| XXIX. | As and for a Twenty Fifth Cause of Action of Army Construction LLC | 54 |
| XXX. | As and for a Twenty Sixth Cause of Action of Arnell Construction Corp. | 55 |
| XXXI. | As and for a Twenty Seventh Cause of Action of Ashnu International Inc | 56 |

XXXII.   As and for a Twenty Eighth Cause of Action of Ashnu International Inc
56

XXXIII.  As and for a Twenty Ninth Cause of Action of Ashnu International Inc
57

XXXIV.   As and for a Thirtieth Cause of Action of Atj Electrical Co .................. 58

XXXV.    As and for a Thirty First Cause of Action of Atj Electrical Co .............. 59

XXXVI.   As and for a Thirty Second Cause of Action of Atj Electrical Co .......... 60

XXXVII. As and for a Thirty Third Cause of Action of Awl Industries Inc ......... 60

XXXVIII. As and for a Thirty Fourth Cause of Action of Awl Industries Inc ....... 61

XXXIX.   As and for a Thirty Fifth Cause of Action of B G National Plumbing &
Heating Company ........................................................................................................... 62

XL.      As and for a Thirty Sixth Cause of Action of Bagiana Construction .... 63

XLI.     As and for a Thirty Seventh Cause of Action of Bottomline Construction
& Development LLC ....................................................................................................... 64

XLII.    As and for a Thirty Eighth Cause of Action of Bqe Industries Inc ....... 65

XLIII.   As and for a Thirty Ninth Cause of Action of Bqe Industries Inc ......... 66

XLIV.    As and for a Fourtieth Cause of Action of Carnak Construction .......... 66

XLV.     As and for a Forty First Cause of Action of Carnak Construction ........ 67

XLVI.    As and for a Forty Second Cause of Action of Central Mechanical System
Co. Inc.          68

XLVII.   As and for a Forty Third Cause of Action of Central Mechanical System
Co. Inc.          68

XLVIII.  As and for a Forty Fourth Cause of Action of Central Mechanical
Systems          69

XLIX.    As and for a Forty Fifth Cause of Action of Central Mechanical Systems,
Inc              70

L.       As and for a Forty Sixth Cause of Action of Central Mechanical Systems,
Inc              71

LI.      As and for a Forty Seventh Cause of Action of Civil Contracting Corp. 71

LII.     As and for a Forty Eighth Cause of Action of Clear It Out Contracting
LLC              72

LIII.    As and for a Forty Ninth Cause of Action of Clear It Out Contracting LLC
73

LIV.     As and for a Fiftieth Cause of Action of Clear It Out Contracting LLC 74

8

LV. As and for a Fifty First Cause of Action of Commerce Electrical Contracting Corp ........................................................................................................... 74

LVI. As and for a Fifty Second Cause of Action of Commerce Electrical Contracting Corp ........................................................................................................... 75

LVII. As and for a Fifty Third Cause of Action of Commerce Electrical Contracting Corp ........................................................................................................... 76

LVIII. As and for a Fifty Fourth Ninth Cause of Action of Con Rac Construction Grou 77

LIX. As and for a Fifty Fifth Cause of Action of Conrac Construction Group LLC 78

LX. As and for a Fifty Sixth Cause of Action of Darcon Construction Inc .. 79

LXI. As and for a Fifty Seventh Cause of Action of Delric Construction Co Inc 79

LXII. As and for a Fifty Eigth Cause of Action of Delric Construction Co Inc 80

LXIII. As and for a Fifty Ninth Cause of Action of Dematteis Construction Corp 81

LXIV. As and for a Sixtieth Cause of Action of Dematteis/Darcon Construction (Jv) 82

LXV. As and for a Sixty First Cause of Action of Diaz Electric Of New York, Inc. 83

LXVI. As and for a Sixty Seventh Cause of Action of Diaz Electric Of New York, Inc. 84

LXVII. As and for a Sixty Eighth Cause of Action of Diaz Electric Of New York, Inc. 84

LXVIII. As and for a Sixty Ninth Cause of Action of Dobco Inc ......................... 85

LXIX. As and for a Seventieth Cause of Action of Donald Mc Geachy Inc ..... 86

LXX. As and for a Seventy First Cause of Action of Donald Mc Geachy Inc. 86

LXXI. As and for a Seventy Second Cause of Action of Dorion Norton Electrical 87

LXXII. As and for a Seventy Third Cause of Action of Dorion Norton Electrical 88

LXXIII. As and for a Seventy Fourth Cause of Action of Dynamic Construction Company 89

LXXIV. As and for a Seventy Fifth Cause of Action of Dynamic Construction

Company          90

  LXXV. As and for a Seventy Sixth Cause of Action of E.W. Howell Co., LLC .90

  LXXVI. As and for a Seventy Seventh Cause of Action of Electric Fixx Inc...... 91

  LXXVII. As and for a Seventy Eighth Cause of Action of Electric Fixx Inc........ 92

  LXXVIII. As and for a Seventy Ninth Cause of Action of Electric Fixx Inc ......... 93

  LXXIX. As and for an Eightieth Cause of Action of Elite Renovation & Builders Corp. 93

  LXXX. As and for an Eighty First Cause of Action of Empac Contracting, Corp. 94

  LXXXI. As and for an Eighty Second Cause of Action of Empire Control Abatement 95

  LXXXII. As and for an Eighty Third Cause of Action of Energize Electrical Contracting 96

  LXXXIII. As and for a Eighty Fourth Cause of Action of Euro Castle Construction Corp. 96

  LXXXIV. As and for an Eighty Fifth Cause of Action of F.I. Electrical Corp ...... 97

  LXXXV. As and for an Eighty Sixth Cause of Action of F.I. Electrical Corp ......98

  LXXXVI. As and for an Eighty Seventh Cause of Action of Faith Construction Inc 99

  LXXXVII. As and for an Eighty Eighth Cause of Action of Falcon Electrical Contracting Corp 99

  LXXXVIII. As and for an Eighty Ninth Cause of Action of Falcon Electrical Contracting Corp 100

  LXXXIX. As and for a Ninetieth Cause of Action of Falcon Electrical Contracting Corp 101

  XC. As and for a Ninety First Cause of Action of Farragut Builders Ii Inc. 102

  XCI. As and for a Ninety Second Cause of Action of First Construction Group 103

  XCII. As and for a Ninety Third Cause of Action of Framan Mechanical - Hvac 103

  XCIII. As and for a Ninety Fourth Cause of Action of G & F.A.S.T. Electric Incorporated 104

  XCIV. As and for a Ninety Fifth Cause of Action of G & F.A.S.T. Electric Incorporated 105

XCV.       As and for a Ninety Sixth Cause of Action of Gramercy Group Inc ... 106

XCVI.      As and for a Ninety Seventh Cause of Action of Gramercy Group Inc
           107

XCVII.     As and for a Ninety Eighth Cause of Action of Grammercy .............. 107

XCVIII.    As and for a Ninety Ninth Cause of Action of Harman Contracting Inc
           109

XCIX.      As and for a One Hundredth Cause of Action of Harman Contracting Inc
           109

C.         As and for a One Hundredth and First  Cause of Action of Harman
Contracting Inc 110

CI.        As and for a One Hundred and Second Cause of Action of Harman
Contracting Service ........................................................................................................ 111

CII.       As and for a One Hundred and Third Cause of Action of Harman
Contracting Service ........................................................................................................ 112

CIII.      As and for a One Hundred and Fourth Cause of Action of Hellman
Electric Corp   112

CIV.       As and for a One Hundred and Fifth  Cause of Action of Hexagon
Construction & Electrical Group, Inc. ........................................................................ 113

CV.        As and for a One Hundred and Sixth Cause of Action of Homeric
Contracting Company ..................................................................................................... 114

CVI.       As and for a One Hundred and Seventh Cause of Action of Honey
Construction NY Inc ........................................................................................................ 115

CVII.      As and for a One Hundred and Eighth Cause of Action of Iannelli
Construction Co Inc ......................................................................................................... 115

CVIII.     As and for a One Hundred and Ninth Cause of Action of Iannelli
Construction Co Inc ......................................................................................................... 116

CIX.       As and for a One Hundred and Tenth Cause of Action of Imperium
Construction, Inc ............................................................................................................. 117

CX.        As and for a One Hundred and Eleventh Cause of Action of Independent
Temperature Control Systems ...................................................................................... 118

CXI.       As and for a One Hundred and Twelfth Cause of Action of Independent
Temperature Control Systems ...................................................................................... 119

CXII.      As and for a One Hundred and Thirteenth Cause of Action of
Independent Temperature Control Systems ................................................................ 119

CXIII.     As and for a One Hundred and Fourteenth Cause of Action of

Independent Temperature Control Systems ................................................................ 120

    CXIV.   As and for a One Hundred and Fifteenth Cause of Action of Independent Temperature Control Systems .......................................................................................... 121

    CXV.   As and for a One Hundred and Sixteenth   Cause of Action of Independent Temperature Control Systems ................................................................. 122

    CXVI.   As and for a One Hundred and Seventeenth Cause of Action of Inlight Electrical Corporation ...................................................................................................... 123

    CXVII.   As and for a One Hundred and Eighteenth Cause of Action of Innovax-Pillar       123

    CXVIII.   As and for a One Hundred and Nineteenth Cause of Action of Innovax-Pillar Inc     124

    CXIX.   As and for a One Hundred and Twentieth Cause of Action of J & G Electrical Corp.  125

    CXX.   As and for a One Hundred and Twenty First Cause of Action of J & G Electrical Corp.  126

    CXXI.   As and for a One Hundred and Twenty Second Cause of Action of J & Y Electric And Intercom Company Inc ............................................................................. 126

    CXXII.   As and for a One Hundred and Twenty Third Cause of Action of J & Y Electric And Intercom Company Inc .............................................................................. 127

    CXXIII.   As and for a One Hundred and Twenty Fourth Cause of Action of Jamcob Electric LLC ..................................................................................................... 128

    CXXIV.   As and for a One Hundred and Twenty Fifth Cause of Action of Jamcob Electric LLC   128

    CXXV.   As and for a One Hundred and Twenty Sixth Cause of Action of Jmj Electrical Corp   129

    CXXVI.   As and for a One Hundred and Twenty Seventh Cause of Action of Jmj Electrical Corp   130

    CXXVII. As and for a One Hundred and Twenty Eighth Cause of Action of Kab Electric Corp   130

    CXXVIII. As and for a One Hundred and Twenty Ninth Cause of Action of Kab Electric Corp   131

    CXXIX.   As and for a One Hundred and Thirtieth Cause of Action of Kanta Electric Corp   132

    CXXX.   As and for a One Hundred and Thirty First Cause of Action of Kel-Tech Construction   132

CXXXI.   As and for a One Hundred and Thirty Second Cause of Action of Kel-Tech Construction .......................................................................................................... 133

CXXXII.  As and for a One Hundred and Thirty Third Cause of Action of Kel-Tech Construction Inc. .......................................................................................................... 134

CXXXIII. As and for a One Hudred and Thirty Fourth Cause of Action of Kew Electrical Service Inc........................................................................................................ 134

CXXXIV. As and for a One Hundred and Thirty Sixth Cause of Action of Kg Construction Services Inc ................................................................................................135

CXXXV.  As and for a One Hundred and Thirty Seventh Cause of Action of Kg Construction Services Inc ............................................................................................... 136

CXXXVI. As and for a One Hundred and Thirty Eighth Cause of Action of Kg Construction Services Inc ................................................................................................137

CXXXVII.   As and for a One Hundred and Thirty Ninth Cause of Action of Klk Electric Inc      138

CXXXVIII.   As and for a One Hundred and Fortieth Cause of Action of Klk Electric Inc      139

CXXXIX. As and for a One Hundred and Forty First Cause of Action of Koko Contracting      139

CXL.     As and for a One Hundred and Forty Second Cause of Action of Koko Contracting Inc. 140

CXLI.    As and for a One Hundred and Forty Third Cause of Action of Kordun Construction Corp........................................................................................................... 141

CXLII.   As and for a One Hundred and Forty Fourth Cause of Action of Kordun Construction Corp........................................................................................................... 141

CXLIII.  As and for a One Hundred and Forty Fifth Cause of Action of Kordun Construction Corp........................................................................................................... 142

CXLIV.   As and for a One Hundred and Forty Sixth Cause of Action of Labco Electric Contracting Corporation .................................................................................... 143

CXLV.    As and for a One Hundred and Forty Seventh Cause of Action of Lakhi General Contractor Inc .................................................................................................... 143

CXLVI.   As and for a One Hundred and Forty Eighth Cause of Action of Laser Electrical Contracting ..................................................................................................... 144

CXLVII.  As and for a One Hundred and Forty Ninth Cause of Action of Laura Electrical Lighting & Maintenance Service .................................................................... 145

CXLVIII. As and for a One Hundred and Fiftieth Cause of Action of Laura

13

Electrical Lighting & Maintenance Service ................................................................... 146

CXLIX.  As and for a One Hundred and Fifty First Cause of Action of Lawrence's Contractor, Inc  146

CL.   As and for a One Hundred and Fifty Second Cause of Action of Lawrence's Contractor, Inc ............................................................................................147

CLI.   As and for a One Hundred and Fifty Third Cause of Action of Lawrence's Contractor, Inc  148

CLII.   As and for a One Hundred and Fifty Fourth Cause of Action of Lektric Installations Corp ..........................................................................................................148

CLIII.   As and for a One Hundred and Fifty Fifth Cause of Action of Leon D. Dematteis Construction Corp. ........................................................................................ 149

CLIV.   As and for a One Hundred Fifty Sixth Cause of Action of Leviathan Mech  150

CLV.   As and for a One Hundred and Fifty Seventh Cause of Action of Levinson & Santoro Electrical Corp ...............................................................................................151

CLVI.   As and for a One Hundred and Fifty Eighth Cause of Action of Liu Electric, LLC  152

CLVII.   As and for a One Hundred and Fifty Ninth Cause of Action of Liu Electric, LLC  152

CLVIII.   As and for a One Hundred and Sixtieth Cause of Action of Losardo General Contractors, Inc ................................................................................................153

CLIX.   As and for a One Hundred and Sixty First Cause of Action of Mainstream Electric Inc  154

CLX.   As and for a One Hundred and Sixty Second Cause of Action of Mainstream Electric Inc ................................................................................................155

CLXI.   As and for a One Hundred and Sixty Third Cause of Action of Mainstream Electric Inc ................................................................................................155

CLXII.   As and for a One Hundred and Sixty Fourth Cause of Action of Major Contracting Inc  156

CLXIII.   As and for a One Hundred and Sixty Fifth Cause of Action of Major Contracting Inc  157

CLXIV.   As and for a One Hundred and Sixty Sixth Cause of Action of Maric Plumbing & Heating Inc ...............................................................................................158

CLXV.   As and for a One Hundred and Sixty Seventh Cause of Action of Marla Construction Inc ......................................................................................................... 159

CLXVI. As and for a One Hundred and Sixty Eighth Cause of Action of Milad Contracting Corp. ........................................................................................................... 159

CLXVII. As and for a One Hundred and Sixty Ninth Cause of Action of Monti Concrete Construction Co Inc........................................................................................... 160

CLXVIII. As and for a One Hundred and Seventieth Cause of Action of Mpcc Corp General Contractors .......................................................................................................... 161

CLXIX. As and for a One Hundred and Seventy First Cause of Action of Msr Electrical Construction Corp. .......................................................................................... 162

CLXX. As and for a One Hundred and Seventy Second Cause of Action of Multi-Tech Electric Inc ................................................................................................................ 162

CLXXI. As and for a One Hundred and Seventy Third Cause of Action of Multi-Tech Electric Inc ................................................................................................................ 163

CLXXII. As and for a One Hundred and Seventy Fourth Cause of Action of Multi-Tech Electric Inc ................................................................................................................ 164

CLXXIII. As and for a One Hundred and Seventy Fifth Cause of Action of National Environmental   165

CLXXIV. As and for a One Hundred and Seventy Sixth Cause of Action of National Environmental Safety Co, Inc .......................................................................................... 165

CLXXV. As and for a One Hundred and Seventy Seventh Cause of Action of National Environmental Safety Co, Inc .......................................................................... 166

CLXXVI. As and for a One Hundred and Seventy Eighth Cause of Action of National Environmental Safety Co, Inc ..........................................................................167

CLXXVII. As and for a One Hundred and Seventy Ninth Cause of Action of National Environmental Safety Co, Inc .......................................................................... 168

CLXXVIII. As and for a One Hundred and Eightieth Cause of Action of Neelam Construction Corp. 169

CLXXIX. As and for a One Hundred and Eighty First Cause of Action of Nehal Construction Inc .............................................................................................................. 169

CLXXX. As and for a One Hundred and Eighty Second Cause of Action of Nehal Contracting, Inc. ............................................................................................................... 170

CLXXXI. As and for a One Hundred and Eighty Third Cause of Action of Nehal Contracting, Inc. ............................................................................................................... 171

CLXXXII. As and for a One Hundred and Eighty Fourth Cause of Action of Nehal Contracting, Inc.   172

CLXXXIII. As and for a One Hundred and Eighty Fifth Cause of Action of New

15

Phase Electrical Contractors Inc......................................................................................172

    CLXXXIV.  As and for a One Hundred and Eighty Sixth Cause of Action of New Phase Electrical Contractors Inc......................................................................................173

    CLXXXV.As and for a One Hundred and Eighty Seventh Cause of Action of Nikhi Contracting Corp..............................................................................................................174

    CLXXXVI.  As and for a One Hundred and Eighty Eighth Cause of Action of Nikhi Contracting Corp   175

    CLXXXVII.  As and for a One Hundred and Eighty Ninth Cause of Action of Nikhi Contracting Corp   176

    CLXXXVIII.  As and for a One Hundred and Ninetieth Cause of Action of Nikhi Contracting Corp   176

    CLXXXIX.  As and for a One Hundred and Ninety First Cause of Action of Noble Electrical Contracting Co ...............................................................................................177

    CXC.  As and for a One Hundred and Ninety Second Cause of Action of Noble Electrical Contracting Co .............................................................................................. 178

    CXCI.  As and for a One Hundred and Ninety Third Cause of Action of North East Atlantic Business Solutions Corporation...............................................................179

    CXCII.  As and for a One Hundred and Ninety Fourth Cause of Action of Northeast Electrical Contractors Inc. ........................................................................... 180

    CXCIII.  As and for a One Hundred and Ninety Fifth Cause of Action of Northeast Restoration Corp...........................................................................................................181

    CXCIV.  As and for a One Hundred and Ninety Sixth Cause of Action of Northeast Restoration Corp...........................................................................................................181

    CXCV.  As and for a One Hundred and Ninety Seventh Cause of Action of Northeast Restoration Corp........................................................................................... 182

    CXCVI.  As and for a One Hundred and Ninety Eighth Cause of Action of Oudaz General Contracting Inc.................................................................................................. 183

    CXCVII.  As and for a One Hundred and Ninety Ninth Cause of Action of Paradigm Services Inc.................................................................................................... 184

    CXCVIII. As and for a Two Hundredth Cause of Action of Pmy Construction Corp   185

    CXCIX.  As and for a Two Hundredth and First Cause of Action of Pmy Construction Corp........................................................................................................ 186

    CC.  As and for a Two Hundred and Second Cause of Action of Positive Electric Associates Inc ................................................................................................... 186

16

CCI.      As and for a Two Hundred and Third Cause of Action of Pro Metal Construction      187

CCII.      As and for a Two Hundred and Fourth Cause of Action of Pullman Sst, Inc      188

CCIII.      As and for a Two Hundred and Fifth Cause of Action of Rebt Corp.. 188

CCIV.      As and for a Two Hundred and Sixth Cause of Action of Red & Blue Construction Corp ........................................................................................................... 189

CCV.      As and for a Two Hundred and Seventh Cause of Action of Red & Blue Construction Corp ........................................................................................................... 190

CCVI.      As and for a Two Hundred and Eighth Cause of Action of Red & Blue Construction Corp ........................................................................................................... 191

CCVII.      As and for a Two Hundred and Ninth Cause of Action of Rici Corp . 192

CCVIII.      As and for a Two Hundred and Tenth Cause of Action of Rici Corporation      192

CCIX.      As and for a Two Hundred and Eleventh Cause of Action of Rocon Plumbing      193

CCX.      As and for a Two Hundred and Twelfth Cause of Action of Rocon Plumbing & Heating ....................................................................................................... 194

CCXI.      As and for a Two Hundred and Thirteenth Cause of Action of Rocon Plumbing & Heating Corp ............................................................................................. 195

CCXII.      As and for a Two Hundred and Fourteenth Cause of Action of Rocon Plumbing & Heating Corp ............................................................................................. 196

CCXIII.      As and for a Two Hundred and Fifteenth Cause of Action of Rodel Electrical Inc      197

CCXIV.      As and for a Two Hundred and Sixteenth Cause of Action of Rodel Electrical Inc      197

CCXV.      As and for a Two Hundred and Seventeenth Cause of Action of Rodel Electrical Inc      198

CCXVI.      As and for a Two Hundred and Eighteenth Cause of Action of Russo Development Enterprises Inc. ........................................................................................ 198

CCXVII. As and for a Two Hundred and Nineteenth Cause of Action of Saad Construction Inc ........................................................................................................... 199

CCXVIII. As and for a Two Hundred and Twentieth Cause of Action of Safecon Builders Corp      200

CCXIX.      As and for a Two Hundred and Twenty First Cause of Action of Safecon

Builders Corp	201

CCXX.	As and for a Two Hundred and Twenty Second Cause of Action of Satnaam International ................................................................................................... 201

CCXXI.	As and for a Two Hundred and Twenty Third Cause of Action of Singh Landscaping Co 202

CCXXII.	As and for a Two Hundred and Twenty Fourth Cause of Action of Sirrye Construction Corporation ............................................................................................... 203

CCXXIII. As and for a Two Hundred and Twenty Fifth Cause of Action of Skyline Electrical Corp	204

CCXXIV. As and for a Two Hundred and Twenty Sixth Cause of Action of Spencer Contracting	205

CCXXV.	As and for a Two Hundred and Twenty Seventh Cause of Action of Spencer Contracting ...................................................................................................... 205

CCXXVI. As and for a Two Hundred and Twenty Eighth Cause of Action of Stanco Systems Electrical Contracting ...................................................................................... 206

CCXXVII.	As and for a Two Hundred and Twenty Ninth Cause of Action of Static Electric Corp	207

CCXXVIII.	As and for a Two Hundred and Thirtieth Cause of Action of Sun General Construction Inc. ............................................................................................... 208

CCXXIX. As and for a Two Hundred and Thirty First Cause of Action of T Moriarty & Son Inc	208

CCXXX.	As and for a Two Hundred and Thirty Second Cause of Action of T. Moriarty & Son, Inc. ....................................................................................................... 209

CCXXXI. As and for a Two Hundred and Thirty Third Cause of Action of Tameer Inc.	210

CCXXXII.	As and for a Two Hundred and Thirty Fourth Cause of Action of Tarasis Electric Corp ....................................................................................................... 211

CCXXXIII.	As and for a Two Hundred and Thirty Fifth Cause of Action of Technico Construction Services Inc ................................................................................ 211

CCXXXIV.	As and for a Two Hundred and Thirty Sixth Cause of Action of Tomco Mechanical Corp	212

CCXXXV.	As and for a Two Hundred and Thirty Seventh Cause of Action of Tribeca Electric Corporation .......................................................................................... 213

CCXXXVI.	As and for a Two Hundred and Thirty Eighth Cause of Action of Triton Structural Concrete ............................................................................................. 213

18

CCXXXVII.   As and for a Two Hundred and Thirty Ninth Cause of Action of Turner Construction Company (Main Office) .................................................................. 214

CCXXXVIII.   As and for a Two Hundred and Fortieth Cause of Action of Universal Construction .................................................................................................. 215

CCXXXIX.   As and for a Two Hundred and Forty First Cause of Action of Universal Construction Resources, In ........................................................................... 216

CCXL.   As and for a Two Hundred and Forty Second Cause of Action of Urban Ecospaces   217

CCXLI.   As and for a Two Hundred and Forty Third Cause of Action of Urban Electrical Corp   218

CCXLII.   As and for a Two Hundred and Forty Fourth Cause of Action of Urban Electrical Corp   219

CCXLIII. As and for a Two Hundred and Forty Fifth Cause of Action of Utb United Technology Inc   219

CCXLIV. As and for a Two Hundred and Forty Sixth Cause of Action of Venus Group Inc   220

CCXLV.   As and for a Two Hundred and Forty Seventh Cause of Action of Venus Group Inc   221

CCXLVI. As and for a Two Hundred and Forty Eighth Cause of Action of Venus Group Inc   222

CCXLVII. As and for a Two Hundred and Forty Ninth Cause of Action of Venus Group, Inc.   223

CCXLVIII.   As and for a Two Hundred and Fiftieth Cause of Action of Venus Group, Inc.   224

CCXLIX. As and for a Two Hundred and Fifty First Cause of Action of Venus Group, Inc.   225

CCL.   As and for a Two Hundred and  Fifty Second Cause of Action of Venuss Group Inc   225

CCLI.   As and for a Two Hundred and Fifty Third Cause of Action of Venuss Group Inc   226

CCLII.   As and for a Two Hundred and Fifty Fourth Cause of Action of Watts Electrical Corporation .................................................................................................... 227

CCLIII.   As and for a Two Hundred and Fifty Fifth Cause of Action of Watts Electrical Corporation .................................................................................................... 227

CCLIV.   As and for a Two Hundred and Fifty Sixth Cause of Action of Wdf Inc

19

228

CCLV. As and for a Two Hundred and Fifty Seventh Cause of Action of Wdf Inc 229

CCLVI. As and for a Two Hundred and Fifty Eighth Cause of Action of Wdf Inc 230

CCLVII. As and for a Two Hundred and Fifty Ninth Cause of Action of Where To Get It Services, LLC..........................................................................................................230

CCLVIII. As and for a Two Hundred and Sixtieth Cause of Action of Whitestone Construction Corp...................................................................................................... 231

CCLIX. As and for a Two Hundred and Sixty First Cause of Action of Whitestone Construction Corp..........................................................................................................232

CCLX. As and for a Two Hundred and Sixty Second Cause of Action of Whitestone Construction Corp. ...................................................................................233

CCLXI. As and for a Two Hundred and Sixty Third Cause of Action of Zaman Construction 233

CCLXII. As and for a Two Hundred and Sixty Fourth Cause of Action of Zaman Construction 234

CCLXIII. As and for a Two Hundred and Sixty Fifth Cause of Action of Zarco Contracting Inc 235

CCLXIV. As and for a Two Hundred and Sixty Sixth Cause of Action of Zarco Contracting Inc. 236

CCLXV. As and for a Two Hundred and Sixty Seventh Cause of Action .........236

CCLXVI. As and for a Two Hundred and Sixty Eighth Cause of Action ...........238

CCLXVII.As and for a Two Hundred and Sixty Ninth Cause of Action.............238

CCLXVIII. As and for a Two Hundred and Seventieth Cause of Action .........239

CCLXIX. As and for a Two Hundred and Seventy First Cause of Action..........239

CCLXX. WHEREFORE......................................................................................240

# I. PRIVATE ATTORNEY GENERAL ACTION

1. This action is brought as a private attorney general action to enforce certain federal laws, contracts, commitments, obligations and covenants to provide affirmative action for equal employment opportunity, safety and risk management to correct neglectful use of Federal Funding ("Federal Funding") thereby impacting not only the Class but as well the general

public good. The New York Department of Law and the US Department of Justice have failed to move against the Defendant Government Agencies, Owners and Employers to enforce the covenants imposed upon the recipients of Federal Funding in such a way that accomplishes affirmative action.

2.  This is a class action by individuals (the "Percy Class") who have been denied entry into paid on-the-job-apprentice training ("OJT") to obtain the skills to be safe and able to compete for employment on facilities and projects under the control of the Defendants, as persons under and in violation of the Civil Rights Act of 1964, and specifically 42 USCA §2000e-2 and §2000d (the "Civil Rights Act"), and in breach of the conditions of Federal Funding and of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§§1981, 1983 and 1985, and Executive Order ("EO") 11246 in not using the Federal Funding to provide paid OJT apprenticeship for a safe, healthy and productive workplace.

## II.   BASIS OF THIS COMPLAINT
### Precedent, Authority and Jurisdiction

3. This complaint is based on the record in Case 73-cv-04279 archived at the National Archives at St. Louis, Missouri as a case of national significance, the record returned upon the request on behalf of Percy, to and certified by the National Archives in the US Southern District of New York, which record was filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals[1].

---

[1] Three Appendices making up the Record on Appeal, Docket #99: 17-2273 are as follows:

Appendix 1, Volume 1-3, Docket #97-99, contains the documents certified by the National Archives as docketed in the original paper docket, ECF docket entry 1 in the Lower Court for Case 73-cv-04279;

Appendix 2, Volume 1-4, Docket #100-103 contains the remaining documents certified by the National Archives contained in the file for Case 73-cv-04279.

Appendix 3, Volume 1, Docket #104 contains 2017 documents in Case 73-cv-04279 and documents in Case 15-cv-03942 EDNY.

4. This action is brought to enforce the Memorandum/Order ("Memorandum/Order") of Judge Lasker issued by the United States District Court for the Southern District of New York Case of Percy v Brennan Case 73-cv-04279. reported at 384 F Supp 800 of November 8, 1974 and set forth in the Docket on Appeal 17-2273 ECF Docket #99, Appendix 1, Volume 3 of 3, page numbered 640[2], and Order entered thereon of February 24, 1975 in Case 73-cv-04279, Docket #99, Appendix 1, Volume 3, page 728 ("Order") and closed on May 4, 1977, Docket #99, Volume 3, page 740 and settled by accepting New York State's offer of Executive Order 45; and/or for the award of money damages. The Second Circuit Court of Appeals on Appeal 17-2273 established that Case 73-cv-04279 is final[3]. This action is for enforcement of the relief granted by the Memorandum/Order and Order and settlement in Case 73-cv-04279 and is brought in this County's New York State Supreme Court as a proper forum in which to enforce the Memorandum/Order and Order and settlement, being where a substantial part of the events occurred giving rise to the claims made herein as tag-along cases.

5. This is a class action by individuals (the "Percy Class") who have been denied entry into paid on-the-job-apprentice training employed on facilities and projects under the control of the Defendants, as persons under and in violation of the Civil Rights Act of 1964, and specifically 42 USCA §2000e-2 and §2000d (the "Civil Rights Act"), and in breach of the conditions of Federal Funding from the United States of America (the Federal Funding) and of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§§1981, 1983 and 1985, and EO 11246

---

[2] The documents are paginated in the lower right hand corner to correspond with DOCKETED NATIONAL ARCHIVES CERTIFIED DOCUMENTS DETAILED TABLE OF CONTENTS at the beginning of each appendix

[3] The United States Second Circuit Court of Appeals in Appeal 17-2273 at docket #95 granted Appellants motion accepting the appendices in an appeal exploring whether Case 73-cv-04279 had been finally determined. The Appeal was dismissed at docket #138 in appeal 17-2273, establishing that the Memorandum/Order and Order were final. Now the proper forum in which to enforce Memorandum/Order and Order and settlement is state court as there is no case or controversy continuing federal jurisdiction.

in not using the Federal Funding to provide affirmative action for equal employment opportunity in OJT and employment, resulting in unlawful employment practices.

6. In the Lead Action ("Lead Action"), the Percy Class seeks seek declaratory and injunctive relief to prevent Defendants, officials of the United States of America and the State of New York and other local officials of agencies and authorities not yet identified, from denying plaintiffs their rights to OJT and employment in connection with contracts in such a way that it deprives the Percy Class of their rights to become skilled, safe and productive so as to be able to compete fairly for jobs based on ability rather than skin color or ethnicity.

7. In this action the Percy Class seeks money damages for lost wages and lost opportunities as well as injunctive relief.

8. In misusing Federal Funding, the owners ("Owners") have passed the obligations through to employers ("Employers") ignoring the mandate of United States EO 11246, as well as several other federal regulations specifically identified in the Federal Funding, causing and continuing to cause disparate impact discrimination that these statutes, orders, and regulations were designed to remedy, when the agencies and authorities, Owners and Employers refuse to adopt the Alternative Employment Practice set forth in the Lead Action involving apprenticeship under the Fitzgerald Act (29 U.S.C. §50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and C.F.R. T. 29, Subt. A, Pt. 29 and Pt. 30.

9. This action asks for equitable relief along with monetary relief in this tag-along action exceeding the monetary jurisdiction of any inferior courts. This Court's general jurisdiction covers violations of these laws, statutes, executive orders, regulations, rules, federal agreements and covenants which establish conditions for Federal Funding to the Owners to which persons such as the Percy Class are intended third-party beneficiaries, a dispute within the general jurisdiction of this Court.

10. Venue in this Court is proper because a substantial part of the events giving rise to the claims made herein occurred in and about the County of Queens York. The Owners received and continue to receive Federal Funding within the County of Queens.

## III. PARTIES

### PLAINTIFF:

11. Plaintiff Albert E. Percy, ("Percy") certified as the class representative of the certified class by Judge Lasker in the Memorandum/Order at 384 F Supp 800, page 811 [S.D.N.Y. 1974] in Case 73-cv-04279, Docket 99, Appendix 1, Volume 3, page 663 in 17-2273 (the "Percy Class") is fully capable of learning to perform and/or performing skilled trade work as apprentices and journeypersons. Percy, as the Complaining Party, a member of the Percy Class, was denied equal employment opportunities, and remains a proper representative of the Percy Class. Percy's personal and business interests and the claims hereinafter set forth are fully aligned with those of the Class.

### DEFENDANTS:

12. Defendant Owner, NY School Construction Authority, 3030 Thomson Ave, Long Island City, NY, 11101

13. Defendant Employer, 147th Street Homes Inc with offices at 147th Street Homes Inc, 11538 222nd St, Cambria Heights, NY, 11411;

14. Defendant Employer, ABC Construction Contracting Inc, with offices at ABC Construction Contracting Inc, 2352 48th St, Astoria, NY, 11103;

15. Defendant Employer, ACS Systems Associates Inc, with offices at ACS Systems Associates Inc, 160 W Lincoln Ave, Mount Vernon, NY, 10550;

16. Defendant Employer, Adams European Contracting Inc, with offices at Adams European Contracting Inc, 589 Johnson Ave., Brooklyn NY, 11237;

17. Defendant Employer, Alkem Electrical, with offices at Alkem Electrical, 557 Lefferts Ave, Brooklyn, NY, 11225;

18. Defendant Employer, All American Electrical Corp, with offices at All American Electrical Corp, 557 Lefferts Ave, Brooklyn, NY, 11225;

19. Defendant Employer, Am NY Electric Corp., with offices at Am NY Electric Corp., 9402 80th St, Ozone Park, NY, 11416;

20. Defendant Employer, AMB Contractors Inc, with offices at AMB Contractors Inc, 2111 5th St. East Meadow, NY 11554;

21. Defendant Employer, Amcon Contracting Corp, with offices at Amcon Contracting Corp, 5701 59th St, Maspeth, NY, 11378;

22. Defendant Employer, Annex Masonry Restoration Inc, with offices at Annex Masonry Restoration Inc, 14 Ashford Place, Albertson, NY, 11507;

23. Defendant Employer, ANSU Construction Inc, with offices at ANSU Construction Inc, 4047 72nd St, Woodside, NY, 11377 and 40 W 72nd Street, Apt 47, New York NY 10023;

24. Defendant Employer, APN Construction Corp, with offices at APN Construction Corp, 7217 31st Ave, East Elmhurst, NY, 11370;

25. Defendant Employer, ARK Systems Electric Corp, with offices at ARK Systems Electric Corp, 2708 42nd Rd, Long Island City, NY, 11101;

26. Defendant Employer, Armstrong Roof. Corp., with offices at Armstrong Roof. Corp., 1449 Richmond Ter, Staten Island, NY, 10310;

27. Defendant Employer, Army Construction, LLC, with offices at 224 Broughton Ave., 1st Floor, Bloomfield NJ , 07003;

28. Defendant Employer, Arnell Construction Corp., with offices at Arnell Construction Corp., 8855 76th Ave, Glendale, NY, 11385;

29. Defendant Employer, Ashnu International Inc, with offices at Ashnu International Inc, 58-09 28th Ave, Woodside, NY, 11377 and 350 Broadway Rm 309, New York, NY, 10013;

30. Defendant Employer, ATJ Electrical Co, with offices at ATJ Electrical Co, 12213 15th Ave, College Point, NY, 11356;

31. Defendant Employer, AWL Industries Inc, with offices at AWL Industries Inc, 460 Morgan Ave, Brooklyn, NY, 11222;

32. Defendant Employer, B G National Plumbing & Heating Company, with offices at B G National Plumbing & Heating Company, 45-14 51 Street, Woodside, NY, 11377;

33. Defendant Employer, Bagiana Construction, with offices at Bagiana Construction, 94-37 212th Street, Queens Village, NY, 11428;

34. Defendant Employer, Bottomline Construction & Development LLC, with offices at Bottomline Construction & Development LLC, 21701 Merrick Blvd. Laurelton NY, 11413;

35. Defendant Employer, BQE Industries Inc, with offices at BQE Industries Inc, 4049 72nd St Ste NO5, Woodside, NY, 11377;

36. Defendant Employer, Carnak Construction, with offices at Carnak Construction, 500 Ocean Ave, East Rockaway, NY, 11518;

37. Defendant Employer, Central Mechanical Systems, with offices at Central Mechanical Systems, 2060 Eastern Pkwy, Brooklyn, NY, 11207;

38. Defendant Employer, Civil Contracting Corp, with offices at Civil Contracting Corp, 953 Maple Ave, Ridgefield, NJ, 07657;

39. Defendant Employer, Clear It Out Contracting LLC, with offices at Clear It Out Contracting LLC, 211 Tecumseh Ave, Mount Vernon, NY, 10553;

40. Defendant Employer, Commerce Electrical Contracting Corp, with offices at Commerce Electrical Contracting Corp, 716 College Point Blvd, College Point, NY, 11356 and 33-86 Brooklyn Queens Expressway, Astoria, NY 11103;

41. Defendant Employer, Conrac Construction Group LLC, with offices at Conrac Construction Group LLC, 1895 Walt Whitman Rd Suite 2, Melville, NY, 11747;

42. Defendant Employer, Darcon Construction Inc, with offices at Darcon Construction Inc, 360 Meacham Ave, Elmont, NY, 11003;

43. Defendant Employer, Delric Construction Co Inc, with offices at Delric Construction Co Inc, 845 Belmont Ave, North Haledon, NJ, 07508;

44. Defendant Employer, Dematteis Construction Corp, with offices at Dematteis Construction Corp, 820 Elmont Rd, Elmont, NY, 11003;

45. Defendant Employer, Diaz Electric Of New York, Inc., with offices at Diaz Electric Of New York, Inc., 247 Prospect Ave, Brooklyn, NY;

46.  Defendant Employer, Dobco Inc, with offices at Dobco Inc, 30 Galesi Dr Suite 202a, Wayne, NJ, 07470;

47.  Defendant Employer, Donald Mc Geachy Inc, with offices at Donald Mc Geachy Inc, 502a East 84th Street, New York, NY, 10028;

48.  Defendant Employer, Dorion Norton Electrical, with offices at Dorion Norton Electrical, 116-52 252 St, Jamaica, NY, 11411;

49.  Defendant Employer, Dynamic Construction Company, with offices at Dynamic Construction Company, 1149 E 34th St, 2nd Floor, Brooklyn, NY, 11210;

50.  Defendant Employer, E.W. Howell Co., LLC, with offices at E.W. Howell Co., LLC, 245 Newtown Road, Suite 600, Plainview, NY, 11803;

51.  Defendant Employer, Electric Fixx Inc, with offices at Electric Fixx Inc, 738 E 51st St, Brooklyn, NY, 11203;

52.  Defendant Employer, Elite Renovation & Builders Corp., with offices at Elite Renovation & Builders Corp., 31 Brighton 8th Place, Brooklyn, NY, 11235;

53.  Defendant Employer, Empac Contracting, Corp., with offices at Empac Contracting, Corp., 2318 W 11th St, Brooklyn, NY, 11223;

54.  Defendant Employer, Empire Control Abatement, with offices at Empire Control Abatement, 431 Fifth Ave, New York, NY, 10016 and 15-18 130th Street, College Park, Flushing NY 11356;

55.  Defendant Employer, Energize Electrical Contracting, with offices at Energize Electrical Contracting, 60-35 Fresh Pond Road Suite 3, Maspeth, NY;

56.  Defendant Employer, Euro Castle Construction Corp., with offices at Euro Castle Construction Corp., 8871 Myrtle Ave, Glendale, NY, 11385 and 53-22 35th Street, Long Island City, NY 11101

57.  Defendant Employer, F.I. Electrical Corp, with offices at F.I. Electrical Corp, 32 Court St, Suite 701, Brooklyn Heights, NY, 11201;

58.  Defendant Employer, Faith Construction Inc, with offices at Faith Construction Inc, 16 Stewart St, Brooklyn, NY, 11207;

59.  Defendant Employer, Falcon Electrical Contracting Corp, with offices at Falcon Electrical Contracting Corp, 159 20th St, Brooklyn, NY, 11232;

60.  Defendant Employer, Farragut Builders Ii Inc., with offices at Farragut Builders Ii Inc., 1416 Troy Ave, Brooklyn, NY, 11203;

61.  Defendant Employer, First Construction Group, with offices at First Construction Group, 1120 Avenue L, Brooklyn, NY, 11230;

62.  Defendant Employer, Framan Mechanical - Hvac, with offices at Framan Mechanical - Hvac, 259 New Brunswick Ave, Fords, NJ, 08863;

63.  Defendant Employer, G & F.A.S.T. Electric Incorporated, with offices at G & F.A.S.T. Electric Incorporated, 36-12 23rd Street, Long Island City, NY, 11106;

64.  Defendant Employer, Gramercy Group Inc, with offices at Gramercy Group Inc, 3000 Burns Ave, Wantagh, NY, 11793 and 123 Frost St Ste A202, Westbury, NY, 11590;

65.  Defendant Employer, Harman Contracting Inc, with offices at Harman Contracting Inc, 701 Ocean View Ave, Brooklyn, NY, 11235 and 2 Linden Street, New Hyde Park, NY, 11040;

66.  Defendant Employer, Hellman Electric Corp, with offices at Hellman Electric Corp, 855 Brush Ave, Bronx, NY, 10465;

67.  Defendant Employer, Hexagon Construction & Electrical Group, Inc., with offices at Hexagon Construction & Electrical Group, Inc., 2386 Bqe West Suite 202, Astoria, NY, 11103;

68.  Defendant Employer, Homeric Contracting Company, with offices at Homeric Contracting Company, 13730 Rockaway Blvd, Jamaica, NY, 11436;

69.  Defendant Employer, Honey Construction NY Inc, with offices at Honey Construction NY Inc, 13516 124th St, , Jamaica, NY;

70.  Defendant Employer, Iannelli Construction Co Inc, with offices at Iannelli Construction Co Inc, 9723 3rd Ave, Brooklyn, NY, 11209;

71.  Defendant Employer, Imperium Construction, Inc, with offices at Imperium Construction, Inc, 338 Scholes St, Brooklyn, NY, 11206;

72.  Defendant Employer, Independent Temperature Control Systems, with offices at Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356;

28

73.   Defendant Employer, Inlight Electrical Corporation, with offices at Inlight Electrical Corporation, 1094 Utica Avenue, Brooklyn, NY, 11203;

74.  Defendant Employer, Innovax-Pillar, with offices at Innovax-Pillar, 249 E 48th St, New York, NY, 10017 and 67 Lafayette Ave, White Plains, NY, 10601;

75.  Defendant Employer, J & G Electrical Corp., with offices at J & G Electrical Corp., 857 Southern Blvd, Bronx, NY, 10459;

76.  Defendant Employer, J & Y Electric And Intercom Company Inc, with offices at J & Y Electric And Intercom Company Inc, 1991 Lexington Ave, New York, NY, 10035;

77.  Defendant Employer, Jamcob Electric LLC, with offices at Jamcob Electric LLC, 1004 Tiffany Street, Bronx, NY and 370 E 146th St, Bronx, NY, 10455;

78.  Defendant Employer, Jmj Electrical Corp with offices at Jmj Electrical Corp, 3411 10th St, Long Island City, NY, 11106;

79.  Defendant Employer, Kab Electric Corp, with offices at Kab Electric Corp, 19032 Jamaica Ave, Jamaica, NY, 11423;

80.  Defendant Employer, Kanta Electric Corp, with offices at Kanta Electric Corp, 34-21 56th St, Woodside, NY, 11377;

81.  Defendant Employer, Kel-Tech Construction, with offices at Kel-Tech Construction, 1211 Redfern Ave, Far Rockaway, NY, 11691;

82.  Defendant Employer, Kew Electrical Service Inc, with offices at Kew Electrical Service Inc, 1428 Hylan Blvd, Staten Island, NY, 10305;

83.  Defendant Employer, Kg Construction Services Inc, with offices at Kg Construction Services Inc, 55 Old Turnpike Rd, Nanuet, NY, 10954;

84.  Defendant Employer, Klk Electric Inc, with offices at Klk Electric Inc, 58-09 28th Ave, Staten Island, NY, 11377;

85.  Defendant Employer, Koko Contracting, with offices at Koko Contracting, 4 Leeward Court, Shoreham, NY, 11786 and 516 Route 25a, Mount Sinai, NY, 11766;

86. Defendant Employer, Kordun Construction Corp, with offices at Kordun Construction Corp, 575 Johnson Ave, Ronkonkoma, NY, 11779 and 6941 76th St, Middle Village, NY, 11379;

87. Defendant Employer, Labco Electric Contracting Corporation, with offices at Labco Electric Contracting Corporation, 20111 Linden Blvd, Saint Albans, NY, 11412;

88. Defendant Employer, Lakhi General Contractor Inc, with offices at Lakhi General Contractor Inc, Po Box 249, 1 Stoneridge Court, Syosset, NY, 11791;

89. Defendant Employer, Laser Electrical Contracting, with offices at Laser Electrical Contracting, 5601 Northern Blvd, Woodside, NY, 11377;

90. Defendant Employer, Laura Electrical Lighting & Maintenance Service, with offices at Laura Electrical Lighting & Maintenance Service, 115 Macdougal St, New York, NY, 10012;

91. Defendant Employer, Lawrence's Contractor, Inc, with offices at Lawrence's Contractor, Inc, 13840 226th St, Springfield Gardens, NY, 11413;

92. Defendant Employer, Lektric Installations Corp, with offices at Lektric Installations Corp, 3802 Church Ave, Brooklyn, NY, 11203;

93. Defendant Employer, Leon D. Dematteis Construction Corp., with offices at Leon D. Dematteis Construction Corp., 820 Elmont Road, Elmont, NY, 10451;

94. Defendant Employer, Leviathan Mech, with offices at Leviathan Mech, 35 Crescent St, Brooklyn, NY, 11208;

95. Defendant Employer, Levinson & Santoro Electrical Corp, with offices at Levinson & Santoro Electrical Corp, 20-16 130 St, College Point, NY, 11356;

96. Defendant Employer, Liu Electric, LLC, with offices at Liu Electric, LLC, 99 Madison Ave, New York, NY, 10016;

97. Defendant Employer, Losardo General Contractors, Inc, with offices at Losardo General Contractors, Inc, 35 Crescent St, Brooklyn, NY, 11208;

98. Defendant Employer, Mainstream Electric Inc, with offices at Mainstream Electric Inc, 714 Burke Ave, Bronx, NY, 10467;

99.  Defendant Employer, Major Contracting Inc, with offices at Major Contracting Inc, 2123 Troy Ave, Brooklyn, NY, 11234;

100.  Defendant Employer, Maric Plumbing & Heating Inc, with offices at Maric Plumbing & Heating Inc, 81 Prospect Ave, Valhalla, NY, 10595;

101. Defendant Employer, Marla Construction Inc with offices at Marla Construction Inc, 74 14th St, Brooklyn, NY, 11215;

102. Defendant Employer, Milad Contracting Corp., with offices at Milad Contracting Corp., 2175 Bennett Rd, Philadelphia, Pa, 19116;

103. Defendant Employer, Monti Concrete Construction Co Inc, with offices at Monti Concrete Construction Co Inc, 11 Farmview Ct, Lancaster, NY, 14086;

104.  Defendant Employer, Mpcc Corp General Contractors, with offices at Mpcc Corp General Contractors, 81 Rockdale Ave, New Rochelle, NY, 10801;

105.  Defendant Employer, Msr Electrical Construction Corp., with offices at Msr Electrical Construction Corp., 31 Bay Street, , Brooklyn, NY, 11231;

106.  Defendant Employer, Multi-Tech Electric Inc, with offices at Multi-Tech Electric Inc, 2526 50th St Ste 208a, Woodside, NY, 11377;

107. Defendant Employer, National Environmental, with offices at National Environmental, 37-39 30th St, Long Island City, NY, 11101 and 1217 38th Ave, Long Island City, NY, 11101;

108.  Defendant Employer, Neelam Construction Corp., with offices at Neelam Construction Corp., 156 Airport Executive Park, Nanuet, NY, 10954;

109.  Defendant Employer, Nehal Construction Inc, with offices at Nehal Construction Inc, 81 Tennyson Dr, Nanuet, NY, 10954 and  156 Airport Executive Park, Nanuet, NY, 10954;

110.  Defendant Employer, New Phase Electrical Contractors Inc, with offices at New Phase Electrical Contractors Inc, 725 E 136th St, Bronx, NY, 10454;

111.  Defendant Employer, Nikhi Contracting Corp, with offices at Nikhi Contracting Corp, 102, 2518, 300 Kimball St, Woodridge, NY, 07095 and 324 Gill Ln Apt 3e, Iselin, NJ, 08830 and 253 Kingstone Avenue Apt 1r, Brooklyn, NY, 11222;

31

112. Defendant Employer, Noble Electrical Contracting Co, with offices at Noble Electrical Contracting Co, 1794 Clinton Ave, Bronx, NY, 10457;

113. Defendant Employer, North East Atlantic Business Solutions Corporation, with offices at North East Atlantic Business Solutions Corporation, 82-16 138th Street, Briarwood, NY, 11435;

114. Defendant Employer, Northeast Electrical Contractors Inc., with offices at Northeast Electrical Contractors Inc., 289 Suburban Ave, Deer Park, NY, 11729;

115. Defendant Employer, Oudaz General Contracting Inc, with offices at Oudaz General Contracting Inc, 164 Stuart St, Paramus, NJ, 07652;

116. Defendant Employer, Paradigm Services Inc, with offices at Paradigm Services Inc, 244 E Union Tpke, Wharton, NJ, 07885;

117. Defendant Employer, Pmy Construction Corp, with offices at Pmy Construction Corp, 115 Hague St, Jersey City, NJ, 07307;

118. Defendant Employer, Positive Electric Associates Inc, with offices at Positive Electric Associates Inc, 40-33 23rd St, Long Island City, NY, 11101;

119. Defendant Employer, Pro Metal Construction, with offices at Pro Metal Construction, 549 63rd St, Brooklyn, NY, 11220;

120. Defendant Employer, Pullman Sst, Inc, with offices at Pullman Sst, Inc, 134 West 29th St, New York, NY;

121. Defendant Employer, Rebt Corp, with offices at Rebt Corp, 37 Groton St, Staten Island, NY, 10312;

122. Defendant Employer, Red & Blue Construction Corp, with offices at Red & Blue Construction Corp, 677 Ashford St, Brooklyn, NY, 11207;

123. Defendant Employer, Rici Corp, with offices at Rici Corp, 46 Hobart Place, Garfield, NJ, 07026 and 41 Liberty St, Passaic, NJ, 07055;

124. Defendant Employer, Rocon Plumbing, with offices at Rocon Plumbing, 16 1st St, Garden City, NY, 11530 and 13509 Crossbay Blvd, Ozone Park, NY, 11417;

125. Defendant Employer, Rodel Electrical Inc, with offices at Rodel Electrical Inc, 1220 37th Ave, Long Island City, NY, 11101;

126. Defendant Employer, Russo Development Enterprises Inc., with offices at Russo Development Enterprises Inc., 67 East Ave, Lawrence, NY, 11559;

127. Defendant Employer, Saad Construction Inc, with offices at Saad Construction Inc, 4 Whispering Ct, Dix Hills, NY, 11746;

128. Defendant Employer, Safecon Builders Corp, with offices at Safecon Builders Corp, 3957 Flatlands Ave, Brooklyn, NY, 11234;

129. Defendant Employer, Satnaam International, with offices at Satnaam International, 25911 80th Ave, Floral Park, NY, 11004;

130. Defendant Employer, Singh Landscaping Co, with offices at Singh Landscaping Co, 9905 211th St, Queens Village, NY, 11429;

131. Defendant Employer, Sirrye Construction Corporation, with offices at Sirrye Construction Corporation, 817 E 223rd St Ste 3, Bronx, NY, 10466;

132. Defendant Employer, Skyline Electrical Corp, with offices at Skyline Electrical Corp, 1299 Richmond Rd, Staten Island, NY, 10304;

133. Defendant Employer, Spencer Contracting, with offices at Spencer Contracting, 177 Edison Ave, Edison, NJ, 08820;

134. Defendant Employer, Stanco Systems Electrical Contracting, with offices at Stanco Systems Electrical Contracting, 4061 Victory Blvd, Staten Island, NY, 10314;

135. Defendant Employer, Static Electric Corp, with offices at Static Electric Corp, 1930 Adge Ave, Bronx, NY, 10469;

136. Defendant Employer, Sun General Construction Inc., with offices at Sun General Construction Inc., 212-08 99th Ave, Queens Village, NY;

137. Defendant Employer, T Moriarty & Son Inc, with offices at T Moriarty & Son Inc, 63 Creamer St, Brooklyn, NY, 11231;

138. Defendant Employer, Tameer Inc., with offices at Tameer Inc., 714 Anderson Ave, Franklin Square, NY, 11010;

139. Defendant Employer, Tarasis Electric Corp, with offices at Tarasis Electric Corp, 3608 9th St, Long Island City, NY, 11106;

140. Defendant Employer, Technico Construction Services Inc, with offices at Technico Construction Services Inc, 4133 38th St, Long Island City, NY, 11101;

141. Defendant Employer, Tomco Mechanical Corp, with offices at Tomco Mechanical Corp, 125 State St, Westbury, NY, 11590;

142. Defendant Employer, Tribeca Electric Corporation, with offices at Tribeca Electric Corporation, 10705 Jamaica Ave, Richmond Hill, NY, 11418 and 15435 Innovation Dr Ste 225, San Diego, Ca, 92128;

143. Defendant Employer, Turner Construction Company (Main Office), with offices at Turner Construction Company (Main Office), 375 Hudson St, New York, NY, 10014;

144. Defendant Employer, Universal Construction, with offices at Universal Construction, 6600 Queens Midtown Expy # 30, Maspeth, NY, 11378 and 6600 Queens Midtown Expy Ste 307, Maspeth, NY, 11378;

145. Defendant Employer, Urban Ecospaces, with offices at Urban Ecospaces, 176-25 Union Tpke, 363, , Fresh Meadows, NY

146. Defendant Employer, Urban Electrical Corp, with offices at Urban Electrical Corp, 12702 135th Ave, South Ozone Park, NY;

147. Defendant Employer, Utb United Technology Inc, with offices at Utb United Technology Inc, 146 E 2nd St, Mineola, NY, 11501;

148. Defendant Employer, Venus Group Inc, with offices at Venus Group Inc, 63 Flushing Ave, Brooklyn, NY, 11205 and 171 Brown St, Mineola, NY, 11501 and 117th Street, Richmond Hill, NY, 11418 and  97-06 117th St, Richmond Hill, NY;

149. Defendant Employer, Watts Electrical Corporation, with offices at Watts Electrical Corporation, 175 Tompkins Ave, Brooklyn, NY, 11206;

150. Defendant Employer, Wdf Inc, with offices at Wdf Inc, 30 N Macquesten Pkwy, Mount Vernon, NY, 10550 and 150 Broadway, Suite 1400, New York, NY, 10038;

151. Defendant Employer, Where To Get It Services, LLC, with offices at Where To Get It Services, LLC, 1395 Pacific St Ste B, Brooklyn, NY, 11216;

152. Defendant Employer, Whitestone Construction Corp., with offices at Whitestone Construction Corp., 50-52 49th St, Woodside, NY, 11377;

153. Defendant Employer, Zaman Construction, with offices at Zaman Construction, 130 Church St, New York, NY, 10007 and 262 Dahill Rd Apt 4b, Brooklyn, NY, 11218;

154. Defendant Employer, Zarco Contracting Inc, with offices at Zarco Contracting Inc, 8912 Cooper Ave, Glendale, NY, 11385;

## IV.    PROCEEDINGS

### This action is a tag-along case to Lead Action Albert E. Percy vs Eugene Scalia

155. This is a tag-along case to the Lead Action Albert E. Percy vs Eugene Scalia, Successor to Peter J Brennan as Secretary of Labor; The United States Department of Labor; Craig E. Leen, Successor to Phillip J. Davis as Director, Office of Federal Contract Compliance; Andrew Mark Cuomo Successor to Nelson A. Rockefeller As Governor of the State of New York; Roberta Reardon as Successor to Louis J. Levine as Commissioner of The New York State Department of Labor; New York State Department of Labor; Building and Construction Trades Council of Greater New York, New York Building; and Construction Industry Board Of Urban Affairs Fund, New York Plan for Training, Inc., being filed in the County of Kings, New York, a copy of which Complaint is attached hereto and incorporated herein as Exhibit "A" as if fully set forth herein.

## V.    As and for a First Cause of Action of 147Th Street Homes Inc

156. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

157. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with 147Th Street Homes Inc, 11538 222Nd St, Cambria Heights, NY, 11411 to construct PS 104 Playgrounds Redevelopment, 2601 MOTT AVE, Far Rockaway, NY, 11691 for Municipal, Parks/Playgrounds/Site Devel, Playgrounds upgrades- excavation- backfill

35

- paving- lighting - drainage- topsoil & planting- fencing - play equipment, Design-Bid-Build (herein referred to as Project 18553581) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18553581.

158. Employer 147Th Street Homes Inc has failed to provide 1 apprenticeship opportunities to the Percy Class on Project 18553581 in breach of 147Th Street Homes Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $42, 533.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## VI.    As and for a Second Cause of Action of Abc Construction Contracting Inc

159. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

160. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Abc Construction Contracting Inc, 2352 48Th St, Astoria, NY, 11103 to construct Asbestos project at Various schools & facilities, Various loactions, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17524639) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17524639.

161. Employer Abc Construction Contracting Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17524639 in breach of Abc Construction Contracting Inc's contract with NYC-School

Construction Authority, causing lost wages and benefits of $500, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## VII.   As and for a Third Cause of Action of Abc Construction Contracting Inc

162. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

163. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Abc Construction Contracting Inc, 2352 48Th St, Astoria, NY, 11103 to construct Forest Hills HS Facade Repairs and Exterior Doors, 6701 110TH ST, Forest Hills, NY, 11375-2378 for Municipal, Senior High School, exterior work - Hazardous Violation-Facade - Replace brick masonry and precast concrete banding. Replace tower roof.Replace glass block, repair concrete back up and replace lead coated copper at tower. Repair interior under tower. Provide brick stitching at cracks in exterior wall, Design-Bid-Build (herein referred to as Project 13570373) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 13570373.

164. Employer Abc Construction Contracting Inc has failed to provide 6 apprenticeship opportunities to the Percy Class on Project 13570373 in breach of Abc Construction Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $980, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly

disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## VIII.   As and for a Fourth Cause of Action of Abc Construction Contracting Inc

165. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

166. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Abc Construction Contracting Inc, 2352 48Th St, Astoria, NY, 11103 to construct (Q) School Base Health Center (August Martin HS), 156-10 Baisley Boulevard, Jamaica, NY, 11434 for Municipal, Clinics/Medical Office, August Martin HS (Q) School Base Health Center, Design-Bid-Build (herein referred to as Project 16615163) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16615163.

167. Employer Abc Construction Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16615163 in breach of Abc Construction Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $140, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## IX.   As and for a Fifth Cause of Action of Acs System

## Assocaiates Inc.

168. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

169. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Acs System Assocaiates Inc., 160 W Lincoln Ave, Mount Vernon, NY, 10550 to construct PS 7- Low Voltage Electrical System, 80-55 Cornish Ave, Elmhurst, NY, 11373 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18516079) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18516079.

170. Employer Acs System Assocaiates Inc. has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 18516079 in breach of Acs System Assocaiates Inc.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $831, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## X.   As and for a Sixth Cause of Action of Acs Systems Associates Inc

171. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

172. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Acs Systems Associates Inc, 160 W Lincoln Ave, Mount Vernon, NY, 10550 to construct School Building (Alts), 80-55 Cornish Ave, Elmhurst, NY, 11373 for Municipal, Other School, NEW CLIMATE CONTROL SYSTEM. INSTALLATION OF PNEUMATIC VALVES, ACTUATORS, THERMOSTATIC VALVES. F&T TRAPS, CONTROL VALVES & STRAINERS AT STEAM COILS, MOTORIZED VALVES WILL BE

39

REPLACED. INSTALLATION OF NEW RETURN FANS, HOT WATER PUMPS. REMOVE AND REPLACE EXISTING CEILING AND SOFFIT, REPLACE EXISTING METAL ENCLOSURE FOR RADIATORS, REMOVE REPLACE EXISTING CASEWORKS WITH NEW. INSTALLATION OF NEW ACCESS DOORS AT THE REPLACE CEILINGS, Design-Bid-Build (herein referred to as Project 17776561) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17776561.

173. Employer Acs Systems Associates Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17776561 in breach of Acs Systems Associates Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $310, 283.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XI.    As and for a Seventh Cause of Action of Adams European Contracting Inc

174. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

175. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Adam's European Contracting Inc, 589 Johnson Ave, Brooklyn, NY, 11243 to construct PS 11 M Exterior Masonry & Parapets, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18674947) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18674947.

176. Employer Adams European Contracting Inc has failed to provide 15 apprenticeship opportunities to the Percy Class on Project 18674947 in breach of Adams European Contracting Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $2, 387, 166.67,

40

and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XII.   As and for a Eighth Cause of Action of Alkem Electrical

177. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

178. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Alkem Electrical, 557 Lefferts Ave, Brooklyn, NY, 11225 to construct Lighting Fixtures Replacement (IS 10), 4511 31ST AVE, Long Island City, NY, 11103-1859 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16406961) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16406961.

179. Employer Alkem Electrical has failed to provide an apprenticeship opportunity to the Percy Class on Project 16406961 in breach of Alkem Electrical's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $57, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XIII.   As and for a Ninth Cause of Action of Alkem Electrical

180. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

181. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Alkem Electrical, 557 Lefferts Ave, Brooklyn, NY, 11225 to construct IPDVS Camera Installations, Various location, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build (herein referred to as Project 18658771) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18658771.

182. Employer Alkem Electrical has failed to provide an apprenticeship opportunity to the Percy Class on Project 18658771 in breach of Alkem Electrical's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $65, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XIV. As and for a Tenth Cause of Action of All American Electrical Corp

183. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

184. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with All American Electrical Corp, 557 Lefferts Ave, Brooklyn, NY, 11225 to construct Lighting Fixtures Replacement (PS 55), 13110 97TH AVE, South Richmond Hill, NY, 11419-1600 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15647048) in the County of Queens, NY, containing conditions

requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15647048.

185. Employer All American Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15647048 in breach of All American Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $44, 075.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XV.   As and for a Eleventh Cause of Action of Am NY Electric Corp.

186. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

187. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Am NY Electric Corp., 9402 80Th St, Ozone Park, NY, 11416 to construct PS 15 Auditorium Upgrade, 2115 Lucas St, St Albans, NY, 11413 for Municipal, Theaters, Design-Bid-Build (herein referred to as Project 18669625) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18669625.

188. Employer Am NY Electric Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18669625 in breach of Am NY Electric Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $10, 783.33, and lost

43

opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XVI.    As and for a Twelfth Cause of Action of Amb Contractors Inc

189. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

190. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Amb Contractors Inc, 2111 5Th St, East Meadow, NY, 11554 to construct PS 212 Defective Stair Landing, Long Island City, NY for Municipal, Other School, PS 212 K Defective Stair Landing, Design-Bid-Build (herein referred to as Project 17667501) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17667501.

191. Employer Amb Contractors Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17667501 in breach of Amb Contractors Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $26, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XVII.    As and for a Thirteenth Cause of Action of Amcon Contracting Corp

192. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

193. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Amcon Contracting Corp, 57-01 59th Street, Maspeth NY 11385 to construct PS 82 (Exterior Work), 88-02 144 STREET, Jamaica, NY, 11435 for Municipal, Senior High School, Q82 - ASBESTOS ABATEMENT, FACE BRICK REPLACEMENT INCLUDING LINTEL REPLACEMENT, RELATED CEILING AND PAINT/PLASTER WORK, STONE REPAIR, REPOINTING/ RECAULKING STONES. NO CHANGE TO EGRESS OCCUPANCY OR USE., Design-Bid-Build (herein referred to as Project 17837522) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17837522.

194. Employer Amcon Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17837522 in breach of Amcon Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $175, 975.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XVIII.    As and for a Fourteenth Cause of Action of Amcon Contracting Corp

195. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

196. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Amcon Contracting Corp, 57-01 59th

Street, Maspeth NY 11388 to construct PS 69 Chimney Repair/Roofs/Flooring/Flood Elimination, 77-02 37th Ave, Jackson Heights, NY, 11372 for Municipal, Primary School, Replace exterior brickwork & terracotta trim on chimney-1924 bldg. Repair stair bulkhead-1924 bldg. Add elastomeric roof membrane over standing seam metal roof on gym. Repair/refinish gym wood flooring. Replace two sidewalk access hatches to cellar. Remove two abandoned cellar access hatches. Provide concrete slab, waterproof, and pavement-Defective chimney masonry- flood elimination- flooring - roofs, Design-Bid-Build (herein referred to as Project 17609115) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17609115.

197. Employer Amcon Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17609115 in breach of Amcon Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $199, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XIX.   As and for a Fifteenth Cause of Action of Amcon Contracting Corp

198. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

199. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Amcon Contracting Corp, 57-01 59th Street, Maspeth NY 11379 to construct PS 63 (Exterior Work), 9015 SUTTER AVE, Ozone Park, NY, 11417-1431 for Municipal, Primary School, Flood

46

elimination, exterior masonry, parapet, roof, window repairs, replacement of doors and finishes- replacement of roof and area drains with related piping -exterior masonry - parapets - roofs - water infiltration- caulking & sealing- windows - glass & glazing, Design-Bid-Build (herein referred to as Project 15650105) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15650105.

200. Employer Amcon Contracting Corp has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 15650105 in breach of Amcon Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $364, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XX.   As and for a Sixteenth Cause of Action of Annex Masonry Restoration Inc

201. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

202. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Annex Masonry Restoration Inc, 14 Ashford Place, Albertson, NY, 11507 to construct John Adams HS TCU Removal & Playground Redevelopment, 102-10 Rockaway Boulevard, Ozone Park, NY, 11417 for State, Parks/Playgrounds/Site Devel, Design-Bid-Build (herein referred to as Project 18684223) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal

47

employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18684223.

203. Employer Annex Masonry Restoration Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18684223 in breach of Annex Masonry Restoration Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $61, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXI.    As and for a Seventeenth Cause of Action of Annex Masonry Restoration Inc

204. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

205. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Annex Masonry Restoration Inc, 14 Ashford Place, Albertson, NY, 11507 to construct John Adams HS Playground Redevelopment & TCU Removal, 101-01 Rockaway Blvd, Ozone Park, NY, 11417 for Municipal, Parks/Playgrounds/Site Devel, playground redevelopment & Temporary Classroom Units (TCU)-Removal of existing temporary classroom unit and associated plumbing work. Partial fence removal and replacement removal- excavation - backfill - paving- concrete work - play equipment, Design-Bid-Build (herein referred to as Project 17547716) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17547716.

48

206. Employer Annex Masonry Restoration Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17547716 in breach of Annex Masonry Restoration Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $61, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXII.   As and for a Eighteenth Cause of Action of Ansu Construction Inc

207. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

208. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Ansu Construction Inc, 40 W 72Nd St Apt 47, New York, NY, 10023 to construct (Q) PS 121 TCU Removal & Playground Redevelopment, 12610 109TH AVE, South Ozone Park, NY, 11420-1525 for Municipal, Parks/Playgrounds/Site Devel, PS 121 (Q) TCU Removal & Removal Redevelopment - TCU removal & playground redevelopment- excavation - backfill - paving- drainage - lighting - fencing- play equipment- plumbing work - demolition, Design-Bid-Build (herein referred to as Project 16415064) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16415064.

209. Employer Ansu Construction Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16415064 in breach of Ansu Construction Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $80, 675.00, and lost

opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXIII.    As and for a Nineteenth Cause of Action of Ansu Construction Inc

210. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

211. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Ansu Construction Inc, 4047 72Nd St, Woodside, NY, 11377 to construct Benjamin N. Cardozo (Q) Ath Field/TCU Removal, 57-00 223 STREET, Bayside, NY, 11364 for Municipal, Parks/Playgrounds/Site Devel, Benjamin N. Cardozo (Q) Ath Field/TCU Removal/Plygrnd, Design-Bid-Build (herein referred to as Project 16616671) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16616671.

212. Employer Ansu Construction Inc has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 16616671 in breach of Ansu Construction Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $658, 133.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their

children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXIV.    As and for a Twentieth Cause of Action of Apn Construction Corp

213. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

214. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Apn Construction Corp, 7217 31St Ave, East Elmhurst, NY, 11370 to construct Thomas Edison HS Room Conversions/Partition, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17665638) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665638.

215. Employer Apn Construction Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17665638 in breach of Apn Construction Corp's contract with NYC-School Construction Authority, causing lost wages and benefits of $30, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XXV.    As and for a Twenty First Cause of Action of Ark Systems Electric Corp

216. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

217. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Ark Systems Electric Corp, 2708 42Nd Rd, Long Island City, NY, 11101 to construct Lighting Fixtures Replacement (PS 219), NY for Municipal, Senior High School, Design-Bid-

Build (herein referred to as Project 15694579) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15694579.

218. Employer Ark Systems Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15694579 in breach of Ark Systems Electric Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $82, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXVI.   As and for a Twenty Second Cause of Action of Armstrong Roof. Corp.

219. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

220. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Armstrong Roof. Corp., 36 Birch Road, Staten Island, NY, 10310 to construct JHS 292 @ JHS 56 (M) Roofs, 220 Henry Street, Long Island City, NY, 10002 for State, Senior High School, Design-Bid-Build (herein referred to as Project 18616906) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18616906.

221. Employer Armstrong Roof. Corp. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18616906 in breach of Armstrong Roof. Corp.'s contract with NY School Construction Authority, causing lost wages and benefits of $391, 583.33, and lost opportunity

damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## XXVII. As and for a Twenty Third Cause of Action of Armstrong Roof. Corp.

222. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

223. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Armstrong Roof. Corp., 36 Birch Road, Staten Island, NY, 10312 to construct PS 20 (Exterior Work), 14230 Barclay Ave, Flushing, NY, 11355 for State, Primary School, Flood elimination- Roofs/Ext. Masonry/Parapets/Flood Elimination, Design-Bid-Build (herein referred to as Project 18558970) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18558970.

224. Employer Armstrong Roof. Corp. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18558970 in breach of Armstrong Roof. Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $530, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXVIII. As and for a Twenty Fourth Cause of Action of Army

## Construction LLC

225. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

226. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Army Construction LLC, 730 Broad St, , Clifton, Nj, 07013 and 224 Broughton Ave, Bloomfield NJ 07001 to construct PS 219 Roofs, 144-39 Gravett Rd, Flushing, NY, 11367 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18670829) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18670829.

227. Employer Army Construction LLC has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18670829 in breach of Army Construction LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of $414, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XXIX.    As and for a Twenty Fifth Cause of Action of Army Construction LLC

228. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

229. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Army Construction LLC, 730 Broad St, , Clifton, Nj, 07013 and 224 Broughton Ave, Bloomfield NJ 07002 to construct Public School 219 (Alteration), 144-39 GRAVETT ROAD, Flushing, NY, 11367 for Municipal, Senior High School, PLANTED ROOF REDEVELOPMENT- ROOF PLACEMENT, BULKHEAD DOORS REPLACEMENT. INTERIOR PLASTER AND PAINTING. BUILDING

EXPANSION JOINT REPLACEMENT, REMOVE AND REPLACE EXISTING PITCH POCKETS. ROOF BARRIER FENCE REMOVAL AND REPLACEMENT. MH & PL. FILED SEPARATELY., Design-Bid-Build (herein referred to as Project 18868787) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18868787.

230. Employer Army Construction LLC has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18868787 in breach of Army Construction LLC's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $416, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXX.    As and for a Twenty Sixth Cause of Action of Arnell Construction Corp.

231. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

232. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Arnell Construction Corp., 8855 76Th Ave, Glendale, NY, 11385 to construct New 5 Story School W/partial Cellar, 3030 THOMSON AVE, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17561108) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17561108.

233. Employer Arnell Construction Corp. has failed to provide 50 apprenticeship opportunities to the Percy Class on Project 17561108 in breach of Arnell Construction Corp.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $7, 728, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### XXXI.    As and for a Twenty Seventh Cause of Action of Ashnu International Inc

234. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

235. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Ashnu International Inc, 350 Broadway Rm 309, New York, NY, 10013 to construct PS 55 X Windows/ Masonry/Parapets/Roofs, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17601391) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17601391.

236. Employer Ashnu International Inc has failed to provide 8 apprenticeship opportunities to the Percy Class on Project 17601391 in breach of Ashnu International Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $1, 318, 458.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### XXXII.    As and for a Twenty Eighth Cause of Action of Ashnu

## International Inc

237. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

238. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Ashnu International Inc, 350 Broadway Rm 309, New York, NY, 10013 to construct (Q) Pre-K Center (Phase II), 35-52 37th St, Astoria, NY, 11103 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16525978) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16525978.

239. Employer Ashnu International Inc has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 16525978 in breach of Ashnu International Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $567, 766.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXXIII. As and for a Twenty Ninth Cause of Action of Ashnu International Inc

240. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

241. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Ashnu International Inc, 350

Broadway Rm 309, New York, NY, 10015 to construct PS 37 Exterior Masonry/Parapets/Flood Elimination, 179-37 137th Ave, Cynthia Jenkins School, Jamaica, NY, 11434 for Municipal, Primary School, Exterior masonry/parapets/flood elimination, Design-Bid-Build (herein referred to as Project 17569832) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17569832.

242. Employer Ashnu International Inc has failed to provide 8 apprenticeship opportunities to the Percy Class on Project 17569832 in breach of Ashnu International Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $1, 249, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXXIV.    As and for a Thirtieth Cause of Action of Atj Electrical Co

243. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

244. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Atj Electrical Co, 12213 15Th Ave, College Point, NY, 11356 to construct Public Address - Clock Systems (IS 226), 12110 ROCKAWAY BLVD, South Ozone Park, NY, 11420-2427 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15661338) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15661338.

245. Employer Atj Electrical Co has failed to provide an apprenticeship opportunity to the Percy Class on Project 15661338 in breach of Atj Electrical Co's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $87, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXXV.    As and for a Thirty First Cause of Action of Atj Electrical Co

246. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

247. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Atj Electrical Co, 12213 15Th Ave, College Point, NY, 11356 to construct PS 219 (Kitchen Upgrades), 14439 GRAVETT RD, Flushing, NY, 11367-1304 for Municipal, Food Services, Low voltage electrical-kitchen upgrade - replace existing with new kitchen metal pan ceiling. Provide new 2-hour partition and roof curb support for new kitchen hood exhaust duct. low voltage electrical - architectural - mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 14485597) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 14485597.

248. Employer Atj Electrical Co has failed to provide an apprenticeship opportunity to the Percy Class on Project 14485597 in breach of Atj Electrical Co's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $153, 583.33, and lost

opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXXVI.    As and for a Thirty Second Cause of Action of Atj Electrical Co

249. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

250. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Atj Electrical Co, 12213 15Th Ave, College Point, NY, 11356 to construct Martin Van Buren HS Electrical Work, 230-17 Hillside Avenue, , Queens Village, NY, 11427 for State, Senior High School, Design-Bid-Build (herein referred to as Project 18626816) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18626816.

251. Employer Atj Electrical Co has failed to provide an apprenticeship opportunity to the Percy Class on Project 18626816 in breach of Atj Electrical Co's contract with NY School Construction Authority, causing lost wages and benefits of $95, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## XXXVII.    As and for a Thirty Third Cause of Action of Awl Industries Inc

252. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

253. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Awl Industries Inc, 460 Morgan Ave, Brooklyn, NY, 11222 to construct Intermediate School 59 (Alteration), 132-55 RIDGEDALE STREET, Springfield Garden, NY, 11413 for Municipal, Senior High School, OT: REMOVE EXISTING DOORS AND FLOORING. PROVIDE NEW PARTITIONS, DOORS, AND FLOORING. PATCH AND REPAIR ALL EXISTING SURFACES AFFECTED BY WORK. MH: PROVIDE NEW EXHAUST FAN, DUCTWORK, & GRILLES. MH FILED UNDER 2014 BC. NO CHANGE IN USE/OCCUPANCY/EGRESS., Design-Bid-Build (herein referred to as Project 18711451) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18711451.

254. Employer Awl Industries Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18711451 in breach of Awl Industries Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $16, 783.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXXVIII.    As and for a Thirty Fourth Cause of Action of Awl Industries Inc

255. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

256. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

PreQualif entered into a contract with Awl Industries Inc, 460 Morgan Ave, Brooklyn, NY, 11222 to construct Intermediate School 59 (Alteration), 132-55 RIDGEDALE STREET, Springfield Gardens, NY, 11413 for Municipal, Senior High School, OT: REMOVE EXISTING DOORS AND FLOORING. PROVIDE NEW PARTITIONS, DOORS, AND FLOORING. PATCH AND REPAIR ALL EXISTING SURFACES AFFECTED BY WORK. MH: PROVIDE NEW EXHAUST FAN, DUCTWORK, &GRILLES. MH FILED UNDER 2014 BC. NO CHANGE IN USE/OCCUPANCY/EGRESS., Design-Bid-Build (herein referred to as Project 18649191) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18649191.

257. Employer Awl Industries Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18649191 in breach of Awl Industries Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $17, 800.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XXXIX.    As and for a Thirty Fifth Cause of Action of B G National Plumbing & Heating Company

258. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

259. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with B G National Plumbing & Heating Company, 45-14 51 Street, , Woodside, NY, 11377 to construct PS 31 (Exterior Masonry Work/ Interior Work) ), 211-45 46 ROAD, Bayside, NY,

11361 for Municipal, Primary School, Replacement of chimney, parapet, roof, boiler, and roof access & cellar doors, frame and hardware, repairs to exterior masonry and cracked concrete encasement of steel beams, plumbing & electrical work associated w/ the boiler replacement, and climate control work including valves and traps replacement for radiators Exterior masonry - chimney liner replacement- climate control - parapets - boiler conversion - reinforcing support elements - roofs -, Design-Bid-Build (herein referred to as Project 16558524) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16558524.

260. Employer B G National Plumbing & Heating Company has failed to provide 7 apprenticeship opportunities to the Percy Class on Project 16558524 in breach of B G National Plumbing & Heating Company's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $1, 041, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XL. As and for a Thirty Sixth Cause of Action of Bagiana Construction

261. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

262. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Bagiana Construction, 94-37 212Th Street, Queens Village, NY, 11428 to construct Pathways To Graduation, 162-02 Hillside Ave, Jamaica, NY, 11432 for State, Senior High School,

63

exterior masonry - caulking & sealing - windows- glass & glazing -, Design-Bid-Build (herein referred to as Project 17791741) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17791741.

263. Employer Bagiana Construction has failed to provide an apprenticeship opportunity to the Percy Class on Project 17791741 in breach of Bagiana Construction's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $24, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XLI. As and for a Thirty Seventh Cause of Action of Bottomline Construction & Development LLC

264. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

265. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Bottomline Construction & Development LLC, 21701 Merrick Blvd, Laurelton, NY, 11413 to construct JHS 157 Room Conversion/Dance Studio, 63-55 102nd St, Rego Park, NY, 11374 for Municipal, Senior High School, Sitework - Concrete - Ornamental Metal - Finish Carpentry - Thermal & Moisture Protection - Doors & Windows - Finishes - Specialties - Draperies - Plumbing and Drainage - Electrical, Design-Bid-Build (herein referred to as Project 16709206) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and

64

Employer have failed to obey these covenants that apply to Project 16709206.

266. Employer Bottomline Construction & Development LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 16709206 in breach of Bottomline Construction & Development LLC's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $19, 125.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XLII.    As and for a Thirty Eighth Cause of Action of Bqe Industries Inc

267. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

268. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Bqe Industries Inc, 4049 72Nd St Ste No5, Woodside, NY, 11377 to construct JHS 190 (Queens) - Roofs Replacement, 68-17 Austin St, , Forest Hills, NY, 11375 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18675887) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18675887.

269. Employer Bqe Industries Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18675887 in breach of Bqe Industries Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $220, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between

the NYC-School Construction Authority in an amount to be determined at trial.

## XLIII.   As and for a Thirty Ninth Cause of Action of Bqe Industries Inc

270. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

271. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Bqe Industries Inc, 4049 72Nd St Ste No5, Woodside, NY, 11377 to construct Exterior Masonry, Parapets, Roofs- PS 71(Queens), 62-85 Forest Ave, Ridgewood, NY, 11385 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18617864) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18617864.

272. Employer Bqe Industries Inc has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 18617864 in breach of Bqe Industries Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $641, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XLIV.   As and for a Fourtieth Cause of Action of Carnak Construction

273. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

274. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Carnak Construction, 500 Ocean Ave, East Rockaway, NY, 11518 to construct (Q) PS 139 Roofs/ Water Penetration Repair, 9306 63RD DR, Rego Park, NY, 11374-2925 for Municipal, Senior High School, PS 139 (Q) Roofs, Water Penetration Repair, Design-Bid-Build

(herein referred to as Project 15661894) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15661894.

275. Employer Carnak Construction has failed to provide an apprenticeship opportunity to the Percy Class on Project 15661894 in breach of Carnak Construction's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $121, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XLV.    As and for a Forty First Cause of Action of Carnak Construction

276. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

277. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Carnak Construction, 500 Ocean Ave, East Rockaway, NY, 11518 to construct Water Penetration and Exterior Masonry, Long Island City, NY, 11101 for Municipal, Water Lines, Water Penetration and Exterior Masonry, Design-Bid-Build (herein referred to as Project 17629038) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17629038.

278. Employer Carnak Construction has failed to provide an apprenticeship opportunity to the Percy Class on Project 17629038 in breach of Carnak Construction's contract with NY School Construction Authority, causing lost wages and benefits of $217, 166.67, and lost opportunity damages to the

Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

### XLVI. As and for a Forty Second Cause of Action of Central Mechanical System Co. Inc.

279. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

280. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Central Mechanical System Co. Inc., 2060 Eastern Pkwy., Brooklyn, NY, 11207 to construct Boiler Conversion (PS 184), Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16616773) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16616773.

281. Employer Central Mechanical System Co. Inc. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 16616773 in breach of Central Mechanical System Co. Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $469, 316.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### XLVII. As and for a Forty Third Cause of Action of Central Mechanical System Co. Inc.

282. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

68

283. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Central Mechanical System Co. Inc., 2060 Eastern Pkwy., Brooklyn, NY, 11207 to construct PS 199 - Boiler Conversion/Climate Control, 39-20 48th Ave, Sunnyside, NY, 11104 for State, Other School, Design-Bid-Build (herein referred to as Project 18625972) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18625972.

284. Employer Central Mechanical System Co. Inc. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18625972 in breach of Central Mechanical System Co. Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $475, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XLVIII.   As and for a Forty Fourth Cause of Action of Central Mechanical Systems

285. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

286. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Central Mechanical Systems, 2060 Eastern Pkwy, Brooklyn, NY, 11207 to construct Ps 26 Q Boiler Conversion Climate Control, 195-02 69th Ave, Fresh Meadows, NY, 11365 for Municipal, Senior High School, Design-Bid-

Build (herein referred to as Project 18854718) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18854718.

287. Employer Central Mechanical Systems has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 18854718 in breach of Central Mechanical Systems's contract with NYC-School Construction Authority, causing lost wages and benefits of $601, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XLIX.    As and for a Forty Fifth Cause of Action of Central Mechanical Systems, Inc

288. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

289. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Central Mechanical Systems, Inc, 2060 Eastern Pkwy, Brooklyn, NY, 11207 to construct PS 24 Boiler Conversion/Climate Control, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17820775) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17820775.

290. Employer Central Mechanical Systems, Inc has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 17820775 in breach of Central Mechanical Systems, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $555, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to

work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### L.  As and for a Forty Sixth Cause of Action of Central Mechanical Systems, Inc

291. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

292. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Central Mechanical Systems, Inc, 2060 Eastern Pkwy, Brooklyn, NY, 11207 to construct Bronx Cntr for Sci & Math X Boiler Con./Climate, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17757045) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17757045.

293. Employer Central Mechanical Systems, Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17757045 in breach of Central Mechanical Systems, Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of \$478,916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### LI.  As and for a Forty Seventh Cause of Action of Civil Contracting Corp

294. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

295. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

PreQualif entered into a contract with Civil Contracting Corp, 953 Maple Ave, Ridgefield, Nj, 07657 to construct Martin Van Buren HS (SBHC/School Base Health Clinic), 230-17 HILLSIDE AVENUE, Quenes Village, NY, 11427 for Municipal, Clinics/Medical Office, Renewal SBHC -Room Conversions/upgrades- architectural - mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 16558712) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16558712.

296. Employer Civil Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16558712 in breach of Civil Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $152, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LII.   As and for a Forty Eighth Cause of Action of Clear It Out Contracting LLC

297. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

298. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Clear It Out Contracting LLC, 211 Tecumseh Ave, Mount Vernon, NY, 10553 to construct Francis Lewis HS Auditorium Upgrade, Long Island City, NY, 11101 for Municipal, Theaters, Francis Lewis HS Q Auditorium Upgrade, Design-Bid-Build (herein referred to as Project 17630754) in the County of Queens, NY, containing conditions

requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17630754.

299. Employer Clear It Out Contracting LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 17630754 in breach of Clear It Out Contracting LLC's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $52, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LIII.    As and for a Forty Ninth Cause of Action of Clear It Out Contracting LLC

300. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

301. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Clear It Out Contracting LLC, 211 Tecumseh Ave, Mount Vernon, NY, 10553 to construct (Queens) PS 004 Supplemental Cooling Units, 196-25 Peck Ave, Fresh Meadows, NY, 11365 for State, Other School, Design-Bid-Build (herein referred to as Project 18671753) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18671753.

302. Employer Clear It Out Contracting LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 18671753 in breach of Clear It Out Contracting LLC's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $45, 575.00,

and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### LIV.    As and for a Fiftieth Cause of Action of Clear It Out Contracting LLC

303. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

304. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Clear It Out Contracting LLC, 211 Tecumseh Ave, Mount Vernon, NY, 10553 to construct Liberty Ave MS ENY Science Lab Upgrade, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17665893) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665893.

305. Employer Clear It Out Contracting LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 17665893 in breach of Clear It Out Contracting LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of $28, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### LV.    As and for a Fifty First Cause of Action of Commerce Electrical Contracting Corp

306. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

307. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Commerce Electrical Contracting Corp., 33-86 Brooklyn Queens Expy W Ste 201, Astoria, NY, 11103 to construct Lighting Fixtures Replacement (PS 36), 187-01 FOCH BLVD, Saint Albans, NY, 11412-4015 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15672218) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15672218.

308. Employer Commerce Electrical Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15672218 in breach of Commerce Electrical Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $52, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LVI.    As and for a Fifty Second Cause of Action of Commerce Electrical Contracting Corp

309. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

310. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Commerce Electrical Contracting Corp., 33-86 Brooklyn Queens Expy W Ste 201, Astoria, NY, 11107 to construct Lighting Fixtures Replacement (PS 251/PS 134), Long Island City,

NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15704744) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15704744.

311. Employer Commerce Electrical Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15704744 in breach of Commerce Electrical Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $69, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LVII.    As and for a Fifty Third Cause of Action of Commerce Electrical Contracting Corp.

312. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

313. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Commerce Electrical Contracting Corp., 33-86 Brooklyn Queens Expy W Ste 201, Astoria, NY, 11109 to construct Low Voltage Fire Alarm & PA Systems, Brooklyn School for maths &, 400 IRVING AVENUE, Brooklyn, NY, 11237 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18674085) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18674085.

314. Employer Commerce Electrical Contracting Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18674085 in breach of Commerce Electrical Contracting Corp.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $175,000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LVIII.     As and for a Fifty Fourth Ninth Cause of Action of Con Rac Construction Grou

315. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

316. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Con Rac Construction Grou, 1895 Walt Whitman Road, Suite, Melville, NY, 11747 to construct P.S. 80 Thurgood Marshall Magnet School (Alteration), 171-05 137TH AVENUE, Kjamaica, NY, 11434 for Municipal, Primary School, OT: REMOVE EXISTING PARTITIONS, DOORS, FLOORS/FRAMES, MILLWORK. CHANGE PNEUMATIC RADIATOR VALVES AND T-STATS TO ELECTRONIC. PROVIDE NEW GB PARTITIONS WITH VISION PANELS, FLOORS, ACOUSTICAL PANELS, PAINT, DOORS/FRAMES, ACT CEILINGS. NO CHANGE IN USE/OCCUPANCY/EGRESS. PL: REMOVE TWO SINKS AND PROVIDE ONE NEW DRINKING FOUNTAIN., Design-Bid-Build (herein referred to as Project 18870130) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18870130.

317. Employer Con Rac Construction Grou has failed to provide an apprenticeship opportunity to the Percy Class on Project 18870130 in breach of Con Rac Construction Grou's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $20, 266.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-

Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LIX.   As and for a Fifty Fifth Cause of Action of Conrac Construction Group LLC

318. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

319. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Conrac Construction Group LLC, 1895 Walt Whitman Rd Suite 2, Melville, NY, 11747 to construct PS 80 (Room Conversion/ Partitions), 171-05 137th Ave, Jamaica, NY, 11434 for Municipal, Primary School, Partition- plastering- painting- architectural-mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 18560137) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18560137.

320. Employer Conrac Construction Group LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 18560137 in breach of Conrac Construction Group LLC's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $57, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LX.    As and for a Fifty Sixth Cause of Action of Darcon Construction Inc

321. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

322. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Darcon Construction Inc, 360 Meacham Ave, Elmont, NY, 11003 to construct Site/Foundations Utilities Infrastructure, Long Island City, NY, 11101 for State, Parks/Playgrounds/Site Devel, Site/Foundations Utilities Infrastructure, Design-Bid-Build (herein referred to as Project 17665758) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665758.

323. Employer Darcon Construction Inc has failed to provide 8 apprenticeship opportunities to the Percy Class on Project 17665758 in breach of Darcon Construction Inc's contract with NY School Construction Authority, causing lost wages and benefits of $1, 247, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## LXI.    As and for a Fifty Seventh Cause of Action of Delric Construction Co Inc

324. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

325. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Delric Construction Co Inc, 845 Belmont Ave, North Haledon, Nj, 07508 to construct IS 93 Accessibility/Roofs/Windws/ Ext Masonry/Prpts, 66 - 50 FOREST AVE, Ridgewood, NY, 11385-3811 for Municipal, Senior High School, Replacement of windows, ac supports, exterior window

79

guards, doors, roofing & partial reconstruction of parapets & exterior walls. Replace interior window guards at the basketball court. Provide new roof railings. Replace top 3^ of areaway brick walls, adjacent fill & paving. Repoint brick masonry - Remove and reinstall hood exhaust fans and associated ductwork and supports, replace (26) roof drains, re-support utility piping on roof, re-support ductwork and piping to allow for new roof construction, Design-Bid-Build (herein referred to as Project 15627730) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15627730.

326. Employer Delric Construction Co Inc has failed to provide 11 apprenticeship opportunities to the Percy Class on Project 15627730 in breach of Delric Construction Co Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $1, 643, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXII.   As and for a Fifty Eigth Cause of Action of Delric Construction Co Inc

327. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

328. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Delric Construction Co Inc, 845 Belmont Ave, North Haledon, Nj, 07508 to construct IS 93 (Accessibility Upgrades), 66-56 FOREST AVENUE, Ridgewood, NY, 11385 for Municipal, Senior High School, THE INTENT OF THE PROJECT IS TO PROVIDE TARGETED UPGRADES TO THE EXISTING FACILITY FOLLOWING SCA PROGRAM ACCESSIBILITY GUIDELINES. THE WORK INCLUDES AN ELEVATOR ADDITION, NEW RAMPS, TOILET ROOM UPGRADES, AND CAFETERIA AND AUDITORIUM UPGRADES FOR ACCESSIBILITY., Design-Bid-Build, Precast Concrete (herein referred to as Project 18608871)

in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18608871.

329. Employer Delric Construction Co Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18608871 in breach of Delric Construction Co Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $190, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXIII.    As and for a Fifty Ninth Cause of Action of Dematteis Construction Corp

330. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

331. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Dematteis Construction Corp, 820 Elmont Rd, Elmont, NY, 11003 to construct New Four 4 Story School & Early Demolition, Long Island City, NY, 11101 for Municipal, Parks/Playgrounds/Site Devel, Design-Bid-Build (herein referred to as Project 17663041) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17663041.

332. Employer Dematteis Construction Corp has failed to provide 36 apprenticeship opportunities to the Percy Class on Project 17663041 in breach of Dematteis Construction Corp's contract with NYC School

Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $5, 624, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### LXIV.    As and for a Sixtieth Cause of Action of Dematteis/Darcon Construction (Jv)

333. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

334. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Dematteis/Darcon Construction (Jv), 820 Elmont Rd, Elmont, NY, 11003 to construct PS 24 (Renovation), 14103 HOLLY AVE, Flushing, NY, 11355-3450 for Municipal, Primary School, Renovations in existing public school building - modification to existing hvac, plumbing and domestic water sprinkler systems in the cellar, 1st, 2nd, 3rd & roof - structural work provided within existing building, including supporting structure for hc lifts and stairs at north building crossover. Removal of existing building masonry and installation of new flooring assemblies at east building crossover. Structural framing of new bulkhead at roof of existing building., Design-Bid-Build (herein referred to as Project 16531988) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16531988.

335. Employer Dematteis/Darcon Construction (Jv) has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 16531988 in breach of Dematteis/Darcon Construction (Jv)'s contract with NYC School

Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $414, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXV.   As and for a Sixty First Cause of Action of Diaz Electric Of New York, Inc.

336. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

337. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Diaz Electric Of New York, Inc., 247 Prospect Ave, Brooklyn, NY to construct IS 227 Electrical Systems, 32-02 Junction Blvd, Louis Armstrong Middle School, East Elmhurst, NY, 11369 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17663054) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17663054.

338. Employer Diaz Electric Of New York, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 17663054 in breach of Diaz Electric Of New York, Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $14, 950.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the

members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### LXVI.    As and for a Sixty Seventh Cause of Action of Diaz Electric Of New York, Inc.

339. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

340. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Diaz Electric Of New York, Inc., 247 Prospect Ave, Brooklyn, NY to construct PS 20 Supplemental Cooling System, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17824306) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17824306.

341. Employer Diaz Electric Of New York, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 17824306 in breach of Diaz Electric Of New York, Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $24,000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### LXVII.    As and for a Sixty Eighth Cause of Action of Diaz Electric

## Of New York, Inc.

342. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

343. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Diaz Electric Of New York, Inc., 247 Prospect Ave, Brooklyn, NY to construct (M) PS 234 Auditorium (Upgrade), Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16594290) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16594290.

344. Employer Diaz Electric Of New York, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 16594290 in breach of Diaz Electric Of New York, Inc.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $16, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXVIII.   As and for a Sixty Ninth Cause of Action of Dobco Inc

345. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

346. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Dobco Inc, 30 Galesi Dr Suite 202A, Wayne, Nj, 07470 to construct Francis Lewis HS Annex - Queens, 58-20 Utopia Pkwy, , Fresh Meadows, NY, 11365 for State, Senior High School, Design-Bid-Build (herein referred to as Project 18646984) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18646984.

347. Employer Dobco Inc has failed to provide 24 apprenticeship opportunities to the Percy Class on Project 18646984 in breach of Dobco Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $3, 789, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXIX.    As and for a Seventieth Cause of Action of Donald Mc Geachy Inc

348. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

349. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Donald Mc Geachy Inc, 502A East 84Th Street, New York, NY, 10028 to construct Lighting Fixtures Replacement (PS 205), 7525 BELL BLVD, Bayside, NY, 11364-3448 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15701902) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15701902.

350. Employer Donald Mc Geachy Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15701902 in breach of Donald Mc Geachy Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $65, 900.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXX.    As and for a Seventy First Cause of Action of Donald Mc

## Geachy Inc

351. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

352. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Donald Mc Geachy Inc, 502A East 84Th Street, New York, NY, 10028 to construct Lighting Fixtures Replacement (PS 52), 178-37 146TH TER, Jamaica, NY, 11434-5330 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15680850) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15680850.

353. Employer Donald Mc Geachy Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15680850 in breach of Donald Mc Geachy Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $54, 791.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXI. As and for a Seventy Second Cause of Action of Dorion Norton Electrical

354. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

355. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract

with Dorion Norton Electrical, 116-52 252 St, Jamaica, NY, 11411 to construct JHS 185 IPDVS Camera Installation, 147-26 25th Dr, JHS 185, Flushing, NY, 11354 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18647094) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18647094.

356. Employer Dorion Norton Electrical has failed to provide an apprenticeship opportunity to the Percy Class on Project 18647094 in breach of Dorion Norton Electrical's contract with NYC-School Construction Authority, causing lost wages and benefits of $21, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXII. As and for a Seventy Third Cause of Action of Dorion Norton Electrical

357. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

358. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Dorion Norton Electrical, 116-52 252 St, Jamaica, NY, 11411 to construct (Q) Lighting Fixtures Replace (Jamaica Learning Ctr), 16202 HILLSIDE AVE, Jamaica, NY, 11432-4035 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15664433) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15664433.

359. Employer Dorion Norton Electrical has failed to provide an apprenticeship opportunity to the Percy Class on Project 15664433 in breach of Dorion Norton Electrical's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $27, 666.67, and lost opportunity damages to the Percy Class as intended third-party

beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXIII.    As and for a Seventy Fourth Cause of Action of Dynamic Construction Company

360. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

361. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Dynamic Construction Company, 1149 E 34Th St, 2Nd Floor, Brooklyn, NY, 11210 to construct Water Penetration Repair (PS 169), 1825 212TH ST, Bayside, NY, 11360-1528 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15679522) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15679522.

362. Employer Dynamic Construction Company has failed to provide an apprenticeship opportunity to the Percy Class on Project 15679522 in breach of Dynamic Construction Company's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $49, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly

disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXIV.   As and for a Seventy Fifth Cause of Action of Dynamic Construction Company

363. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

364. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Dynamic Construction Company, 1149 E 34Th St, 2Nd Floor, Brooklyn, NY, 11210 to construct Roof Repair (PS 36), 18701 FOCH BLVD, Saint Albans, NY, 11412-4015 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15658105) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15658105.

365. Employer Dynamic Construction Company has failed to provide an apprenticeship opportunity to the Percy Class on Project 15658105 in breach of Dynamic Construction Company's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $15, 791.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXV.   As and for a Seventy Sixth Cause of Action of E.W.

## Howell Co., LLC

366. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

367. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with E.W. Howell Co., LLC, 245 Newtown Road, Suite 600, Plainview, NY, 11803 to construct IS 419 Intermediate Middle School, 111-12 ASTORIA BLVD, East Elmhurst, NY, 11369-2533 for Municipal, Senior High School, Design-Bid-Build, Structural Steel (herein referred to as Project 15654468) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15654468.

368. Employer E.W. Howell Co., LLC has failed to provide 36 apprenticeship opportunities to the Percy Class on Project 15654468 in breach of E.W. Howell Co., LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of $5, 632, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXVI.    As and for a Seventy Seventh Cause of Action of Electric Fixx Inc

369. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

370. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Electric Fixx Inc, 738 E 51St St, Brooklyn, NY, 11203 to construct MS 137 & IS 210 - IPDVS Camera Installation, 10915 98th St, Ozone Park, NY, 11417 for State, Other School, Design-Bid-Build (herein referred to as Project 18654766) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in

equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18654766.

371. Employer Electric Fixx Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18654766 in breach of Electric Fixx Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $42, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXVII.   As and for a Seventy Eighth Cause of Action of Electric Fixx Inc

372. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

373. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Electric Fixx Inc, 738 E 51St St, Brooklyn, NY, 11203 to construct PS 85 (Q) Lighting Fixtures Replacement, 2370 31ST ST, Astoria, NY, 11105-2811 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15665651) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15665651.

374. Employer Electric Fixx Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15665651 in breach of Electric Fixx Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $46, 641.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif.

The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXVIII.  As and for a Seventy Ninth Cause of Action of Electric Fixx Inc

375. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

376. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Electric Fixx Inc, 738 E 51St St, Brooklyn, NY, 11203 to construct Grover Cleavland HS - Electrical Systems, 2127 Himrod St, Ridgewood, NY, 11385 for Municipal, Theaters, Design-Bid-Build (herein referred to as Project 18688858) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18688858.

377. Employer Electric Fixx Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18688858 in breach of Electric Fixx Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $34, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXIX.  As and for an Eightieth Cause of Action of Elite Renovation & Builders Corp.

378. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

379. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

PreQualif entered into a contract with Elite Renovation & Builders Corp., 31 Brighton 8Th Place, Brooklyn, NY, 11235 to construct PS 181 Library Upgrades, 148-15 230th St, , Springfield Gardens, NY, 11413 for Municipal, Libraries, Library upgrades- Architectural- mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 18558836) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18558836.

380. Employer Elite Renovation & Builders Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18558836 in breach of Elite Renovation & Builders Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $14, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXX.    As and for an Eighty First Cause of Action of Empac Contracting, Corp.

381. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

382. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Empac Contracting, Corp., 2318 W 11Th St, Brooklyn, NY, 11223 to construct PS 26 Playground Redevelopment, 195-02 69th Ave, , Flushing, NY, 11365 for Municipal, Parks/Playgrounds/Site Devel, excavation-backfill - paving- drainage- fencing- lighting- topsoil & planting- play equipment, Design-Bid-Build (herein referred to as Project 18559945) in the

94

County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18559945.

383. Employer Empac Contracting, Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18559945 in breach of Empac Contracting, Corp.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $44, 116.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXXI. As and for an Eighty Second Cause of Action of Empire Control Abatement

384. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

385. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Empire Control Abatement, 431 Fifth Ave, New York, NY, 10016 to construct (Q) IS 226 TCU Removal & Playground (Redevelopment) RE-BID, 12110 ROCKAWAY BLVD, South Ozone Park, NY, 11420-2427 for Municipal, Parks/Playgrounds/Site Devel, Renovation of play yard - removal of ex pavements, fencing, structures, site improvements and walls / curbs. Provide new pavements, fencing, structures, site improvements, and walls / curbs., Design-Bid-Build (herein referred to as Project 15503148) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15503148.

386. Employer Empire Control Abatement has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 15503148 in breach of Empire Control Abatement's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $330, 000.00, and lost opportunity damages to the Percy Class as intended third-party

95

beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXXII.    As and for an Eighty Third Cause of Action of Energize Electrical Contracting

387. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

388. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Energize Electrical Contracting, 60-35 Fresh Pond Road Suite 3, Maspeth, NY to construct PS 50/IS49 R IPDVS CAMERA INSTALLATION, Long Island City, NY, 11109 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18624457) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18624457.

389. Employer Energize Electrical Contracting has failed to provide an apprenticeship opportunity to the Percy Class on Project 18624457 in breach of Energize Electrical Contracting's contract with NYC-School Construction Authority, causing lost wages and benefits of $31, 550.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXXIII.    As and for a Eighty Fourth Cause of Action of Euro Castle Construction Corp.

390. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

391. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Euro Castle Construction, 53-22 35Th Street, Long Island City, NY, 11102 to construct PS 99 - Parapets and Water Penetration (Exterior Work), 8237 KEW GARDENS RD, Kew Gardens, NY, 11415 for Municipal, Primary School, Foundation waterproofing and grout curtain installation, parapet replacement, facebrick replacement, masonry repointing, concrete pavement replacement and gymnasium flooring replacement- parapets- water penetration, Design-Bid-Build (herein referred to as Project 17724862) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17724862.

392. Employer Euro Castle Construction Corp. has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17724862 in breach of Euro Castle Construction Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $239, 650.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXXIV.    As and for an Eighty Fifth Cause of Action of F.I. Electrical Corp

393. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

394. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract

with F.I. Electrical Corp, 32 Court St, Suite 701, Brooklyn Heights, NY, 11201 to construct IS 220 Auditorium Upgrade, IS 220(Brooklyn ), 4812 9th Avenue, Brooklyn, NY, 11220 for Municipal, Theaters, Design-Bid-Build (herein referred to as Project 18674086) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18674086.

395. Employer F.I. Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18674086 in breach of F.I. Electrical Corp's contract with NYC-School Construction Authority, causing lost wages and benefits of $18, 358.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXXV.   As and for an Eighty Sixth Cause of Action of F.I. Electrical Corp

396. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

397. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with F.I. Electrical Corp, 32 Court St, Suite 701, Brooklyn Heights, NY, 11201 to construct Ps 145 M Ipdvs Camera Installation, Long Island City, NY, 11109 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18605502) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18605502.

398. Employer F.I. Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18605502 in breach of F.I. Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $11, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are

ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXXVI.    As and for an Eighty Seventh Cause of Action of Faith Construction Inc

399. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

400. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Faith Construction Inc, 39-74 48th Street, Sunnyside NY 11105 to construct (X) Ext Mason Wndws Roofs Flood Elim (PS 81), 5550 riverdale ave, Long Island City, NY, 10471 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16591456) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16591456.

401. Employer Faith Construction Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 16591456 in breach of Faith Construction Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $262, 300.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXXVII.    As and for an Eighty Eighth Cause of Action of Falcon

## Electrical Contracting Corp

402. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

403. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Falcon Electrical Contracting Corp, 159 20Th St, Brooklyn, NY, 11232 to construct PS 50 Switch Gear Replacement, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17678675) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17678675.

404. Employer Falcon Electrical Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17678675 in breach of Falcon Electrical Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $130, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## LXXXVIII.   As and for an Eighty Ninth Cause of Action of Falcon Electrical Contracting Corp

405. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

406. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract

with Falcon Electrical Contracting Corp, 159 20Th St, Brooklyn, NY, 11232 to construct Low Voltage Electrical System Upgrade, 3030 THOMSON AVE, Long Island City, NY, 11101 for State, Power Lines, Design-Bid-Build (herein referred to as Project 17806429) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17806429.

407. Employer Falcon Electrical Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17806429 in breach of Falcon Electrical Contracting Corp's contract with NYC-School Construction Authority, causing lost wages and benefits of $103, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## LXXXIX. As and for a Ninetieth Cause of Action of Falcon Electrical Contracting Corp

408. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

409. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Falcon Electrical Contracting Corp, 159 20Th St, Brooklyn, NY, 11232 to construct (Q) Electrical System (Upgrade) (JHS 185), 14726 25TH DR, Flushing, NY, 11354-1420 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16462647) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16462647.

410. Employer Falcon Electrical Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16462647 in breach of Falcon Electrical Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $9, 833.33, and lost opportunity damages to the Percy Class as intended

third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XC.    As and for a Ninety First Cause of Action of Farragut Builders Ii Inc.

411. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

412. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Farragut Builders Ii Inc., 1416 Troy Ave, Brooklyn, NY, 11203 to construct PS 721 SPED Auditorium (Upgrade), 57-19 94th St, Elmhurst, NY, 11373 for Municipal, Theaters, Design-Bid-Build (herein referred to as Project 16697634) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16697634.

413. Employer Farragut Builders Ii Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 16697634 in breach of Farragut Builders Ii Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $13, 341.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

102

## XCI. As and for a Ninety Second Cause of Action of First Construction Group

414. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

415. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with First Construction Group, 1120 Avenue L, Brooklyn, NY, 11230 to construct (X) Bronx Math Prep Paved Area Improvements, Long Island City, NY, 11101 for Municipal, Paving/Street/Highways, Bronx Math Prep (X) Paved Area, Design-Bid-Build (herein referred to as Project 16551473) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16551473.

416. Employer First Construction Group has failed to provide an apprenticeship opportunity to the Percy Class on Project 16551473 in breach of First Construction Group's contract with NYC-School Construction Authority, causing lost wages and benefits of $39, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## XCII. As and for a Ninety Third Cause of Action of Framan Mechanical - Hvac

417. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

418. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Framan Mechanical - Hvac, 259 New Brunswick Ave, Fords, Nj, 08863 to construct PS 162 Boiler Conversion/Climate Control, Long Island City, NY, 11101 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18597542)

in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18597542.

419. Employer Framan Mechanical - Hvac has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18597542 in breach of Framan Mechanical - Hvac's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $504, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCIII.    As and for a Ninety Fourth Cause of Action of G & F.A.S.T. Electric Incorporated

420. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

421. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with G & F.A.S.T. Electric Incorporated, 36-12 23Rd Street, Long Island City, NY, 11106 to construct (PS 90) Auditorium Upgrades, 86-50 109th St, Richmond Hill, NY, 11418 for Municipal, Theaters, Renovation of existing auditorium - replace auditorium seating and provide ada seating, replace flooring, prime and paint walls, refinish stage wood, upgrade a/v system, and replace auditorium roof drain- architectural- mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 18614665) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and

Employer have failed to obey these covenants that apply to Project 18614665.

422. Employer G & F.A.S.T. Electric Incorporated has failed to provide an apprenticeship opportunity to the Percy Class on Project 18614665 in breach of G & F.A.S.T. Electric Incorporated's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $77, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCIV. As and for a Ninety Fifth Cause of Action of G & F.A.S.T. Electric Incorporated

423. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

424. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with G & F.A.S.T. Electric Incorporated, 36-12 23Rd Street, Long Island City, NY, 11106 to construct Lighting Fixtures (PS 304 ), IS 101, Long Island City, NY, 11101 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15692777) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15692777.

425. Employer G & F.A.S.T. Electric Incorporated has failed to provide an apprenticeship opportunity to the Percy Class on Project 15692777 in breach of G & F.A.S.T. Electric Incorporated's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits

105

of \$107, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCV.    As and for a Ninety Sixth Cause of Action of Gramercy Group Inc

426. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

427. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Gramercy Group Inc, 3000 Burns Ave, Wantagh, NY, 11793 to construct Demolition (PS 303), 108-55 69TH AVE, Forest Hills, NY, 11375-3854 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15689849) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15689849.

428. Employer Gramercy Group Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 15689849 in breach of Gramercy Group Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$431, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their

children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCVI.    As and for a Ninety Seventh Cause of Action of Gramercy Group Inc

429. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

430. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Gramercy Group Inc, 3000 Burns Ave, Wantagh, NY, 11793 to construct Demolition (PS 129Q), 128-02 7th Ave, , College Point, NY, 11356 for Municipal, Primary School (herein referred to as Project 17665419) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665419.

431. Employer Gramercy Group Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17665419 in breach of Gramercy Group Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $141, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCVII.    As and for a Ninety Eighth Cause of Action of Grammercy

432. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

433. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Grammercy, 123 Frost St Ste A202, Westbury, NY, 11590 to construct PS 303 (Alterations), 10855 69TH AVE, Forest Hills, NY, 11375-3854 for Municipal, Primary School, Installing full-height 2-hr rated partition in stair 2 and 3; installing new partition with double h.m. door; install interior glazing; demolish existing window and replace with stucco wall with exit door; erect temporary steel egress stair with foundations. - install dunnage for new rooftop mechanical equipment-demolish existing incoming water service from 68th drive, disconnect existing limited sprinkler service and reconnect to the secondary existing water service, rerouting storms system to be connected to new site detention system. Demolish existing incoming high pressure gas service- disconnect the existing limited area sprinkler service from the existing water service from 68th drive and reconnect to the secondary existing domestic water service from 69th avenue. Relocating the existing sprinkler service valves and associated components- underpinning work, Design-Bid-Build (herein referred to as Project 15622703) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15622703.

434. Employer Grammercy has failed to provide an apprenticeship opportunity to the Percy Class on Project 15622703 in breach of Grammercy's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $48, 933.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCVIII. As and for a Ninety Ninth Cause of Action of Harman Contracting Inc

435. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

436. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Harman Contracting Inc, 701 Ocean View Ave, Brooklyn, NY, 11235 to construct PS 68 Auditorium Upgrades, 59-09 SAINT FELIX AVE, Ridgewood, NY, 11385-6060 for Municipal, Theaters, auditorium upgrades- existing fixed seating replacement; new auditorium fixed seating; wood flooring repair, stage curtain and draperies cleaning; paint and plaster repair - architectural -mechanical -electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 13527521) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 13527521.

437. Employer Harman Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 13527521 in breach of Harman Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $74, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## XCIX. As and for a One Hundredth Cause of Action of Harman Contracting Inc

438. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

439. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Harman Contracting Inc, 701 Ocean View Ave, Brooklyn, NY, 11238 to construct (M) IS 167 Science Lab (Upgrades), Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16594301) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16594301.

440. Employer Harman Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16594301 in breach of Harman Contracting Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $35, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### C. As and for a One Hundredth and First Cause of Action of Harman Contracting Inc

441. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

442. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Harman Contracting Inc, 701 Ocean View Ave, Brooklyn, NY, 11237 to construct (Q) Auditorium Upgrade (PS 101) (RE-BID), 2 RUSSELL PL, Forest Hills, NY, 11375-5245 for Municipal, Theaters, PS 101 (Q) Auditorium Upgrade, Design-Bid-Build (herein referred to as Project 16437472) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16437472.

443. Employer Harman Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16437472 in breach of Harman

Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $38, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CI. As and for a One Hundred and Second Cause of Action of Harman Contracting Service

444. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

445. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Harman Contracting Inc, 701 Ocean View Ave, Brooklyn, NY, 11242 to construct Science Lab Upgrade, 67-01 110th St, Forest Hills, NY, 11375 for State, Other School, Design-Bid-Build (herein referred to as Project 18672346) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18672346.

446. Employer Harman Contracting Service has failed to provide an apprenticeship opportunity to the Percy Class on Project 18672346 in breach of Harman Contracting Service's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $55, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of

the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CII. As and for a One Hundred and Third Cause of Action of Harman Contracting Service

447. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

448. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Harman Contracting Inc, 701 Ocean View Ave, Brooklyn, NY, 11244 to construct Forest Hills High School (Science Lab Upgrades), 67-01 110 ST, Forest Hills, NY, 11375 for Municipal, Senior High School, Renovate existing science preparation rooms on first and second floor. Replace storage units, counters, sinks. Replace floors finishes - architectural- mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 18611390) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18611390.

449. Employer Harman Contracting Service has failed to provide an apprenticeship opportunity to the Percy Class on Project 18611390 in breach of Harman Contracting Service's contract with NYC-School Construction Authority, causing lost wages and benefits of $55, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CIII. As and for a One Hundred and Fourth Cause of Action of Hellman Electric Corp

450. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

451. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act

of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Hellman Electric Corp, 855 Brush Ave, Bronx, NY, 10465 to construct Lighting Fixtures Replacement (PS 752), 14210 LINDEN BLVD, Jamaica, NY, 11436-1036 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15698699) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15698699.

452. Employer Hellman Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15698699 in breach of Hellman Electric Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $82, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CIV. As and for a One Hundred and Fifth Cause of Action of Hexagon Construction & Electrical Group, Inc.

453. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

454. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Hexagon Construction & Electrical Group, Inc., 2386 Bqe West Suite 202, Astoria, NY, 11103 to construct Ps 152 Supplemental Cooling, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 17868100) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal

113

employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17868100.

455. Employer Hexagon Construction & Electrical Group, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 17868100 in breach of Hexagon Construction & Electrical Group, Inc.'s contract with NYC-School Construction Authority, causing lost wages and benefits of \$38, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CV. As and for a One Hundred and Sixth Cause of Action of Homeric Contracting Company

456. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

457. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Homeric Contracting Company, 13730 Rockaway Blvd, Jamaica, NY, 11436 to construct PS 203 Queens-Window Replacement, 53-11 Springfield Blvd, Flushing, NY, 11364 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18670518) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18670518.

458. Employer Homeric Contracting Company has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 18670518 in breach of Homeric Contracting Company's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$323, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of

114

the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CVI.    As and for a One Hundred and Seventh Cause of Action of Honey Construction NY Inc

459. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

460. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Honey Construction NY Inc, 13516 124Th St, , Jamaica, NY to construct LYFE Program HS Playground Upgrades, 143-10 Springfield Blvd, Springfield Gardens, NY, 11413 for Municipal, Parks/Playgrounds/Site Devel, Playground upgrades- excavation- backfill - paving- drainage- fencing- lighting - play equipment, Design-Bid-Build (herein referred to as Project 18614199) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18614199.

461. Employer Honey Construction NY Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18614199 in breach of Honey Construction NY Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $21, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CVII.    As and for a One Hundred and Eighth Cause of Action of

115

## Iannelli Construction Co Inc

462. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

463. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Iannelli Construction Co Inc, 9723 3Rd Ave, Brooklyn, NY, 11209 to construct Bergtraum HS (M) Sci Lab Upg/Fire Alarm System, 411 Pearl St, Murry Bergtraum High School, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17600044) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17600044.

464. Employer Iannelli Construction Co Inc has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 17600044 in breach of Iannelli Construction Co Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $674, 766.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CVIII.   As and for a One Hundred and Ninth Cause of Action of Iannelli Construction Co Inc

465. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

466. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Iannelli Construction Co Inc, 9723 3Rd Ave, Brooklyn, NY, 11209 to construct Lease Renovation Interior Build Out, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build (herein referred to as Project 17658154) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal

116

employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17658154.

467. Employer Iannelli Construction Co Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17658154 in breach of Iannelli Construction Co Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $497, 691.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CIX. As and for a One Hundred and Tenth Cause of Action of Imperium Construction, Inc

468. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

469. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Imperium Construction, Inc, 338 Scholes St, Brooklyn, NY, 11206 to construct HS Gateway Health & Science (Repairs), 150-89 87 ROAD, Queens, NY, 11432 for Municipal, Senior High School, Rebuild existing gas meter room including exterior walls & roof, rebuild main entry stair, repair water damage to library ceiling, repair deteriorated plaza deck on the second floor- structural reinforcing concrete work at the gas meter room area. Structural steel reinforcing work at the second floor slab above library - provide explosion proof heater, roof drain (1) and area drain (1) in the gas meter room. Reinstall sprinklers and add sprinklers in the library on second floor. Replace roof drains (2) on second floor, Design-Bid-Build (herein referred to as Project 16666750) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and

117

Employer have failed to obey these covenants that apply to Project 16666750.

470. Employer Imperium Construction, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16666750 in breach of Imperium Construction, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $92, 850.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CX. As and for a One Hundred and Eleventh Cause of Action of Independent Temperature Control Systems

471. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

472. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356 to construct IS 62 K Boiler Conversion Climate Control, Long Island City, NY for Municipal, Office, Design-Bid-Build (herein referred to as Project 18795780) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18795780.

473. Employer Independent Temperature Control Systems has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 18795780 in breach of Independent Temperature Control Systems's contract with NYC-School Construction Authority, causing lost wages and benefits of $618, 500.00, and lost opportunity damages to the Percy Class as intended third-

party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXI. As and for a One Hundred and Twelfth Cause of Action of Independent Temperature Control Systems

474. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

475. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356 to construct PS 124 Boiler Conversion/ Climate Control, 129-15 150th Ave, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18574081) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18574081.

476. Employer Independent Temperature Control Systems has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18574081 in breach of Independent Temperature Control Systems's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $451, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXII. As and for a One Hundred and Thirteenth Cause of

### Action of Independent Temperature Control Systems

477. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

478. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356 to construct PS 249 Boiler Conv./Climate Cntrl, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17724374) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17724374.

479. Employer Independent Temperature Control Systems has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 17724374 in breach of Independent Temperature Control Systems's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $655, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CXIII.  As and for a One Hundred and Fourteenth Cause of Action of Independent Temperature Control Systems

480. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

481. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act

of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356 to construct (K) Boiler Conversion (PS 34), Long Island City, NY, 11222 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16616684) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16616684.

482. Employer Independent Temperature Control Systems has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 16616684 in breach of Independent Temperature Control Systems's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $370, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXIV.    As and for a One Hundred and Fifteenth Cause of Action of Independent Temperature Control Systems

483. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

484. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356 to construct PS 186 Sped Boiler Convrsion/Climate Control(RE-BID), Long Island City, NY, 11101 for State, Warehouses - Non-Refrig, Design-Bid-Build (herein referred to as Project 18538032) in the County of Queens, NY, containing conditions requiring EO 11246

affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18538032.

485. Employer Independent Temperature Control Systems has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 18538032 in breach of Independent Temperature Control Systems's contract with NY School Construction Authority, causing lost wages and benefits of $694, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## CXV.   As and for a One Hundred and Sixteenth  Cause of Action of Independent Temperature Control Systems

486. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

487. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Independent Temperature Control Systems, 117-19-14 Road, College Point, NY, 11356 to construct Boiler Replmnt/Climate Cntrl/Elect Upgrade (PS 12), Long Island City, NY, 11101 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 16433985) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16433985.

488. Employer Independent Temperature Control Systems has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 16433985 in breach of Independent Temperature Control Systems's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $490, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the

members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXVI.    As and for a One Hundred and Seventeenth Cause of Action of Inlight Electrical Corporation

489. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

490. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Inlight Electrical Corporation, 1094 Utica Avenue, Brooklyn, NY, 11203 to construct PS 214 Supplemental Cooling Units, 140th Street, Flushing, NY, 11354 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17827107) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17827107.

491. Employer Inlight Electrical Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 17827107 in breach of Inlight Electrical Corporation's contract with NYC-School Construction Authority, causing lost wages and benefits of $22, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXVII.    As and for a One Hundred and Eighteenth Cause of Action of Innovax-Pillar

492. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

493. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Innovax-Pillar Inc, 67 Lafayette Ave, White Plains, NY, 10602 to

construct PS 131 Three Story Addition, 170-45 84th Ave, Jamaica, NY, 11432 for Municipal, Other School, Design-Bid-Build, Structural Steel (herein referred to as Project 18669121) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18669121.

494. Employer Innovax-Pillar has failed to provide 25 apprenticeship opportunities to the Percy Class on Project 18669121 in breach of Innovax-Pillar's contract with NYC School Construction Authority, causing lost wages and benefits of \$3, 872, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CXVIII. As and for a One Hundred and Nineteenth Cause of Action of Innovax-Pillar Inc

495. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

496. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Innovax-Pillar Inc, 67 Lafayette Ave, White Plains, NY, 10601 to construct P.S. 131 (Alteration), 170-21 84TH AVENUE, Jamaica, NY, 11432 for Municipal, Senior High School, FILING HEREWITH FOR SUPPORT OF EXCAVATION CONSISTING OF A COMBINATION OF STEEL SOLDIER PILES SUPPORTED LATERALLY WITH TIEBACKS, WALES AND BRACES, AND CANTILEVERED STEEL SOLDIER PILES AND TIMBER LAGGING. FILED IN CONJUNCTION WITH NB# 421104183., Design-Bid-Build (herein referred to as Project 18910057) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18910057.

497. Employer Innovax-Pillar Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18910057 in breach of Innovax-Pillar Inc's contract with NYC School Construction Auth-Bidding and

PreQualif, causing lost wages and benefits of \$45, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXIX. As and for a One Hundred and Twentieth Cause of Action of J & G Electrical Corp.

498. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

499. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with J & G Electrical Corp., 857 Southern Blvd, Bronx, NY, 10459 to construct Electrical System Upgrades, 214-43 35th Ave, Bayside, NY, 11361 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18668841) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18668841.

500. Employer J & G Electrical Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18668841 in breach of J & G Electrical Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$116, 025.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their

children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXX.    As and for a One Hundred and Twenty First Cause of Action of J & G Electrical Corp.

501. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

502. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with J & G Electrical Corp., 857 Southern Blvd, Bronx, NY, 10459 to construct Ps 41 Electrical System Upgrade, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18671161) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18671161.

503. Employer J & G Electrical Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18671161 in breach of J & G Electrical Corp.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $116, 025.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXXI.    As and for a One Hundred and Twenty Second Cause of Action of J & Y Electric And Intercom Company Inc

504. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

505. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with J & Y Electric And Intercom Company Inc, 1991 Lexington Ave, New York, NY, 10035 to construct PS 10 Lighting Fixtures Replacement, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15542377) in the County of Queens, NY, containing conditions requiring EO 11246

affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15542377.

506. Employer J & Y Electric And Intercom Company Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15542377 in breach of J & Y Electric And Intercom Company Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$16, 375.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXII.    As and for a One Hundred and Twenty Third Cause of Action of J & Y Electric And Intercom Company Inc

507. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

508. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with J & Y Electric And Intercom Company Inc, 1991 Lexington Ave, New York, NY, 10035 to construct Christopher Columbus Campus Ip Surv. Cameras, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17663135) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17663135.

509. Employer J & Y Electric And Intercom Company Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17663135 in breach of J & Y Electric And Intercom Company Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of \$25, 241.67, and

lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXXIII.    As and for a One Hundred and Twenty Fourth Cause of Action of Jamcob Electric LLC

510. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

511. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Jamcob Electric LLC, 370 E 146Th St, Bronx, NY, 10455 to construct JHS 72 Q Electrical Work AC Initiative, 133-25 Guy R Brewer Blvd, Jamaica, NY, 11434 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18820508) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18820508.

512. Employer Jamcob Electric LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 18820508 in breach of Jamcob Electric LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of \$16, 850.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXXIV.    As and for a One Hundred and Twenty Fifth Cause of Action of Jamcob Electric LLC

513. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

514. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Jamcob Electric LLC, 1004 Tiffany Street, Bronx, NY to construct Fredrick Douglas - X Electric AC Initiatitive, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as

128

Project 18836380) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18836380.

515. Employer Jamcob Electric LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 18836380 in breach of Jamcob Electric LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of $17, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXXV.   As and for a One Hundred and Twenty Sixth Cause of Action of Jmj Electrical Corp

516. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

517. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Jmj Electrical Corp, 3411 10Th St, Long Island City, NY, 11106 to construct Lighting Fixtures Replacement (Jamaica HS), 16701 GOTHIC DR, Jamaica, NY, 11432-1935 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16414048) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16414048.

518. Employer Jmj Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16414048 in breach of Jmj Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $30, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy

Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXVI. As and for a One Hundred and Twenty Seventh Cause of Action of Jmj Electrical Corp

519. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

520. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Jmj Electrical Corp, 3411 10Th St, Long Island City, NY, 11106 to construct (Q) Lighting Fixtures Replacement (PS 133), Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15600175) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15600175.

521. Employer Jmj Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15600175 in breach of Jmj Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $52, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXVII. As and for a One Hundred and Twenty Eighth Cause of Action of Kab Electric Corp

522. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

523. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Kab Electric Corp, 19032 Jamaica Ave, Jamaica, NY, 11423 to construct (IS 349) at (IS 111) Electrical Systems, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build (herein referred to as Project 17816380) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17816380.

524. Employer Kab Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17816380 in breach of Kab Electric Corp's contract with NY School Construction Authority, causing lost wages and benefits of $65, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## CXXVIII.    As and for a One Hundred and Twenty Ninth Cause of Action of Kab Electric Corp

525. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

526. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Kab Electric Corp, 19032 Jamaica Ave, Jamaica, NY, 11423 to construct IPDVS Camera Installation - George Wash Carver HS, 143-10 Springfield Blvd, Springfield Gardens, NY, 11413 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18647067) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18647067.

527. Employer Kab Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18647067 in breach of Kab Electric Corp's contract with NYC School Construction Authority, causing lost wages and benefits of $41, 666.67, and lost opportunity damages to the Percy Class

as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CXXIX. As and for a One Hundred and Thirtieth Cause of Action of Kanta Electric Corp

528. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

529. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kanta Electric Corp, 34-21 56Th St, Woodside, NY, 11377 to construct Lighting Fixtures Replacement (Newcomers HS), 2801 41ST AVE, Long Island City, NY, 11101-3705 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15689292) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15689292.

530. Employer Kanta Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15689292 in breach of Kanta Electric Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $104, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXX. As and for a One Hundred and Thirty First Cause of Action of Kel-Tech Construction

531. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

532. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Kel-Tech Construction, 1211 Redfern Ave, Far Rockaway, NY, 11691 to construct PS 2 Queens - Building Alteration & Electrical Work, 7510 21ST AVE, East Elmhurst, NY, 11370-1121 for Municipal, Primary School, Demolition/building Alteration/Electrical work for AC initiative., Design-Bid-Build (herein referred to as Project 16524598) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16524598.

533. Employer Kel-Tech Construction has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 16524598 in breach of Kel-Tech Construction's contract with NYC-School Construction Authority, causing lost wages and benefits of $358, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### CXXXI.    As and for a One Hundred and Thirty Second Cause of Action of Kel-Tech Construction

534. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

535. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Kel-Tech Construction, 1211 Redfern Ave, Far Rockaway, NY, 11691 to construct Is 127 Roofs/Prpts/Ext Mas./Wndws/Access, Is 127 X, Long Island City, NY, 11101 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18676355) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18676355.

536. Employer Kel-Tech Construction has failed to provide 6 apprenticeship opportunities to the Percy Class on Project 18676355 in breach of Kel-Tech

Construction's contract with NYC-School Construction Authority, causing lost wages and benefits of $950, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### CXXXII. As and for a One Hundred and Thirty Third Cause of Action of Kel-Tech Construction Inc.

537. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

538. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kel-Tech Construction Inc., 12-11 Redfern Avenue, Far Rockaway, NY, 11691 to construct PS 112 (Exterior Work), 25-05 37th Ave, Long Island City, NY, 11101 for Municipal, Primary School, Exterior masonry- parapets- roofs- brick work- caulking & sealing- glass & glazing, Design-Bid-Build (herein referred to as Project 18522905) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18522905.

539. Employer Kel-Tech Construction Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18522905 in breach of Kel-Tech Construction Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $114, 041.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CXXXIII. As and for a One Hudred and Thirty Fourth Cause of

134

## Action of Kew Electrical Service Inc

540. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

541. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kew Electrical Service Inc, 1428 Hylan Blvd, Staten Island, NY, 10305 to construct Lighting Fixtures Replacement (PS 118), Long Island City, NY, 11101 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15643953) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15643953.

542. Employer Kew Electrical Service Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15643953 in breach of Kew Electrical Service Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $56, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXXIV.   As and for a One Hundred and Thirty Sixth Cause of Action of Kg Construction Services Inc

543. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

544. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

135

PreQualif entered into a contract with Kg Construction Services Inc, 55 Old Turnpike Rd, Nanuet, NY, 10954 to construct Flood Elimination /Reinforcing Supply Element (PS Q48), Long Island City, NY, 11101 for Municipal, Flood Control Dams, Flood Elimination /Reinforcing Supply Element, Design-Bid-Build (herein referred to as Project 17638845) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17638845.

545. Employer Kg Construction Services Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17638845 in breach of Kg Construction Services Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$180, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXXV.    As and for a One Hundred and Thirty Seventh Cause of Action of Kg Construction Services Inc

546. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

547. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kg Construction Services Inc, 55 Old Turnpike Rd, Nanuet, NY, 10954 to construct (K) Low Voltage System Upgrade-HVAC Work(PS 884), 15 SNYDER AVE, Brooktondale, NY, 11226 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16615291) in the County of Queens, NY, containing conditions requiring EO

11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16615291.

548. Employer Kg Construction Services Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16615291 in breach of Kg Construction Services Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $180, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXXVI.    As and for a One Hundred and Thirty Eighth Cause of Action of Kg Construction Services Inc

549. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

550. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kg Construction Services Inc, 55 Old Turnpike Rd, Nanuet, NY, 10954 to construct (Q) PK 454 (New Pre-K Center), 123-07 22ND AVE, College Point, NY, 11356-2644 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15655309) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15655309.

551. Employer Kg Construction Services Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 15655309 in breach of Kg Construction Services Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $365, 000.00, and

137

lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXXVII.    As and for a One Hundred and Thirty Ninth Cause of Action of Klk Electric Inc

552. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

553. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Klk Electric Inc, 58-09 28Th Ave, Staten Island, NY, 11377 to construct JHS 190 IPDVS Camera Installation, 68-17 Austin St, Forest Hills, NY, 11375 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18620209) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18620209.

554. Employer Klk Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18620209 in breach of Klk Electric Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $15, 766.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXXXVIII. As and for a One Hundred and Fortieth Cause of Action of Klk Electric Inc

555. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

556. Owner NYC-School Construction Authority - IDC 1 accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority - IDC 1 entered into a contract with Klk Electric Inc, 58-09 28Th Ave, Staten Island, NY, 11377 to construct Low Voltage Electrical System (PS 214), 31-15 140th Street, Flushing, NY, 11354 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18566891) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18566891.

557. Employer Klk Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18566891 in breach of Klk Electric Inc's contract with NYC-School Construction Authority - IDC 1, causing lost wages and benefits of $11, 625.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority - IDC 1 in an amount to be determined at trial.

## CXXXIX. As and for a One Hundred and Forty First Cause of Action of Koko Contracting

558. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

559. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Koko Contracting, 4 Leeward Court, Shoreham, NY, 11786 to construct Masonry Repair, PS 146, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 17867854) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and

Employer have failed to obey these covenants that apply to Project 17867854.

560. Employer Koko Contracting has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17867854 in breach of Koko Contracting's contract with NYC-School Construction Authority, causing lost wages and benefits of \$328, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXL. As and for a One Hundred and Forty Second Cause of Action of Koko Contracting Inc.

561. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

562. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Koko Contracting Inc., 516 Route 25A, Mount Sinai, NY, 11766 to construct Ext Masonry Reprs/flood Elim, 3030 THOMSON AVE, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17539990) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17539990.

563. Employer Koko Contracting Inc. has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17539990 in breach of Koko Contracting Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$367, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their

140

children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXLI. As and for a One Hundred and Forty Third Cause of Action of Kordun Construction Corp

564. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

565. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kordun Construction Corp, 6941 76Th St, Middle Village, NY, 11379 to construct Boiler Conversion/Climate Control (PS 177), 56-37 188th St, Fresh Meadows, NY, 11365 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16634359) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16634359.

566. Employer Kordun Construction Corp has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 16634359 in breach of Kordun Construction Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $601, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXLII. As and for a One Hundred and Forty Fourth Cause of Action of Kordun Construction Corp

567. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

141

568. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Kordun Construction Corp, 6941 76Th St, Middle Village, NY, 11379 to construct (K) Boiler Replmnt/Climate Control (IS 88), Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16615099) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16615099.

569. Employer Kordun Construction Corp has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 16615099 in breach of Kordun Construction Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $491, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXLIII.    As and for a One Hundred and Forty Fifth Cause of Action of Kordun Construction Corp

570. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

571. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Kordun Construction Corp, 6941 76Th St, Middle Village, NY, 11379 to construct PS 37 - Boiler Conversion/Climate Control, 179-37 137th Ave, Jamaica, NY, 11434 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18613760) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal

employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18613760.

572. Employer Kordun Construction Corp has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18613760 in breach of Kordun Construction Corp's contract with NYC School Construction Authority, causing lost wages and benefits of $528, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CXLIV. As and for a One Hundred and Forty Sixth Cause of Action of Labco Electric Contracting Corporation

573. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

574. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Labco Electric Contracting Corporation, 20111 Linden Blvd, Saint Albans, NY, 11412 to construct IS 22/IS224/University Heights IPDVS Camera Install, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18624616) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18624616.

575. Employer Labco Electric Contracting Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 18624616 in breach of Labco Electric Contracting Corporation's contract with NYC-School Construction Authority, causing lost wages and benefits of $43, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXLV. As and for a One Hundred and Forty Seventh Cause of

143

## Action of Lakhi General Contractor Inc

576. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

577. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Lakhi General Contractor Inc, 15412 Rockaway Blvd, Jamaica, NY 11435 to construct Cracked Exterior Masonry, 3030 THOMSON AVE, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17617312) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17617312.

578. Employer Lakhi General Contractor Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17617312 in breach of Lakhi General Contractor Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $204,083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXLVI.    As and for a One Hundred and Forty Eighth Cause of Action of Laser Electrical Contracting

579. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

580. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

PreQualif entered into a contract with Laser Electrical Contracting, 5601 Northern Blvd, Woodside, NY, 11377 to construct (Q) Lighting Fixtures Replacement (PS 2), 75-10 21ST AVE, East Elmhurst, NY, 11370-1121 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15655315) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15655315.

581. Employer Laser Electrical Contracting has failed to provide an apprenticeship opportunity to the Percy Class on Project 15655315 in breach of Laser Electrical Contracting's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $56, 958.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXLVII.    As and for a One Hundred and Forty Ninth Cause of Action of Laura Electrical Lighting & Maintenance Service

582. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

583. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Laura Electrical Lighting & Maintenance Service, 115 Macdougal St, New York, NY, 10012 to construct Fordham HS for the Arts Ip Surveillance Cameras, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17649148) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17649148.

584. Employer Laura Electrical Lighting & Maintenance Service has failed to provide an apprenticeship opportunity to the Percy Class on Project 17649148 in breach of Laura Electrical Lighting & Maintenance Service's contract with NYC-School Construction Authority, causing lost wages and benefits of $25, 400.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXLVIII. As and for a One Hundred and Fiftieth Cause of Action of Laura Electrical Lighting & Maintenance Service

585. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

586. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Laura Electrical Lighting & Maintenance Service, 115 Macdougal St, New York, NY, 10012 to construct PS 122/IS 126 Queens - IPDVS Camera Installation, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18638002) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18638002.

587. Employer Laura Electrical Lighting & Maintenance Service has failed to provide an apprenticeship opportunity to the Percy Class on Project 18638002 in breach of Laura Electrical Lighting & Maintenance Service's contract with NYC-School Construction Authority, causing lost wages and benefits of $28, 600.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXLIX. As and for a One Hundred and Fifty First Cause of Action of Lawrence's Contractor, Inc

588. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

589. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Lawrences Contractor, Inc, 13840 226Th St, Springfield Gardens, NY, 11414 to construct (Q) PS 64 Auditorium Upgrade, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16598113) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16598113.

590. Employer Lawrence^S Contractor, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16598113 in breach of Lawrence^S Contractor, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $19, 150.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CL. As and for a One Hundred and Fifty Second Cause of Action of Lawrence's Contractor, Inc

591. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

592. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Lawrences Contractor, Inc, 13840 226Th St, Springfield Gardens, NY, 11416 to construct IS 339 @ IS 147 Supplemental Cooling Units, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build (herein referred to as Project 17829940) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity.

The Owner and Employer have failed to obey these covenants that apply to Project 17829940.

593. Employer Lawrence^S Contractor, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17829940 in breach of Lawrence^S Contractor, Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $31, 650.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLI. As and for a One Hundred and Fifty Third Cause of Action of Lawrence's Contractor, Inc

594. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

595. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Lawrences Contractor, Inc, 13840 226Th St, Springfield Gardens, NY, 11415 to construct PS 160 Auditorium Upgrade, 109-59 Inwood St, Jamaica, NY, 11435 for Municipal, Theaters, Design-Bid-Build (herein referred to as Project 17658983) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17658983.

596. Employer Lawrence^S Contractor, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17658983 in breach of Lawrence^S Contractor, Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $17, 316.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLII. As and for a One Hundred and Fifty Fourth Cause of

148

## Action of Lektric Installations Corp

597. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

598. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Lektric Installations Corp, 3802 Church Ave, Brooklyn, NY, 11203 to construct Walton Camp/Evander Childs Camp IP Surveil. Cameras, Various Schools, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17665927) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665927.

599. Employer Lektric Installations Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17665927 in breach of Lektric Installations Corp's contract with NYC-School Construction Authority, causing lost wages and benefits of $43, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### CLIII.   As and for a One Hundred and Fifty Fifth Cause of Action of Leon D. Dematteis Construction Corp.

600. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

601. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Leon D. Dematteis Construction Corp., 820 Elmont Road, Elmont, NY, 10451 to construct Academy of American Studies High School (Q575), 40-11 28TH STREET, Long Island City, NY, 11101 for State, Senior High School, Trades include Abatement, Earthwork, Asphalt, Unit Pavers, Landscaping, Concrete, Masonry & Stone, Structural Steel & Misc. Metals, Architectural Millwork, Waterproofing, Roofing, Fiber Cement Panels, HM

149

Doors/Frames/Hdwre, Sliding Mesh Security Doors, Aluminum Windows and Storefronts, Carpentry, Tile, Wood Flooring, Resilient Flooring, Fluid Applied Flooring, Painting, Visual Display Boards, Toilet Compartments & Accessories, Signage, FE & FE Cabs, Wire Mesh, Library Equipment, Platform Curtains, Gym Equipment, Waste Handling Equipment, Food Service, Appliances, Shop Equipment, Lab Equipment & Casework, Window Treatments, Acoustical Isolation Barrier, Elevators, Fire Protection, Plumbing, HVAC & Electrical/FA, Design-Bid-Build, Structural Steel (herein referred to as Project 17795370) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17795370.

602. Employer Leon D. Dematteis Construction Corp. has failed to provide 63 apprenticeship opportunities to the Percy Class on Project 17795370 in breach of Leon D. Dematteis Construction Corp.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $9, 838, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLIV. As and for a One Hundred Fifty Sixth Cause of Action of Leviathan Mech

603. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

604. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Leviathan Mech, 35 Crescent St, Brooklyn, NY, 11208 to construct Boiler Conversion/Climate Cntrl/Water Pntr (IS 14), 2424 Batchelder Street, Brooklyn, NY, 11235 for Municipal, Heating/Cooling Plant, Design-Bid-Build (herein referred to as Project 16712768) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16712768.

605. Employer Leviathan Mech has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 16712768 in breach of Leviathan Mech's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $684, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLV. As and for a One Hundred and Fifty Seventh Cause of Action of Levinson & Santoro Electrical Corp

606. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

607. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Levinson & Santoro Electrical Corp, 20-16 130 St, College Point, NY, 11356 to construct Lighting Fixtures Replacement (Williamsburg Prep), Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16400058) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16400058.

608. Employer Levinson & Santoro Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16400058 in breach of Levinson & Santoro Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $102, 300.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class

have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLVI.    As and for a One Hundred and Fifty Eighth Cause of Action of Liu Electric, LLC

609. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

610. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Liu Electric, LLC, 99 Madison Ave, New York, NY, 10016 to construct IPDVS Camera Installation, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18634254) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18634254.

611. Employer Liu Electric, LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 18634254 in breach of Liu Electric, LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of $30, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLVII.    As and for a One Hundred and Fifty Ninth Cause of Action of Liu Electric, LLC

612. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

613. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract

with Liu Electric, LLC, 99 Madison Ave, New York, NY, 10016 to construct JHS 57 PA System (Replacement), 3030 THOMSON AVE, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 16717278) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16717278.

614. Employer Liu Electric, LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 16717278 in breach of Liu Electric, LLC's contract with NYC-School Construction Authority, causing lost wages and benefits of $49, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLVIII.    As and for a One Hundred and Sixtieth Cause of Action of Losardo General Contractors, Inc

615. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

616. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Losardo General Contractors, Inc, 35 Crescent St, Brooklyn, NY, 11208 to construct PS 205 (Interior & Exterior Work), 7525 BELL BLVD, Queens, NY, 11364-3448 for Municipal, Primary School, flood elimination- boiler conversion- climate control - exterior masonry - parapets- roof work, Design-Bid-Build (herein referred to as Project 16604563) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16604563.

617. Employer Losardo General Contractors, Inc has failed to provide 8 apprenticeship opportunities to the Percy Class on Project 16604563 in breach of Losardo General Contractors, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $1, 296, 666.67, and lost opportunity damages to the Percy Class as

intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLIX.  As and for a One Hundred and Sixty First Cause of Action of Mainstream Electric Inc

618. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

619. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Mainstream Electric Inc, 714 Burke Ave, Bronx, NY, 10467 to construct Lighting Fixtures Replace (Fordham HS ), Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15692795) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15692795.

620. Employer Mainstream Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15692795 in breach of Mainstream Electric Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $51, 208.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

154

### CLX. As and for a One Hundred and Sixty Second Cause of Action of Mainstream Electric Inc

621. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

622. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Mainstream Electric Inc, 714 Burke Ave, Bronx, NY, 10467 to construct (Q) Lighting Fixtures Replacement (PS 191), 8515 258TH ST, Floral Park, NY, 11001-1029 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15690510) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15690510.

623. Employer Mainstream Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15690510 in breach of Mainstream Electric Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $48, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CLXI. As and for a One Hundred and Sixty Third Cause of Action of Mainstream Electric Inc

624. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

625. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act

of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Mainstream Electric Inc, 714 Burke Ave, Bronx, NY, 10467 to construct (Q) Lighting Fixtures Replacement (PS 82), 8802 144TH ST, Jamaica, NY, 11435-3234 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15664672) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15664672.

626. Employer Mainstream Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15664672 in breach of Mainstream Electric Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $22, 633.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXII.  As and for a One Hundred and Sixty Fourth Cause of Action of Major Contracting Inc

627. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

628. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Major Contracting Inc, 2123 Troy Ave, Brooklyn, NY, 11235 to construct JHS 72 (Library Upgrades), (Q) JHS 72 (Library Upgrades), Jamaica, NY, 11434 for Municipal, Libraries, Library upgrades - architectural- mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 17547714) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in

equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17547714.

629. Employer Major Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17547714 in breach of Major Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $35, 408.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXIII.    As and for a One Hundred and Sixty Fifth Cause of Action of Major Contracting Inc

630. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

631. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Major Contracting Inc, 2123 Troy Ave, Brooklyn, NY, 11234 to construct PS 193 Auditorium Upgrades, 15220 11TH AVE, Whitestone, NY, 11357 for Municipal, Theaters, Auditorium upgrades-architectural- mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 17769253) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17769253.

632. Employer Major Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17769253 in breach of Major Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $29, 166.67, and lost opportunity damages to the Percy Class as intended third-party

beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXIV.    As and for a One Hundred and Sixty Sixth Cause of Action of Maric Plumbing & Heating Inc

633. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

634. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Maric Plumbing & Heating Inc, 81 Prospect Ave, Valhalla, NY, 10595 to construct PS 201 Queens- Boiler Conversion/ Climate Control, 65-11 155th St, Flushing, NY, 11367 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18869111) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18869111.

635. Employer Maric Plumbing & Heating Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18869111 in breach of Maric Plumbing & Heating Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $512, 925.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

158

## CLXV. As and for a One Hundred and Sixty Seventh Cause of Action of Marla Construction Inc

636. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

637. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Marla Construction Inc, 74 14Th St, Brooklyn, NY, 11215 to construct Playground Redevelopment- PS 147 (Queens), Long Island City, NY, 11101 for Municipal, Parks/Playgrounds/Site Devel, Design-Bid-Build (herein referred to as Project 18576413) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18576413.

638. Employer Marla Construction Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18576413 in breach of Marla Construction Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $24, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXVI. As and for a One Hundred and Sixty Eighth Cause of Action of Milad Contracting Corp.

639. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

640. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO

11246. Owner NYC School Construction Authority entered into a contract with Milad Contracting Corp., 2175 Bennett Rd, Philadelphia, Pa, 19116 to construct Fire Alarm & PA System Upgrade, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17726991) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17726991.

641. Employer Milad Contracting Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 17726991 in breach of Milad Contracting Corp.'s contract with NYC School Construction Authority, causing lost wages and benefits of $102, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

### CLXVII.    As and for a One Hundred and Sixty Ninth Cause of Action of Monti Concrete Construction Co Inc

642. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

643. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Monti Concrete Construction Co Inc, 11 Farmview Ct, Lancaster, NY, 14086 to construct PS 169 Auditorium Upgrade, 18-25 212th St, Bay Terrace School, Flushing, NY, 11360 for Municipal, Theaters, Ps 169 Q Auditorium Upgrade, Design-Bid-Build (herein referred to as Project 17590694) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17590694.

644. Employer Monti Concrete Construction Co Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17590694 in breach of Monti Concrete Construction Co Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits

of $22, 375.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXVIII. As and for a One Hundred and Seventieth Cause of Action of Mpcc Corp General Contractors

645. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

646. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Mpcc Corp General Contractors, 81 Rockdale Ave, New Rochelle, NY, 10801 to construct P.S. 66 Jacqueline Kennedy-Onassis (Interior Renovation), 85-11 102 STREET, Richmond Hill, NY, 11418 for Municipal, Senior High School, FILING FOR INTERIOR ALTERATION TO EXISTING BUILDING PS66Q- EXTERIOR WINDOWS, INTERIOR PARTITIONS, AND OTHER WORKS AS PER PLANS ATTACHED., Design-Bid-Build (herein referred to as Project 18523614) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18523614.

647. Employer Mpcc Corp General Contractors has failed to provide an apprenticeship opportunity to the Percy Class on Project 18523614 in breach of Mpcc Corp General Contractors's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $58, 108.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are

ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CLXIX. As and for a One Hundred and Seventy First Cause of Action of Msr Electrical Construction Corp.

648. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

649. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Msr Electrical Construction Corp., 31 Bay Street, , Brooklyn, NY, 11231 to construct Lighting Fixtures Replacement (IS 238), NY for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16409555) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16409555.

650. Employer Msr Electrical Construction Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 16409555 in breach of Msr Electrical Construction Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $127, 258.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CLXX. As and for a One Hundred and Seventy Second Cause of

162

## Action of Multi-Tech Electric Inc

651. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

652. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Multi-Tech Electric Inc, 2526 50Th St Ste 208A, Woodside, NY, 11377 to construct PS 69 IS 10 IPDVS Camera Installation, 63-25 Main St, John Bowne HS, Flushing, NY, 11367 for State, Senior High School, Design-Bid-Build (herein referred to as Project 18619917) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18619917.

653. Employer Multi-Tech Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18619917 in breach of Multi-Tech Electric Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $40, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CLXXI. As and for a One Hundred and Seventy Third Cause of Action of Multi-Tech Electric Inc

654. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

655. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Multi-Tech Electric Inc, 2526 50Th St Ste 208A, Woodside, NY, 11377

to construct PS 171/PS 234 IPDVS Camera Installation, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18641446) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18641446.

656. Employer Multi-Tech Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18641446 in breach of Multi-Tech Electric Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $34, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLXXII.    As and for a One Hundred and Seventy Fourth Cause of Action of Multi-Tech Electric Inc

657. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

658. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Multi-Tech Electric Inc, 2526 50Th St Ste 208A, Woodside, NY, 11377 to construct Lighting Fixtures Replacement (PS 146), 9801 159TH AVE, Howard Beach, NY, 11414-3543 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15679517) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15679517.

659. Employer Multi-Tech Electric Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15679517 in breach of Multi-Tech Electric Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $22, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are

164

ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXIII.  As and for a One Hundred and Seventy Fifth Cause of Action of National Environmental

660. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

661. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with National Environmental, 37-39 30Th St, Long Island City, NY, 11101 to construct (Q) PS 102 ADA Upgrade, 5524 VAN HORN ST, Elmhurst, NY, 11373-4360 for Municipal, Parking Lots, PS 102 (Q) ADA Upgrade, Design-Bid-Build (herein referred to as Project 16541896) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16541896.

662. Employer National Environmental has failed to provide an apprenticeship opportunity to the Percy Class on Project 16541896 in breach of National Environmental's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $231, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXIV.  As and for a One Hundred and Seventy Sixth Cause of

## Action of National Environmental Safety Co, Inc

663. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

664. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with National Environmental Safety Co, Inc, 1217 38Th Ave, Long Island City, NY, 11101 to construct Pre-K Center (Fit Out), 54-25 101ST STREET, Corona, NY, 11368 for Municipal, Other School, FILING FOR THE FIT OUT OF UNIVERSAL PRE-K IN EXISTING BUILDING. WORK TO INCLUDE NEW PARTITIONS, FLOORS, CEILINGS, AND FINISHES AS SHOWN ON DRAWINGS FILED HEREWITH. NO CHANGE IN USE, EGRESS, OR OCCUPANCY, Design-Bid-Build (herein referred to as Project 17596847) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17596847.

665. Employer National Environmental Safety Co, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17596847 in breach of National Environmental Safety Co, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $208, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXV. As and for a One Hundred and Seventy Seventh Cause of Action of National Environmental Safety Co, Inc

666. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

667. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with National Environmental Safety Co, Inc, 1217 38Th Ave, Long Island City, NY, 11101 to construct PK 412 Pre-K Center, 10717 NORTHERN BLVD, Corona, NY, 11368-1235 for Municipal, Other School, PK 412 (Q) Pre-K Center, Design-Bid-Build (herein referred to as Project 15676682) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15676682.

668. Employer National Environmental Safety Co, Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 15676682 in breach of National Environmental Safety Co, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $318, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXVI. As and for a One Hundred and Seventy Eighth Cause of Action of National Environmental Safety Co, Inc

669. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

670. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with National Environmental Safety Co, Inc, 1217 38Th Ave, Long Island City, NY, 11101 to construct Demolition of Mini Bldg & Tcu's (Q PS 143), 4-74 113 STREET, Queens, NY, 11368 for

Municipal, Parks/Playgrounds/Site Devel, Design-Bid-Build (herein referred to as Project 16735045) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16735045.

671. Employer National Environmental Safety Co, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16735045 in breach of National Environmental Safety Co, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$224, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXVII. As and for a One Hundred and Seventy Ninth Cause of Action of National Environmental Safety Co, Inc

672. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

673. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with National Environmental Safety Co, Inc, 1217 38Th Ave, Long Island City, NY, 11101 to construct Ps 5 R Flood Elimination, Long Island City, NY, 11101 for Municipal, Flood Control Dams, Design-Bid-Build (herein referred to as Project 17848766) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17848766.

674. Employer National Environmental Safety Co, Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17848766 in

breach of National Environmental Safety Co, Inc's contract with NYC School Construction Authority, causing lost wages and benefits of $187, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CLXXVIII.  As and for a One Hundred and Eightieth Cause of Action of Neelam Construction Corp.

675. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

676. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Neelam Construction Corp., 156 Airport Executive Park, Nanuet, NY, 10954 to construct PS 131 Water Penetration/Parapets/Roofs/Flood Elim, 75 Meserole Ave, Brooklyn, NY, 11222 for Municipal, Flood Control Dams, Water Penetration/Parapets/Roofs/Flood Elim, Design-Bid-Build (herein referred to as Project 17615016) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17615016.

677. Employer Neelam Construction Corp. has failed to provide 7 apprenticeship opportunities to the Percy Class on Project 17615016 in breach of Neelam Construction Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $1, 075, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXIX.  As and for a One Hundred and Eighty First Cause of

## Action of Nehal Construction Inc

678. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

679. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Nehal Contracting, Inc., 152 Airport Executive Park, Nanuet, NY, 10954 to construct Richmond Hill H Steel Columns/Struct. Floor Decks, 89-30 114th St, Richmond Hill, NY, 11418 for Municipal, Parks/Playgrounds/Site Devel, Remove existing abandoned 3" cold water supply piping, insulation, valves, hangers and all appurtenances. Piping served the portable classrooms which have been removed. Piping is no longer required., Design-Bid-Build (herein referred to as Project 17635912) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17635912.

680. Employer Nehal Construction Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17635912 in breach of Nehal Construction Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $88, 700.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### CLXXX. As and for a One Hundred and Eighty Second Cause of Action of Nehal Contracting, Inc.

681. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

682. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Nehal Contracting, Inc., 156 Airport Executive Park, Nanuet, NY, 10954 to construct Is 291 K School Based Health Clinic, Long Island City, NY for Municipal, Other School, School

Based Health Clinic, Design-Bid-Build (herein referred to as Project 17538428) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17538428.

683. Employer Nehal Contracting, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 17538428 in breach of Nehal Contracting, Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $168, 033.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXI.   As and for a One Hundred and Eighty Third Cause of Action of Nehal Contracting, Inc.

684. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

685. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Nehal Contracting, Inc., 156 Airport Executive Park, Nanuet, NY, 10954 to construct Richmond Hill HS Auditorium Upgrades, 8930 114TH ST, Richmond Hill, NY, 11418 for Municipal, Theaters, Auditorium upgrades & ADA ramps - architectural-mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 18686162) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18686162.

686. Employer Nehal Contracting, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18686162 in breach of Nehal Contracting, Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $83, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXII. As and for a One Hundred and Eighty Fourth Cause of Action of Nehal Contracting, Inc.

687. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

688. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Nehal Contracting, Inc., 156 Airport Executive Park, Nanuet, NY, 10954 to construct Liberation Diploma HS Gymnasium Upgrade, PS 728 Brookyln, Brooklyn, NY, 11224 for Municipal, Gyms/Field House, Design-Bid-Build (herein referred to as Project 18674083) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18674083.

689. Employer Nehal Contracting, Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18674083 in breach of Nehal Contracting, Inc.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $118, 866.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLXXXIII. As and for a One Hundred and Eighty Fifth Cause of

## Action of New Phase Electrical Contractors Inc

690. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

691. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with New Phase Electrical Contractors Inc, 725 E 136Th St, Bronx, NY, 10454 to construct Lighting Fixtures Replacement (PS 123), 14501 119TH AVE, South Ozone Park, NY, 11436-1515 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16405868) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16405868.

692. Employer New Phase Electrical Contractors Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16405868 in breach of New Phase Electrical Contractors Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $15, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXIV. As and for a One Hundred and Eighty Sixth Cause of Action of New Phase Electrical Contractors Inc

693. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

694. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO

11246. Owner NYC-School Construction Authority entered into a contract with New Phase Electrical Contractors Inc, 725 E 136Th St, Bronx, NY, 10454 to construct Ps 3 R Electrical Service Upgrade, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17665941) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665941.

695. Employer New Phase Electrical Contractors Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17665941 in breach of New Phase Electrical Contractors Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $58, 100.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CLXXXV.    As and for a One Hundred and Eighty Seventh Cause of Action of Nikhi Contracting Corp

696. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

697. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Nikhi Contracting Corp, 102, 2518, 300 Kimball St, Woodridge, NY, 07101 to construct Queens Collegiate (West Areaway Drains), 16701 Gothic Dr, Jamaica, NY, 11432 for Municipal, Sewers/Flood Control, West areaway drains, Design-Bid-Build (herein referred to as Project 18614719) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18614719.

698. Employer Nikhi Contracting Corp has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 18614719 in breach of Nikhi Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $255, 750.00, and lost

opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXVI. As and for a One Hundred and Eighty Eighth Cause of Action of Nikhi Contracting Corp

699. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

700. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Nikhi Contracting Corp, 102, 2518, 300 Kimball St, Woodridge, NY, 07098 to construct JHS 72Q (Science Lab Upgrades), 13325 GUY R BREWER BLVD, Jamaica, NY, 11434-2941 for Municipal, Senior High School, Renovate existing science lab rooms 315, 321, 323, 330, 332. Remove exist. Non-structural partitions. Remove and replace 3 doors. Remove and replace exist. Sinks, water heater, rpz, emergency shut-off valve, acid waste tank, gas, water and sanitary piping - architectural - mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 15652412) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15652412.

701. Employer Nikhi Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15652412 in breach of Nikhi Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $208, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are

ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXVII.    As and for a One Hundred and Eighty Ninth Cause of Action of Nikhi Contracting Corp

702. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

703. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Nikhi Contracting Corp, 102, 2518, 300 Kimball St, Woodridge, NY, 07099 to construct Science Lab Upgrades(IS 136 & IS 821), Long Island City, NY for Municipal, Labs/Testing/R&D, IS 136 & IS 821 K Science Lab Upgrades, Design-Bid-Build (herein referred to as Project 17660154) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17660154.

704. Employer Nikhi Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17660154 in breach of Nikhi Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $68, 100.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXVIII.    As and for a One Hundred and Ninetieth Cause of Action

## of Nikhi Contracting Corp

705. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

706. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Nikhi Contracting Corp, 102, 2518, 300 Kimball St, Woodridge, NY, 07096 to construct JHS 72 Queens- Science Lab Upgrade, 133-25 Guy Brewer Blvd, Jamaica, NY, 11434 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18670569) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18670569.

707. Employer Nikhi Contracting Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18670569 in breach of Nikhi Contracting Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $203, 175.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CLXXXIX.    As and for a One Hundred and Ninety First Cause of Action of Noble Electrical Contracting Co

708. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

709. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

PreQualif entered into a contract with Noble Electrical Contracting Co, 1794 Clinton Ave, Bronx, NY, 10457 to construct IPDVS Camera Installation, Francis Lewis HS, Benjamin Cardozo HS, Long Island City, NY, 11101 for State, Senior High School, Design-Bid-Build (herein referred to as Project 18657114) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18657114.

710. Employer Noble Electrical Contracting Co has failed to provide an apprenticeship opportunity to the Percy Class on Project 18657114 in breach of Noble Electrical Contracting Co's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $46, 991.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXC.  As and for a One Hundred and Ninety Second Cause of Action of Noble Electrical Contracting Co

711. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

712. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Noble Electrical Contracting Co, 1794 Clinton Ave, Bronx, NY, 10457 to construct Lighting Fixtures Replacement (Harry S. Truman HS ), Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16403028) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16403028.

713. Employer Noble Electrical Contracting Co has failed to provide an apprenticeship opportunity to the Percy Class on Project 16403028 in breach of Noble Electrical Contracting Co's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $75, 800.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCI.    As and for a One Hundred and Ninety Third Cause of Action of North East Atlantic Business Solutions Corporation

714. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

715. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with North East Atlantic Business Solutions Corporation, 82-16 138Th Street, Briarwood, NY, 11435 to construct (Q) The Flushing Inter HS Room Conversion, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16598135) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16598135.

716. Employer North East Atlantic Business Solutions Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 16598135 in breach of North East Atlantic Business Solutions Corporation's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $32, 291.67, and lost opportunity

damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCII.    As and for a One Hundred and Ninety Fourth Cause of Action of Northeast Electrical Contractors Inc.

717. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

718. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Northeast Electrical Contractors Inc., 105-108t 150th Street, Jamaica NY 11436 to construct Flushing High School - Auditorium (Upgrade) (RE-BID), 35-01 UNION ST, Flushing, NY, 11354-3405 for Municipal, Theaters, Design-Bid-Build (herein referred to as Project 15549532) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15549532.

719. Employer Northeast Electrical Contractors Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 15549532 in breach of Northeast Electrical Contractors Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $37, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly

180

disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCIII. As and for a One Hundred and Ninety Fifth Cause of Action of Northeast Restoration Corp

720. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

721. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Northeast Restoration Corp, 1181 Randall Ave, Bronx, NY, 10474 to construct Gymnasium Annex (P.S. 081-Q), 1716 BLEECKER STREET, Ridgewood, NY, 11385 for Municipal, Gyms/Field House, Design-Bid-Build, Precast Concrete (herein referred to as Project 17833862) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17833862.

722. Employer Northeast Restoration Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17833862 in breach of Northeast Restoration Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $150, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCIV. As and for a One Hundred and Ninety Sixth Cause of Action of Northeast Restoration Corp

723. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

181

724. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Northeast Restoration Corp, 1181 Randall Ave, Bronx, NY, 10474 to construct Interior Renovation to Existing Building (PS 677), 139 Mcnahan street, Former St Barbara School, Long Island City, NY, 11221 for Municipal, Other School, PS 677 (K) Interior Renovation to Existing Building, Design-Bid-Build (herein referred to as Project 16615224) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16615224.

725. Employer Northeast Restoration Corp has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 16615224 in breach of Northeast Restoration Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $263, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCV.     As and for a One Hundred and Ninety Seventh Cause of Action of Northeast Restoration Corp

726. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

727. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Northeast Restoration Corp, 1181 Randall Ave, Bronx, NY, 10474 to construct P.S. 81 (Alts), 559 CYPRESS AVENUE, Ridgewood, NY, 11385 for Municipal, Senior High School, PS

182

081Q REMOVE TWO (2) TRANSPORTABLE CLASSROOM UNITS INCLUDING CONCRETE PIERS TO TOP OF SLAB ON GRADE. CAP AND ABANDON UTILITIES. TCUS WERE INSTALLED UNDER DOB NOS. 400680946 & 400581394, Design-Bid-Build (herein referred to as Project 18542329) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18542329.

728. Employer Northeast Restoration Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18542329 in breach of Northeast Restoration Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $26, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCVI.    As and for a One Hundred and Ninety Eighth Cause of Action of Oudaz General Contracting Inc

729. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

730. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Oudaz General Contracting Inc, 164 Stuart St, Paramus, Nj, 07652 to construct PS 133 Playground Redevelopment, 24805 86TH AVE, Bellerose, NY, 11426-2037 for Municipal, Parks/Playgrounds/Site Devel, Playground renovations, remove existing 12" playground asphalt surface. Excavate for drainage system work (filed under subsequent application) install new asphalt surface and slope to existing drains. Paint new game lines, remove and discard 3 basket ball

backboard and replace with new. Provide new 6^ high chain link fence-Drainage system , remove existing 12" storm piping remove and replace 1 drinking fountain , provde 3 new drywells 1 to remain with covers and 6 new catch basins w/covers, Design-Bid-Build (herein referred to as Project 16414758) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16414758.

731. Employer Oudaz General Contracting Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16414758 in breach of Oudaz General Contracting Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $199,166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCVII.    As and for a One Hundred and Ninety Ninth Cause of Action of Paradigm Services Inc

732. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

733. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Paradigm Services Inc, 244 E Union Tpke, Wharton, Nj, 07885 to construct IS 2/ PS 21/ 58 (R) IPDVS Camera Installation, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18636186) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity.

184

The Owner and Employer have failed to obey these covenants that apply to Project 18636186.

734. Employer Paradigm Services Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18636186 in breach of Paradigm Services Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $24, 116.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CXCVIII.   As and for a Two Hundredth Cause of Action of Pmy Construction Corp

735. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

736. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Pmy Construction Corp, 115 Hague St, Jersey City, Nj, 07307 to construct (Q) PS 52 TCU Removal & Playground Redevelopment, 17802 146TH TER, Jamaica, NY, 11434-5329 for Municipal, Parks/Playgrounds/Site Devel, TCU removal & playground redevelopment- excavation - backfill - paving- drainage - lighting - fencing- play equipment- plumbing work - demolition, Design-Bid-Build (herein referred to as Project 16414868) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16414868.

737. Employer Pmy Construction Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16414868 in breach of Pmy Construction Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $76, 991.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy

185

Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CXCIX.   As and for a Two Hundredth and First Cause of Action of Pmy Construction Corp.

738. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

739. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Pmy Construction Corp., 115 Hague St, Jersey City, Nj, 07307 to construct PS 159 - Flood Elimination, 205-01 33rd Ave, Bayside, NY, 11361 for State, Flood Control Dams, Provide waterproofing membrane at exterior foundation walls & partial chemical injection waterproofing at the interior foundation walls at the cellar level - Flood elimination- drainage- brick work-, Design-Bid-Build (herein referred to as Project 18558815) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18558815.

740. Employer Pmy Construction Corp. has failed to provide an apprenticeship opportunity to the Percy Class on Project 18558815 in breach of Pmy Construction Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $108, 741.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CC.   As and for a Two Hundred and Second Cause of Action

### of Positive Electric Associates Inc

741. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

742. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Positive Electric Associates Inc, 40-33 23Rd St, Long Island City, NY, 11101 to construct Fire Alarm Installation, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17661312) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17661312.

743. Employer Positive Electric Associates Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17661312 in breach of Positive Electric Associates Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $301, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### CCI. As and for a Two Hundred and Third Cause of Action of Pro Metal Construction

744. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

745. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Pro Metal Construction, 549 63Rd St, Brooklyn, NY, 11220 to construct Roofs Repair Parapet Wall/Ext Masonry (PS 354), Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 16615146) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16615146.

746. Employer Pro Metal Construction has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 16615146 in breach of Pro Metal Construction's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $498, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCII.   As and for a Two Hundred and Fourth Cause of Action of Pullman Sst, Inc

747. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

748. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Pullman SST, Inc, 134 West 29Th St, New York, NY 10002 to construct Exterior Masonry/Flood Elimation/Roofs/Parapets, PS 124 (Brooklyn), Long Island City, NY, 11101 for State, Primary School, Design-Bid-Build (herein referred to as Project 17573861) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17573861.

749. Employer Pullman Sst, Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17573861 in breach of Pullman Sst, Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $297, 625.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCIII.   As and for a Two Hundred and Fifth Cause of Action of

## Rebt Corp

750. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

751. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Rebt Corp, 37 Groton St, Staten Island, NY, 10312 to construct Susan Wagner HS R School Based Health Clinic, 1200 Manor Rd, , Long Island City, NY, 10314 for Municipal, Clinics/Medical Office, Design-Bid-Build (herein referred to as Project 17665713) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17665713.

752. Employer Rebt Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17665713 in breach of Rebt Corp's contract with NY School Construction Authority, causing lost wages and benefits of $166,583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

### CCIV. As and for a Two Hundred and Sixth Cause of Action of Red & Blue Construction Corp

753. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

754. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Red & Blue Construction Corp, 809 Kings Highway Suite #4, Brooklyn, NY, 11226 to construct (Q) Francis Lewis HS Gym Upgrade, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16590727) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and

Employer have failed to obey these covenants that apply to Project 16590727.

755. Employer Red & Blue Construction Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16590727 in breach of Red & Blue Construction Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $61, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCV. As and for a Two Hundred and Seventh Cause of Action of Red & Blue Construction Corp

756. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

757. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Red & Blue Construction Corp, 809 Kings Highway Suite #4, Brooklyn, NY, 11225 to construct Public School 100 (C of O Alterations), 11111 118TH ST, South Ozone Park, NY, 11420-1220 for Municipal, Primary School, c of o alterations - architectural - mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 14613595) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 14613595.

758. Employer Red & Blue Construction Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 14613595 in breach of Red & Blue Construction Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $93, 716.67,

190

and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCVI.    As and for a Two Hundred and Eighth Cause of Action of Red & Blue Construction Corp

759. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

760. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Red & Blue Construction Corp, 809 Kings Highway Suite #4, Brooklyn, NY, 11227 to construct Interior Repairs Requirements, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build (herein referred to as Project 17661254) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17661254.

761. Employer Red & Blue Construction Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 17661254 in breach of Red & Blue Construction Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $93, 716.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCVII.    As and for a Two Hundred and Ninth Cause of Action of Rici Corp

762. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

763. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Rici Corporation, 41 Liberty St, Passaic, Nj, 07056 to construct Queens High School for Language Studies (Exterior Work), 35-01 Union St, Flushing, NY, 11354 for Municipal, Senior High School, REMOVE AND REBUILD PARAPETS. MASONRY RESTORATION TO INCLUDE REPOINTING, REPLACING FACE BRICK, AND FLASHINGS. REMOVE AND REPLACE FLAT ROOF AREAS. REMOVE AND REPLACE ROOF DRAINS. REMOVE AND REPLACE BULKHEAD DOORS. PATCH AND PAINT INTERIOR WALLS AND CEILINGS., Design-Bid-Build (herein referred to as Project 18659820) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18659820.

764. Employer Rici Corp has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 18659820 in breach of Rici Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $716, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCVIII.    As and for a Two Hundred and Tenth Cause of Action of

## Rici Corporation

765. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

766. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Rici Corporation, 41 Liberty St, Passaic, Nj, 07059 to construct Flushing HS (Queens) Exterior Work, 35-01 UNION ST, Flushing, NY, 11354 for State, Senior High School, Exterior masonry- parapets- brick work- caulking & sealing -windows - glass & glazing, Design-Bid-Build (herein referred to as Project 18553560) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18553560.

767. Employer Rici Corporation has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 18553560 in breach of Rici Corporation's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $766, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CCIX.    As and for a Two Hundred and Eleventh Cause of Action of Rocon Plumbing

768. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

769. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act

193

of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Rocon Plumbing & Heating Corp., 16 1St St, New Hyde Park, NY, 11044 to construct Boilers Conversion/Climate Controls (PS 115), 80-51 261st Street, Glen Oaks, NY, 11004 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16625748) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16625748.

770. Employer Rocon Plumbing has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 16625748 in breach of Rocon Plumbing's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$462, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCX. As and for a Two Hundred and Twelfth Cause of Action of Rocon Plumbing & Heating

771. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

772. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Rocon Plumbing & Heating Corp., 16 1St St, New Hyde Park, NY, 11042 to construct J.H.S. 217 Robert A. Vanwyck (Alts), 85-05 144TH STREET, Jamaica, NY, 11435 for Municipal, Senior High School, REMOVE EXISTING 2 OIL FIRED BOILERS AND BURNER^S & ASSOCIATED PIPING AND PNEUMATIC CONTROLS, EXISTING OIL TANK AND ASSOCIATED OIL FILL PIPING & VENT. FOR

194

JHS 217Q PUBLIC SCHOOL AND REPLACE WITH 2 NEW GAS FIRED BOILERS WITH BURNERS AND CLIMATE CONTROLS AND NEW CHIMNEY LINER & HOT WATER HEATER LINER, WITH NEW BREECHING. RE AS PER PLANS FILED HEREWITH, Design-Bid-Build (herein referred to as Project 17825699) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17825699.

773. Employer Rocon Plumbing & Heating has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17825699 in breach of Rocon Plumbing & Heating's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $394, 375.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXI.    As and for a Two Hundred and Thirteenth Cause of Action of Rocon Plumbing & Heating Corp.

774. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

775. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Rocon Plumbing & Heating Corp., 16 1St St, New Hyde Park, NY, 11040 to construct IS 217 Boiler Conversion, Climate Control, 85-05 144th St, Jamaica, NY, 11435 for State, Other School, Design-Bid-Build (herein referred to as Project 18535641) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18535641.

195

776. Employer Rocon Plumbing & Heating Corp. has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 18535641 in breach of Rocon Plumbing & Heating Corp.'s contract with NY School Construction Authority, causing lost wages and benefits of $554, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## CCXII.    As and for a Two Hundred and Fourteenth Cause of Action of Rocon Plumbing & Heating Corp.

777. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

778. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Rocon Plumbing & Heating Corp., 16 1St St, New Hyde Park, NY, 11041 to construct PS 41 Boilers Conversion Climate Control, 3030 THOMSON AVE, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17561485) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17561485.

779. Employer Rocon Plumbing & Heating Corp. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17561485 in breach of Rocon Plumbing & Heating Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $457, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly

disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXIII. As and for a Two Hundred and Fifteenth Cause of Action of Rodel Electrical Inc

780. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

781. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Rodel Electrical Inc, 1220 37Th Ave, Long Island City, NY, 11101 to construct Christopher Columbus Fire Alarm System Upgrade, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18580808) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18580808.

782. Employer Rodel Electrical Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18580808 in breach of Rodel Electrical Inc's contract with NYC School Construction Authority, causing lost wages and benefits of $119, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CCXIV. As and for a Two Hundred and Sixteenth Cause of Action of Rodel Electrical Inc

783. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

784. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Rodel Electrical Inc, 1220 37Th Ave, Long Island City, NY, 11101 to construct 136 Electrical Systems Upgrade, Queens, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18670853) in the County of Queens, NY, containing conditions requiring EO 11246

affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18670853.

785. Employer Rodel Electrical Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18670853 in breach of Rodel Electrical Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $170, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXV.    As and for a Two Hundred and Seventeenth Cause of Action of Rodel Electrical Inc

786. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

787. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Rodel Electrical Inc, 1220 37Th Ave, Long Island City, NY, 11101 to construct Newton HS - Low Voltage Electrical Systems, 4801 90th St, Elmhurst, NY, 11373 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18824938) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18824938.

788. Employer Rodel Electrical Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 18824938 in breach of Rodel Electrical Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $94, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXVI.    As and for a Two Hundred and Eighteenth Cause of Action of Russo Development Enterprises Inc.

789. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

198

790. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Russo Development Enterp, 67 East Avenue, Lawrence, NY, 11562 to construct Demolition of New School (IS Q41), Long Island City, NY, 11101 for Municipal, Parks/Playgrounds/Site Devel, Design-Bid-Build (herein referred to as Project 17655460) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17655460.

791. Employer Russo Development Enterprises Inc. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17655460 in breach of Russo Development Enterprises Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $518,666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXVII. As and for a Two Hundred and Nineteenth Cause of Action of Saad Construction Inc

792. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

793. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Saad Construction Inc, 4 Whispering Ct, Dix Hills, NY, 11746 to construct ENY Voc HS of Transit Tech Auditorium Upgrade, Long Island City, NY, 11101 for Municipal, Senior High School,

Design-Bid-Build (herein referred to as Project 17742307) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17742307.

794. Employer Saad Construction Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 17742307 in breach of Saad Construction Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $38, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXVIII.    As and for a Two Hundred and Twentieth Cause of Action of Safecon Builders Corp

795. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

796. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Safecon Builders Corp, 3957 Flatlands Ave, Brooklyn, NY, 11234 to construct (Q) Grover Cleveland High School Flood Elimination, 2127 HIMROD ST, Ridgewood, NY, 11385-1234 for Municipal, Senior High School, Grover Cleveland HS (Q) Flood Elimination, Design-Bid-Build (herein referred to as Project 15666362) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15666362.

797. Employer Safecon Builders Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 15666362 in breach of Safecon

Builders Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $62, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CCXIX.    As and for a Two Hundred and Twenty First Cause of Action of Safecon Builders Corp

798. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

799. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Safecon Builders Corp, 3957 Flatlands Ave, Brooklyn, NY, 11234 to construct JHS 67 Flood Elimination, 51-60 Marathon Pkwy, Louis Pasteur School, Little Neck, NY, 11362 for Municipal, Senior High School, JHS 67 (Q) Flood Elimination, Design-Bid-Build (herein referred to as Project 18624763) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18624763.

800. Employer Safecon Builders Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18624763 in breach of Safecon Builders Corp's contract with NYC School Construction Authority, causing lost wages and benefits of $137, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

### CCXX.    As and for a Two Hundred and Twenty Second Cause of

## Action of Satnaam International

801. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

802. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Satnaam International, 25911 80Th Ave, Floral Park, NY, 11004 to construct IS 231 Playground Redevelopment, 14500 Springfield Blvd, Springfiled Gardnes, NY, 11413 for Municipal, Parks/Playgrounds/Site Devel, excavation- backfill- paving- drainage - lighting - fencing- play equipment - plumbing, Design-Bid-Build (herein referred to as Project 18520951) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18520951.

803. Employer Satnaam International has failed to provide an apprenticeship opportunity to the Percy Class on Project 18520951 in breach of Satnaam International's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $40, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

### CCXXI. As and for a Two Hundred and Twenty Third Cause of Action of Singh Landscaping Co

804. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

805. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act

of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Singh Landscaping & Lawn Sprinkler Corp., 9905 211Th St, Jamaica, NY, 11432 to construct PS 136 Playground Redevelopment, 201-15 115th Av, Jamaica, NY, 11412 for Municipal, Parks/Playgrounds/Site Devel, playground redevelopment- excavation-backfill - paving- drainage- fencing- plumbing work - play equipment-lighting, Design-Bid-Build (herein referred to as Project 17576430) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17576430.

806. Employer Singh Landscaping Co has failed to provide an apprenticeship opportunity to the Percy Class on Project 17576430 in breach of Singh Landscaping Co's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $24, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXII.    As and for a Two Hundred and Twenty Fourth Cause of Action of Sirrye Construction Corporation

807. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

808. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Sirrye Construction Corporation, 817 E 223Rd St Ste 3, Bronx, NY, 10466 to construct PS 244 Playground Redevelopment, Long Island City, NY for State, Parks/Playgrounds/Site Devel, PS 244 (Q) Playground Redevelopment, Design-Bid-Build (herein

referred to as Project 16721671) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16721671.

809. Employer Sirrye Construction Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 16721671 in breach of Sirrye Construction Corporation's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $19, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXIII.    As and for a Two Hundred and Twenty Fifth Cause of Action of Skyline Electrical Corp

810. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

811. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Skyline Electrical Corp, 1299 Richmond Rd, Staten Island, NY, 10304 to construct Ps 30 K Low Volt Elec System, 3030 THOMSON AVE, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 16710762) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16710762.

812. Employer Skyline Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16710762 in breach of Skyline Electrical Corp's contract with NYC-School Construction Authority, causing lost wages and benefits of $44, 575.00, and lost opportunity damages to the

Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXXIV.  As and for a Two Hundred and Twenty Sixth Cause of Action of Spencer Contracting

813. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

814. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Spencer Contracting, 177 Edison Ave, Edison, Nj, 08820 to construct PS 360 (Q) Playground Redevelopment, 199 10 112 AVENUE, Queens, NY, 11412 for Municipal, Parks/Playgrounds/Site Devel, PS 360 (Q) Playground Redevelopment, Design-Bid-Build (herein referred to as Project 16524914) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16524914.

815. Employer Spencer Contracting has failed to provide an apprenticeship opportunity to the Percy Class on Project 16524914 in breach of Spencer Contracting's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $22, 408.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXV.  As and for a Two Hundred and Twenty Seventh Cause of Action of Spencer Contracting

816. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

817. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Spencer Contracting, 177 Edison Ave, Edison, Nj, 08820 to construct PS 97 TCU Removal, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 17805446) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17805446.

818. Employer Spencer Contracting has failed to provide an apprenticeship opportunity to the Percy Class on Project 17805446 in breach of Spencer Contracting's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $30, 200.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXVI. As and for a Two Hundred and Twenty Eighth Cause of Action of Stanco Systems Electrical Contracting

819. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

820. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Stanco Systems Electrical Contracting, 4061 Victory Blvd, Staten Island, NY, 10314 to construct Lighting Fixtures Replacement (PS 317), Long Island City, NY, 11101 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 15692768) in the County of Queens, NY, containing conditions requiring EO

11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15692768.

821. Employer Stanco Systems Electrical Contracting has failed to provide an apprenticeship opportunity to the Percy Class on Project 15692768 in breach of Stanco Systems Electrical Contracting's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $76, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXVII.    As and for a Two Hundred and Twenty Ninth Cause of Action of Static Electric Corp

822. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

823. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Static Electric Corp, 1930 Adge Ave, Bronx, NY, 10469 to construct IPDVS Camera Installation- PS 84/PS 85/IS 204, 2245 41st St, 23-70 31st St, 36-41 28th St, Long Island City, NY, 11105 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18627658) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18627658.

824. Employer Static Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18627658 in breach of Static Electric Corp's contract with NYC-School Construction Authority, causing

lost wages and benefits of $57, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXXVIII. As and for a Two Hundred and Thirtieth Cause of Action of Sun General Construction Inc.

825. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

826. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Sun General Construction Inc., 212-08 99Th Ave, Queens Village, NY to construct PS 188 Auditorium Upgrade, 21812 HARTLAND AVE, Bayside, NY, 11364 for State, Theaters, PS 188 (Q) Auditorium Upgrade, Design-Bid-Build (herein referred to as Project 16721678) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16721678.

827. Employer Sun General Construction Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 16721678 in breach of Sun General Construction Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $32, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXIX. As and for a Two Hundred and Thirty First Cause of

## Action of T Moriarty & Son Inc

828. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

829. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with T Moriarty & Son Inc, 63 Creamer St, Brooklyn, NY, 11231 to construct PS 256 Queens - New Three Story Building (RE-BID), PS 256 Queens, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build, Structural Steel (herein referred to as Project 17837874) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17837874.

830. Employer T Moriarty & Son Inc has failed to provide 17 apprenticeship opportunities to the Percy Class on Project 17837874 in breach of T Moriarty & Son Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of $2, 598, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXXX. As and for a Two Hundred and Thirty Second Cause of Action of T. Moriarty & Son, Inc

831. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

832. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with T. Moriarty & Son, Inc, 63 Creamer St, Brooklyn, NY, 11231 to construct P/IS 114 Addition, 445 Beach 135th Street, Far Rockaway, NY, 11694 for Municipal, Other School, NEW 3 STORY SCHOOL. THE NEW FACILITY IS TO INCLUDE 11 CLASSROOMS AND SUPPORT SPACES., Design-Bid-Build, Structural Steel (herein referred to as Project 17783421) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment

209

opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17783421.

833. Employer T. Moriarty & Son, Inc has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 17783421 in breach of T. Moriarty & Son, Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $750, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXXI. As and for a Two Hundred and Thirty Third Cause of Action of Tameer Inc.

834. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

835. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Tameer Inc., 714 Anderson Ave, Franklin Square, NY, 11010 to construct PS 7 Supplemental Cooling Units Upgrade, Long Island City, NY, 11101 for State, Other School, Design-Bid-Build (herein referred to as Project 17829948) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17829948.

836. Employer Tameer Inc. has failed to provide an apprenticeship opportunity to the Percy Class on Project 17829948 in breach of Tameer Inc.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $32, 233.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXXXII. As and for a Two Hundred and Thirty Fourth Cause of Action of Tarasis Electric Corp

837. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

838. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Tarasis Electric Corp, 3608 9Th St, Long Island City, NY, 11106 to construct Electrical Systems Upgrade, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18627373) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18627373.

839. Employer Tarasis Electric Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18627373 in breach of Tarasis Electric Corp's contract with NYC-School Construction Authority, causing lost wages and benefits of $177, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXXXIII. As and for a Two Hundred and Thirty Fifth Cause of Action of Technico Construction Services Inc

840. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

841. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Technico Construction Services Inc, 4133 38Th St, Long Island City, NY, 11101 to construct (Q) IS/HS 336 (Conversion) (Lease Project), Site to be announced, School District 25, Queens, NY, 11354 for Municipal, Senior High School, Conversion of existing building - 507 seats - architectural -structural - mechanical -

211

electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 15670603) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15670603.

842. Employer Technico Construction Services Inc has failed to provide 11 apprenticeship opportunities to the Percy Class on Project 15670603 in breach of Technico Construction Services Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $1, 665, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXXIV.   As and for a Two Hundred and Thirty Sixth Cause of Action of Tomco Mechanical Corp

843. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

844. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Tomco Mechanical Corp, 125 State St, Westbury, NY, 11590 to construct Is 5 Heating Plant Upgrade/PA System, 5040 JACOBUS ST, Elmhurst, NY, 11373-3702 for Municipal, Senior High School, IS 5 (Q) Heating Plant Upgrade/PA System, Design-Bid-Build (herein referred to as Project 15639784) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15639784.

845. Employer Tomco Mechanical Corp has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 15639784 in breach of Tomco Mechanical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $392, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXXV. As and for a Two Hundred and Thirty Seventh Cause of Action of Tribeca Electric Corporation

846. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

847. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Tribeca Electric Corporation, 10705 Jamaica Ave, Richmond Hill, NY, 11418 to construct IS 59/PS 183/ Augus Martin HS IPDVS Camera Install, Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18634282) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18634282.

848. Employer Tribeca Electric Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 18634282 in breach of Tribeca Electric Corporation's contract with NYC-School Construction Authority, causing lost wages and benefits of $67, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCXXXVI. As and for a Two Hundred and Thirty Eighth Cause of

## Action of Triton Structural Concrete

849. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

850. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Triton Structural Concrete, 15435 Innovation Dr Ste 225, San Diego, Ca, 92128 to construct Miscellaneous Educational Building / Library, 4-50, Longisland, NY, 11101 for Municipal, Libraries, CONSTRUCT 1 STORY BUILDING AUXILIARY TO THE LIBRARY BUILDING. LIBRARY FILED UNDER APPLICATION # INSTALL CONSTRUCTION FENCE, Design-Bid-Build, Precast Concrete (herein referred to as Project 18876049) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18876049.

851. Employer Triton Structural Concrete has failed to provide an apprenticeship opportunity to the Percy Class on Project 18876049 in breach of Triton Structural Concrete's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $20, 866.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXXVII.  As and for a Two Hundred and Thirty Ninth Cause of Action of Turner Construction Company (Main Office)

852. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

853. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Turner Construction Company (Main Office), 375 Hudson St, New York, NY, 10014 to construct (Q) PS 398 Q Elementary School with Partial Cellar, 69-01 34 AVE, Astoria, NY, 11106 for Municipal, Primary School, 476 students in the pre-K through fifth grade range- enclosed 4, 000-square-foot rooftop playground, Design-Bid-Build, Structural Steel (herein referred to as Project 16537155) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16537155.

854. Employer Turner Construction Company (Main Office) has failed to provide 33 apprenticeship opportunities to the Percy Class on Project 16537155 in breach of Turner Construction Company (Main Office)'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $5, 178, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXXVIII.    As and for a Two Hundred and Fortieth Cause of Action of Universal Construction

855. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

856. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Universal Construction Resources, In, 6600 Queens Midtown Expy Ste 307, Maspeth, NY, 11385 to construct

PS 214 (Exterior & Interior Work), 3115 140TH ST, Flushing, NY, 11354-2151 for Municipal, Primary School, Flood elimination including removal and restoration of existing concrete pavement.installation.of water proofing membrane - remove & replace leader with new- remove & replace gym wall, ceiling and wood floor interior repair at celler, vestibule, stair a & gym - Replacement of roof parapets, facebrick replacement, including lintels and cornice bands. 3 foot roof strip and replacement to facilitate parapet replacement, doors and plaster work and plumbing and electrical -, Design-Bid-Build (herein referred to as Project 13481891) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 13481891.

857. Employer Universal Construction has failed to provide an apprenticeship opportunity to the Percy Class on Project 13481891 in breach of Universal Construction's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $158, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXXXIX.    As and for a Two Hundred and Forty First Cause of Action of Universal Construction Resources, In

858. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

859. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Universal Construction Resources, In, 6600 Queens Midtown Expy Ste 307, Maspeth, NY, 11381 to construct Ps 115 Parapets Ext Masonry, Long Island City, NY, 11101 for State,

Parks/Playgrounds/Site Devel, Ps 115 Q Parapets Ext Masonry, Design-Bid-Build (herein referred to as Project 17603803) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17603803.

860. Employer Universal Construction Resources, In has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 17603803 in breach of Universal Construction Resources, In's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $412, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXL. As and for a Two Hundred and Forty Second Cause of Action of Urban Ecospaces

861. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

862. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Urban Ecospaces, 176-25 Union Tpke, 363, , Fresh Meadows, NY to construct (Q) Room Conversion (Aviation HS), 45-30 36th St, Long Island City, NY, 11101 for Municipal, Other School, Aviation HS (Q) Room Conversion, Design-Bid-Build (herein referred to as Project 16616783) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16616783.

217

863. Employer Urban Ecospaces has failed to provide an apprenticeship opportunity to the Percy Class on Project 16616783 in breach of Urban Ecospaces's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$12, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLI. As and for a Two Hundred and Forty Third Cause of Action of Urban Electrical Corp

864. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

865. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Urban Electrical Corp, 12702 135Th Ave, South Ozone Park, NY 11420 to construct (Q) PS 100 Auditorium Upgrade, 11111 118TH ST, South Ozone Park, NY, 11420-1220 for Municipal, Theaters, PS 100 (Q) Auditorium Upgrade, Design-Bid-Build (herein referred to as Project 16567111) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16567111.

866. Employer Urban Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 16567111 in breach of Urban Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$16, 100.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are

ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLII.    As and for a Two Hundred and Forty Fourth Cause of Action of Urban Electrical Corp

867. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

868. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Urban Electrical Corp, 12702 135Th Ave, South Ozone Park, NY 11421 to construct PS 36 Camera Installation, 187-01 Foch Blvd, Jamaica, NY, 11412 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 18655569) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18655569.

869. Employer Urban Electrical Corp has failed to provide an apprenticeship opportunity to the Percy Class on Project 18655569 in breach of Urban Electrical Corp's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $32, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLIII.    As and for a Two Hundred and Forty Fifth Cause of

## Action of Utb United Technology Inc

870. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

871. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Utb United Technology Inc, 146 E 2Nd St, Mineola, NY, 11501 to construct PS 40 Ext Masonry/TCU Removal/Playground Redevelopment, 10920 Union Hall St, Jamaica, NY, 11433 for Municipal, Primary School, Design-Bid-Build (herein referred to as Project 17656182) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17656182.

872. Employer Utb United Technology Inc has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 17656182 in breach of Utb United Technology Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $828, 958.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLIV. As and for a Two Hundred and Forty Sixth Cause of Action of Venus Group Inc

873. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

874. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and

PreQualif entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct Demolition Mini-Building-Paved Areas (PS 106), Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 16539868) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16539868.

875. Employer Venus Group Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 16539868 in breach of Venus Group Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $206, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLV.    As and for a Two Hundred and Forty Seventh Cause of Action of Venus Group Inc

876. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

877. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct PS 131 (Exterior & Interior Work), 17045 84TH AVE, Jamaica, NY, 11432-2105 for Municipal, Primary School, Interior & exterior renovation, site repair, landscaping, lintel replacement, waterproofing, masonry & roof repair - provide new vacuum pump, roof ventilator (exhaust fan), replace condensing unit- replace roof drains, new yard drain, & piping, replace sump pump, installation of detention

tan- .exterior masonry - flood elimination- parapets - roofs - caulking & sealing - windows - glass & glazing, Design-Bid-Build (herein referred to as Project 15650106) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15650106.

878. Employer Venus Group Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 15650106 in breach of Venus Group Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $474, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLVI. As and for a Two Hundred and Forty Eighth Cause of Action of Venus Group Inc

879. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

880. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct PS 197 (Exterior Work), 825 Hicksville Rd, Far Rockaway, NY, 11691 for Municipal, Primary School, Roofing replacement, seal duct opening, extend roof curbs and exterior masonry repairs and work - exterior masonry roof- sealing & caulking - glass & glazing- brick work, Design-Bid-Build (herein referred to as Project 18614568) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and

Employer have failed to obey these covenants that apply to Project 18614568.

881. Employer Venus Group Inc has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 18614568 in breach of Venus Group Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $438, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLVII.    As and for a Two Hundred and Forty Ninth Cause of Action of Venus Group, Inc.

882. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

883. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct (Q) PS 151 (Exterior Work), 5005 31ST AVE, Woodside, NY, 11377-1333 for Municipal, Primary School, Foundation waterproofing, parapet replacement, roofing, and exterior masonry - exterior masonry- parapets - roofs - water infiltration- brick work - caulking & sealing - windows- glass & glazing, Design-Bid-Build (herein referred to as Project 15650098) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15650098.

884. Employer Venus Group, Inc. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 15650098 in breach of Venus Group, Inc.'s contract with NYC School Construction Auth-Bidding and

PreQualif, causing lost wages and benefits of \$431, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLVIII.    As and for a Two Hundred and Fiftieth Cause of Action of Venus Group, Inc.

885. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

886. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct (Q) PS/IS 270 (Exterior & Interior Work) RE-BID, 23315 MERRICK BLVD, Rosedale, NY, 11422-1317 for Municipal, Primary School, Parapet replacement, exterior masonry replacement, roofing replacement and related flashing, interior repairs. - replace existing roof drain, relocate vent stack, replace goose neck vents, temporarily remove and reinstall existing condensing units and exhaust fans w/appurtenance, replace roof curbs and rails, Design-Bid-Build (herein referred to as Project 15615578) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15615578.

887. Employer Venus Group, Inc. has failed to provide 3 apprenticeship opportunities to the Percy Class on Project 15615578 in breach of Venus Group, Inc.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$445, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-

Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCXLIX.    As and for a Two Hundred and Fifty First Cause of Action of Venus Group, Inc.

888. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

889. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct PS 721 SPED Ext Masonry, Roofs, 3030 THOMSON AVE, Long Island City, NY, 11101 for State, Primary School, Design-Bid-Build (herein referred to as Project 17660470) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17660470.

890. Employer Venus Group, Inc. has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17660470 in breach of Venus Group, Inc.'s contract with NYC-School Construction Authority, causing lost wages and benefits of $358, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCL.    As and for a Two Hundred and  Fifty Second Cause of Action of Venuss Group Inc

891. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

892. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract

with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct Exterior Masonry &Roofs &Parapets, PS 107(Brookyln ), 1301 8TH Avenue, Brooklyn, NY, 11215 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 18657218) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18657218.

893. Employer Venuss Group Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 18657218 in breach of Venuss Group Inc's contract with NYC School Construction Authority, causing lost wages and benefits of \$353, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CCLI.    As and for a Two Hundred and Fifty Third Cause of Action of Venuss Group Inc

894. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

895. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Venus Group, Inc., 117Th Street, Richmond Hill, NY, 11418 to construct PS 109 Defective Gym Walls, Roofs, Prpts, Long Island City, NY, 11101 for Municipal, Gyms/Field House, Ps 109 K Defective Gym Walls Roofs Prpts, Design-Bid-Build (herein referred to as Project 17643737) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17643737.

896. Employer Venuss Group Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17643737 in breach of Venuss Group Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of \$315, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCLII. As and for a Two Hundred and Fifty Fourth Cause of Action of Watts Electrical Corporation

897. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

898. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Watts Electrical Corporation, 175 Tompkins Ave, Brooklyn, NY, 11206 to construct Lighting Fixtures Replacement (IS 35), Long Island City, NY, 11101 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 15543778) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15543778.

899. Employer Watts Electrical Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 15543778 in breach of Watts Electrical Corporation's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $18, 741.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCLIII. As and for a Two Hundred and Fifty Fifth Cause of Action of Watts Electrical Corporation

900. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

901. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO

227

11246. Owner NYC-School Construction Authority entered into a contract with Watts Electrical Corporation, 175 Tompkins Ave, Brooklyn, NY, 11206 to construct Supplemental Cooling Units Upgrade, Long Island City, NY, 11101 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17837917) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17837917.

902. Employer Watts Electrical Corporation has failed to provide an apprenticeship opportunity to the Percy Class on Project 17837917 in breach of Watts Electrical Corporation's contract with NYC-School Construction Authority, causing lost wages and benefits of $38, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCLIV.   As and for a Two Hundred and Fifty Sixth Cause of Action of Wdf Inc

903. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

904. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Wdf Inc, 30 N Macquesten Pkwy, Mount Vernon, NY, 10550 c/o 28 Liberty Street, New York NY 10005 to construct PS 104 (GC Work/ Boiler Replacement), 2511 MOTT AVE, Far Rockaway, NY, 11691 for Municipal, Primary School, General construction associated with boiler replacement including cutting and patching work, excavation of soil to remove fuel tank, installation of new louvers. - mechanical, plumbing & fire alarm- installation of two (2) boilers, two(2) burners, two (2) vacuum pumps, boiler feed water tank/system, combustion air intakes, gas leak detection system inclusive of strobes/horns and sensors, new water treatment system, piping, interlock wiring, controls, flue stacks from boiler exhaust outlets through the roof, electric unit heaters, etc., Design-Bid-Build (herein referred to as Project 15687742) in the

County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 15687742.

905. Employer Wdf Inc has failed to provide an apprenticeship opportunity to the Percy Class on Project 15687742 in breach of Wdf Inc's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of \$66, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCLV.    As and for a Two Hundred and Fifty Seventh Cause of Action of Wdf Inc

906. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

907. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Wdf Inc, 30 N Macquesten Pkwy, Mount Vernon, NY, 10550 c/o 28 Liberty Street, New York NY 10005 to construct Boiler Replacement- PS 104, 2601 Mott Ave, Far Rockaway, NY, 11691 for Municipal, Other School, Design-Bid-Build (herein referred to as Project 17800863) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17800863.

908. Employer Wdf Inc has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 17800863 in breach of Wdf Inc's contract with NYC-School Construction Authority, causing lost wages and benefits of \$559, 750.00, and lost opportunity damages to the Percy Class as intended third-

229

party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

## CCLVI.    As and for a Two Hundred and Fifty Eighth Cause of Action of Wdf Inc

909. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

910. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Wdf Inc, 30 N Macquesten Pkwy, Mount Vernon, NY, 10550 c/o 28 Liberty Street, New York NY 10005 to construct August Martin HS Boiler Conversion/Climate Control, 156-10 Baisley Blvd, Jamaica, NY, 11434 for Municipal, Senior High School, Design-Bid-Build (herein referred to as Project 18624803) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18624803.

911. Employer Wdf Inc has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 18624803 in breach of Wdf Inc's contract with NYC School Construction Authority, causing lost wages and benefits of $790,583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CCLVII.    As and for a Two Hundred and Fifty Ninth Cause of Action of Where To Get It Services, LLC

912. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

913. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Where To Get It Services, LLC, 1395 Pacific St Ste B, Brooklyn, NY, 11216 to construct PS 200 (Auditorium Upgrades), 70-10 164th St, Flushing, NY, 11365 for Municipal, Theaters,

Auditorium upgrades- architectural- mechanical - electrical - plumbing systems, Design-Bid-Build (herein referred to as Project 18558983) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18558983.

914. Employer Where To Get It Services, LLC has failed to provide an apprenticeship opportunity to the Percy Class on Project 18558983 in breach of Where To Get It Services, LLC's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $9, 150.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCLVIII.    As and for a Two Hundred and Sixtieth Cause of Action of Whitestone Construction Corp.

915. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

916. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Whitestone Construction Corp., 50-52 49Th St, Woodside, NY, 11377 to construct Ps 152 X Windows, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17648336) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17648336.

231

917. Employer Whitestone Construction Corp. has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 17648336 in breach of Whitestone Construction Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $314, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCLIX.    As and for a Two Hundred and Sixty First Cause of Action of Whitestone Construction Corp.

918. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

919. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Whitestone Construction Corp., 50-52 49Th St, Woodside, NY, 11377 to construct Central Hq 65 Court St. K Facade Repairs/Window(RE BID), Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18574881) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18574881.

920. Employer Whitestone Construction Corp. has failed to provide 4 apprenticeship opportunities to the Percy Class on Project 18574881 in breach of Whitestone Construction Corp.'s contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $660, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School

232

Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCLX.    As and for a Two Hundred and Sixty Second Cause of Action of Whitestone Construction Corp.

921. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

922. Owner NY School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NY School Construction Authority entered into a contract with Whitestone Construction Corp., 50-52 49Th St, Woodside, NY, 11377 to construct Bx Int'l HS Ext Mas Roofs Int Spaces Wdws Flood El, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 17662122) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17662122.

923. Employer Whitestone Construction Corp. has failed to provide 20 apprenticeship opportunities to the Percy Class on Project 17662122 in breach of Whitestone Construction Corp.'s contract with NY School Construction Authority, causing lost wages and benefits of $3, 111, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority in an amount to be determined at trial.

## CCLXI.    As and for a Two Hundred and Sixty Third Cause of Action of Zaman Construction

924. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

233

925. Owner NYC School Construction Auth-Bidding and PreQualif accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Auth-Bidding and PreQualif entered into a contract with Zaman Construction, 130 Church St, New York, NY, 10007 to construct (Q) PS 33 (Exterior Rehab), 9137 222ND ST, Queens Village, NY, 11428-1471 for Municipal, Primary School, Exterior modernization to include roof replacement, parapet replacement, facebrick replacement, overcladding with new facebrick -stone banding repair-repointing work, overcladding with metal siding and ceiling replacement-exterior masonry- parapets - roof - Replace 10 roof drains and replace gas piping on the roof from gas meter room in cellar. Replace exterior and interior duct insulation. Raise existing rtu on new curbs. Replace ducts and condensate drain piping.- structural reinforcement and concrete ring beam for masonry parapets, lintels replacements and exterior wall reinforcement., Design-Bid-Build (herein referred to as Project 16408082) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 16408082.

926. Employer Zaman Construction has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 16408082 in breach of Zaman Construction's contract with NYC School Construction Auth-Bidding and PreQualif, causing lost wages and benefits of $738, 383.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

## CCLXII.    As and for a Two Hundred and Sixty Fourth Cause of Action of Zaman Construction

927. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

928. Owner NYC-School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC-School Construction Authority entered into a contract with Zaman Construction, 262 Dahill Rd Apt 4B, Brooklyn, NY, 11218 to construct PS 721 SPED Ext Masonry/Windows/Parapets/Roofs, 3030 Thomson Ave, Long Island City, NY, 11101 for State, Vocational School, PS 721 SPED (X) Ext Masonry/Windows/Parapets/Roofs, Design-Bid-Build (herein referred to as Project 17773274) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 17773274.

929. Employer Zaman Construction has failed to provide 5 apprenticeship opportunities to the Percy Class on Project 17773274 in breach of Zaman Construction's contract with NYC-School Construction Authority, causing lost wages and benefits of $782, 850.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority in an amount to be determined at trial.

### CCLXIII.    As and for a Two Hundred and Sixty Fifth Cause of Action of Zarco Contracting Inc

930. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

931. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Zarco Contracting Inc, 8912 Cooper Ave, Glendale, NY, 11385 to construct Exterior Masonry/Parapets, Long Island City, NY for Municipal, Office, Design-Bid-Build (herein referred to as Project 18674190) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18674190.

932. Employer Zarco Contracting Inc has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 18674190 in breach of Zarco

Contracting Inc's contract with NYC School Construction Authority, causing lost wages and benefits of $252, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CCLXIV. As and for a Two Hundred and Sixty Sixth Cause of Action of Zarco Contracting Inc.

933. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

934. Owner NYC School Construction Authority accepted Federal funding containing conditions of compliance with Civil Rights Act of 1964 and EO 11246. Owner NYC School Construction Authority entered into a contract with Zarco Contracting Inc, 8912 Cooper Ave, Glendale, NY, 11385 to construct Window Replacement, Long Island City, NY, 11101 for Municipal, Office, Design-Bid-Build (herein referred to as Project 18676322) in the County of Queens, NY, containing conditions requiring EO 11246 affirmative action in equal employment opportunity. The Owner and Employer have failed to obey these covenants that apply to Project 18676322.

935. Employer Zarco Contracting Inc. has failed to provide 2 apprenticeship opportunities to the Percy Class on Project 18676322 in breach of Zarco Contracting Inc.'s contract with NYC School Construction Authority, causing lost wages and benefits of $270, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority in an amount to be determined at trial.

## CCLXV. As and for a Two Hundred and Sixty Seventh Cause of Action

936. The Defendant Government Agencies set forth in Exhibit "A" and the Owners herein are charged with enforcing EO 11246 and laws as contractual conditions to Federal Funds for public work facilities, and are therefore liable for the foregoing lost wages, lost benefits and lost opportunity to which the Percy Class is entitled as intended beneficiaries.

937. EO 11246 seeks to implement the anti-discrimination program of the Civil Rights Act of 1964 and is directed at all government contractors. Section 2 02(1) of the Order provides: "The contractor will take affirmative action to ensure equal employment opportunity. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship", 30 Fed. Reg. 12, 319 (1965), the "color blind" approach envisioned in E.O. 11246.

938. §202(1) of EO 11246, 30 Fed. Reg. 12, 319(1965), provides that: The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship.

939. The necessary elements of a prima facie cause of action for violation of 42 U.S.C. §§2000e et al exists, depriving rights thereunder, secured to the Percy Class as the Complaining Party by the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §§§ 1981, 1983, 1985, and United States EO 11246, and as required by Federal Funding for public works facilities.

940. Goals and quotas for percentage of minority business Enterprise participation, when such goals and quotas which in fact violate United States EO 11246, the Civil Rights Act of 1964 and the US Constitution, as well as several other federal regulations specifically identified in the Federal Funding by preferring persons based upon race, color or creed, causing and continuing to cause disparate impact discrimination that these statutes, orders, and regulations were designed to remedy.

941. An Alternative Employment Practice is identified in the Lead Action which answers the need for the Percy Class to obtain competitive skills by utilizing

registered apprenticeship meeting the requirements of the Fitzgerald Act (29 U.S.C. § 50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Office of Apprenticeship and Training (BAT) and 29 C.F.R, Subt. A, Pt. 29 and Pt. 30. Apprenticeship is the process of learning a skilled occupation through both on-the-job training (practical, paid experience) and learning the related technical knowledge in a classroom. Candidates must be 18 years old, and possess a GED (the Alternative Employment Practice will help a candidate obtain a GED). Enrollment must be done openly under the procedures established by federal and state regulations for Minimum Qualifications Review and Eligibility List Ranking using for: educational achievement, work experience, seniority, job aptitude, oral interview, and general demographic inquiries to determine a score for ranking for eligibility to be enrolled in OJT and continuing education.

942. The Owners and Employers here, were not named in the original Percy v. Brennan case, Case 73-cv-04279. reported at 384 F Supp 800 of November 8, 1974, but they in fact have agreed and are required to provide real affirmative action for the Percy Class.

## CCLXVI.    As and for a Two Hundred and Sixty Eighth Cause of Action

943. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

944. The acts of Defendants and each of them are in violation of the Civil Rights Act of 1964, 42 USCA § 2000e and d.

945. Plaintiff Percy and the Class he represents are entitled to injunctive relief as demanded in the Lead Action and actual damages for lost wages, for lost opportunity and compensation as money damages to be determined at trial in this litigation.

## CCLXVII.    As and for a Two Hundred and Sixty Ninth Cause of Action

946.  The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

238

947. The acts of Defendants and each of them are in violation of Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§§1981, 1983 and 1985.

948. Plaintiff Percy and the Class he represents are entitled to to injunctive relief as demanded in the Lead Action and actual damages for lost wages, for lost opportunity and compensation as money damages to be determined at trial in this litigation.

## CCLXVIII.   As and for a Two Hundred and Seventieth Cause of Action

949. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

950. The acts of Defendants and each of them are in violation of EO 11246.

951. Plaintiff Percy and the Class he represents are entitled to to injunctive relief as demanded in the Lead Action and actual damages for lost wages, for lost opportunity and compensation as money damages to be determined at trial in this litigation.

## CCLXIX.   As and for a Two Hundred and Seventy First Cause of Action

952. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

953. Defendants Owners breached agreements by failing to comply with all federal laws, regulations, executive orders, policies, guidelines, and requirements applicable to the acceptance and use of Federal Funding as herein before set forth, all to the damage and detriment of the Percy Class.

954. This wrongful and improper violation of the law by the Defendants creates barriers which cannot be allowed to continue when the real and ultimate result is permanent irreparable serious damage to a protected class under the Constitution and federal law and as intended beneficiaries.

955. The Percy Class, as the intended beneficiaries of the Federal Funding described herein, are entitled to an accounting relative to the Defendants' Compliance described herein, and specifically are entitled to an accounting regarding Defendants' utilization of Federal Funds in compliance with the

civil Rights Act of 1964, 49 CFR 21, 49 CFR 23, and 49 CFR 26, as well as EO 11246.

956. The Percy Class is also entitled to an accounting as to how Defendants calculate both their compliance with these statutes and regulations, and, how they calculate and implement their required encouragement of "affirmative action". Upon information and belief, Defendants have no such methodology, and have failed to comply with both the very letter and spirit of these laws, which were intended for the direct benefit of the Class.

957. The Percy Class requests a full accounting as well as declaratory relief from this Honorable Court that they are entitled to this information, and that the Defendants be ordered to provide the same.

## CCLXX.  WHEREFORE

Plaintiff Percy Class and all those similarly situated, collectively pray that this Court:

Issue an order permitting this litigation to proceed as a class action under CPLR Article 9 as previously certified in Case 73-cv-04279 under Federal Rules of Civil Procedure 23(a) and (b)(3), and order prompt notice to all class members that this litigation is pending;

Declare that there must be compliance with EO 11246 and damages must be stopped and rectified;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $42, 533.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and 147Th Street Homes Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $500, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Abc Construction Contracting Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $980, 000.00, and lost opportunity damages to

the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Abc Construction Contracting Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $140, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Abc Construction Contracting Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $831, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Acs System Assocaiates Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $310, 283.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Acs Systems Associates Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $2, 387, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Adam^S European Contracting Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $57, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Alkem Electrical in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $65, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Alkem Electrical in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$44, 075.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and All American Electrical Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$10, 783.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Am NY Electric Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$26, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Amb Contractors Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$175, 975.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Amcon Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$199, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Amcon Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$364, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Amcon Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$61, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the

NYC School Construction Auth-Bidding and PreQualif and Annex Masonry Restoration Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$61, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Annex Masonry Restoration Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$80, 675.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Ansu Construction Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$658, 133.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Ansu Construction Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$30, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Apn Construction Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$82, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Ark Systems Electric Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$391, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority and Armstrong Roof. Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for

243

lost wages and benefits of $530, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Armstrong Roof. Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $414, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Army Construction LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $416, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Army Construction LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $7, 728, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Arnell Construction Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $1, 318, 458.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Ashnu International Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $567, 766.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Ashnu International Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $1, 249, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Ashnu

244

International Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$87, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Atj Electrical Co in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$153, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Atj Electrical Co in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$95, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority and Atj Electrical Co in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$16, 783.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Awl Industries Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$17, 800.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Awl Industries Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$1, 041, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and B G National Plumbing & Heating Company in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$24, 583.33, and lost opportunity damages to the

245

Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Bagiana Construction in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $19, 125.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Bottomline Construction & Development LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $220, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Bqe Industries Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $641, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Bqe Industries Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $121, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Carnak Construction in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $217, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority and Carnak Construction in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $469, 316.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Central Mechanical System Co. Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$475, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Central Mechanical System Co. Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$601, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Central Mechanical Systems in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$555, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Central Mechanical Systems, Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$478, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Central Mechanical Systems, Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$152, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Civil Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$52, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Clear It Out Contracting LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$45, 575.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the

247

NYC School Construction Auth-Bidding and PreQualif and Clear It Out Contracting LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$28, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Clear It Out Contracting LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$52, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Commerce Electrical Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$69, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Commerce Electrical Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$175, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Commerce Electrical Contracting Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$20, 266.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Con Rac Construction Grou in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$57, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Conrac Construction Group LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for

lost wages and benefits of $1, 247, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority and Darcon Construction Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $1, 643, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Delric Construction Co Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $190, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Delric Construction Co Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $5, 624, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Dematteis Construction Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $414, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Dematteis/Darcon Construction (Jv) in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $14, 950.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Diaz Electric Of New York, Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $24, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Diaz Electric Of

New York, Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $16, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Diaz Electric Of New York, Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $3, 789, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Dobco Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $65, 900.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Donald Mc Geachy Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $54, 791.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Donald Mc Geachy Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $21, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Dorion Norton Electrical in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $27, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Dorion Norton Electrical in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $49, 166.67, and lost opportunity damages to the

250

Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Dynamic Construction Company in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $15, 791.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Dynamic Construction Company in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $5, 632, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and E.W. Howell Co., LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $42, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Electric Fixx Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $46, 641.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Electric Fixx Inc in an amount to be determined at trial;

, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Elite Renovation & Builders Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $330, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Empire Control Abatement in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for

251

lost wages and benefits of $31, 550.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Energize Electrical Contracting in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $239, 650.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Euro Castle Construction Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $18, 358.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and F.I. Electrical Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $11, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and F.I. Electrical Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $262, 300.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Faith Construction Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $130, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Falcon Electrical Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $103, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Falcon Electrical Contracting

Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $103, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Farragut Builders Ii Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $39, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and G & F.A.S.T. Electric Incorporated in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $107, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Gramercy Group Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $48, 933.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Harman Contracting Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $38, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Harman Contracting Service in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$82, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Homeric Contracting Company in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$21, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Iannelli Construction Co Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$92, 850.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Independent Temperature Control Systems in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$655, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Independent Temperature Control Systems in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$490, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Innovax-Pillar in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$45, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and J & G Electrical

254

Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $16, 375.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Jamcob Electric LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $17, 416.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Jmj Electrical Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $65, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority and Kanta Electric Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $358, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Kel-Tech Construction Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $56, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Kg Construction Services Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $365, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Klk Electric Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $328, 250.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Kordun Construction Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $491, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority and Labco Electric Contracting Corporation in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $204, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Laura Electrical Lighting & Maintenance Service in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $28, 600.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Lawrence^S Contractor, Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $17, 316.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Leon D. Dematteis Construction Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $684, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Liu Electric, LLC in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $49, 166.67, and lost opportunity damages to the

Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Mainstream Electric Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $48, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Major Contracting Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $29, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Marla Construction Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $102, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Mpcc Corp General Contractors in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $127, 258.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Multi-Tech Electric Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $22, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and National Environmental Safety Co, Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $318, 083.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and National

257

Environmental Safety Co, Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $1, 075, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Nehal Contracting, Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $83, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and New Phase Electrical Contractors Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $58, 100.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Nikhi Contracting Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $68, 100.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Noble Electrical Contracting Co in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $75, 800.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Northeast Electrical Contractors Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $150, 000.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Northeast Restoration Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for

lost wages and benefits of $199, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Pmy Construction Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $108, 741.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Pro Metal Construction in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $297, 625.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority and Red & Blue Construction Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $93, 716.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Rici Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $766, 666.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Rocon Plumbing & Heating in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $554, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Rodel Electrical Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $170, 166.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Russo Development Enterprises

Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$38, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Safecon Builders Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$40, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Sirrye Construction Corporation in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$44, 575.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Spencer Contracting in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$76, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Sun General Construction Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$2, 598, 916.67, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Tameer Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$177, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Tomco Mechanical Corp in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$67, 500.00, and lost opportunity damages to the

260

Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Turner Construction Company (Main Office) in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$158, 333.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Urban Ecospaces in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$16, 100.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Utb United Technology Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$206, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Venus Group Inc in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$431, 833.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Venus Group, Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$353, 500.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC-School Construction Authority and Watts Electrical Corporation in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of \$38, 750.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Wdf Inc in an amount to be determined at trial;

261

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $790, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Auth-Bidding and PreQualif and Whitestone Construction Corp. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $660, 583.33, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NY School Construction Authority and Zaman Construction in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents actual damages for lost wages and benefits of $782, 850.00, and lost opportunity damages to the Percy Class as intended third-party beneficiaries of the contract between the NYC School Construction Authority and Zarco Contracting Inc. in an amount to be determined at trial;

Award Plaintiff Percy and the Class he represents liquidated damages to be determined;

Award Plaintiff Percy and the Class he represents pre- and post-judgment interest at the statutory rate;

Award Plaintiff Percy and the class he represents attorneys' fees, expert fees, costs, and disbursements; and

Award Plaintiff Percy and the Class he represents further and additional relief as this Court deems just and proper.

Enter a declaratory judgment declaring that the acts of the Defendants and each of them to be in violation of the Percy Class' rights to equal employment and enjoin the Defendants and each of them from further violation of such rights.

Enter an order in the nature of a mandamus enjoining Defendants to provide an accounting of their acts.

Enter an order enjoining any further payment of Federal Funding until Defendants have implemented corrective policies and procedures, conditions, covenants and obligations as asserted in this complaint so as to

prevent the further waste of Federal Funds by officials of the Defendants, and from denying the Percy Class their right to employment in connection with public works contracts through Defendants' continued failure to abide by agreements, covenants, statutes, regulations, executive orders and other federally approved provisions guaranteeing the right to such equal employment, and that Defendants provide an actual accounting providing actual evidence of the employment of the Class of members of the disenfranchised, and, pray that this Court enjoin any further payment of Federal Funds to Defendants until Defendants have cured the breach of agreements, conditions, covenants and obligations as asserted in this complaint and have mitigated the ongoing damage to us and the waste of Federal Funds by taking remedial to correct it's past wrongful conduct,

Treat this as a Private Attorney General Action under 42 U.S.C. 1988 insofar as may be necessary to provide the relief requested in this Complaint together with reimbursement of attorneys fees, expert fees, costs and disbursements

ALL together with such other and further relief as shall seem just and proper under the circumstances.

A JURY TRIAL is respectfully demanded in conjunction with the allegations made in this Complaint.

Dated: April ___, 2020

/s/James M. Kernan_____

KERNAN PROFESSIONAL GROUP, LLP

James M. Kernan, Esq., of Counsel
26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com

263

# Exhibit "A"
# "Lead Complaint"
# accompanies this complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| ALBERT E. PERCY,<br><br>     *Plaintiff,*<br><br>-against-<br><br><br>EUGENE SCALIA, successor to Peter J Brennan as Secretary of Labor; THE UNITED STATES DEPARTMENT OF LABOR; CRAIG E. LEEN, successor to Phillip J. Davis as Director, OFFICE OF FEDERAL CONTRACT COMPLIANCE; ANDREW MARK CUOMO successor to Nelson A. Rockefeller as Governor of the State of New York; ROBERTA REARDON as successor to Louis J. Levine as Commissioner of the NEW YORK STATE DEPARTMENT OF LABOR; NEW YORK STATE DEPARTMENT OF LABOR; BUILDING AND CONSTRUCTION TRADES COUNCIL OF GREATER NEW YORK, NEW YORK BUILDING; AND CONSTRUCTION INDUSTRY BOARD OF URBAN AFFAIRS FUND, NEW YORK PLAN FOR TRAINING, INC.,<br><br>     *Defendants previously named,*<br><br>JOHN MERCADO, MANUEL MEJIA, FIGHT BACK, and NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>     *Defendants previously named as Plaintiffs, as their interests may appear,*<br><br>Oriska Insurance Company and the Oriska Corporation,<br><br>     *new Defendants as their interests may appear.* | **THE APPRENTICE who never was**<br><br><br><br><br><br>CLASS ACTION COMPLAINT<br><br>INDEX NO.<br><br><br>RJI:<br><br><br>A PRIVATE ATTORNEY GENERAL ACTION |

i

Plaintiff, Albert E. Percy, by and through his attorney, James M. Kernan, Esq., of the Kernan Professional Group, LLP, as and for its Complaint (the "Complaint") alleges as follows:

**Contents**

I.          PRELUDE ............................................................................... 1

  Lincoln ..................................................................................... 1

  Roscoe Conkling ....................................................................... 2

  Franklin Roosevelt ................................................................... 4

  Lyndon B. Johnson .................................................................. 5

II.         PRIVATE ATTORNEY GENERAL ACTION ......................... 6

III.        BASIS OF THIS COMPLAINT .............................................. 9

  Precedent, Authority and Jurisdiction ..................................... 9

IV.        CLASS COUNSEL ................................................................ 11

  Percy has retained counsel experienced in the prior case here being continued, who has experience peculiarly qualifying him to bring this plenary action – James Kernan ............... 11

V.         CLASS REPRESENTATIVE ................................................. 22

  Percy as the Class Representative ........................................... 22

VI.        PARTIES ............................................................................. 23

  PLAINTIFF: ........................................................................... 23

  DEFENDANTS: ...................................................................... 23

VII.       PRIOR PROCEEDINGS ...................................................... 26

  Standing as a Class ................................................................ 26

VIII.      THIS PLENARY ACTION ................................................... 27

  Facts: Percy, the Apprentice who never was ......................... 27

  The Advocates ........................................................................ 37

  Alternative Employment Practice Demonstrated by the Advocates: the Percy Program ....... 38

  Defendants Violate 42 U.S.C. §2000e−2(k)(1)(A)(ii) in Refusing to Adopt the Percy Program as an Alternative Employment Practice ..................................... 42

  Defendant US Department of Labor and the Executive Branch Office of the President of the Unites States Refuse to Adopt the Percy Program ................................................ 43

  Defendant Governor of the State of New York and Defendant State, Offer a Settlement of Percy v. Brennan which is Unenforceable ........................................... 43

Defendant State and its Agencies as Owners, Refuse to Adopt and in fact Actively Undermine the Percy Program ................................................................................................ 45

Defendant Office of Federal Contract Compliance ("OFCC") of USDOL Fails in its Responsibility of Discharging the functions of USDOL under EO 11246 .............................. 46

Owner NYS Empire State Development Corporation Refuses to Adopt the Percy Program.. 47

Owner the Port Authority of New York/New Jersey Refuses to Adopt the Percy Program ... 47

Owner the Metropolitan Transportation Authority Refuses to Adopt the Percy Program..... 47

Owner the New York Dormitory Authority Refuses to Adopt the Percy Program................. 48

Owner the School Construction Authority Refuses to Adopt the Percy Program.................. 48

Owner the State University of New York Refuses to Adopt the Percy Program .................... 48

Owner the City Of New York and its Agencies Refuse to Adopt the Percy Program ............. 48

IX.           LIABILITY IN UNDERLYING TAG-ALONG CASES .......................... 49

Percy Class as Third-Party Beneficiaries of Contracts ......................................... 49

Tag-along Cases ........................................................................................... 57

X.           CHRONICLE AFTER PERCY V. BRENNAN ....................................... 58

Complying with Percy v. Brennan Affirmative Action and Davis-Bacon Employee Benefit Requirements for Bidding on Public Works Projects ............................................ 58

Oriska Corporation and Oriska Insurance are Created to Ensure Affirmative Action Success for the Percy Program ................................................................................ 59

Oriska Corporation owns 100% of all of the issued and outstanding shares of Oriska Insurance Company ........................................................................................ 60

Oriska Corporation becomes an Apprenticeship Sponsor ........................................ 61

Oriska Insurance launches Surety Bonding and Insurance Programs to assist disadvantaged workers ......................................................................................... 61

US Treasury Ensures Oriska Insurance can help Disadvantaged Contractors Compete on Public Works Projects and Participate in Growth Opportunities. .......................... 62

Surety Reinsurance Gives Oriska Insurance the Capacity to Help Disadvantaged Contractors in all 50 states. .......................................................................... 62

Percy brings its Employment and Training Opportunities to the Greater New York City Metropolitan Area ............................................................................... 63

Kernan Lends His Expertise to the NYS Department of Labor Task Force on Apprenticeship Training ......................................................................................... 63

Bonding and Mentoring Program with the USDOT and SBA Targeting Disadvantaged Contractors ......................................................................................... 64

Kernan's Success Leads to an Appointment on the USDOL Rulemaking Committee........... 65

USDOL Audits the Percy Program ................................................................. 68

Carpenters Union Launches Suit as Legal Challenge to Percy Program to Close Down Oriska's Mentorship and Apprenticeship which Helps Disadvantaged Workers Become Journeypersons. ................................................................................................................... 69

New York State Inspector General Subpoenas Oriska's Records Related to the Percy Program at the approved Training Center at the Maritime College in the Bronx ................................. 70

Oriska Apprenticeship and Training Programs were found to be in Compliance with NYS and US DOL Laws ...................................................................................................................... 71

Organized Labor Attempts to Prevent Contractors from Competing for Public Works Projects by Questioning the Percy Program, Pressure from Unions and State Force Empire Association to Sell Oriska Insurance ........................................................................................................ 72

During Sale Process of Oriska Corporation Kernan Discovers the Buyer, Robert "Skip" Anderson Sr, is a Felon and Reports this Fact to the DFS ..................................................... 72

California Regulators Investigate Counterfeit Workers Comp Policies, Anderson Associate Zogob Imprisoned ......................................................................................................................75

The California Confidential Investigation File ("CCIF") .........................................................75

DFS Was Informed of Anderson's Unauthorized Selling of Workers' Comp Policies, DFS allows use of Anderson as a Resource to Fix the California Disputes ..................................................77

Kernan Gains a Sister Insurance Company in Florida When He Takes Over Oriska ............. 78

Kernan Transfers His Interest in a Real Estate Venture, "Trails Crossing", to Heinrich/Anderson as Consideration for Acquisition of IPA ................................................. 79

Oriska Receives $5 Million to Reestablish Bonding and Mentoring Program to Restart the Percy Program ....................................................................................................................... 80

State DFS Prevents Oriska Insurance from Writing New Business, NYS Supreme Court Eventually Overturns Decision................................................................................................ 80

US Treasury Certificate of Authority Denied Because DFS's Decision Preventing Oriska From Writing New Business ............................................................................................................81

Reinsurance Denied due to DFS's Decision Preventing Oriska From Writing New Business 82

History of Multi-State Investigations. Results Were Unremarkable. .................................... 82

Illinois Target Examination: 11/18/2004 -5/1/2005 ............................................................ 82

Florida Financial "Jones" Examination, 4/1/2003–10/1/2003 ............................................ 83

New York Financial "Gralton/Mohamed" Examination, 12/15/2003–12/1/2004 ............... 83

Florida Market Conduct Examination, 3/1/2004–6/1/2004................................................. 83

Florida "David Schleit" Financial Examination, 8/2/2004—11/30/2004 ............................ 83

Illinois "Aim" Target Examination, 11/18/2004–5/1/2005 .................................................. 84

New York DFS Conducts a Coordinated Examination 9/30/2005–12/6/2007..................... 84

The Illinois examination results were unremarkable. .......................................................... 84

The Florida examination results were unremarkable. .......................................................... 84

NYS Superintendent Puts Oriska Into Receivership Only to Have Case Dismissed.............. 85

Florida Financial Examination: unremarkable .................................................................. 86

United States Attorney Finds Insufficient Evidence to Bring Charges Against Kernan. ........ 86

FBI Raid on Oriska Finds Nothing. ................................................................................. 86

The trial of the Receivership action began in November, 2007............................................ 87

The 2007 Judgment Against State ................................................................................. 88

The "Full Partnership" Prosecutorial Team ..................................................................... 89

After Dismissal of Receivership Action, DFS Pushes for Federal Indictment. All Charges are Dismissed Except for Engaging With A Felon, Despite DFS Consent. ................................... 89

The January 30, 2008 Indictment .................................................................................. 89

DFS Misrepresentation ................................................................................................. 91

Exonerating Evidence Withheld by Buzz Sawyer of NYSID During Trial. ............................. 92

Pre-Conviction (Mis)Representation By State Agency As A Full Partner Of The Prosecution Team ........................................................................................................................... 93

After Years of Wasted Resources, the Indictments Were Unwarranted and the Convictions Extracted Were Tainted................................................................................................. 93

Kernan Agrees to Voting Trust in Order to Continue Serving the Percy Program ................ 94

Florida Conducts Another Examination. Once Again, Nothing Found. ................................. 94

Florida Launches Receivership Action Against ICA, Only to Have it Dismissed.................... 95

Florida Directs Transfer of Insurance Company of the Americas .......................................... 95

Kernan Seeks to Make Reinsurance Company of America the First Minority Owned Insurance Company. Illinois Liquidates RCA Instead. ...................................................................... 95

Ongoing Discrimination Against the Percy Class............................................................... 97

NY State Examiner Misleads State of Illinois Investigators, No Wrongdoing Was Found .... 99

A Warrant issued on October 12, 2011 by the State of Illinois against RCA .......................... 99

The State Agency Makes Defamatory Accusations About Employees of Oriska Insurance Company, Accusation Found to be False ......................................................................... 100

Proceedings Before State DFS Agency ........................................................................... 101

February 4, 2013 State Agency DFS Order....................................................................... 102

After the Superintendent Orders Kernan To Divest His Ownership and Control Of Oriska, Kernan Makes A Startling, Agonizing and Disturbing Discovery ........................................ 103

State Agency DFS' Failure to Disclose Spoliation of Evidence............................................. 106

The 2010 Examination .................................................................................................. 107

The 2010 Exam Report.................................................................................................. 107

The 1310 Order ............................................................................................................ 107

Procedural Path to Challenge the Actions of The State.......................................................... 109

XI.                THE PERCY PROGRAM.................................................................................... 109

History of Apprenticeship in the Percy Program ........................................................... 109

Worker Assessment ...............................................................................................................111

OSHA Workplace Hazards Addressed .............................................................................. 112

OSHA 10 and 30 Hour Course ............................................................................................. 112

OSHA 10 Permit-Required Confined Space Entry .......................................................... 113

OSHA Ergonomics................................................................................................................. 113

OSHA Excavation, Trenching and Soil Mechanics ........................................................ 113

OSHA 7600 Disaster Site Worker ....................................................................................... 113

OSHA 2225 Respiratory Protection .................................................................................... 114

OSHA 3110 Fall Arrest Systems .......................................................................................... 114

Fire Safety and Emergency Preparedness......................................................................... 114

American Heart Association First Aid, CPR with AED ................................................... 114

Enforcement of smoking prohibitions .............................................................................. 115

Environmental Training Lead - Renovation, Repair and Painting Class............................ 115

Mold Remediation ................................................................................................................. 115

Blood Borne Pathogens ........................................................................................................ 115

Asbestos Handler................................................................................................................... 115

Lead Worker EPA .................................................................................................................. 116

Apprentice Wages.................................................................................................................. 116

Components of the Percy Program...................................................................................... 116

XII.               REGULATORY APPROVALS OF PERCY PROGRAM...................... 120

XIII.              NUMEROSITY ..................................................................................... 124

XIV.              COMMON ISSUES OF LAW AND FACT ......................................... 124

XV.               JUDICIAL ECONOMY......................................................................... 125

XVI.              AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
GOVERNMENT AGENCIES............................................................................................... 125

XVII.             AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
GOVERNMENT AGENCIES............................................................................................... 126

XVIII.            AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT
GOVERNMENT AGENCIES............................................................................................... 126

XIX.              AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT

STATE           127

XX.           AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT
GOVERNMENT AGENCIES..................................................................................... 128

XXI.          AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ORISKA
INSURANCE AND ORISKA CORPORATION ............................................................ 129

XXII.           WHEREFORE...................................................................................... 130

## <u>THE APPRENTICE</u> who never was

## I.   PRELUDE

## Lincoln

The relief sought from you, the reader, arising out of the Percy v. Brennan Case 73-cv-04279 in the United States District Court for the Southern District of New York, was first identified in the Reconstruction Speech of Lincoln of April 11, 1865, the last speech Lincoln ever made, three days before Lincoln's assassination. It was two days after the surrender of Robert E. Lee's army, ending the Civil War, to a crowd gathered outside the White House calling for President Lincoln, reporter Noah Brooks wrote, "Outside was a vast sea of faces, illuminated by the lights that burned in the festal array of the White House, and stretching far out into the misty darkness. It was a silent, intent, and perhaps surprised, multitude." "Within stood the tall, gaunt figure of the President, deeply thoughtful, intent upon the elucidation of the generous policy which should be pursued toward the South. That this was not the sort of speech which the multitude had expected is tolerably certain."

Lincoln stood at the window over the building's main north door, a place where presidents customarily gave speeches. Brooks held a light so Lincoln could read his speech, while young Tad Lincoln grasped the pages.

The speech introduced the complex topic of reconstruction, in particular apprenticeship for freed-people providing a means to survive and prosper, as it was viewed through the prism of the State of Louisiana. Incensed John Wilkes Booth, a member of the audience, vowed, Brooks wrote "That is the last speech he will make." An acknowledged white supremacist, Booth made good on his threat three days later.

<u>The Lincoln speech of April 11, 1865</u>:

"We meet this evening, not in sorrow, but in gladness of heart . . . . . . .

This plan was, in advance, submitted to the then Cabinet, and distinctly approved by every member of it. One of them suggested that I should then, and in that connection, apply the Emancipation Proclamation to the theretofore excepted parts of Virginia and Louisiana; ***that I should drop the suggestion about apprenticeship for freed-***

1

***people,*** and that I should omit the protest against my own power, in regard to the admission of members to Congress; but even he approved every part and parcel of the plan which has since been employed or touched by the action of Louisiana. ***The new constitution of Louisiana, declaring emancipation for the whole State, practically applies the Proclamation to the part previously excepted. It does not adopt apprenticeship for freed-people***

. . . . . . .

Again, if we reject Louisiana, we also reject one vote in favor of the proposed amendment to the national Constitution [the 14th Amendment Equal Protection and Due Process].

. . . . . . ."

Lincoln envisioned gradual elimination of inequality using apprenticeship in the reconstruction of the Union. Lincoln recognized that freedom without the opportunity to earn a living would be disastrous and only lead to and did lead to misery. Lincoln's proposal occurred when Louisiana wanted to return to the Union. Lincoln identified apprenticeship for the freed-people as the tool to repair and bring the freed people into the mainstream of economic opportunity. Lincoln recognized that freed persons as workers had to be provided skills through apprenticeship to assimilate them into a working, earning and thriving class, without which there would be immense suffering and damages to the freed class. The assassination of Lincoln by Booth 3 days after this speech, frustrated the proposed reconstruction opportunities: "***apprenticeship for freed-people***", a vision not spoken of again since April 11, 1865. Instead, Lincoln's nightmare of disaster and misery came true with lynchings, massacres, and the anarchy of Reconstruction[1] followed by the Jim Crow laws of separation and discrimination[2]. Out of this cauldron of a beginning the 14th amendment grew to ensure equal opportunity to freed people, enter Roscoe Conkling.

## Roscoe Conkling

Roscoe Conkling, US Congressman, and later US Senator from Utica

---

[1] Bibliography Manuscript reference

[2] Bibliography Manuscript reference

New York, at a time when both US Senators from New York State were from Utica New York, the other Senator being Francis Kernan, Conkling[3] enters the story. In 1865 Vice President Andrew Johnson became President and reconstruction of the south began. Conkling had previously been Lincoln's collaborator and supporter in Congress for freeing the enslaved people, and later a staunch support of President Grant's efforts. Conkling began work in earnest on the 13th, 14th and 15th amendments to the Constitution of the United States as a member of the Congressional drafting committee. Conkling's focus was on the 14th Amendment. Conkling understood the phrase "apprenticeship for freed-people" as a fundamental natural right to work, earn, live, and pursue happiness, full equal opportunity that should be afforded to all, including those as freed-people, natural rights of life, liberty and pursuit of happiness.

When Lincoln was assassinated, Conkling rose to the need to determine and assure that the Constitution protected these rights, which lead to the 14th amendment to the U.S. Constitution. Conkling was instrumental to not only implementing emancipation which was granted by the 13th Amendment, but also equal protection of the laws afforded to all persons by the 14th Amendment. The 14th Amendment, drafted by committee, was ratified in 1866. Conkling was a principal contributor on the Committee drafting the 14th Amendment and its equal protection and due process clauses.

Unfortunately, the apprenticeship plank of reconstruction was abandoned in the compromise of 1877 which ended reconstruction[4].

Conkling tried to pursue the Lincoln vision, but the 10 years after Lincoln's assassination, the 10 years following Lincoln's vision of apprenticeship for freed people, were 10 years of anarchy and lawlessness which brought President Ulysses S. Grant and his close friend Conkling to utter frustration. Reconstruction failed to fulfill Lincoln's vision of apprenticeship.

---

[3] Bibliography Manuscript reference

[4] Bibliography Manuscript reference

It was then that Francis Kernan, on an Electoral Commission to settle the Presidential Election of 1876, cast a deciding vote which let apprenticeship for freed people go by the wayside to accomplishing the compromise of 1877 to preserve the Union, end reconstruction, and bring the southern states behind a compromise presidential candidate - Rutherford B. Hayes[5].

Apprenticeship did not again resurface for the benefit of freed persons until the Percy Class sued in 1973 to eliminate discrimination in economic opportunity, eliminate segregation and eliminate disparate opportunity. The Percy v. Brennan lawsuit followed as a result of the civil rights movements of the 1960s. Percy as a Class now complains that if the Class had gotten what was long ago a vision called apprenticeship, a vision not fulfilled even 154 years later, the world would be a much different place today.

## Franklin Roosevelt

Apprenticeship was not formalized as a federally adopted structured program until the National Apprenticeship Act of 1937, and even then was not used as an opportunity to teach skills to disadvantaged persons.

In 1937, the Congress passed the National Apprenticeship Act (29 U.S.C. 50), also known as "the Fitzgerald Act." The Act established a national advisory committee whose task was to research and draft regulations to establish minimum standards for apprenticeship programs. The Act was later amended to permit the United States Department of Labor to issue regulations protecting the health, safety and general welfare of apprentices, and to encourage the use of contracts in the hiring and employment of them.

Much like FDR's Work Projects Administration (WPA), which put the unskilled to work building America's airports, schools, and highways, apprenticeship programs can once again train the unskilled to build today's infrastructure. The WPA maintained and increased working skills; and it enabled the unskilled to take their rightful places in public or in private employment.

---

[5] Bibliography manuscript reference

4

The Fitzgerald Act is administered by the Employment and Training Administration in the Department of Labor. Regulations banning racial, ethnic, religious, age and gender discrimination in apprenticeship programs are located at Title 29, CFR Part 30, but did little to foster affirmative action for equal employment.

Unfortunately, even though apprenticeship was formalized as a federally adopted structured program under the National Apprenticeship Act of 1937, it was not used as an opportunity to teach skills to disadvantaged persons.

## Lyndon B. Johnson

President Johnson is credited with the Civil Rights Act of 1964, later amended in 1991, and LBJ's Executive Order 11246.

The term affirmative action arose from Johnson's 1965 commencement speech at predominantly black Howard University when speaking about the adoption of the Civil Rights Act of 1964, President Johnson declared that equality has to be actual equality, not equality in name, when he said:

"You do not take a man who, for years has been hobbled by chains, liberate him, bring him to the starting line of a race, saying you are free to compete with all the others, and still justly believe you have been completely fair. Thus it is not enough to open the gates of opportunity. All our citizens must have the ability to walk through those gates. This is the next and the more profound stage of the battle for civil rights. We seek not just freedom but opportunity--not just legal equity but human ability--not just equality as a right and a theory, but equality as a fact and a result."

Equal opportunity at its core carries the simple mandate that opportunities should be open to all on the basis of competence alone. This complaint is that the Percy Class lacks the minimum training, skills and preparation needed to be eligible for the jobs that become available, and those who do secure work as a result of affirmative action mandates are often unable to keep their jobs and the dignity of work.

Apprenticeship is the bedrock foundation upon which our country and freedom is based. Opportunity to gain basic trade skills is necessary.

5

Apprenticeship is now identified as affirmative action as the natural right of all peoples because "The greatest wealth results from the greatest economic liberty, freedom of all individuals to work, save, buy, and earn at their pleasure, and economic life would settle into a natural order and productivity would thrive."[6]. A natural right identified in the Declaration of Independence, the US Constitution and the 14th Amendment to the US Constitution mandating equal protection of laws that affect these rights, Apprenticeship envisioned in Abraham Lincoln's last speech, from the balcony of the White House to a crowd gathered on the White House Lawn, announcing the end of the Civil War, twice envisioning apprenticeship for freed people to gradually reconstruct the nation, yet in the 155 years since, not only has it not occurred, it was thwarted by the Defendants herein.

## II.    PRIVATE ATTORNEY GENERAL ACTION

1.    I, Counsel for the Plaintiff, bring this action as a private attorney general action to enforce certain federal laws, contracts, commitments, obligations and covenants to provide affirmative action for equal employment to correct disparate impact and low wages, few fringe benefits, minimal levels of training, and the lack of a career ladder contributing to a chronic workforce shortage, being caused by the neglectful use of Federal Funding ("Federal Funding") thereby impacting not only the Class and safeguarding the welfare of apprentice workers, but as well the general public good. The New York State Department of Law and the US Department of Justice have failed to move against the Defendant Government Agencies, Owners and Employers, as hereinafter set forth, to enforce the covenants imposed upon recipients of Federal Funding to use Federal Funding in such a way that accomplishes affirmative action to foster equal employment opportunity, safety and risk management.

2. This action is on behalf of the Plaintiff Percy Class which has been disenfranchised and denied entry into paid on-the-job-apprentice training ("OJT") to be able to compete for employment on facilities and projects under the supervision of the Defendants EUGENE SCALIA , Secretary of

---

[6] The Wealth of Nations by Adam Smith, studied and emulated by Jefferson and the Franklin over two centuries ago

Labor; THE UNITED STATES DEPARTMENT OF LABOR; CRAIG E. LEEN, Director; OFFICE OF FEDERAL CONTRACT COMPLIANCE; ANDREW MARK CUOMO, Governor of the State of New York; ROBERTA REARDON, Commissioner, NEW YORK STATE DEPARTMENT OF LABOR; NEW YORK STATE DEPARTMENT OF LABOR (hereinafter the "Government Agencies"), in violation of the Civil Rights Act of 1964, and specifically 42 USCA §2000e-2 and §2000d (the "Civil Rights Act"), and in breach of the conditions to contracts regarding Federal Funding from the United States of America, and of rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§§1981, 1983 and 1985, and Executive Order ("EO") 11246 in not using the Federal Funding to provide paid on-the-job-training for a safe, healthy and productive workplace.

3. In misusing Federal Funding, the owners ("Owners") have passed the obligations through to contractors ("Employers") with goals and quotas ignoring the mandates of United States EO 11246, as well as several other federal regulations applicable to contracts involving Federal Funding, causing and continuing to cause disparate impact discrimination that these statutes, orders, and regulations were designed to remedy. Defendant Government Agencies have been ambivalent, or have intentionally or unwittingly provided support to others yet to be identified and not named at this time, who have interfered and obstructed the Percy Program sponsorship of OJT apprenticeship under the Fitzgerald Act (29 U.S.C. §50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and C.F.R. T. 29, Subt. A, Pt. 29 and Pt. 30.

4. Historically, the Percy Class has been locked out of the skilled trades. Without skills and safety training a person cannot progress from being unskilled, except by hands-on and rewarding OJT, to skilled, occupational competence with opportunity of advancing to supervision, or then management, and ultimately the opportunity for company ownership and operation. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, damaging the members of the Percy Class, and damaging the

families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial.

5. The Defendants, individually and collectively, alone and in concert with other still unidentified parties, cloaking themselves with the mantle of public service, utilized and are still utilizing all the power of the Government Agencies, in a malevolent effort to deny the Percy Class an opportunity to compete safely and effectively within the American free enterprise system.

6. By reason of the foregoing wrongdoings of the Defendants, Percy as a Class has sustained serious, irreparable, continuing damages.

7. We (myself as Class Counsel defined at paragraph 14 hereof, the Advocates defined at paragraph 65 hereof, and the Percy Class) seek declaratory and injunctive relief to prevent Defendants named in the original Percy v. Brennan lawsuit, now named in this action by the successor of each Defendant, and other local officials of agencies and authorities as well as Owners and Employers identified in tag-along cases, reference paragraph 150 et seq of this Lead Complaint, from denying Plaintiffs' their rights to OJT apprenticeship and employment in connection with public works contracts, depriving the Percy Class from becoming skilled so as to be able to compete fairly for jobs based on ability, rather than skin color or ethnicity. We bring this action to compel the adoption of an alternative employment practice ("Alternative Employment Practice"), reference paragraph 67 et seq of this Lead Complaint, of providing OJT apprenticeship training within workers' compensation insurance safety training, loss control, and risk management provided to Employer/contractors, made a part of workers' compensation coverage required of all employment on which EO 11246 and the Civil Rights Act of 1964, as amended in 1991, are applicable.

8. We bring this action seeking equitable relief to enforce the Alternative Employment Practice, reference paragraph 67 et seq of this Lead Complaint, which will finally accomplish OJT apprenticeship for freed-people, and we seek money damages in the tag-along actions identified at paragraph 150 et seq of this Lead Complaint.

# III.  BASIS OF THIS COMPLAINT

## Precedent, Authority and Jurisdiction

9. This Complaint is based on the record in US SDNY Case 73-cv-04279, the case file archived as potentially of national significance in St. Louis, Missouri, the case file returned from St. Louis to the National archives in New York City, returned upon the request on behalf of Albert Percy, to and certified by the National Archives to the United States District Court for the Southern District of New York, which record was then filed by ECF as the Docket on Appeal to the United States Second Circuit Court of Appeals[7].

10. This action is brought to enforce the Memorandum/Order ("Memorandum/Order") of Judge Lasker issued by the United States District Court for the Southern District of New York Case of Percy v Brennan Case 73-cv-04279, reported at 384 F Supp 800 of November 8, 1974 and set forth in the Docket on Appeal 17-2273 ECF Docket #99, Appendix 1, Volume 3 of 3, page numbered 640[8], and entered by Order thereon on February 24, 1975 in Case 73-cv-04279, Docket #99, Appendix 1, Volume 3, page 728 ("Order") and closed on May 4, 1977, Docket #99, Volume 3, page 740 and settled by accepting New York State's offer of Executive Order 45 (9 NYCRR 3.45) (EO 45").

11. The Second Circuit Court of Appeals in Appeal 17-2273 established that Case 73-cv-04279 is final[9]. This action is for enforcement of the relief granted

---

[7] Three Appendices making up the Record on Appeal, Docket #99: 17-2273 are as follows:

Appendix 1, Volume 1-3, Docket #97-99, contains the documents certified by the National Archives as docketed in the original paper docket, ECF docket entry 1 in the Lower Court for Case 73-cv-04279;

Appendix 2, Volume 1-4, Docket #100-103 contains the remaining documents certified by the National Archives contained in the file for Case 73-cv-04279.

Appendix 3, Volume 1, Docket #104 contains 2017 documents in Case 73-cv-04279 and documents in Case 15-cv-03942 EDNY.

[8] The documents are paginated in the lower right hand corner to correspond with DOCKETED NATIONAL ARCHIVES CERTIFIED DOCUMENTS DETAILED TABLE OF CONTENTS at the beginning of each appendix

[9] The United States Second Circuit Court of Appeals in Appeal 17-2273 at docket #95 granted Appellants motion accepting the appendices in an appeal

9

by the Memorandum/Order of November 8, 1974 and as Ordered on Order entered thereon on February 24, 1975, and the settlement that followed in Case 73-cv-04279 and is brought in State Supreme Court in Queens County New York as a proper forum in which to enforce the Memorandum/Order and Order and settlement, being where the Class Representative Percy resides.

12. This action asks for equitable relief herein, along with monetary relief in the tag-along actions exceeding the monetary jurisdiction of any inferior courts. This Court's general jurisdiction covers violations of these laws, statutes, executive orders, regulations, rules, federal agreements and covenants which establish conditions for Federal Funding to which persons such as the Percy Class are intended third-party beneficiaries, a dispute within the general jurisdiction of this Court.

13. Venue in this Court is proper because a substantial part of the events giving rise to the claims made herein and in tag-along actions occurred in and about the City of New York. The Owners received and continue to receive Federal Funding on many facilities within the five Counties of the City of New York, identified in the tag-along actions, all planned to be presented to the Litigation Coordinating Panel ("Panel") sitting in accordance with 22 NYCRR 202.69, to be coordinated with this lead action (hereinafter "Lead Action").

---

exploring whether Case 73-cv-04279 had been finally determined. The Appeal was dismissed at docket #138 in appeal 17-2273, establishing that the Memorandum/Order and Order were final. Now the proper forum in which to enforce Memorandum/Order and Order and settlement is the state court as there is no case or controversy continuing federal jurisdiction.

## IV.   CLASS COUNSEL

**Percy has retained counsel experienced in the prior case here being continued, who has experience peculiarly qualifying him to bring this plenary action – James Kernan**

14. I speak in the first person as the attorney bringing this action, aided by the Advocates identified at paragraph 65 hereof, on behalf of the Percy Class as a private attorney general action.

I first became involved in the issues herein in 1978, reference paragraph 154 of this Complaint.

My experience began in 1968 when, subject to the lottery draft, I enlisted in the US Marine Corps and reported to the Parris Island Recruit Depot assigned to Platoon 1039 for boot camp basic training, graduated on December 8, 1968 and reported for infantry training at Camp Lejeune North Carolina.

I received advanced infantry training at Camp Lejeune/Camp Geiger North Carolina and ordinance ammunition training at Quantico Virginia. Based on competitive testing I was offered an appointment as a Midshipman in the US Navy pursuant to Title 10 §2107 of the US Code for commissioning as a Second Lieutenant in the US Marine Corps trained for field combat engineering.

I accepted and reported to the Navy Department's attachment at Rensselaer Polytechnic Institute (RPI) for engineering training, to change my MOS from 2311 Ordnance to 3102 Combat Engineer Officer.

Orders were in preparation for my assignment to the First Marine Combat Engineering Battalion of the First Marine Division for permanent duty station Pendleton, California upon being commissioned as a Second Lieutenant, for processing and deployment to South Vietnam. Then, in the early months of 1971, enemy engagement ceased and the US withdrew from South Vietnam, combat engineering strength went from more than 20,000 to by May 1971 less than 1000. On May 24, 1971 the First Marine Combat Engineer Battalion withdrew from South Vietnam and shipped back to Pendleton, California. The last Marine Corps ground action in Vietnam was in May 1971. The withdrawal which began on January 1, 1971 was complete

11

by the end of May 1971. This was at the same time that anti-war protests were reaching their peak and on June 13, 1971 the Pentagon Papers began to be published by the New York Times.

When Field combat engineering officers were no longer needed in South Vietnam, preparations for my deployment ceased. Instead I was offered the option of a duty station stateside or I could decline the commission and retire from military service. On June 21, 1971, I volunteered to forego the commission and retire. My discharge rating on a scale of 1 to 10, was scored 9 on intelligence, with a "Highly Recommended" "evaluation to be considered in the future for determination of acceptability for other officer training", with remark pertaining to the evaluation that "Kernan has demonstrated excellent potential for leadership".

On July 8, 1971 I was released from duty by the Department of the Navy and with my DD214 Honorable Discharge from enlisted ranks of the US Marine Corps, I mustered out. I put my uniforms in mothballs and put my military service behind me; it was a single line on my resume. In those days from 1968 to 1971 it was not cool to be in the military. I now have a renewed pride in having served honorably as a United States Marine. I have become a member of the American Legion, Vietnam Veterans of America, the Marine Corps League and the Commander of the Battle of Oriskany Masonic War Vets, regaining pride in my military service, having gotten over the Vietnam circumstances.

I did not then recognize that my military service was the underpinning for what has become Percy Jobs to Careers. In civilian life over the next 40 years, I have put my military experience and training to use with Percy Jobs to Careers.

I left military service returning to civilian life as a veteran trained as a combat engineer in demolition, explosives and ordnance, skilled in civil and mechanical trades for demolition support, field construction of machinery, structures, systems and controls. I took a civilian job as a field explosive demolition engineer supervising blasting and drilling crews. After working in the field, I was transferred to the main headquarters of Hercules Inc., a chemical and explosives manufacturer formerly affiliated with DuPont, located in Wilmington, Delaware.

12

I completed my BS degree in mechanical with civil engineering from Rensselaer Polytechnic Institute in 1972. I was promoted in 1974 to Senior Engineer at Hercules, Inc. I served four-years as an engineer-in-training apprentice with advanced placement for military service and training in civilian work, enabling me to sit for the engineer-and-training and professional engineering exams simultaneously, and upon testing in 1976 became licensed as a Professional Engineer in Delaware and New York.

While working for Hercules, I attended night law school, completing in 1976. I sat for the New York bar exam and was admitted to the practice of law in New York in 1977.

I was recruited in 1978, reference paragraph 154 hereof, to work with the team pursuing an apprenticeship program based on a 1974 award by the Federal District Court for the Southern District of New York which required affirmative action for equal employment opportunity by apprenticeship training in enforcing Presidential EO 11246, a class action brought by Albert Percy, Class Representative for the Percy Class. I was recruited to provide technical research on affirmative action needed to implement the apprenticeship awarded by Judge Lasker.

In 1979, I was recruited as a junior attorney by Judge Walter F. Bliss, reference paragraph 156 of this lead Complaint, retired Justice of the Third Department Appellate Division New York State Supreme Court, the designated appellate court considered expert on Workers' Compensation issues. With my knowledge of trade skills, I developed OJT apprenticeship to meet the affirmative action demands of the 1974 case of Percy v. Brennan within the framework of the Federal Davis Bacon Act of 1931, the Apprenticeship Act of 1937, and New York State Labor Law.

This became the Percy Program (XI THE PERCY PROGRAM at paragraph 455 et seq of this Complaint) providing benefit programs in compliance with the US Davis-Bacon Act (40 USC §§276a to 276a-5) and Article 8 of the New York State Labor Law, reference paragraphs 156-158 of this Lead Complaint, providing 24 hours of protection, paragraph 487, 488 of this Lead Complaint, for health, disability, medical care and lost wages, encouraging that workers stay with their employer. The Percy Program fosters depth of experience and skill in the workforce.

I began a career path which began with OJT apprenticeship, advancing to a career where I founded Percy Jobs to Careers, creating a pathway for anyone to advance, which includes rewarding skilled trades, advance to business ownership and beyond, an individual's choice.

My career path was as a junior attorney with skills in the crafts and engineering expertise, developing OJT apprenticeship to meet the demands of affirmative action of the case of Percy v. Brennan, described next here as the legal foundation for this plenary action, eventually becoming Percy Jobs to Careers Apprenticeship Training 501(c)(3) non-profit entity and the entities and facilities described herein at X. CHRONICLE AFTER PERCY V. BRENNAN, referenced at paragraphs 154 et seq of this Lead Complaint, established to support and accomplish apprenticeship.

For 40 years I have been involved with Apprenticeship under the National Apprenticeship Act of 1937. Apprenticeship under the National Apprenticeship Act of 1937 can occur by three methods: (1) through a joint apprenticeship labor-management counsel involving unions, (2) by sponsorship by an employer, or (3) by sponsorship by a trade association.

I have developed Apprenticeship for various occupations through a trade association and by individual employer sponsors, involving learning a skilled occupation through both on-the-job training (practical, paid experience) and learning the related technical knowledge in a classroom (related classroom), paragraph 154-158 of this Lead Complaint.

I have represented the Percy Class as the complaining party under 42 U.S.C. § 2000e–2(k)(1)(A)(ii) in making the requisite demonstration of an Alternative Employment Practice described in subparagraph (C) set forth at paragraphs 76-110 of this Lead Complaint, as required by 42 U.S.C. § 2000e–2(k)(1)(A)(ii). However, the Defendant Government Agencies have ignored implementation of OJT, causing unfair employment practices and detrimental disparate impact for which the Percy Class set forth at paragraph 1, 37, 83, 97, 104, and 113 et seq of this Lead Complaint.

I chartered Oriska Insurance Company ("Oriska") and obtained licenses to write workers' compensation insurance, health and disability coverage in a plan or program with high deductible loss sensitive provisions,

the Percy Program. In fact, Oriska is the only carrier in the country with the licenses and authority to offer the Percy Program, paragraphs 164-166, 455 of this Lead Complaint.

I obtained association approval for Oriska Corporation as an apprenticeship sponsor, paragraph 167-169 of this Lead Complaint.

I implemented the Alternative Employment Practice requiring all employers covered by Oriska workers' compensation insurance to be members of the association sponsoring apprentices and other human resource employment benefits through Professional Employer Organizations, paragraph 491 of this Lead Complaint.

I received a designation as an Associate in Fidelity & Surety Bonding by the Chartered Property and Casualty Insurance Underwriters Society. I also was a confidential law clerk to New York State Supreme Court Justice John R. Tenney, sat as Village Justice for the Village of Oriskany, NY, sat as acting City Court Judge in the City of Utica, NY, and was on the panel of arbitrators of the American Arbitration Association.

I have been a certified risk control and return-to-work specialist under New York State Department of Labor Industrial Code Rule 59 & 60 since 1997. I analyzed risk exposure for employer business operations, reporting, and recommending methods to reduce exposure with follow-up verifying implementation.

I obtained registration for Apprentice training programs in 1991 with the New York State Department of Labor, paragraph 160-164 of this Lead Complaint.

I developed work processes for On-the-Job training and related classroom instruction for skilled trades: carpenter, heating, ventilating and air conditioning, plumber, steam fitter, mason, steelworker, roofer, operating engineer, electrician, and skilled laborer. In development are personal care, health care workers, nurse aide, activity director, dining services, environmental services, home health aide, rehabilitative aide, medication aide, hospital maintenance worker, reference paragraph 161 and 480 of this Lead Complaint.

I was appointed by the Commissioner of the New York State

15

Department of Labor to the Apprenticeship Training Task Force to establish guidelines for classroom instruction in the skilled trades, paragraphs 184 et seq of this Lead Complaint.

I was appointed by former US Secretary of Labor Alexis M. Herman as a member of ERISA §3(40) Negotiated Rulemaking Advisory Committee, for the first rulemaking undertaken by the United States Department of Labor Pension & Welfare Benefits Administration, paragraphs 190 et seq of this Lead Complaint. I was awarded a commendation by Secretary of Labor Herman in April 2000 for my two years of voluntary pro bono work on the Rulemaking Committee, which ultimately resulted in the publication of the ERISA §3(40) Rule, paragraph 203 of this Lead Complaint.

I initiated a successful bonding program guaranteed by the US Department of Transportation and the US Small Business Administration which ran from 1998 through 2002 for independent entrepreneurs, minorities, women, and small and disadvantaged business enterprises, paragraphs 170-179 of this Lead Complaint.

I established in 1991 apprenticeship programs as an Alternative Employment Practice provided with workers' compensation insurance coverage as part of risk-management and loss control by the insurance carrier. All employment is covered by workers' compensation insurance. The Alternative Employment Practice set forth at paragraph 67 et seq of this Lead Complaint, incorporates apprenticeship training into the workers' compensation insurance risk management, loss control and safety training of employees, by enrolling new entrants to the workforce to work alongside existing journeypersons, growing the depth of skilled workers, skilled workers whose ranks are being diminished through age and attrition. The workers' compensation carrier subsidizes the apprenticeship programs by recognizing the savings in reduction of losses which reduces the exposures and liabilities of the claims required to be paid by the workers' compensation insurance carrier.

This Alternative Employment Practice gives the Percy Class an opportunity to compete for employment based on skills rather than the color of ones skin or ethnicity. This Alternative Employment Practice was proposed by the Percy Class to the Defendant Government Agencies,

16

paragraphs 67-110 of this Lead Complaint.

Such apprenticeship includes on-the-job ("OJT") training working alongside an experienced craft person who is able and willing to transfer their know-how to inexperienced, although enthusiastic apprentices as the apprentice learns by doing the tasks of the craft. An acceptable apprenticeship program is vigorous and comprehensive and takes many years for an apprentice to fulfill the requirements as established by Defendants EUGENE SCALIA, Secretary of Labor, THE UNITED STATES DEPARTMENT OF LABOR through its US Bureau of Apprenticeship Training, ROBERTA REARDON, Commissioner, NEW YORK STATE DEPARTMENT OF LABOR, NEW YORK STATE DEPARTMENT OF LABOR, as delegated to the New York State Department of Labor.

Nevertheless, neither Percy nor other members of the Percy Class received the apprenticeship contemplated by Judge Lasker in his decision of November 4, 1974.

Technicians must be able to use the tools necessary in order to yield the best results in relation to the skilled crafts. This can only happen by having the best trained craftsman with specialized skills, training and experience in the industry. Specialized personnel, required to work in extreme and often isolated work conditions and locations must maintain safety and responsibility under harsh conditions and must be able to use material, equipment and innovation in planning and organizing. Trained personnel, materials and equipment are necessary to maintain facilities relied on by the general public for basic everyday needs of clean water, sewage treatment and electrical power distribution. Trained personnel must be knowledgeable in safely using structural materials to deliver those utilities by pipe, conduit, component parts, pumps, controls, belts, and knowledgeable in the mechanics of materials and methods utilizing pressurized systems and pneumatic tools.

There are a wide variety of specialized jobs in many diverse industries requiring highly skilled employees, dependent on the ability of members of a team to properly produce results with a qualified team of technicians, mechanics, and engineers.

17

Working on a crew and under special circumstances alongside an experienced journeyman, an apprentice finds out what it takes to get the job done and move up in rank to more sophisticated and higher-paying jobs, possibly eventually becoming supervisors, owners of businesses or industry leaders as a result of their valued experience.

Everyone starts out at the bottom of the ladder in a scale of pay commensurate with entry level positions, experiencing all the duties and responsibilities beginning with the basics of cleaning up and setting up for work processes. There are long work hours and the work is generally hard but the pay is good starting out. Then, with the proper training, promotion to higher-paying and more responsible positions, which occurred for me in a relatively short period of time.

Mechanical tasks are needed to take care of equipment and facilities, checking for faults and leaks in pipes and fittings, using manual wrenches, compressed air tools and installing, starting up, repairing and maintaining pump and engine parts that are needed to service the utilities which the public relies upon, but take for granted. All of the jobs work as teams or with experienced craft persons. Even an entry-level worker must have good knowledge of mechanical systems, be skilled at working with hand and power tools, as well as able to repair any tool that breaks. Training in safety protocols and emergency procedures is an absolute must. Knowing how all equipment and systems work and the importance of knowing production methods is essential, along with the ability to check and maintain systems and machinery daily, while on the job, for upkeep and maintenance.

Many jobs depend on the way that crews are set up under the supervision of a skilled journeyperson, manager or tool-pusher. Responsibilities include getting the work done safely, efficiently and within regulations set down by government and company authorities. The work requires excellent organizational skills, communication and listening skills to be capable of working quickly with an eye for detail. A worker who is new to a worksite and facility must be able to work well with others in order to develop good crews capable of working efficiently together, and to sort out which crews are not working to the best capacity as a team.

The workers and members of the crew must be responsible for

18

operations, hoisting equipment and managing the work floor, which may include breaks, monitors, throttles for equipment, measurements, reading and other feedback from equipment to allow adjustments to be made and tuned as they become necessary. A supervisor or journeyperson working with new recruits must assure that the crew is aware of the safety measures and that all are followed to the letter, with regular safety drills and meetings being scheduled by a foreman or supervisor for all personnel, to make sure that the rules are being closely monitored and followed.

A site supervisor is a journeyperson who oversees the entire operation who started out low on the ladder before graduating through the hierarchy of the crew, starting out as a trainee apprentice learning about the trade in a classroom and on-site. The experience is accomplished under the watchful eye of a journeyperson trainer. After learning the basics of the trade, workers can move up to positions with more duties, responsibilities and pay, taking on more specialized duties on the job site which require additional training and certification in particular fields of specialized trades, becoming a qualified member of a work team.

A dependable and smooth-running group of crews is created by having craftsman who have learned their job by coming up through the ranks. Constraints and vigorous apprenticeship training provide the level of experience that a worker can draw from, while handling the many responsibilities of the crew and honing superior leadership skills while on-the-job.

Managerial skills require precise organizational practices with a background of courses and related classroom instruction, which include safety, management and organizational skills as well as ongoing training throughout the career to keep abreast and maintain knowledge of new equipment, systems, safety and regulatory changes, first-aid, fall protection, dangerous conditions, infectious diseases, hazardous materials, rescue and other training courses needed.

There are many paths of advancement, but a person must be on-the-job in order to obtain the necessary skills for advancement. These jobs take a special type of person especially adept and able to undertake many strenuous and challenging job duties.

19

The work requires that the craft person be physically fit and have a strong work ethic which allows continuation until a job is done, not quitting halfway through. The public are relying upon basic utility systems and the workers who maintain them to be capable of doing the work and undertaking these important duties. They must be able to work outdoors and in inclement conditions for long periods of time, regardless of weather conditions where the work is hard, but the compensation is worth the effort. Workers must be capable to control, listen, maintain, check regularly for vibration and other operational problems and keep equipment in good repair, inspecting all aspects of their operation while helping out with training new crewmembers.

Industries have many diverse fields of experience that constantly require an influx of trained and experienced personnel to help keep industries going.

Today there is an obvious shortage of skilled labor. If the Percy Class had received the promised apprenticeship, people who need jobs today would have the skills to compete for rewarding and good paying jobs.

Today, Percy continues as the class representative to develop skilled persons trained and capable of keeping society's infrastructure functioning. This cannot happen without the educated, skilled, salt of the earth, labor of hardworking Americans. But nothing is possible without proper training and safety.

This action has been brought on behalf of similarly situated persons alleging that Government Agencies and authorities, Owners and Employers, in violation of various statutory and common laws, failed to implement the regulations and executive orders which guarantee the right to equal employment opportunities under the Civil Rights Act of 1964 and as amended in 1991, when presented with a demonstrated Alternative Employment Practice which the Defendants and Owners failed to adopt, paragraph 54-110 of this Lead Complaint.

Now the Percy Class as the "complaining party" has "demonstrated" an Alternative Employment Practice, paragraph 67 et seq of this Lead Complaint, incorporating OJT into workers' compensation insurance as the

vehicle to alleviate disparate impact by providing fully compliant apprenticeship meeting the requirements of the National Apprenticeship Act of 1937, incorporating OJT apprenticeship into workers' compensation insurance safety, risk management and loss control. This is the Alternative Employment Practice.

The skilled trades are in constant need of new and experienced personnel able to handle the many changing aspects of the industry where the range of experience required for workers is always evolving. Continuing education will allow employees to be trained and be up-to-date on new equipment and methods and to be able to handle the day-to-day operations that all depend upon.

The Percy Program was chartered in 1990 and received licenses in 1993 for the following lines of business: Health & Disability, Workers Compensation, and Fidelity & Surety Bonding, paragraphs 166 of this Lead Complaint.

The Percy Program also guarantees that the independent entrepreneurs, minority and women owned business enterprises it bonds have the appropriate training and mentoring to qualify for the work and equal employment. The Program provides surety bonds for independent entrepreneurs, small and disadvantaged business enterprises and provides for "mentoring" of each of the independent entrepreneurs, small and disadvantaged minority and women business enterprises it writes a bond for, whereas larger carriers merely adjust and pay claims but do not seek to aid and assure the performance of the principal. Other carriers look at the risk of loss in terms of whether a fortuitous event requires payment on a bond and alternatives are examined in only financial terms instead of considering the human aspect of work product, job performance and growth through performance as has been and will continue to be fostered and mentored through the unique Percy Program.

Carl Evans with Irving Hurdle, Webster Gillory, Walter Fauntroy, Roger Edmunds, Anthony Robinson, and Lynette Barnhardt, and myself as counsel to Percy (referred to hereinafter as the "Advocates"), comprised a team working presenting the Alternative Employment Practice to the Defendants, as described at paragraphs 65-110 of this Lead Complaint, all

to no avail because the Defendant Government Agencies and authorities have refused the plight of the Percy Class, frustrating the Alternative Employment Practice, failing to enforce EO 11246 and the mandates of the Civil Rights Act.

I am especially knowledgeable about the unique opportunities available to the Percy Class through apprentice training, employee benefits and surety bonding to enable disadvantaged persons to have skills and means to compete.

I am working with the Minority Business Enterprise Legal Defense & Education Fund ("MBELDEF"), an organization that seeks to protect the civil rights of disadvantaged persons, including the right to equal employment opportunity, and they as well as I am experienced in this type of litigation brought by the Percy Class.

The Percy Class is represented by a legal team experienced in this struggle and competent in civil rights litigation. Despite spending over two decades fighting to defend and keep the viability of the entities, licensing, authority, and goodwill intact (reference Section X. CHRONICLE AFTER PERCY V. BRENNAN at paragraphs 154 et seq of this Lead Complaint), now we are ready to step forward once again, mature and wise having been tested and survived, with all of the tools still in force and viable, reference paragraphs 455 et seq of this Lead Complaint, that were developed to implement the relief to which the Percy Class is entitled.

## V.    CLASS REPRESENTATIVE

## Percy as the Class Representative

15. Plaintiff Albert E. Percy ("Percy") has and will fairly and adequately protect the interests of the members of the Class. Percy has no conflict of interest with the members of the Class.

Percy resides at 119-09 232 Street, Cambria Heights, NY 11411-2223, where he owns a residence and is an active registered voter in election district 70 in Queens. Percy is the Class Representative in the above captioned lawsuit Percy v. Brennan, 3 Civ. 4279; File # 41415384 (S.D.N.Y.) (filed 10/9/1973) (the "Percy Action") for the class of all black and Spanish-surnamed persons identified in Percy v. Brennan.

# VI.   PARTIES

**PLAINTIFF:**

16. Plaintiff Albert E. Percy, ("Percy"), certified as the class representative of the certified class by Judge Lasker in the Memorandum/Order at 384 F Supp 800, page 811 [S.D.N.Y. 1974] in Case 73-cv-04279, Docket 99, Appendix 1, Volume 3, page 663 in 17-2273 (the "Percy Class"), a proper member of the Percy Class, was denied equal employment opportunities, and remains a proper representative of the Percy Class. Percy's personal and business interests and the claims hereinafter set forth are fully aligned with those of the Class.

**DEFENDANTS:**

17. Defendant Eugene Scalia has succeeded Peter J. Brennan as the United States Secretary of Labor and, as such, is the chief executive official of the Defendant United States Department of Labor and is sued in his individual and official capacities.

18. Defendant United States Department of Labor (hereinafter "USDOL") is the agency of the United States government that is charged with the duty of enforcing EO 11246.

    The Department of Labor's Employment Standards Administration was dissolved and consequently the position of Assistant Secretary of Labor for Employment Standards no longer exists.

19. Defendant Craig E. Leen is the Director of the Defendant Office of Federal Contract Compliance ("OFCC") of USDOL succeeding Phillip J. Davis, and, as such, is charged with the responsibility of discharging the functions of USDOL under EO 11246 and is sued in his individual and official capacities. Defendant OFCC is the Office of the USDOL that has responsibility for enforcing EO 11246.

20. Defendant Andrew Mark Cuomo has succeeded Nelson A. Rockefeller as the Governor of the State of New York and, as such, is the chief executive officer of the State of New York and is charged with the duty of enforcing equal employment opportunity requirements applicable in the state of New York and is sued in his individual and official capacities.

The New York State Department of Financial Services is an agency of the executive branch of government of the State of New York under Governor Cuomo. On October 3, 2011, the State of New York created a new department, the Department of Financial Services, which assumed the responsibilities and authority of the former New York State Department of Insurance which had formerly been responsible for the regulation and oversight of insurance companies (referred to as the "DFS" in this Complaint).

The New York State Department of Labor is an agency of the executive branch of government of the State of New York under Governor Cuomo, with Roberta Reardon as successor to Louis J. Levine as Commissioner.

The New York State Division of Human Rights is an agency of the executive branch of government of the State of New York under Governor Cuomo.

These State of New York parties are collectively referred to as the State.

21. Defendant Building and Construction Trades Council of Greater New York, doing business at 71 West 23rd Street, Suite 501-03, New York, NY 10010, is an organization consisting of local affiliates of 15 national and international unions representing working men and women in New York City, and is named here as its interest may appear because it was a party to Case 73-cv-04279.

22. Defendant New York Building and Construction Industry Board of Urban Affairs Fund, referenced in Case 73-cv-04279 as a Defendant, no longer in existence, was an organization established by building and construction trade unions. Most, if not all of its members are also members of the Defendant Building and Construction Trades Council of Greater New York, and is named here as its interest may appear because it was a party to Case 73-cv-04279.

23. Defendant New York Plan for Training, Inc. referenced in Case 73-cv-04279 as a Plaintiff, is no longer in existence, and is named here as its interest may appear because it was a party to Case 73-cv-04279.

24. Defendant the National Association for the Advancement of Colored People referenced in Case 73-cv-04279 as a Plaintiff, has its national headquarters at 4805 Mt. Hope Drive, Baltimore MD 21215, and is named here as its interest may appear because it was a party to Case 73-cv-04279.

25. Defendant Manuel E. Mejia, now deceased, was a Spanish-surnamed citizen of the United States and a resident of the City of New York. He was a construction worker, fully competent to perform skilled construction work as an operating engineer, who was repeatedly denied the opportunity to perform that work by virtue of the discriminatory employment practices prevalent in the construction industry in the City of New York. Plaintiff Mejia was a named Plaintiff in the US Southern District of New York Case 73-cv-04279, Appendix 1, Volume 1, page 5, in the Docket on Appeal 17-2273 in Docket #97-104, and is named here as his interest may appear because he was a party to Case 73-cv-04279.

26. Defendant John Mercado, now deceased, was a Spanish-surnamed citizen of the United States and resident of the City of New York who was able-bodied, intelligent and fully capable of learning to perform skilled construction work. He was repeatedly denied the opportunity to perform such work by virtue of the discriminatory employment practices prevalent in the construction industry in the City of New York. Plaintiff Mercado was a named Plaintiff on the US Southern District of New York Case 73-cv-04279, Appendix 1, Volume 1, page 5, in the Docket on Appeal 17-2273 in the United States Second Circuit Court of Appeals, Docket #97-104, and is named here as his interest may appear because he was a party to Case 73-cv-04279.

27. Defendant Oriska Insurance Company (also referred to herein as "OIC" and, "Oriska Insurance") was and still is a domestic corporation chartered and licensed by the State of New York as a Property and Casualty Insurance Company engaged in the sale and writing of workers' compensation, surety and fidelity bonding and health and disability insurance, maintaining offices at 129 South 8th Street, Brooklyn, New York. Defendant Oriska Corporation (also referred to herein as "OCorp") is a New York corporation which owns 100% of the issued and outstanding stock of OIC, does business at 6 Pennyfield Ave, Throggs Neck, Bronx County, New York. Oriska Insurance

25

Company and Oriska Corporation are sued here as their interests may appear. OIC and OCorp also collectively referred to as "Oriska".

## VII.     PRIOR PROCEEDINGS

### Standing as a Class

28. This action seeks to enforce the United States District Court for the Southern District of New York Order in the Case of Percy v Brennan Case 73-cv-04279 (the "Percy Action" or "Case 73-cv-04279" or "Percy v. Brennan") reported at (384 F Supp 800 [S.D.N.Y. 1974]), the Memorandum/Order, rendered by Judge Lasker on November 8, 1974 in favor of Percy Class, brought on behalf of disadvantaged persons seeking affirmative action in apprenticeship and employment in the New York construction industry.

29. A copy of the Amended Complaint in Case 73-cv-04279 is at Docket #97, Appendix 1, Volume 1, page 58, Docket 17-2273 in the United States Second Circuit Court of Appeals.

30. The title of Case 73-cv-04279 was changed by the Second Circuit Court of Appeals pursuant to FRAP 43(c)(2) and Plaintiff Percy was ordered to revise all of its printing to reflect this changed title which was done at Docket #96-104 in 17-2273, replacing Rockefeller with Cuomo and Brennan with Scalia, as well as other public officials where a new person has succeeded them in office.

31. Standing was found by the Lasker Court in its Memorandum/Order stating the Percy Class has alleged "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions" citing "*Baker v Carr* (369 US 186, 204, 82 S Ct 691, 703, 7 L Ed 2d 663 [1962]); (*see Flast v Cohen*, 392 US 83, 101, 88 S Ct 1942, 20 L Ed 2d 947 [1968])". In Percy v. Brennan, black and Spanish-surnamed workers were alleged to "have been and continue to be denied employment in the New York construction industry, demonstrating the Percy Class continues to have a personal stake", 384 F Supp 800, page 808 [S.D.N.Y. 1974], 17-2273, Docket #99, Appendix 1, Volume 3, page 684.

32. The Memorandum/Order Judge Lasker so-ordered in the Percy Action, Percy v. Brennan, 384 F. Supp. 800, (S.D.N.Y. 1974), page 811 in 17-2273, Docket #99, Appendix 1, Volume 3, page 660, granted Plaintiffs motion to be maintained as a class and found standing to seek relief for the enforcement of EO 11246, as a class of persons that EO 11246 was designed to protect from injuries resulting from racial discrimination within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 USC 1981, and has met the requirements of subdivisions 2 and 3 of FRCP 23. See also, Docket #99, Appendix 1, Volume 3, page 653 in 17-2273.

33. The Class defined and certified by Judge Lasker in Case 73-cv-04279 was "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the Defendant Building and Construction Trades Council of Greater New York" with Plaintiff Albert Percy designated as the Class Representative (384 F Supp 800, at page 811 and also at 17-2273, Docket #99, Appendix 1, Volume 3, Page 660).

34. The Order certifying the Class in Case 73-cv-04279 is at 17-2273 Docket 97, Appendix 1, Volume 3 of 3, page 640, and the final disposition of Case 73-cv-04279 is at Docket 97, Appendix 1, Volume 3 of 3, page 740, respectively.

35. Under the doctrine of collateral estoppel of the Court's February 24, 1975 Order in Case 73-cv-04279, Docket #99, Appendix 1, Volume 3, page 728, and by Appeal 17-2273, this plenary action is to enforce the Memorandum Order of Judge Lasker of November 8, 1974 entered by the Court's February 24, 1975 Order.

36. Percy v. Brennan Case 73-cv-04279 sought and was granted relief as affirmative action for apprenticeship to develop skills and equal employment opportunity.

## VIII.    THIS PLENARY ACTION

**Facts: Percy, the Apprentice who never was**

37. Percy speaks herein in the first person describing the unfairness and depravity is personal, suffering serious, permanent and irreparable economic and social injury and damage as a result of the actions and/or inactions of the

Defendants in not developing less onerous and less offensive alternatives for hiring persons than the disparagement of selection by color of their skin or ethnicity, when all this does is cause an employer to disregard qualifications and competency and instead select employees on an illegal basis of goals and quotas for society's outcasts. This illegal disparate treatment is personal and permanent. Percy's circumstances are common and prevalent to the all the members of the Class.

38. Percy retained the Kernan Professional Group, LLP to represent the Percy Class. James Kernan, substituting for Dennis R. Yeager Esq., now deceased, who was Plaintiff's appearing counsel in the original Percy Action.

39. The members of the Percy Class have been and are ready, willing and able to work, persistently wanting to work, but have been constantly deprived and denied work, awakening the crisis on behalf of the Percy Class attempting to obtain work, and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial.

40. In Percy's words when retaining James Kernan to pursue what was awarded to him and the Percy Class:

Percy asked why he never became The Apprentice? "I waited, faithfully, expecting that the relief awarded by the United States District Court would happen any day and I would be apprenticed, but days turned into weeks turned into months and then years, while I waited."

"What I seek is what was awarded to me. I'm not blaming anyone mind you, I have gone on for years knowing something is wrong, it's as if there is a strange disease that appears to affect black men. You begin to wonder about yourself, but I stupidly lived on in an urban community where forces of disengagement are more formidable than the resources for battling. Now, I finally have my courage up and seek to regain the relief against Secretary Brennan and the government awarded to me and the class I represent by Judge Lasker."

"The lack of action by the Defendant Government Agencies has gone on for years, something is wrong. You begin to wonder about yourself."

28

"What do you do when they have the control? I must shake off the disappointment and come up for air from the sewer of life so many of us have lived in, where for me it was actual." There is a stench in the air, much like when he worked for the wastewater plant. "I know that from that stench comes a cleansed and renewed flow, fundamental to health, survival, growth & development and opportunity. I have made a decision to push on. My greatest social crime is I've stayed quiet and laid low, waiting for word."

"I started out with my share of optimism, believing in hard work with a world of infinite possibilities. I remember my start was in the oil fields of Trinidad as a casual laborer. The job training was working alongside an experienced craft person who was able and willing to transfer their know-how to inexperienced, although enthusiastic, people like me. I was beginning to pick up work as a teenager with Halliburton Industries and its local presence with Tucker. I was an assistant to a drill rig operator as a casual laborer roughneck. I also worked as an auto mechanic, using the tools of the trade, often times under challenging conditions without modern vehicle lifts or pneumatic tools, repairing engines, clutches and breaks alongside an experienced mechanic. When it came time to repair broken metal I was taught to weld learning how to draw a bead, fuse welding rods to adjacent metal pieces with the heat of electric arc, and joining dissimilar metals by brazing."

"When I arrived in New York City in April 1966, I registered for the draft at 42nd Street in New York City. I was inducted into the United States Army at Whitehall Street in New York City in July 1966 and shipped to US Army boot camp at Fort Jackson SC. I reported to Fort Bragg, NC for Advanced Infantry Training. I served in the U.S. Army from 1966 to 1968, during the Vietnam era, rising from Spec E4 to the rank of Sergeant E5, providing leadership training to 2nd Lieutenants from West Point OCS and ROTC at Fort Knox, KY to prepare them for the war zone."

"After my honorable discharge from the United States Army on July 21, 1972, I took a job with J.P. Morgan Chase Bank as a transaction clerk. But I was young and was looking for more physical work so I took a New York City wide exam and was hired on with the New York City Sanitation Department as a mechanic at the Center of Repair Services in Maspeth, New

York. I took a further examination and was promoted to Senior Auto Worker. I then took the oiler examination and was hired at the 26th Ward Wastewater Treatment Plant and began working as an oiler which was the beginning of my career in the sanitation and water pollution plants. At the 26th Ward, I was promoted to the position of Stationary Electrical Engineer and worked under supervisor Walter Boritz and later under Superintendent Garibaldi. I then became the chief Oiler at the North River Water Pollution Control Plant, making sure the plant was maintained and removed pollutants from used water before being discharged into local New York City waterways."

Percy's service extended for 25 years working in sewer plant facilities with pumps and electrical gear as an Oiler, as a Stationary Electrical Engineer at the 26th Ward Pollution Plant, and as an Oiler at Coney Island Pollution Plant, Owls Head Pollution Control Plant, and North River Water Pollution Control Plant.

"North River sticks with me the most where I saved the life of my coworker, Brian Malunat, from drowning in a 15 foot deep sewage influent vat. I remember Malunat shouting ""I am sinking"". With over 9 feet to the bottom, the filth and human waste was filling his boots pulling him under and toward the 6 foot grinder blades where all of the influent and Malunat would be ground into small pieces. He was hanging onto the firehose that he fell in with. He said: ""Percy, please help me, don't let me die this way"", indeed a grizzly death it would have been if he had not been rescued. I put in a ladder and went into the vat, Malunat grabbed me around the neck and I climbed out of the vat with Malunat on my back, laid him on the deck surrounding the vat, hosed him off and took him to the hospital. I took care of my coworkers, workplace safety is so important." The incident was reported in the Daily News and Percy received a commendation from the Commissioner of the New York City Department of Environmental Protection for the rescue at the North River Water Pollution Control Plant, for saving the life of his coworker:

February 6, 1989
Al Percy

30

North River Water Pollution Control Plant
Department of Environmental Protection
135th Street and 12th Ave.
New York, New York
Dear Mr. Percy:

I want to extend a belated thank you and congratulate you for your fine display of courage and intelligence as you saved the life of your co-worker Brian Malunat.

You demonstrated tremendous presence of mind in handling the situation as you did. I am very pleased to know that the Department of Environmental Protection has in its employ a committed and exemplary worker such as yourself. Not only does DEP benefit from this sort of outstanding behavior as a whole, but your fellow workers are clearly very fortunate to have you amongst them.

Thank you for your ongoing committment to the work at DEP and for your willingness to go the extra mile for a fellow employee.

Sincerely,
HARVEY W. SCHULTZ
Commissioner

cc: Asst. Commissioner Edward Wagner
Louis Tazzi

Grateful that he found work and it was meaningful work at the water pollution treatment plants he worked at the barrier and interface between modern industrial, manufacturing, commercial and residential society and its waste and excrement, and our planet, its natural resources and its waterways. "My difficult and dirty chores in excrement stenched confines, shoveling and mopping terrible wastes was so that only clean water, a continuous and life sustaining resource, returned to nature, right back into the environment and into the homes of the living. I worked through the dusty air at the facilities, at times feeling as though I was mentally drowning in the waste flooded bowels of the city of New York, produced by upstream living. I've anguished on why I hadn't simply left and since I remained and waited, why I had not done something to assert myself?"

Percy was not promoted, remaining like underground vermin, making a daily descent into the working bowels of the city, the river of slime.

31

Everyone is connected to the steady flow into the sewers and equally connected to the outflow of cleansed water running out. And while society stands (or sits) unaware, on both ends of the input and output, there is an unseen constant interface which keeps the flow between modern society and our planet moving, people like Percy. Percy is of the machinery that allows urban modern living to coexist with the natural elements of our world, earth and nature. The ever-evolving purification of water increased the life expectancy and elimination of many diseases at its beginning and helped create and grow cities and industries.

Throw in the plum bob to the sewer tanks and it will scarcely reach bottom. There will always be a dark swirling pool of the wastes of society to which everyone, whether they realize it or not, is connected - by the device called a toilet.

Percy is what society relies upon! And yet "I kept my eyes lowered, mumbling, pardon me, pardon me," all the while in the many years that he waited for the promised apprenticeship. Waited, insignificant and yet part of something so significant.

41. Percy never got what he was promised. In 1974 in his landmark Percy Action he won the right for unskilled workers to receive apprenticeship training so they could benefit from good jobs while enjoying the pride that comes from building and maintaining critical infrastructure. Skills are the key to freedom and liberty. Despite a favorable ruling, the apprenticeship never happened. "I speak for the Class, we were denied."

42. The trade that Percy sought to apprentice in was a heavy equipment, operating engineer. When he sought apprenticeship training as a heavy equipment operator he was directed to a Mr. Daniel Murphy who was associated with the New York City Building Trades Association. Murphy advised him to look into becoming an apprentice, but with no success.

43. Since the decision of Judge Lasker in the Percy Action, there has been virtually no meaningful training, no equal employment opportunity envisioned by President Lyndon Johnson upon the signing of the Civil Rights Act of 1964 and the adoption of Presidential EO 11246.

32

44. In the Percy Action, Percy sought to be admitted into the apprenticeship program for himself together with the thousands of persons identified by Judge Lasker in 1974 as the Class.

45. The training that the Class was and is seeking is apprenticeship involving paid on-the-job training coupled with related classroom instruction.

46. "I am still trapped in my own black skin", Percy said and asked why in all these years, apprenticeship envisioned by Abraham Lincoln did not come to pass. Percy was forgotten, Percy said: "all I was looking for is to gain the skills to be able to compete for jobs, not be given jobs for which I was not qualified." Percy and his class are the apprentices that never happened, apprenticeship that Lincoln envision on April 11, 1865. What happened?

47. Percy asked why did he never become The Apprentice? "I waited, faithfully, expecting that the relief awarded by the United States District Court would happen, any day I would be apprenticed, but days turned into weeks turned into months and then years, while I waited." Now, at the close of Percy's days, he seeks the relief for the class, yes, a new generation, but with the same entitlement to apprenticeship, the award is now enforced here. "Even though my skin is black, I would rather be free to compete for jobs based on my skills rather than the special treatment because of color of my skin or ethnicity."

48. The low-income circumstances in the geographic area surrounding the facilities and projects as enumerated as the tag-along cases at paragraphs 150-153 of this Lead Complaint, places the Percy Class members at such a low level because they have been constricted to the low income neighborhood in which their families live. The economic circumstances compel children to leave school at an early age in order to help sustain themselves and the family, where fathers who are unable to provide for their families have left in order to maximize public assistance to family members, forcing uneducated children into illegal jobs such as selling drugs just to survive, who only coincidently happen to be black. These low income economic circumstances tie them to the Percy Class members and other families in the neighborhood, denying them the opportunities they seek for which this action has been brought. These dire economic circumstances can

33

persist for generations, damaging the very fabric of the Class, their families and their neighborhoods.

49. Equal opportunity at its core carries the simple mandate that opportunities should be open to all on the basis of competence alone. The complaint is that you have not afforded the Percy Class the minimum training and preparation needed to be eligible for the jobs that become available, and those who do secure work as a result of hiring goals are often unable to keep their jobs due to lack of skills.

50. The facts set forth herein are typical of the members of the Class Percy embodies, the hardscrabble Class members who are deprived of the opportunity to become fully employed as a skilled craftsperson simply desiring the dignity of work.

51. The Percy Class are the people outside of the headlines, the invisible people that only get noticed when the lights go out, when the water ceases to flow, when the trains stop, when the sewers back up or when the roads and bridges crumble. They are the workforce that ensure society does not come to a halt. And as much as society relies on them, their challenges in securing the skills necessary have gone ignored.

52. This skills deficit is most notable in communities in which chronic unemployment is most prevalent, reference to paragraphs 52-57 of this Lead Complaint. These are also the communities most likely to embrace and benefit from the types of jobs that keep society functioning. The skills they lack are the impediment to moving them from chronic unemployment to gainful employment, and also crossing the skills deficit divide.

53. Since the discontinuance of Percy v. Brennan Case 73-cv-04279, there has been virtually no meaningful correction of skill deficits envisioned by President Lyndon Johnson upon the adoption of Presidential EO 11246, which continues to date as boilerplate in all public contracts.

54. Despite Federal Funding poured into Owners for decades, large clusters of the members of the Percy Class are unemployed, unskilled, poor and disenfranchised in communities surrounded by the very public works projects for whom the Federal Funding was intended to assist. The same disproportionate distribution exists for other measures of economic, social

34

and educational disadvantage. All told, the same small number of Community Districts continue to experience multiple, overlapping conditions of distress. These entrenched neighborhood pockets continue to prove resistant to superficial reform efforts, which fail to combine ongoing training, support services, and a credible pathway to employment. In the methodology described below, Community Districts are ranked according to their combined score of disadvantage based upon each Community District's measures of: a. Unemployment, b. Poverty, c. Public Assistance, d. Low Income, e. No High School Degree, f. Prison Admissions.

55. Research clearly demonstrates that social and economic disadvantage has continued to grow worse in disadvantaged communities across the country since the enactment of Civil Rights Act of 1964 amended in 1991, and EO 11246 in 1965, which have tried levelling the playing field economically for the neighborhoods. These legal initiatives as implemented in practice have failed to produce a reduction in disadvantage as measured by unemployment rates in these neighborhoods. In 1954, 9.9 percent of African-Americans were unemployed. By 2013 that had increased to 13.4 percent (Bureau of Labor Statistics from Pew Research Center). The failure is further evident in our research which shows high levels of unemployment, incarceration , poverty and low levels of education in densely populated minority areas.

56. While the Black unemployment rate in 2013 was 13.4%, the white unemployment rate was half that, 6.7%, a 2-to-1 gap, which has persisted more or less over the last 60 years (Bureau of Labor Statistics from Pew Research Center). According to the Pew Research Center, ". . . labor economists, sociologists and other researchers have offered many explanations for the persistent 2-to-1 gap . . . from differing industrial distribution of blacks and whites to a 'skills gap' between them . . ." The disproportionate disadvantage in educational attainment and employment are certainly consistent with the presumption of a skills gap. Additional conditions of disadvantage such as poverty, dependence on public assistance, and criminal justice system involvement in these neighborhoods suggest that without persistent, concerted, and targeted intervention in the education, skills development, training and employment of these residents,

35

these debilitating conditions are unlikely to be relieved nor fulfill the vision of the Civil Rights Act.

57. Further exacerbating the inequity, automation and new technology are combining to raise the level of unemployment resulting in less and less opportunity for the lower or nonskilled class.

58. Percy became the Chief Oiler at the North River Water Pollution Control Plant, making sure the plant was maintained and removed pollutants from used water before being discharged into local New York City waterways. As an oiler Percy's main job was to oil machinery and check engine equipment for leaks or malfunctions, lubricate moving parts, and check gauges, notably for sewage, lighting, air conditioning, and water systems.

59. This was an important job that required an advanced skill set, a skill set to allow Percy to handle the tasks at the plant and ensure the average New Yorker could enjoy potable water. Without the proper skills, Percy would not achieve his career success. This skill set was not developed in the United States, however, but in the oilfields of Trinidad and Tobago. The unfortunate truth is that the United States does not make the effort to train its own citizens to handle its critical infrastructure needs. Yet Percy is an example of the level of success and responsibility that is achievable when one does have the skill set.

60. Today Percy, the Class Representative in a lawsuit commenced years ago, wants to make sure apprenticeship exists to develop skilled workers to care for the infrastructure and systems that the people of the United States of America rely on. There will always be a need for skilled workers capable of keeping society's infrastructure functioning. This cannot happen without the skilled, salt of the earth, labor of hardworking Americans. Percy is leading the charge so that hard working Americans have access to the skills necessary and the good paying jobs needed to keep the machinery running which manages and protects our Earth. Percy is proof of what is possible. But nothing is possible without the proper training and safety.

61. In the landmark class action lawsuit, Percy v. Brennan, Percy won the right for unskilled workers to receive apprenticeship so they may benefit from good jobs while enjoying the pride that comes from building and maintaining

critical infrastructure. Despite a favorable ruling, the apprenticeship never materialized and today the United States of America faces a shortage of skilled labor and unacceptable income disparity, low wages, few fringe benefits, minimal levels of training, and the lack of a career ladder, all contributing to a chronic workforce shortage. If the apprenticeship promised 47 years ago had occurred, people who need jobs today would have rewarding and good paying jobs. Percy was hoping to train the next generation of workers. The Associated Builders and Contractors has stated that the industry is in need of half a million workers today and even more in the future. They further note the need to expand upon current apprenticeship methods that have left us with a worker shortage.

62. Percy and the Percy Class are intended beneficiaries of the contracts and Federal Funding described herein, as provided for by the Civil Rights Act of 1964, 49 CFR 21, 49 CFR 23, and 49 CFR 26, as well as EO 11246. The wrongful and improper violation of the law by the Defendant Government Agencies, Owners and Employers create barriers which cannot be allowed to continue when the real and ultimate result is permanent irreparable serious damage to a class protected as intended beneficiaries under contracts.

63. Percy as a member of the Class is a proper representative of the Class. His personal and business interests and the claims hereinafter set forth are fully aligned with those of the Class.

64. In the Memorandum Decision on November 8, 1974 in Percy v. Brennan, Judge Lasker addressed the plight of the Percy Class. The Percy Class was defined by Judge Lasker as "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction . . . .", and that is Plaintiff Percy Class and Percy is the Class representative. The standing was certified in Percy v. Brennan.

**The Advocates**

65. Carl Evans with Irving Hurdle, Webster Gillory, Walter Fauntroy, Roger Edmunds, Anthony Robinson, and Lynette Barnhardt, along with James M. Kernan as Percy's counsel (referred to hereinafter as the "Advocates"),

comprise a team which sought unsuccessfully to have the Defendant Government Agencies and Owners require the Percy Class be employed under an Alternative Employment Practice at the facilities listed as Tag-Along cases at paragraph 150 – 153 of this Lead Complaint, and we as a class are ready, willing and able to work, all to no avail because the Defendant Government Agencies, Owners and Employers have denied the Percy Class, frustrating the Alternative Employment Practice, failing to enforce EO 11246 and the mandates of the 1964 Civil Rights Act 42 U.S.C. §2000(e) and §2000(d) (1964) (the "Civil Rights Act"). The Civil Rights Act and EO 11246 are material conditions of contracts, as important an element of the contracts as providing steel for a bridge. The purpose of this litigation is not related to goals for minority employment inclusion, but is instead is a fundamental responsibility on the part of the Government Agencies, Owners and their agents selected to perform work to enforce the provisions of the Civil Rights Act and EO 11246 for the benefit of the Percy Class as third-party beneficiaries, as are incorporated into agreements as conditions to in contracts.

66. The Advocates when explaining the Alternative Employment Practice as hereinafter detailed, explained that lower socioeconomic communities such as the Percy Class face disproportionate negative exposure to market conditions that result from a long-term and discernible lack of fair and equal access to the skills and markets that result in employment. Coincidentally, disproportionate number of blacks among the disenfranchised remains a huge racial justice problem that has existed for the multiple generations separating African Americans in the United States. The Class from disadvantaged neighborhoods have been continually kept of of the major trades, which is not just a relic of past discriminatory practices, but the continuation of present-day conspiracy of separation and consistent poverty that leads to major health concerns and quality of life issues.

**Alternative Employment Practice Demonstrated by the Advocates: the Percy Program**

67. The Advocates of the Percy Program have presented to you, Defendant Government Agencies, and to other Owners, and their agents this Alternative Employment Practice. The Percy Program is part of workers'

compensation coverage as a mandated coverage required by the Employer contractors, so there is no extra cost to the Employer/contractor.

68. The Percy Program is ideally suited to train and create jobs for the Class of disadvantaged persons. The Apprentice Program of the Percy Program is an outgrowth of a commitment to minimize loss and risk in the workplace by educating and training apprentices and journeypersons on safe and healthful practices. Workers' safety is impacted in a positive manner resulting in greater control of risk reducing loss for employers and their insurance carriers.

69. An acceptable apprenticeship program is vigorous and comprehensive and takes many years for an apprentice to fulfill the requirements as established by the US Bureau of Apprenticeship Training and the New York State Department of Labor by means of approved work processes as Appendix A On-the-job training and Appendix B related classroom instruction.

70. The Percy Program first presented to the U.S. Department of Labor Employment Standards Administration in 1984, paragraph 86, and 159 of this Lead Complaint, as an appropriate apprenticeship program for Wage and Hour Davis-Bacon purposes as qualifying under the US Department of Labor Bureau of Apprenticeship Training 29 C.F.R. Subt. A, Pt. 29 and Pt. 30, and yet the Owners have been ambivalent regarding encouraging an Alternative Employment Practice which actually provides jobs and careers to the Percy Class, all the while the Percy Class is ready, willing and able to work, and worse yet, damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, in an amount to be determined at trial..

71. The Advocates explained to you the transformational changes taking place in every industry, tradespersons are requested to keep abreast of technological developments, regardless of age or position in an organization – this has never been more important and represents a powerful key to unlock equal employment. This is an opportunity to give disadvantaged persons the skills to compete and make them desirable to hire based upon their capabilities rather than the color of their skin or ethnicity. This is not accomplished by the swipe of a pen or a provision in a contract. Instead it will take time to

39

infuse the skill and training to give naturally intelligent and industrious persons wanting to improve their lives and allow them to move out of poverty into middle class opportunity, this is just good business. Yet you, the Government Defendants and Owner agencies, have spent over 40 years attempting to enforce goals and quotas which have miserably failed to create skills to compete for jobs, and well they should fail because the goals and quotas flow from a forced interpretation of the vision of the Civil Rights Act and the 14th Amendment to the US Constitution - equal protection. The goals and quotas are just plain contrary to law and it is obvious that the illegal activity has caused very little good.

72. The Advocates explained to you that there is a significant difference between OJT and education or apprenticeship. In order to succeed in today's world of nearly instantaneous and constant technological change, it is important to have both, and to ensure that the Class receives the best training and education. It's the only way to stay on top today, while preparing for, and building, for tomorrow.

73. The Advocates explained to you that OJT is distinguished from education. OJT teaches and education provides tools to continually adapt to changes. An ancient truism says that if you give a man a fish, you feed him for a day, and if you teach a man to fish, you feed him for life. We go a step further: don't just teach how to catch a fish, educate about the art and science of fishing. Go beyond the mechanics of catching a fish and enlighten by explaining the biological forces underlying the key elements of fishing. Give the big picture. Teach the reasons behind the design of the equipment. Teach about water currents, patterns in fish mating and feeding cycles, including economic and environmental trends that impact the life-cycles of fish.

74. The Advocates explained to you that this clichéd old saw about the fishermen illustrates the divide between apprenticeship on-the-job (OJT) and education. OJT is skill-oriented: it is learning how to fish. Education is concept-based — it is learning to see the big picture of why and how things work together. Both are necessary but without OJT the Percy Class never gains the experience to get a job and cannot get a job due to lack of experience.

75. The Advocates explained to you that training someone to do something is task-oriented, it is skill-based. You can train someone to increase their proficiency. A trained person is faster, better able to perform tasks competently and safely. OJT has a skill-based focus training people for performance, educating people for understanding. OJT takes full advantage of the new tools and systems coming onto the market by manufacturers.

76. The Advocates explained to you that OJT is the not only a less onerous alternative, it is the most beneficial and constitutionally acceptable alternative, and is just good business.

77. The Alternative Employment Practice is the "Percy Program" described here at paragraph 67 et seq, and 475 et seq and is the subject of this Lead Complaint.

78. The Percy Program as an Alternative Employment Practice was registered with the New York State Department of Labor effective January 1, 1991, and approved by the New York State Department of Insurance on December 6, 1994, registration and approvals which remain intact.

79. The Percy Program was offered to you as an Alternative Employment Practice by the Advocates, as hereinafter set forth, on behalf of the Percy Class as the complaining party under 42 U.S.C. §2000e−2(k)(1)(A)(ii), and is the required demonstration set forth at subparagraph (C).

80. The Percy Program as an Alternative Employment Practice answers the need for affirmative action to assist the Percy Class in obtaining competitive skills by utilizing registered apprenticeship meeting the requirements of the Fitzgerald Act (29 U.S.C. § 50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Office of Apprenticeship and Training (BAT) and 29 C.F.R, Subt. A, Pt. 29 and Pt. 30. Apprenticeship is the process of learning a skilled occupation through both on-the-job training (practical, paid experience) and learning the related technical knowledge in a classroom. Candidates must be 18 years old, and possess a GED (the Percy Program will help a candidate obtain a GED). Enrollment must be done openly under the procedures established by federal and state regulations for Minimum Qualifications Review and Eligibility List Ranking using: educational

achievement, work experience, seniority, job aptitude, oral interview, and general demographic inquiries to determine a score for ranking for eligibility to be enrolled in OJT and continuing education.

81. The Percy Program as an Alternative Employment Practice develops the skills of the class of persons recruited from within communities mired in poverty, the Percy Class, ready, willing and able to compete for paid OJT with related classroom instruction and continuing education provided as part of risk management, loss control and safety training by the Alternative Employment Practice.

82. Providing to you apprenticeship as proposed by the Percy Program and enrolling the new workforce to work alongside existing journeypersons will grow the depth of skilled workers ready, willing and able to work, whose ranks are being diminished through age and attrition. Disadvantaged persons are given an opportunity, and employers build a reliable workforce, to complete contracts competently and profitably.

83. The 1991 amendment to the Civil Rights Act of 1964 (42 U.S.C. §§2000e et al, commonly referred to as PL Title VII of the Civil Rights Act of 1964 as amended in 1991) set forth a methodology whereby the Percy Class has demonstrated to the Government Defendants and Owners in this Action an Alternative Employment Practice to address the disparate impact of the lack of skills, low wages, few fringe benefits, minimal levels of training, and the lack of a career ladder contributing to a chronic workforce shortage caused by inadequate training of persons in the Percy Class so as to have equal employment opportunity by possessing the necessary skills to compete for jobs.

**Defendants Violate 42 U.S.C. §2000e–2(k)(1)(A)(ii) in Refusing to Adopt the Percy Program as an Alternative Employment Practice**

84. After proper demonstration to you, Defendant Government Agencies and Owners, as set forth below, refuse to adopt the Alternative Employment Practice under 42 U.S.C. § 2000e–2(k)(1)(A)(ii) and as a result the Court is warranted in providing relief to the complaining party Percy Class.

**Defendant US Department of Labor and the Executive Branch Office of the President of the Unites States Refuse to Adopt the Percy Program**

85. The Advocates, on behalf of the Percy Class, complained and demonstrated the Alternative Employment Practice to the Executive Branch Office of the President on March 31, 2011, to Rohm Emanuel when he was Chief of Staff for President Barack Obama, and to Eric Holder when he was the United States Attorney General, and to Hilda L. Solis when she was the United States Secretary of Labor, and to other Secretaries of federal government agencies, such as the United States Department of Transportation and the local and state government agencies to whom federal funds were provided for public work facilities. The Defendant Government Agencies have refused to adopt the Alternative Employment Practice, despite the Advocates submitting a demonstration of the Alternative Employment Practice to the Defendant Government Agencies in submissions for Homeless Veterans' Reintegration Program (HVRP) National Technical Assistance Center Cooperative Agreement(s). Then again on June 29, 2010, the Advocates on behalf of the Percy Class applied to assist the USDOL Homeless Veteran Reintegration and Veterans Workforce Investment Programs DOL Homeless Veteran and the DOL Homeless Veteran Reintegration and Veterans Workforce Investment Programs for Incarcerated Veterans Transition Program (IVTP).

86. The Percy Program as an Alternative Employment Practice was first presented to the U.S. Department of Labor Employment Standards Administration for review in 1984 and was accepted on June 14, 1984 as an appropriate apprenticeship program for Wage and Hour Davis-Bacon purposes as qualifying under the US Department of Labor Bureau of Apprenticeship Training.

**Defendant Governor of the State of New York and Defendant State, Offer a Settlement of Percy v. Brennan which is Unenforceable**

87. In January of 1977 the Defendant State of New York presented to the Lasker Court, Governor Carey's Executive Order 45 in settlement to resolve the issues raised in the Case 73-cv-04279, Docket #99, Appendix 1, Volume 3

pages 749-757, 758-785, 786, 795 and Docket #103, Appendix 2, Volume 4, pages 823, 851 and 860 in 17-2273.

88. EO 45 was presented to the Court in Case 73-cv-04279 in settlement to provide relief to the Percy Class and resolve Case 73-cv-04279.

89. Case 73-cv-04279 was closed without prejudice, Judge Edelstein's Order of May 4, 1977, page 740 of Appendix 1 at Docket #99 in 17-2273.

90. Then the New York Court of Appeals in *Fullilove v Carey* (48 NY2d 826 [1979]) declared that EO 45 (9 NYCRR 3.45) as promulgated by Governor Carey was an unauthorized exercise of legislative power, illegal and unconstitutional and enjoined implementation of the provisions of said Executive Order or promulgating or enforcing any rules and regulations issued pursuant to said EO 45. Decided together with Fullilove v Carey, was *Fullilove v Beame* (48 NY2d 376 [1979]), where the Court of Appeals of the State of New York determined that despite the redeeming social needed for the relief which EO 45 intended, would not save the illegality of the method to provide the opportunity for the Percy Class to acquire necessary skills to compete for employment, *see Fullilove*, 48 NY2d 826). Unfortunately, EO 45 was and is unconstitutional and unenforceable, causing the Percy Class to not receive the relief provided for in EO 45.

91. Despite the illegality of EO 45, it still remains today at *9 NCRRNY 3.45,* with no notification having been made to the Percy Class of its unconstitutionality and unenforceability.

92. The State's actions or failure to act, and failure to notify, were gross negligence and active misrepresentation, causing injury and damage to the Percy Class when the State proffered EO 45 in settlement of Case 73-cv-04279, but it failed.

93. There is an ongoing obligation of the State to notify and correct the misrepresentation about EO 45. What is flagrantly missing from Appendices 1 and 2 is any record that the Percy Class was notified of the unconstitutionality and unenforceability of EO 45 which was proffered in settlement of Case 73-cv-04279 regarding affirmative action, in other words the settlement failed.

94. Notice is absolutely necessary as it would have given the opportunity to the Percy Class to know of the failure of the State settlement, 17-2273 Docket #99, Appendix 1, Volume 3, page 741 and Docket #103, Appendix 2 , Volume 4, page 862, all the while the Percy Class has continued to date as set forth at X. CHRONICLE AFTER PERCY V. BRENNAN referenced at paragraphs 154 et seq of this Lead Complaint, attempting to effectuate the affirmative action relief for equal employment opportunity realized by settlement in Case 73-cv-04279.

**Defendant State and its Agencies as Owners, Refuse to Adopt and in fact Actively Undermine the Percy Program**

95. The proof will show to you that the State has, in fact, interfered with the Percy Program's ability to provide affirmative action in equal employment opportunity, despite the redeeming value of allowing the Percy Program as an Alternative Employment Practice demonstrated to the State by the Advocates on behalf of the Percy Class.

96. The State and the Government Agencies are failing to effectively foster affirmative action, and in fact, the State has no meaningful affirmative action program at all. The State should have allowed a vehicle to provide affirmative action where none exists.

97. The Advocates presented the Percy Program as an Alternative Employment Practice to you, Governor David Patterson, at a meeting arranged by Clemmie Harris, proposing that the State of New York adopt and mandate the Alternative Employment Practice but the State of New York has remained apathetic to the plight of the Percy Class and has not taken effective steps to correct the disparate treatment to the Percy Class, especially where, as here, the State in concert with others yet to be identified in fact have taken active steps to put the Percy Program out of business (reference Section X. CHRONICLE AFTER FIRST PERCY V. BRENNAN at paragraphs 323-454 of this Lead Complaint.

98. Failure by you to notify the Percy Class, covering up, hiding and secreting the State's failure to accomplish the affirmative action relief awarded in Case 73-cv-04279, whether negligently or intentionally, and then taking overt steps to eliminate the Percy Program, is all to the damage of the Percy Class.

45

**Defendant Office of Federal Contract Compliance ("OFCC") of USDOL Fails in its Responsibility of Discharging the functions of USDOL under EO 11246**

99. OFCCP is the agency within the U.S. Department of Labor responsible for enforcing equal employment opportunity laws and affirmative action plan requirements against companies have utilized Federal Funding.

100. Contracts require Owners and Employers to comply with all federal laws, regulations, executive orders, policies, guidelines, and requirements applicable to the acceptance and use of Federal Funding including but not limited to: the Civil Rights Act, Executive Order 11246, 49 CFR Part 21- Discrimination in Federally-assisted Programs and Effectuation of the Act.

101. EO 11246 seeks to implement the anti-discrimination program of the Civil Rights Act. EO 11246 binds the Employers and the Owners. Section 202(1) of the EO provides: The contractor will take affirmative action to ensure equal employment opportunity. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship, 30 Fed. Reg. 12,319 (1965), the "color blind" approach envisioned in E.O. 11246.

102. §202(1) of EO 11246, 30 Fed. Reg. 12,319(1965), provides that: The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that ready, willing and able applicants are employed, and that employees are treated during employment, without regard to their race, color, religion, sex, or national origin. Such action shall include but not be limited to the following: employment upgrading, demotion or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship.

103. As a result of the Defendant OFCC's failure enforce EO 11246 terms of contracts to accept the Alternative Employment Practice or to otherwise comply with the employment of the Percy Class, has damaged the Percy Class by continuing chronic injury and damage to the Percy Class ready,

willing and able to work, , and damaging the families of the members of the Percy Class, their children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a job, deprivation of opportunity, including members of the Percy Classes' children growing up in poverty, significantly disadvantaged in education and skills, struggling to get a jobs reported on analysis by Cadora in 2nd Circuit Appeal 17-2273, Docket #104, Appendix 3, pages 39-57.

## Owner NYS Empire State Development Corporation Refuses to Adopt the Percy Program

104. The Advocates presented the Alternative Employment Practice to Empire State Development Corporation (ESDC) director and the Deputy Commissioner for Community Economic Development, for presentation to Gov. Andrew Cuomo proposing that the ESDC adopt and mandate the Alternative Employment Practice but the ESDC has remained apathetic to the plight of the Class ready, willing and able to work, and have not taken effective steps to correct the disparate treatment to the Class.

## Owner the Port Authority of New York/New Jersey Refuses to Adopt the Percy Program

105. The Advocates presented the Alternative Employment Practice to Lash Green, Diversity Officer of the Port Authority of New York and New Jersey, and to past Executive Director Chris Ward proposing that the Port Authority adopt and  mandate the Alternative Employment Practice but the Port Authority has remained apathetic to the plight of the Class ready, willing and able to work, and have not taken steps to correct the disparate treatment to the Class.

## Owner the Metropolitan Transportation Authority Refuses to Adopt the Percy Program

106. The Advocates presented the Alternative Employment Practice to Michael J. Garner, Chief Diversity Officer of the Metropolitan Transportation Authority (MTA), proposing that the MTA adopt and  mandate the Alternative Employment Practice but the MTA has remained apathetic to the plight of the Class ready, willing and able to work, and have not taken effective steps to correct the lack of affirmative action for the Class.

## Owner the New York Dormitory Authority Refuses to Adopt the Percy Program

107. The Advocates presented the Alternative Employment Practice to New York Dormitory Authority (DASNY) Diversity Officer Paul Williams, proposing that the DASNY adopt and mandate the Alternative Employment Practice but the DASNY has remained apathetic to the plight of the Class ready, willing and able to work, and have not taken effective steps to correct the lack of affirmative action for the Class.

## Owner the School Construction Authority Refuses to Adopt the Percy Program

108. The Advocates presented the Alternative Employment Practice to School Construction Authority through Thacher & Associates proposing that the School Construction Authority (SCA) and MTA adopt and mandate the Alternative Employment Practice but the SCA and the MTA have remained apathetic to the plight of the Class ready, willing and able to work, and have not taken effective steps to correct the lack of affirmative action for the Class.

## Owner the State University of New York Refuses to Adopt the Percy Program

109. The Advocates presented the Alternative Employment Practice to Chairman Carl McCall of the State University of New York for presentation to state Government Agencies for the State University of New York to partner with us to provide the Alternative Employment Practice, proposing that State Government Agencies adopt and mandate the Alternative Employment Practice but the State has remained apathetic to the plight of the Class ready, willing and able to work, and have not taken effective steps to correct the lack of affirmative action for the Percy Class.

## Owner the City Of New York and its Agencies Refuse to Adopt the Percy Program

110. The Advocates presented the Percy Program as an Alternative Employment Practice to New York City Government for presentation to City Government Agencies for the City of New York to provide the Alternative Employment Practice, proposing that City Government Agencies adopt and mandate the Alternative Employment Practice but the City has remained apathetic to the

plight of the Class ready, willing and able to work, and have not taken effective steps to correct the lack of affirmative action for the Percy Class.

## IX. LIABILITY IN UNDERLYING TAG-ALONG CASES

### Percy Class as Third-Party Beneficiaries of Contracts

111. Owners, as the recipients of Federal Funding from the United States of America, have accepted Federal Funding pursuant to terms and conditions that Owners must certify that it will legally, financially, and otherwise require the Employers to employ these funds to accomplish affirmative action in equal employment opportunity for the economic benefit of the Percy Class.

112. Owners as recipients of Federal Funding are required to provide specific assurances which are included in agreements, including but not limited to facilities identified in tag-along actions.

113. The Defendants and Owners have simply passed the affirmative action obligations through to Employer/contractors with goals and quotas for percentage of minority business enterprise participation, goals and quotas which in fact violate United States EO 11246, the Civil Rights Act of 1964 and the US Constitution, as well violating several other federal regulations, regulations specifically identified in contracts involving Federal Funding, outlawing preferring persons based upon race, color or creed, causing and continuing to cause disparate impact discrimination, wrongs that these statutes, orders, and regulations were designed to remedy.

114. The Defendants, Owners and Employer easily could have utilized apprenticeship under the Fitzgerald Act (29 U.S.C. § 50 commonly known as the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and 29 C.F.R. Subt. A, Pt. 29 and Pt. 30.

115. The 1991 amendments to 42 USC § 2000 [e] (Title VII of the Civil Rights Act of 1964) is the same remedy the Percy Class sought in Case 73-cv-04279, training that the Percy Class ready, willing and able to work, was and is seeking is apprenticeship involving on-the-job-training ("OJT") coupled with related classroom instruction under the National Apprenticeship of 1937 ("the Fitzgerald Act"). The State has interfered and continues to

obstruct the mandates of EO 11246 as well as failing to abide by the Civil Rights Act of 1964, and specifically the 1991 amendment 42 USC § 2000e-2 and 42 USC § 2000d, and in breach of the conditions to contracts regarding funds from the United States of America, and of rights secured by the United States Constitution Amendments V, XIV, and 42 USC §§ 1981, 1983 and 1985.

116. The Alternative Employment Practice under the Fitzgerald Act of 1937 satisfies the requirement that the Alternative Employment Practice be in accordance with law as it existed on June 4, 1989 as set forth at 42 U.S.C. § 2000e−2(k)(1)(C).

117. The chain of funding, begins with Federal congressional appropriation, then to the Executive Office of Budget & Management allocation, then to the Executive Cabinet Agencies, then to government agencies who distribute the funds, and finally to the local, state and federal agencies and authorities as Owners. Owners enter into agreements to receive Federal Funding, and then contract with Employers who are paid from the Federal Funding. The Defendant Government Agencies, Owners and Employers as stewards of the Federal Funding, are required to live up to the intent of the Civil Rights Act and all are required to consider this Alternative Employment Practice.

118. Even with disadvantaged business enterprises, systematic racial discrimination existing in the surety bonding of business enterprises who are qualified to perform public works projects, encounter this disparate impact due to pervasive and persistent institutional discrimination placing the Percy Class ready, willing and able to work, at a disadvantage in financing procurement, capital acquisition, obtaining experience and competency to safely perform work, all of which are programs intended to be aided by the Federal Funding. This can be addressed and also be used to develop enterprises which will provide jobs to the Percy Class. Bonding of disadvantaged business enterprises is the second plank of the Alternative Employment Practice presented to Defendant Government Agencies.

119. Community Benefits Agreements (CBAs) and Project Labor Agreements (PLAs), which were expected to generate jobs to low-income neighborhoods, and spark economic development were touted as a groundbreaking to ensure the community as well as the developer would benefit from federally

funded projects. CBAs and PLAs promised, among other things, that jobs would be set aside for minorities and women and that at least 20% of the money spent on construction would go to minority firms and to level the playing field for companies owned by veterans, women, and other minorities, have not had the success envisioned. The CBAs and PLAs have been a dismal disappointment.

120. The Alternative Employment Practice asserted here is covered under and is a part of workers' compensation coverage empowering disadvantaged persons to gain skills to enter the workforce at a level of skill and training which will permit them to rapidly move towards journeyperson status.

121. The Alternative Employment Practice does not require government subsidies to pay for itself, it is paid for by savings generated by savings to workers' compensation coverage managed and committed to on-the-job training, safety, technology education, risk management and loss control to reward the value of hard work.

122. Upgrading skills allows a disadvantaged person ready, willing and able to work, to compete based upon skill rather than the color of their skin or ethnicity, 42 U.S.C. §§ 2000(e)-2(a), is lawful affirmative-action and equal employment opportunity. Fewer young people are entering the skilled trades, employers are struggling to find enough skilled workers to undertake the massive infrastructure projects which are sorely needed. With an expected workforce shortage of craft professionals and service members projected to leave the military over the next five years, it is the "Percy Program" as the Alternative Employment Practice.

123. Workers' compensation coverage is the framework for providing the Percy Program as an Alternative Employment Practice, providing the apprenticeship through safety, risk management in workers' compensation coverage and enrolling the new workforce to work alongside existing journeypersons, will grow the depth of skilled workers whose ranks are being diminished through age and attrition. Disadvantaged persons ready, willing and able to work, are given an opportunity and employers build a reliable workforce to complete contracts competently and profitably. This workers' compensation based program delivers diversity opportunities. The key is having broad work processes available for meaningful long-term

51

opportunities for all aspects of skilled craftsmanship available on large multi-disciplined contracted project facilities.

124. Workers' compensation insurance is a required part of all employment and is an ideal mechanism within which to fit OJT apprentice training so as to foster equal employment opportunity.

125. The Percy Program as an Alternative Employment Practice can be funded by savings workers' compensation costs resulting loss control and safety training, and safe work habits without costing Owners or Employers or diverting any of the funding for the public work facilities. This is accomplished by simply reallocating savings resulting from reducing losses and allocating those savings to pay for apprenticeship out of the premium that is paid for workers' compensation benefits.

126. The apprenticeship program portion of the Percy Program as the Alternative Employment Practice is ideally suited to train and create jobs for the Class as identified by Judge Lasker in Percy v. Brennan, The Apprentice Program as the Alternative Employment Practice is an outgrowth of a commitment to minimize loss and risk in the work place by educating and training apprentices and journeypersons on safe and healthful practices, workers' safety is impacted in a positive manner resulting in greater control of risk reducing loss for employers and their carriers.

127. Written assessment and performance verification will implement career pathways created and endorsed by both industry and education, perfect for service members with construction training and/or experience who are interested in taking the assessments.

128. The most beneficial and constitutionally correct solution that is certainly a less onerous alternative to address and correct the inequity and foster equal employment is for the Owners to require that the Employers provide paid OJT and continuing education for those ready, willing and able to work, as agreed by the Employer Contractors in compliance with EO 11246. The Owners are not relieved from their obligations under the Civil Rights Act and EO 11246 by passing the burden through to Employer/contractors.

129. Although there is some positive benefit of identifying disadvantaged business enterprises to be entitled to special treatment, the 14th amendment does not

permit that to occur, based upon race, color, or creed, either positively or negatively. Minority business enterprise goals or quotas that are illegal, have been disparaging, corrupting and evil, propagating fraud and criminal activity, ***but that is not complained of in this action***. Quotas being used under the guise of fostering disadvantaged business enterprises thereby satisfying affirmative action for equal employment opportunity, has been accepted apparently due to the view that by allowing unequal treatment based upon the color of skin or ethnicity under the guise of equalizing opportunity, that is okay in leveling the playing field? As abhorrent as that may be, ***again, that is not within this Action***. This proceeding is not to challenge that mechanism, but rather to enable the Alternative Employment Practice identified in the Lincoln Reconstruction Speech of April 11, 1865, namely: apprenticeship for freed people.

130. The Defendant Government Agencies, Owners and Employers have failed to provide a mechanism which enables disenfranchised persons ready and able to work, to gain experience on-the-job and join the gainfully employed workforce.

131. The Defendant Government Agencies have conspired, obfuscated, shirked and otherwise simply delegated the responsibility for the enforcement of these regulations, which protect the Percy Class.

132. The Advocates explained that the Class ready and able to work, has consistently been deprived of the opportunity to obtain employment at the facilities and projects which receive Federal Funding.

133. The Owners' and Employers' negligent, capricious, conspiratorial and prejudicial actions in depriving the Percy Class the equal opportunity has been covered up by acquiescing, sanctioning and inducing the use of some minority business enterprise contractors only as fronts in order to appear to satisfy the contract requirements of hiring the identified minority and disadvantaged, failing to place the Percy Class on a level playing field and depriving the Class of vast numbers of real employment opportunities.

134. The Defendant Government Agencies, Owners and Employers must sustain a very heavy burden of justification to show that there are no less onerous alternatives for achieving the purpose of affirmative action in equal

employment opportunity, and yet to exacerbate this inaction, the Government Agencies have intentionally or unwittingly provided support and comfort to others yet to be identified and not named at this time, who have interfered and obstructed the Percy Program.

135. The proof will show as set forth at X. CHRONICLE AFTER PERCY V. BRENNAN at paragraphs 323-454 of this Lead Complaint, that the State has actively supported, comforted and aided scoundrels who have taken improper advantage of the Percy Program, undermining the unique qualities and subverting the Percy Program to the scoundrels' selfish and illegal purposes, undermining the viability of the Percy Program, injuring the Percy Class's efforts to obtain by self-help the relief for which it sued Case 73-cv-04279.

136. The Percy Class ready and able to work, is a proper party to invoke judicial resolution of the dispute. This is not a suit merely for the ventilation of public grievances, there is injury-in-fact as set forth here as damages for lost wages and lost opportunity along with prospective equitable relief enjoining the Defendants from undermining the Percy Program, and mandating adoption of the Alternative Employment Practice. US Presidential Executive Order 11246.

137. This plenary action is brought by Percy on behalf of Class Plaintiffs, to enforce the Memorandum/Order and Order and settlement in the lawsuit by Percy seeking relief as affirmative action for apprenticeship to develop skills and equal employment opportunity enforcing the Civil Rights Act and LBJs Presidential EO 11246, still on the books and written into all contracts involving Federal Funding.

138. This Action is to require affirmative action by providing Apprenticeship Training pursuant Fitzgerald Act (29 U.S.C. § 50, the National Apprenticeship Act of 1937, section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and 29 C.F.R. Subt. A, Pt. 29 and Pt. 30 and as may be delegated by the US Department of Labor Bureau of apprenticeship training and complies with the following New York State Department of Labor regulations: Equal Employment Opportunity in Apprenticeship Training (Part 600), Regulations Governing the Registration of Apprenticeship Programs and Agreements (Part 601),

54

and Labor Law, Apprenticeship Training (Article 23), under the authority of EO 11246, restraints which EO 11246 requires of the recipients of Federal Funding.

139. 40 U.S.C. § 486(a) is the source of the Executive power to issue EO 11246, authorizing the President to prescribe such policies and directives as he deems necessary to effectuate the provisions of Chapter 10 of Title 40.21 and Chapter 4 of Title41. 22, chapters dealing with procurement of Government property and services, not limited to federal assistance programs. The federal government has a vital interest in assuring that the largest possible pool of qualified manpower be available for the accomplishment of federally assisted projects.

140. Discrimination in employment affects the cost and the progress of projects in which the federal government has both financial and completion interests.

141. 42 U.S.C. § 2000e-5(g) imposes no restraint upon the measures which the President may require of the beneficiaries of Federal Funding where discrimination would adversely affect cost and progress of federally funded projects. The strong federal interest in ensuring that the cost and progress of these projects were not adversely affected by an artificial restriction of the labor pool caused by discriminatory lack of skilled craftsmen in employment practices, federal procurement acts provide constitutional authorization for application of EO 11246, providing the nexus between the efficiency and economic criteria of the federal procurement acts.

142. EO 11246 acts to protect the federal government's financial interest in the federal and state projects thereby establishing the sufficiently close nexus sought by the Supreme Court in Fullilove v. Klutznick, 448 U.S. 448, 100 S. Ct. 2758, 2785-90, 65 L. Ed. 2d 902 (1980), where application of EO 11246 must be reasonably related to the Procurement Act's purpose of ensuring efficiency and economy in government procurement in order to lie within the statutory grant of power.

143. The exercise of quasi-legislative authority by the President in his departments and agencies is rooted in a grant of legislative power by the Congress, Chrysler Corp. v. Brown, 441 U.S. at 304, 99 S. Ct. at 1719 U.S. and lies reasonably within the contemplation of that grant of authority, Id. at 306,

99 S. Ct. at 1720, resting upon the close nexus between the Procurement Act's criteria of efficiency and economy and the executive order's predominant objective of containing procurement costs. When the Congress authorizes an appropriation for a program of federal assistance, and authorizes the Executive branch to implement the program by arranging for assistance to specific projects, in the absence of specific statutory regulations it must be deemed to have granted to the President a general authority to act for the protection of federal interests, including all federal procurement contracts and also all federally assisted contracts. In direct procurement the federal government has a vital interest in assuring that the largest possible pool of qualified manpower be available for the accomplishment of its projects. It has the identical interest with respect to federally assisted projects.

144. In Case 73-cv-04279, Percy sought apprenticeship to obtain skills to enable members of the Percy Class to compete for employment. In Case 73-cv-04279, Defendants had a full and fair opportunity in Case 73-cv-04279 to litigate the issue of the enforcement of EO 11246 requiring that affirmative-action be taken to provide apprenticeship to develop skills and equal employment opportunity.

145. The Percy Class has been injured by the Defendant Government Agencies, Owners and Employers violating and continuing to violate the Memorandum/Order and Order by failing to implement regulations and executive orders, specifically EO No. 11246.

146. The issues adjudicated by the Court's February 24, 1975 Order in Case 73-cv-04279, Docket #99, Appendix 1, Volume 3, page 728 in 17-2273 and are enforceable under the doctrine of collateral estoppel with respect to the preclusive effect asserted in this action of the Memorandum/Order of November 8, 1974. Plaintiff Percy Class is entitled to a declaration that the Defendants are precluded under the doctrine of collateral estoppel, from denying the standing and relief for enforcement of EO 11246.

147. For all of the federal dollars poured into public work projects and facilities over these past forty-five years since the decision of Judge Lasker in Percy v. Brennan 73 Civ. 4279, 384 F.Supp. 800 (1974), there has been virtually no meaningful training, enabling the equal employment opportunity

envisioned by President Lyndon Johnson upon the signing of the Civil Rights Act of 1964 and the adoption of the Presidential EO 11246.

148. Parties who would oppose this action should not fear a threat because training the Percy Class in skills and safety will not take jobs, instead it will create economic opportunities which does not currently exist by utilizing the free enterprise wealth of our nation, its labor, to fix its infrastructure of all sorts, which is so desperately needed. Workers are the real wealth of our country, the labor-theory of value. Wealth increases by the output of labor, not by the amount of money or capital accumulated. The greatest physical wealth results from the greatest utilization of our vast diverse workforce, the liberty and freedom of all individuals to work, save, buy, earn at their pleasure, and economic life would settle into a natural order and productivity would thrive [10].

149. These are the necessary elements of a prima facie cause of action for violation of 42 U.S.C. §§2000e et al, depriving rights secured to the Percy Class as the Complaining Party by the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. §§§ 1981, 1983, 1985, and United States EO 11246.

**Tag-along Cases**

150. Work paid for by Federal Funding is analyzed as tag-along cases to this Lead Action. The tag-along actions are as presented to the New York State Litigation Coordinating Panel, filed as related to the Lead Action as cases being coordinated by the Panel, tag-along cases as may be updated from time to time. Additional project facilities will be addressed as the boundaries and limitations of tag-along cases is investigated and expanded.

151. In the five Counties of the City of New York in the past 12 months there have been 1425 public work projects identified here as tag-along cases, on which there were 5,316 apprenticeable opportunities that did not occur for the Percy Class, denying the Percy Class:

$408,059,778 wages, and

_____

[10] It is that free competition and equal employment opportunity that is the wealth of the United States of America, Adam Smith, in the Wealth of Nations, studied and emulated by Jefferson and the Franklin over two centuries ago

$357,052,306 employment benefits, for a total of

$765,112,083 direct damage to the Percy Class for lost wages and benefits.

152. Detailed in each proposed tag-along case is the number of apprentice positions that should have been filled resulting in lost wages listed by facility or project identified by Dodge #[11], Owner and Employer, or is otherwise identified before the Panel.

153. The Defendant Government Agencies are charged with enforcing EO 11246 as contractual conditions to Federal Funding for public work facilities, therefore they are equally culpable with Owners and Employers identified in the tag-along cases for the lost wages, lost benefits and lost opportunity to which the Percy Class is entitled as third-party beneficiarye.

## X.   CHRONICLE AFTER PERCY V. BRENNAN

**Complying with Percy v. Brennan Affirmative Action and Davis-Bacon Employee Benefit Requirements for Bidding on Public Works Projects**

154. In 1978, Kernan was recruited to provide assistance in the preparation of affirmative action apprenticeship training to address the Percy v. Brennan Case 73-cv-042, consulting on benefits with the Percy attorney Dennis R. Yeager Esq., now deceased.

155. In 1979 the relief of EO 45 (9 NYCRR 3.45) proffered by the State to resolve Percy v. Brennan was declared by the New York Court of Appeals in *Fullilove v Carey* (48 NY2d 826) to be an unauthorized exercise of legislative power, illegal and unconstitutional and enjoined implementation of the provisions of said EO 45.

156. In 1981, after the conclusion of the Percy v. Brennan Case 73-cv-042, an adverse decision was issued by the Appellate Division Fourth Department of the New York State Supreme Court in a case brought by the New York State Department of Labor against Lancaster Development, Inc., Madden Construction, Inc., Eastern Rock Products, Inc., and DeLia Construction.

---

[11] The construction related project information (reports, products, data, software, and/or other services) was obtained using commercially reasonable efforts and has been provided by Dodge Data and Analytics.

The Lancaster decision, Lancaster Development, Inc. v. Ross 82 A.D.2d 1013, identified the need for a framework to provide employee benefits, including apprenticeship, to meet supplemental wage benefit requirements in compliance with the New York State Labor Law §220 and the federal Davis-Bacon Act 40 USC §§276a to 276a-5. The remnants of the legal team pursuing relief for the Percy Class, including Kernan and Judge Walter F. Bliss, retired Justice of the Third Department Appellate Division New York State Supreme Court, the designated appellate court considered expert on Workers' Compensation issues, undertook to develop a plan to fit the framework required of Percy v. Brennan.

157. The Plan which included apprenticeship was developed to address the Percy vs Brennan decision and the adverse Lancaster decision and to provide affirmative action that would benefit employees on public work projects and it was submitted for approval to the Defendant United States Department of Labor.

158. By a letter of direction to Kernan on June 14, 1984, the United States Department of Labor, Employment Standards Administration Wage and Hour Division advised that the provisions of the Plans and their accompanying trust and adoption agreements were reviewed and it was the opinion of the United States Department of Labor that they qualified as "bona fide" fringe benefit plans within the meaning of the Davis-Bacon Act and the applicable regulations of 29 CFR Part 5. That craft apprenticeship for workers training to attain journeyman status was allowed to be offset against the fringe benefit requirements only if the US Bureau of Apprenticeship and Training (BAT) or the appropriate State apprenticeship council recognized by BAT has approved the apprenticeship program.

**Oriska Corporation and Oriska Insurance are Created to Ensure Affirmative Action Success for the Percy Program**

159. Oriska Corporation was created in the spring of 1988 to accomplish the Percy Program.

160. Kernan as counsel for the association of employers, obtained registration for Oriska Corporation under regulation 12 NYCRR 601.8 and status as an association sponsor under regulation NYCRR Part 601 Registration of

59

Apprenticeship Programs and Agreements, pursuant to the authority of Article 23 of the New York State Labor Law.

161. Oriska Corporation obtained approvals from the New York State Departments of Labor and Education and Kernan developed and obtained approvals for work processes for the skilled trades of carpenter, mason, electrician, operating engineer, ironworker, waterproofing & roofing, plumber, sheet metalworker, skilled construction labor, and pending health care workers, nurse aide, activity director, dining services, environmental services, home health aide, rehabilitative aide, medication aide, home health aide, and hospital maintenance worker.

162. For purposes of assuring compliance with the Davis-Bacon Act, the Board of Governors of Empire State Highway Contractors Association, Inc. ("Association") set about to form a property & casualty insurance company and develop an apprenticeship program to address the Percy v. Brennan decision. At the same time that the Association determined to sponsor apprenticeship training that would also facilitate equal employment opportunity for minority and disadvantaged persons for the Percy Class to comply with EO 11246 as it may apply to contracts of members of the Association.

163. Through the 1980s, the Employer Member contractors of the Association worked with the New York State Department of Labor and the United States Department of Labor to develop employee benefit programs for their workers, now known as Percy Jobs to Careers.

**Oriska Corporation owns 100% of all of the issued and outstanding shares of Oriska Insurance Company**

164. The Association recruited Kernan to develop the Percy Program, 24-hour protection for workers, helping employer contractors retain experienced skilled workers, forming an insurance company as the vehicle. Kernan prepared the documents necessary to license the insurance company, drafting policies and rate manuals for submission to the New York State Insurance Department. Such a benefit package was unique and unavailable in the insurance marketplace. It was determined that a domestic stock property and casualty insurance company would be the most appropriate

vehicle to provide such employee benefits and would enhance flexibility of the benefit package.

165. In 1988, the Association undertook to form the insurance carrier where benefits could be designed to meet the needs of the association's workers and provide the prevailing supplemental benefit amounts required under New York State Labor Law §220 and the federal Davis-Bacon Act and to assure that each employee received the full benefit due them.

166. Oriska Insurance Company was chartered in 1990 and received licenses in 1993 for the following lines of business: Health & Disability, Workers' Compensation, Fidelity & Surety Bonding, and Credit Unemployment Insurance, along with additional miscellaneous lines.

**Oriska Corporation becomes an Apprenticeship Sponsor**

167. On January 25, 1991, Oriska Corporation obtained status as an association sponsor under regulation [part 601] and Article 23 of the New York State Labor Law, qualified under the 1937 National Apprenticeship Act section 1 (29 U.S.C. 50) under U.S. Department of Labor's Bureau of Apprenticeship and Training (BAT) and C.F.R.T. 29, Subt. A, Pt. 29 and Pt. 30. (the Fitzgerald Act)..

168. Registration of the Percy Apprenticeship Program under the regulation 12 N.Y.C.R.R. 601.8 that existed when the Oriska Corporation program was registered, remains in full force and effect as there are no provisions about needing to re-certify periodically. When the regulation was changed on September 29, 2009, Percy was grandfathered.

169. Employer Members adopted the Oriska Corporation Apprenticeship Program as a member of the Association for which Oriska Corporation was the sponsor of OJT apprenticeship.

**Oriska Insurance launches Surety Bonding and Insurance Programs to assist disadvantaged workers**

170. As early as 1994, through the specialized, flexible multi-line property and casualty company, Oriska Insurance Company, provided bonding to small business firms owned and operated by veterans, women, and other

61

disadvantaged persons, to guarantee performance of their work to general contractors by means of payment and performance bonds.

**US Treasury Ensures Oriska Insurance can help Disadvantaged Contractors Compete on Public Works Projects and Participate in Growth Opportunities.**

171. A Certificate of Authority in accordance with 6 USC §§6–13 and 31 C.F.R. Part 223 §21, was originally granted by the United States Department of Treasury to Oriska Insurance Company on September 11, 1996.

**Surety Reinsurance Gives Oriska Insurance the Capacity to Help Disadvantaged Contractors in all 50 states.**

172. A reinsurance treaty with Folksamerica Reinsurance Co. ("Folksamerica")was agreed to with Oriska Insurance Company in 2000 and was designed specifically to add capacity to Oriska and allow Oriska to write surety bonds in all 50 states, not just the northeast states in which Oriska was licensed.

173. Oriska had previously been reinsured by Prudential Re followed by Everest Re.

174. The Folksamerica quota share reinsurance agreement ("Treaty") was designed principally to provide capacity and markets to service minorities and especially minorities seeking assistance from the US Department of Transportation disadvantaged business bond program.

175. Under the Treaty, Oriska Insurance Company was able to bond Minority Business Enterprises from Missoula, Montana to Miami, Florida to Long Island City and the Bronx, New York.

176. Oriska Insurance Company developed a vibrant and effective mentoring program for the minority business enterprises it bonded.

177. The federal government guaranteed up to 80% and 90% of the risk on bonds for minority business enterprises with potential to grow with the reinsurance acting Treaty as co-surety for Oriska Insurance Company.

178. The Powers of Attorney and seals granted by Folksamerica to Kernan were based on their reliance on Kernan's fidelity, experience and knowledge of

the surety industry and especially the unique way by which Oriska Insurance Company was able to successfully write a difficult class of business startups.

179. To continue to qualify for the US Treasury Authority, Oriska would have to keep in force surety reinsurance which must itself be from a carrier with US Treasury Authority.

## Percy brings its Employment and Training Opportunities to the Greater New York City Metropolitan Area

180. In 1998, Percy, through Oriska, began the Apprenticeship Programs in the New York City greater Metropolitan area and SUNY Maritime College in the Bronx.

181. Dominic W. Ruggeri and Hazel Vento, Employment Training Specialist for Percy, managed the Percy Programs in the New York City greater Metropolitan area. Mr. Ruggeri and Ms. Vento both had recently retired from the State of New York Department of Labor after many years of service spent working for the New York State Department of Labor's Apprenticeship Training Division.

182. The Percy Program, a New York State Department of Labor Certified Apprentice Training Program, met the bidding prequalification requirements of public agencies.

183. The Percy Apprentice Training Program is an integral part of Percy's safety training and loss control for Workers' Compensation insurance coverage and Employee Benefit insurance coverages designed specifically to comply with prevailing wage and supplement benefit requirements for the construction industry. The related classroom instruction part of apprenticeship training was designed to comply with requirements of the New York State Departments of Labor and Education.

## Kernan Lends His Expertise to the NYS Department of Labor Task Force on Apprenticeship Training

184. In 1999, James Kernan represented disadvantaged persons in relation to apprenticeship and bonding on an Apprenticeship Training Task Force, appointed by New York State Department of Labor Commissioner McGowan. Also on the Apprenticeship Training Task Force were

Commissioner Richard P. Mills, State Education Department; Jean C. Stevens, Assisting Commissioner Workforce Preparation - State Education; Howard Berkun, Workforce Development - State Education; David K. Seiffert, P.E., Dir. of Construction -NYS Office of General Services; Tracey Long, Director of Equal Opportunity Development & Compliance -NYS Department of Transportation; William Roe, Director Contracts & Cost Control - Dormitory Authority; Edward J. Malloy, Pres., NYS Building & Construction Trades; William McSpedon, Jr., Sec/Treas, NYS Conference - Operating Engineers; Thomas Adams, Manager of Special Projects -State Insurance Fund; and Louis Coletti, Chairman & CEO, Bldg. Trades Employers Assoc.

185. On February 3, 1999, Kernan corresponded with Louis Coletti, Building Trades Employers Association, regarding the Apprenticeship Training Task Force. Kernan proposed to the Apprenticeship Training Task Force a deviation down or reduction in the premium for workers' compensation for classifications of workers who are indentured apprentices or journeypersons and who have graduated from a registered apprentice program which meets the new standards as proposed by the Task Force.

186. Kernan proposed that due credit should be allowed for meaningful apprentice programs to which the standard had been raised, especially with strong emphasis on safety education. A savings on workers' compensation premiums would be justified when employees progressed through such an apprentice program.

**Bonding and Mentoring Program with the USDOT and SBA Targeting Disadvantaged Contractors**

187. Kernan initiated a successful bonding program for independent entrepreneurs, small and disadvantaged business enterprises guaranteed by the US Department of Transportation and the US Small Business Administration which ran from 1998 through 2003.

188. Mentoring using Percy apprenticeship and bonding was provided to minority business enterprises, women business enterprises, veteran business enterprises and disabled business enterprises nationally through the power granted by Folksamerica to Kernan.

189. During that period, bonding disadvantaged businesses in the many states and territories lead to the US Department of Transportation utilizing the Percy Program.

## Kernan's Success Leads to an Appointment on the USDOL Rulemaking Committee

190. On June 1, 1998, Kernan was appointed to a USDOL ERISA Rulemaking Committee recommended by the National Association of General Contractors regarding Plans Established or Maintained Pursuant to Collective Bargaining Agreements Under Section 3(40)(A), 29 CFR Part 2510, Federal Register: April 15, 1998 Volume 63, Number 72.

191. On June 1, 1998, Kernan confirmed with Michael Kennedy, General Counsel National Association of General Contractors, Washington, DC, his appointment regarding Plans Established or Maintained Pursuant to Collective Bargaining Agreements Under Section 3(40)(A), 29 CFR Part 2510, Federal Register: April 15. 1998 Volume 63, Number72).

192. On June 1, 1998, Kernan agreed to serve on a regulatory-negotiations (or, as is more commonly known, "negotiated rulemaking") committee regarding the development of a proposed rule to implement Section 3(40) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), regarding employee benefits.

193. This Committee was sponsored by the Pension Welfare Benefits Administration (PWBA) of the US Department of Labor.

194. The committee was comprised of a PWBA negotiator and a cross section of organizations and constituency groups interested or affected by the proposed rule.

195. Kernan was the employer/management representative on the Committee, having been recommended by the National Association of General Contractors ("National AGC") through publication of the Rule in 2000. The National Association of Insurance Commissioners ("NAIC") on November 13, 1998, provided input to ERISA Section 3(40) Negotiated Rulemaking Advisory Committee on ERISA Guidelines for State and Federal Regulation as recommended to state commissioners.

196. The Associated General Contractors of America (AGC) is a membership organization dedicated to furthering the ever changing agenda of commercial construction contractors, improving job site safety, expanding the use of cutting edge technologies and techniques, and strengthening the dialogue between contractors and owners.

197. The proposed rule change would affect plans established or maintained pursuant to Collective Bargaining Agreements under Section 3(40)(A). The New York State Chapter, Inc. of Associated General Contractors representing almost 600 employer construction firms in New York State, the largest statewide construction organization in New York, introduced and recommended a committee appointment of Kernan as an expert in these areas and an individual having the interest and energy to fully participate in the agenda of the Rulemaking Committee.

198. On June 3, 1998, Peter K. W. Wert, President of the Associated General Contractors of America, wrote to the US Department of Labor, concerning the candidates for the Rulemaking Committee and specifically regarding Kernan: "[the candidates] may well be otherwise qualified to serve on the committee, none represent management and all could easily overlook the truly unique interests of construction employers and their material suppliers. There are many individuals who can provide balance to the Advisory Committee. Prominent among them is one individual who comes highly recommended, Mr. James Kernan. Kernan is a credentialed attorney with substantial experience representing employers in construction and related industries, and is eminently qualified to serve on the Advisory Committee."

199. Mr. Wert went on to write that: "The management perspective is not adequately represented by any of the current candidates. A balanced approach between labor and management is, however, critical to any effort to arrive at fair terms for all parties."

200. The position advocated by Kernan was that a non-signatory to a collective bargaining agreement by virtue of NYS Labor Law §220 was equally entitled to exceptions afforded to "union" plans.

66

201. In September 1998, the Secretary formally established the ERISA Section 3(40) Negotiated Rulemaking Advisory Committee under the NRA and the Federal Advisory Committee Act (the FACA)(5 USC App. 2) (Notice of Establishment). (63 FR 5052). The Committee included a Department representative and its work was assisted by a neutral facilitator. The Committee membership was chosen from the organizations that submitted comments on the Department's August 1995 NPRM, and from the petitions and nominations for membership received in response to the Notice of Intent. The Notice of Establishment outlined the rationale behind the final composition of the Committee. The members of the ERISA Section 3(40) Negotiated Rulemaking Advisory Committee were: Labor Unions: Kathy Krieger, American Federation of Labor and Congress of Industrial Organizations; Multiemployer Plans: Gerald Feder (James Ray - alternate), National Coordinating Committee for Multiemployer Plans; Judith Mazo, Entertainment Industry Multiemployer Health Plans; State Governments: Fred Nepple, National Association of Insurance Commissioners; Employers/Management: James Kernan, The Associated General Contractors of America; Railway Labor Act Plans: Benjamin W. Boley, National Railway Labor Conference; Third-Party Administrators: David Livingston, TIC International Corporation; Independent agents, brokers and advisors providing health care products and services to plans and individuals: Nancy Trend, National Association of Health Underwriters; Insurance carriers and managed care companies that finance and deliver health care: R. Lucia Riddle, Health Insurance Association of America; Federal Government: Elizabeth A. Goodman, Pension and Welfare Benefits Administration.

202. The goal of the Committee was to reach consensus on pertinent issues and draft regulatory text for the purposes of developing a substantive rule to help the regulated community determine which plans are indeed established or maintained under or pursuant to one or more collective bargaining agreements, and therefore not subject to state regulation, under section 3(40) of ERISA.

203. On April 1, 2000, Herman, US Secretary of Labor, wrote to Kernan regarding his participation on the ERISA Section 3(40) Negotiated Rulemaking

Advisory Committee, commending: "Thank you for your hard work and valuable contributions as a member of the ERISA Section 3(40) Negotiated Rulemaking Advisory Committee. The issues before the Committee were complex and challenging, and the resulting Committee recommendations reflect the dedication and commitment of the Committee members. The Committee's work represents a significant step toward enhanced protections of American workers and their families. The Committee's work was also significant as the first negotiated rulemaking undertaken by the Department's Pension and Welfare Benefits Administration."

204. The April 11, 2000 Herman, US Secretary of Labor commendation to Kernan regarding his participation on the ERISA Section 3(40) Negotiated Rulemaking Advisory Committee, was forwarded to Investigator Carol Plegge of the US Department of Labor.

## USDOL Audits the Percy Program

205. The mission of the United States Department of Labor is to foster, promote, and develop the welfare of the wage earners, job seekers, and retirees of the United States; improve working conditions; advance opportunities for profitable employment; and assure work-related benefits and rights.

206. When the United States Department of Labor ("USDOL") began its investigation in 1998 into the Percy Program and the related contractor Association, it originated out of the Boston office which covered northern New York.

207. In 1998, the United States Department of Labor undertook to audit the welfare and retirement plans and trusts managed by the Open Shop Association, Inc. (the "Open Shop Assoc."), later known as the Empire State Highway Contractors Association, Inc.

208. Empire was providing health and welfare benefits through indemnity coverages provided by Oriska Insurance Company and apprenticeship training by Oriska Corporation as wage and hour benefits under the federal Davis-Bacon Act 40 USC §§276a to 276a-5 and New York State Labor Law §220.

**Carpenters Union Launches Suit as Legal Challenge to Percy Program to Close Down Oriska's Mentorship and Apprenticeship which Helps Disadvantaged Workers Become Journeypersons.**

209. In or about September 2000, the Percy Program through Oriska Corporation entered into a contract with the Research Foundation of the State University of New York for facilities to provide training and apprenticeship training in carpentry and other skilled trades at SUNY Maritime College, which is located at 6 Pennyfield Avenue, Bronx, New York 10465-4198.

210. In or about January 2003, the Research Foundation of the State University of New York terminated its contracts with Oriska Corporation at SUNY Maritime College as a result of the litigation brought by the Carpenters' Union.

211. A Complaint was filed by the Carpenters Union in New York State Supreme Court regarding the Percy Apprenticeship Program at SUNY Martine College on June 27, 2002.

212. It was alleged in the Complaint by the Carpenters that the venture between Percy and the Research Foundation at SUNY Maritime College was entered into for the purpose of drawing apprentices from the Carpenter's Apprenticeship Fund.

213. The Carpenters alleged that in accordance with Public Authorities Law, public authorities may condition awarding of contracts in excess of one million dollars upon the contractor's affiliation with a state-approved apprenticeship program and that the Percy Programs did not qualify.

214. The Carpenters alleged that the Percy Program at SUNY Maritime College operated as a sham in that it failed to provide the required hours of instruction; failed to provide instruction in the trade of carpentry; failed to require attendance; failed to ensure that students complete the course of instruction to become fully qualified carpenters, among other indicia that the program was operated for the benefit of the contractors and not the students. The lawsuit was dismissed with prejudice.

215. A second lawsuit was filed on December 3, 2003 by Trustees of The New York and Vicinity Carpenters Labor-Management Cooperation Trust Fund in New York State Supreme Court and against several of the contractors

sponsoring on-the-job employment. This lawsuit was abandoned by the Carpenters.

216. The apprentice training programs sponsored by contractors at issue in the December 8, 2003 lawsuit were first approved by the NYSDOL and the Department of Education in 1988.

217. In or about March 2003, Oriska Corporation entered into a contract with the New York City Department of Education for use of facilities at Alfred E. Smith High School, located at 333 East 151st Street, Bronx, New York, 10451, to provide related instruction with respect to apprentice training for the Percy Program.

218. Once the pressure of the Carpenters litigation which had included SUNY Maritime College as a defendant, had subsided, Oriska re-established its agreements with SUNY Research Center and continued the success of the Percy Program at the Maritime College facilities in the Bronx.

**New York State Inspector General Subpoenas Oriska's Records Related to the Percy Program at the approved Training Center at the Maritime College in the Bronx**

219. On August 28, 2002, the Office of the Inspector General of the State of New York issued a subpoena to Oriska requiring production of documents from January 1, 1997 through August 28, 2002, relating to any proposals for apprenticeship training programs for the trade of Carpenter to be conducted at the State University of New York (SUNY) Maritime College located in the Bronx, New York, and all records relating to any payments, reimbursements or donations, whether in cash, goods or services, made by ORISKA or on behalf of ORISKA, whether in such person's official or private capacity, to the DOL, the NYS Apprenticeship Council, the Eastern Seaboard Apprenticeship Council (ESAC), or any individuals associated with these entities, in connection with the ESAC.

220. Oriska provided the documents subpoenaed on September 23, 2002, including the documents for the registered apprenticeship programs certified by the New York State Department of Labor of March 29, 1999 effective December 31, 1998 and documents related to the ESAC.

70

**Oriska Apprenticeship and Training Programs were found to be in Compliance with NYS and US DOL Laws**

221. In accordance with the Public Authorities Law, public authorities may condition awarding of contracts in excess of one million dollars upon the contractor's affiliation with a state-approved apprenticeship program. The New York City School Construction Authority (Public Authorities Law, Section 1734) and Dormitory Authority of the State of New York are two such public authorities that require bidders to be affiliated with a State approved apprenticeship program.

222. The Percy Program at SUNY Maritime College and at Alfred E. Smith High School were and are operated for the benefit of sponsoring contractors so that the contractors can qualify for work otherwise not available to them, to ensure that students complete the course of related instruction to become fully qualified carpenters, and to meet the contractors' affirmative action/equal opportunity requirements of the NYSDOL.

223. Kernan has been continually involved in certain matters involving the New York State Department of Labor and the United States Department of Labor. The Percy Program was presented and detailed to the NYS Department of Labor. Kernan presented the Percy benefit plans as covered by ERISA pursuant to Section 4 of that Act (29 USC 1003), and Section 3(1) of that Act (29 USC 1002(1)).

224. Kernan also presented the directives from the US Department of Labor in 1984 to Lancaster and Eastern Rock by correspondence to Kernan, which established the method of reconciliation of benefits by worker for prevailing rate work.

225. Kernan refined the language presented to the US Department of Labor that a worker who has been, during the plan year, employed under a prevailing practice for wages and supplements is in accordance with a collective bargaining agreement in the locality. With such, the operation of the plans is pre-empted by ERISA.

226. Kernan maintained an open dialogue with the NYS Department of Labor to determine whether there were any modifications to the Percy Program which should be considered in good faith pursuant to the Rulemaking

Committee for the US Department of Labor regarding the criteria proposed for the skilled trades working on public work projects where prevailing practice for wages and benefits has been determined to be governed by collective bargaining agreements of bona fide labor organizations.

**Organized Labor Attempts to Prevent Contractors from Competing for Public Works Projects by Questioning the Percy Program, Pressure from Unions and State Force Empire Association to Sell Oriska Insurance**

227. In early 2000, as a result of the pressure from the United States Department of Labor, Kernan was instructed to market the sale of Oriska Corporation and its subsidiary Oriska Insurance.

228. In December, 2001, Mr. DiStefano received an inquiry from a Florida group led by Mr. Rubin wanting an insurance carrier qualified in Florida to provide bonds to disadvantaged companies working on the Miami International Airport.

229. Mr. DiStefano referred the inquiry to Kernan to follow up, and in January 2002 a meeting was scheduled in Long Beach, California with Rubin's Florida group and investors from California.

**During Sale Process of Oriska Corporation Kernan Discovers the Buyer, Robert "Skip" Anderson Sr, is a Felon and Reports this Fact to the DFS**

230. At meetings in December 2001 and January 2002, Kernan met attorney Douglas R. Holmes who was representing IPA, and confidentiality agreements were exchanged with Robert J. ("Skip") Anderson Sr. ("Anderson Sr") and Mitchell Zogob. At a meeting in January 2002, Kernan met attorney Douglas R. Holmes and also at that meeting was Anderson Sr.

231. Disclosures were provided to Anderson Sr on January 29, 2002 regarding pending litigation, claims, history and other background on Oriska Insurance Company, its ownership by Oriska Corporation and the Percy Program.

232. Mr. Holmes had a conference call with Kernan and attorneys from the Rosenman & Colin law firm in February, 2002 to arrange for preparation of

a Stock Purchase Agreement ("SPA") and an escrow arrangement to hold the earnest money deposit called for in the SPA.

233. IPA signed the SPA dated February 13, 2002 on or about February 15, 2002 and $500,000 was received by wire transfer into the Rosenman & Colin escrow account.

234. On March 4, 2002, the outstanding signatures to the SPA were obtained.

235. The IPA SPA with Empire and Kernan provided that IPA was to purchase all of the issued and outstanding shares of Oriska Corporation which owned all of the issued and outstanding shares of Oriska Insurance Company. IPA also was the owner of all of the issued and outstanding shares of Insurance Company of the Americas, a Florida domestic property and casualty insurance company.

236. The SPA whereby IPA was to purchase the 82.12% interest of Empire in Oriska Corporation was fully signed and returned by the attorney for IPA, Douglas R. Holmes, to Kernan as the attorney for Empire on February 27, 2002.

237. In the Spring of 2002, Anderson Sr, took up residence in Oriskany, New York, and claimed to be the due diligence investigator for IPA.

238. On April 24, 2002, Kernan resigned as president and as a director of Oriska Insurance Company to be effective upon the sale of Oriska Corporation and its subsidiary Oriska Insurance Company.

239. On May 16, 2002, Mr. Holmes provided documentation to Mr. DiStefano of Empire that $5.5 million was available to accomplish the purchase of Oriska Corporation and its subsidiary Oriska Insurance Company.

240. On June 10, 2002, Mr. Holmes provided a written statement to establish that Teresa Heinrich was the 100% owner of IPA as a single shareholder corporation.

241. On June 19, 2002, a "Form A" application to change control of Oriska Insurance Company was filed with the New York State Insurance Department by IPA. The proof of ownership provided by Mr. Holmes as to the ownership of IPA was incorporated into the application.

242. On July 20, 2002, Kernan was provided an investigation report by Private Investigator Thomas Mundy which uncovered the criminal background of Anderson Sr., who was occupying space at the offices of Oriska Insurance Company as the due diligence reviewer for IPA.

243. On August 1, 2002, Kernan received further confirmation of Anderson Sr's criminal background as disclosed by Zogob's attorney Hamilton to IPA's attorney, Holmes, who brought it to Kernan's attention on August 4, 2002.

244. On August 4, 2002, Kernan made written disclosure to the New York DFS about Anderson Sr's criminal background as relevant to the pending IPA Form A application and as required by New York State Insurance Law §1506, for routing to the filings.

245. Similar disclosures were made to the regulators in Florida, the domicile state for Insurance Company of the Americas which was also in the process of acquisition by IPA, and Arizona, the domicile state of American Bonding, the parent of Insurance Company of the Americas.

246. Kernan discovered that the $500,000 deposit made by Zogob under the SPA between IPA and Empire was monies wrongfully converted by Zogob from Contractors Advantage, in Texas.

247. Correspondence from attorneys for Contractors Advantage asserted that the payment was a deposit on workers' compensation coverage to be provided by Oriska Insurance Company, which coverage never existed.

248. On August 18, 2002, the Rosenman law firm brought an interpleader action in the United States District Court, Eastern District of New York and deposited the $500,000 into the court for distribution to its proper owner. The $500,000 was returned to Contractors Advantage per order of the court in the interpleader action.

249. On September 12, 2002, IPA, at that time putatively owned by Anderson Sr's wife and nominee for Robert J. Anderson Sr, acquired Insurance Company of the Americas after approval of the acquisition and change of control from American Bonding Company by the Florida Department of Insurance.

250. On October 9, 2002, IPA withdrew its New York Form A application to acquire control of Oriska Insurance Company citing "that the filing was no longer accurate".

251. Kernan wrote to Mr. Rudolpho Altre with the DFS advising of certain steps being taken to clarify the Oriska Insurance Company Form A Filing.

## California Regulators Investigate Counterfeit Workers Comp Policies, Anderson Associate Zogob Imprisoned

252. The California Department of Insurance began an investigation into workers' compensation coverage written putatively by Oriska Insurance Company in November, 2002.

253. Upon information and belief, Richard Kramer, Michael Karsaboom jointly and severally, individually and collectively with others still to be identified, of USI Northeast Agency, schemed with Anderson Sr. and his cohorts in fabricating coverage on Oriska in California.

## The California Confidential Investigation File ("CCIF")

254. In November of 2002, the California Department of Insurance, headed by California Senior Investigator Vera C. Grunke ("Grunke"), began an investigation into insurance forms that had been purportedly written by Oriska. The State was brought into and began their own investigation in November 2002. Grunke was the California Department of Insurance's lead investigator involved in the investigation.

255. The investigation was thoroughly documented in Grunke's California Confidential Investigation File known as Company Bureau File OC258-A and Master Case Number 55-073, the "CCIF".

256. Investigator Vera Grunke contacted the New York State Department of Insurance and Oriska Insurance Company inquiring about "Oriska's California workers' compensation program".

257. After a preliminary search, on or about November 10, 2002, Kernan responded to the inquiry of Ms. Grunke explaining that Oriska was a domestic New York State carrier and was not licensed in the State of California and that Oriska did not write business in California.

258. Investigator Grunke advised Kernan that Professional Employer Organizations Power PEO, Personnel Partners, and PPI, were using Certificates of Insurance which seemingly confirmed Oriska workers' compensation coverage for site employers of the PEOs in the State of California. Kernan responded that such practices sounded like "piggybacking" which was not permissible.

259. The CCIF revealed that Anderson, Alan Gagleard ("Gagleard")and Mitchell Zogob had conspired to commit and did commit criminal acts defrauding would be California insureds by (a) misappropriating Oriska Insurance Company's name to write bogus "insurance policies" in the State of California without Kernan's knowledge or consent and (b) receiving the "premiums" and "managing" the claims with regard to such coverage without ever reporting or responding to Kernan or otherwise involving Kernan (the "Scheme").

260. According to the guilty plea in the case against him, Zogob utilized the Scheme to steal $4.6 million in premiums while issuing false insurance certificates to companies, all of which was documented in the CCIF for which Zogob received a sentence of ten ( 10) years in state prison when he pleaded guilty to five (5) felony counts of grand theft by embezzlement, five (5) felony counts of insurance fraud and a long list of other counts of illegal insurance activity, forgery and tax fraud.

261. The CCIF further showed that Zogob sold the forged policies, fraudulent insurance certificates misrepresenting the documents as issued by such firms as American International Group Inc.'s Granite State Insurance Co., Hartford Insurance Group, Regency and Transglobal Indemnity Ltd., which consisted of literally tens of thousands of employees.

262. As the result of the inquiry, the New York State Department of Insurance scheduled a meeting with Kernan on November 21, 2002.

263. In November 2002, Kernan opened an internal investigation into the unauthorized workers' compensation coverage on Oriska in California, Texas and other states where the same unauthorized activity might be occurring. A Special Investigation Unit ("SIU") was assigned to the investigation.

264. On December 12, 2003, Oriska brought an action against U.S. Management alleging that in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a) alleging that "Power PEO, an additional insured on an Oriska policy issued to U.S. Management has misrepresented in commerce that it issues and can bind workers' compensation insurance provided by Oriska beyond the jurisdiction of New York State, can collect premium, issue certificates verifying insurance coverage, and adjudicate and pay claims, when, in truth and in fact, it is not authorized to engage in these activities."

265. On January 13, 2004, the Complaint in the United States District Court Action 5:03-CV-1481 was amended to add Defendants The Power PEO of New York, Inc., The Power PEO, Inc., The Power PEO II, Inc., The Power PEO of California, Professional Business Partners of California, LLC, A. M. Personnel Partners, Inc. and PPI.

266. The investigation by Investigator Grunke and the Criminal Investigations Branch of the California Department of Insurance continued and, ultimately, resulted in an Investigation Report issued by the Investigations Division of the State of California Department of Insurance.

**DFS Was Informed of Anderson's Unauthorized Selling of Workers' Comp Policies, DFS allows use of Anderson as a Resource to Fix the California Disputes**

267. On November 21, 2002, Kernan met with several representatives of the DFS. At that meeting, Kernan presented a review of all of the relevant issues, including his previous disclosures to the NYSDOI regarding the past criminal activities of Mitchell Zogob and Robert J. Anderson Sr, as well as the status of the disputes that resulted from Zogob's unauthorized activities in selling workers' compensation policies in Texas and what was then becoming known about unauthorized workers' compensation in California and other states arising out of contact with Anderson/Zogob.

268. Also at the November 21, 2002 meeting, Kernan described fully his intentions to utilize Anderson Sr as a resource to transition the acquisition of Oriska and Oriska's business operations.

269. The solution proposed to the New York State Insurance Department in November and December of 2002 was to buy out Teresa Heinrich from IPA

and provide clean capital escrowed by Holland & Knight to complete the sale.

270. On December 16, 2002, Kernan wrote to Paul DeRobertis enclosing a new Form A filing to change the control of Oriska Insurance Company removing any involvement by Anderson or his cohorts. and on December 30, 2002 a further revised Form A for IPA to acquire control of Oriska Corporation was filed with Mr. Levine of the NYS Department of Insurance.

271. Kernan purchased his interest in Oriska in 2003 by purchasing the California corporation IPA Acquisitions, Inc., from Teresa Heinrich.

272. In full disclosure to the New York State Department of Insurance of what little Kernan was able to discover at the time about the criminal past of Anderson Sr, the DFS approved the purchase and the transfer of ownership in Oriska to IPA.

273. The DFS was fully aware and formally approved the transfer of Oriska to IPA and also approved a number of ancillary agreements which involved transfer of title in real estate interests owned by Kernan to Teresa Heinrich/Anderson.

274. The DFS approved all of these transactions on 1/13/2003.

275. The sale of the Empire shares of Oriska Corporation to IPA and thereby control of Oriska to Kernan closed on or about February 1, 2003.

## Kernan Gains a Sister Insurance Company in Florida When He Takes Over Oriska

276. IPA Acquisitions, Inc. also was the owner of all of the issued and outstanding shares of Insurance Company of the Americas, a Florida domestic property and casualty insurance company.

277. At the time it acquired Oriska, IPA had real value as it already owned a Florida carrier, Insurance Company of the Americas.

278. IPA had received approval from the State of Florida in August, 2002 to acquire Insurance Company of the Americas.

279. The purchase of Insurance Company of the Americas by IPA from American Bonding was closed in September, 2002.

78

280. The principals of IPA were replaced, the Form A Application was redrafted and refiled showing Kernan acquiring 100% of the issued and outstanding common stock of IPA.

281. On December 17, 2002, a Form A application was filed with the State of Florida requesting approval to change ownership and control of IPA, and thereby and thereafter effect a change in control of Insurance Company of the Americas.

282. From September 12, 2002 to the end of 2002 when Kernan obtained approval to acquire ownership and control of IPA and thereby control of Oriska and Insurance Company of the Americas, Kernan held the corporate office of president and began start up efforts to have Oriska and Insurance Company of the Americas work in concert.

**Kernan Transfers His Interest in a Real Estate Venture, "Trails Crossing", to Heinrich/Anderson as Consideration for Acquisition of IPA**

283. In 1996, James M Kernan filed an application to develop a tract of land in Whitesboro, New York, for 40 conventional single-family homes, and 70 "twin singles", two 1,000 sq. ft. side-by-side units, with ownership limited to individuals 45 years of age and older. Construction was scheduled to begin on the first units in the Trails Crossing sub-division in the spring of 1997.

284. Trails Crossing owned a real estate subdivision in the Town of Whitestown, New York, consisting of approximately 60 lots.

285. Trails Crossing was the consideration paid to Teresa Heinrich on the purchase of the controlling interest in IPA by Kernan.

286. To acquire IPA and remove Robert Anderson Sr and Mitchell Zogob from ownership and management, Kernan had to exchange his stock in Trails Crossing for the shares of Teresa Heinrich, sole stockholder, in IPA, subject to permission by the regulatory authorities to change the ultimate control of domestic insurance carriers ICA domiciled in Florida and Oriska Insurance Company domiciled in New York.

287. Kernan Professional Group ("KPG") was involved in the design build out of Trails Crossing and related to the purchase of IPA.

288. The closing of the acquisition of Oriska Corporation and thereby control of Oriska Insurance Company by IPA occurred in February, 2003.

289. The price paid to Teresa Heinrich for IPA was $500,000, with the $4.5 million paid by IPA through the Holland & Knight escrow account to Empire to acquire control of Oriska Corporation.

290. At no time did Kernan ever "go into" business with Anderson Sr.

291. On or about December 31, 2002, James M. Kernan acquired IPA for and in consideration of transferring his shares in Trails Crossing together with other considerations such as a Design and Build Agreement.

**Oriska Receives $5 Million to Reestablish Bonding and Mentoring Program to Restart the Percy Program**

292. Kernan raised $5 million by the sale of preferred shares of IPA which money was placed in escrow pending authorization from the New York State Department of Insurance to pay the monies into the capital of Oriska Insurance Company.

293. The $5 million was intended to strengthen the net worth of Oriska Insurance Company as was represented to DeRobertis and the DFS in the plan to reestablish the Treasury Authority of Oriska Insurance Company to resume bonding and mentoring for the Percy Program.

294. The $5 million was paid into capital of Oriska Insurance Company by Oriska Corporation in February, 2003.

**State DFS Prevents Oriska Insurance from Writing New Business, NYS Supreme Court Eventually Overturns Decision**

295. On June 30, 2004, a directive was issued by Paul DeRobertis as the Chief Examiner of the Property & Casualty Bureau of the New York State Insurance Department suspending and prohibiting Oriska Insurance Company from writing new business.

296. On July 17, 2004, Oriska Insurance Company answered the charges and requested a hearing. There were numerous submissions of information

responding to Mr. DeRobertis' demands, nevertheless the restrictions remained in place for over three years.

297. The restrictions were eventually lifted by countermanding letter of June 28, 2007 and dismissal with prejudice of the Receivership Action against Oriska Insurance Company by Order of the Supreme Court of the State of New York for Oneida County.

## US Treasury Certificate of Authority Denied Because DFS's Decision Preventing Oriska From Writing New Business

298. During the acquisition of Oriska Insurance Company by IPA Acquisitions, Inc. in 2002, the Treasury Certificate of Authority for Oriska was initially terminated on October 8, 2002 by letter from the US Department of Treasury dated September 9, 2002, citing among other issues "Absence of sufficient financial data in the Form A Filing on IPA, Inc. (IPA), and the source of all funding for the acquisition. Further, the transaction contemplates the added acquisition by IPA of Insurance Company of the Americas, a company under regulatory supervision."

299. This US Department of the Treasury action was the result of disclosures made by Kernan to the Treasury similar to the disclosures he made on August 4, 2002 to the regulators in New York, Florida and Arizona regarding the involvement of Anderson Sr and Zogob and the attempt by Teresa Heinrich to acquire ownership and control of Oriska Insurance Company and Insurance Company of the Americas.

300. On February 2, 2004, Oriska Insurance Company applied to reestablish its Certificate of Authority with the US Department of Treasury. The stature, knowledge, experience and reliability of Kernan in bringing the Percy Program successfully through the 2002 turmoil was particularly important in reestablishing Oriska's US Treasury authority.

301. But on June 30, 2004, Defendant Paul DeRobertis wrote to Oriska suspending the ability of Oriska Insurance Company to write business by authority of New York State Insurance Law §1104(c) and as a result of the suspension by Defendant Paul DeRobertis of Oriska's ability to write business, the application to reinstate Oriska's Certificate of Authority from the US Treasury Department was denied on August 31, 2004.

81

302. From June 30, 2004 through June 28, 2007 by the deliberate actions of Defendant Paul DeRobertis jointly and severally, individually and collectively, with the other Defendants as employees of and agents for the State, Oriska Insurance Company was unable to write business and was thereby disqualified from obtaining reinstatement of its US Treasury Certificate of Authority.

## Reinsurance Denied due to DFS's Decision Preventing Oriska From Writing New Business

303. Folksamerica refused to renew its surety reinsurance of Oriska when Defendant Paul DeRobertis and the New York State Insurance Department suspended Oriska's ability to write business.

304. Oriska went back to its prior surety reinsurers dating back to 1996, Prudential Re and Everest Re, but was met with the same rejection.

305. From June 30, 2004 through June 28, 2007, Oriska Insurance Company was unable to write business and was thereby unable to obtain reinsurance necessary to expand the coverage and capacity which previously existed with Folksamerica.

306. From June 30, 2004 through June 28, 2007, Oriska Insurance Company was unable to write business and was thereby unable to obtain reinsurance from a carrier with a US Treasury Certificate of Authority.

307. Even though Oriska Insurance Company was able to prevail to have the 1104(c) Order lifted on 6/28/07 and the Action for Receivership of Oriska Insurance Company dismissed with prejudice, Oriska Insurance Company has not been in a position to reestablish its US Treasury Certificate of Authority.

## History of Multi-State Investigations. Results Were Unremarkable.

## Illinois Target Examination: 11/18/2004 -5/1/2005

308. The State of Illinois selected and directed that Reinsurance Company of America and Fidelity Benefits Insurance Company enter into an agreement with American Insurance Managers to conduct an on-site Target Examination of the finances and affairs of the target companies. The terms of the Agreement were set by the Illinois Insurance Department and

required to be paid by the target companies. The examination did not result in adverse findings although the results of the examination were kept confidential from the target companies.

## Florida Financial "Jones" Examination, 4/1/2003–10/1/2003

309. A Statutory Financial Exam on premises in Oriskany, NY by Mark Jones on behalf of the State of Florida began on April 1, and ran through October 1, 2003.

310. The exam results were unremarkable.

## New York Financial "Gralton/Mohamed" Examination, 12/15/2003–12/1/2004

311. A Statutory Financial Exam on premises in Oriskany, NY by Christine Gralton and Sheik Mohamed on behalf of the New York State Insurance Department began on December 15, 2003 and ran through December 1, 2004.

312. The results of the exam were unremarkable, although the exam was extended through July, 2006.

## Florida Market Conduct Examination, 3/1/2004–6/1/2004

313. A Market Conduct Examination on premises in Oriskany, NY conducted by Victor M. Negron on behalf of the State of Florida began on January 30, 2004 and ran through March 31, 2004.

314. Recommendations were made by the Examiner in relation to agreements to collateralize risk transferred to insureds and those recommendations were complied with.

## Florida "David Schleit" Financial Examination, 8/2/2004–11/30/2004

315. A Statutory Financial Exam by Mr. David Schleit on behalf of the State of Florida on premises in Oriskany, NY began on August 2, 2004 and ran through November 30, 2004.

316. The examination results were unremarkable.

## Illinois "Aim" Target Examination, 11/18/2004–5/1/2005

317. The State of Illinois directed that Reinsurance Company of America and Financial Benefits Insurance Company enter into an agreement with American Insurance Managers to conduct an on-site examination of the company. The terms of the Agreement were set by the Illinois Insurance Department and required to be paid by the target companies.

318. The examination did not result in adverse findings although the results of the examination were kept confidential from the target companies.

## New York DFS Conducts a Coordinated Examination 9/30/2005–12/6/2007

319. A tri-annual financial exam which began in December, 2003 was continued and extended by the New York State Insurance Department in October, 2005, culminating in the issuance of a draft Examination Report in September, 2006 after search warrants were executed by the Federal Bureau of Investigations ("FBI") on July 27, 2006.

320. On October 15, 2005, the New York State Insurance Department determined to extend its previous ongoing examination which began in December, 2003 on-site in Oriskany which covered the period 1999 through 2003 to cover the period through September 30, 2005 and to participate in coordinated examinations of affiliated companies on-site in Oriskany, NY.

## The Illinois examination results were unremarkable.

321. On October 15, 2005, the Illinois Department of Insurance determined to participate in coordinated examinations of affiliated companies on-site in Oriskany, NY examining Reinsurance Company of America, Inc. and Financial Benefits Insurance Company for the three-year period preceding September 30, 2005 through June 1, 2006.

## The Florida examination results were unremarkable.

322. In October 2005, the Florida Office of Insurance Regulation ("FOIR") called for a financial examination of Insurance Company of the Americas coordinated with New York and Illinois, the domiciliary of affiliated companies Oriska Insurance Company and Reinsurance Company of

America respectively, under the procedures established by the NAIC for the period preceeding September 30, 2005.

## NYS Superintendent Puts Oriska Into Receivership Only to Have Case Dismissed.

323. In or about 2005 the Department of Insurance (now the DFS) took issue with the policies involving loss sensitive provisions and started proceedings to put Oriska Insurance Company in receivership. Litigation ensued involving whether Oriska Insurance Company was insolvent because of the contracts of insurance previously approved as set forth herein at paragraphs 455 through 491.

324. On July 26, 2006, Howard Mills III, as New York State Superintendent of Insurance filed a Petition for Receivership of Oriska Insurance Company under Insurance Law Article 74 asserting that Oriska was insolvent and citing concerns about the FBI raid and Anderson Sr.

325. On July 30, 2006, the DFS sought and obtained an order from the New York State Supreme Court case CA2006-001542 placing Oriska into receivership on grounds that Oriska was insolvent as a result of the loss sensitive deductible program written for US Management and its sub- policyholders, skilled nursing facilities, among others. The receivership with dismissed with prejudice in New York State Supreme Court.

326. On petition of the New York State Insurance Department, the New York State Supreme Court ordered that the Liquidation Bureau of the State of New York be appointed as Receiver for Oriska Insurance Company.

327. On July 28, 2006, the New York State Liquidation Bureau took over and occupied the offices of Oriska Insurance Company in Oriskany, New York and seized the books and records of Oriska Insurance Company. In September 2006 the New York State Insurance Department issued a draft Examination Report asserting that Oriska was insolvent.

328. Oriska Insurance Company answered and counterclaimed that not only was Oriska Insurance Company solvent but that the litigation was an effort to liquidate Oriska Insurance Company for political non-economic reasons.

## Florida Financial Examination: unremarkable

329. A Target Financial Exam by Buttner & Hammock on behalf of the State of Florida on premises in Oriskany, NY began in January, 2007 and ran through April 1, 2007.

330. The examination results were unremarkable.

## United States Attorney Finds Insufficient Evidence to Bring Charges Against Kernan.

331. A federal grand jury investigating what began as the FBI raid of July 27, 2006 began to sit in the beginning of 2007 and by May 31, 2007, the US Attorney determined that there was not sufficient evidence to bring criminal charges against Kernan.

332. On or about May 31, 2007, the State DFS advised the attorneys for Oriska Insurance Company that the US Attorney for the Northern District of New York had advised the New York State Insurance Department in a telephone call to Oriska's attorneys that there was not enough evidence to pursue charges against Kernan.

333. Mr. Rothblatt of the New York State Insurance Department insisted that the only way to terminate the receivership of Oriska Insurance Company was upon the resignation of Kernan as an officer and director. Kernan said no to the resignation demand.

## FBI Raid on Oriska Finds Nothing.

334. On July 25, 2006, the FBI raided the Oriska offices in Oriskany, NY with 15 to 20 FBI agents, Christine Gralton, Charles "Buzz" Sawyer, and Thomas Hurley of the New York State Insurance Department. This was coordinated with a raid on the offices of Anderson Sr., which were also located in Oriskany, by another 15 FBI agents, and thousands of documents were seized.

335. On the same day, FBI agents fanned out to interview the Town Supervisor, Highway Superintendent and anyone that might have had a relationship with Oriska Insurance Company and/or Anderson Sr. and the town officials with jurisdiction over the Trails Crossing development which Teresa

Heinrich and Anderson Sr had acquired and were in the process of building out.

## The trial of the Receivership action began in November, 2007

336. After acquisition by Kernan of Oriska in February, 2003, based upon the approval by the State of January 13, 2003, Oriska undertook a mitigation plan (the "Plan"), proposed by Kernan and approved by DFS.

337. The Plan which was presented to DFS on November 21, 2002 reaffirmed disclosure on August 4, 2002 of Anderson and his cohorts efforts to gain control of Oriska and thwart the scheme to take over Oriska.

338. On March 6, 2006, the DFS demanded preservation of all records subpoenaed by it on March 6, 2006.

339. Kernan made a reciprocal demand on March 20, 2006 for preservation of all records under control of the DFS in its ongoing investigation of the persons, entities and events from January 1, 2002 listed in its subpoena, and also as examined of Kernan under oath on April 6,2005 by DFS including, but not limited to, California Department of Insurance (CDOI) and Texas Department of Insurance (TDOI ) investigation records regarding California and Texas of the persons, entities and events from January 1, 2002 listed in the DFS subpoena, including Kernan's August 4, 2002 disclosure to the DFS, the November contact from Grunke of CDOI to Mr. DeRobertis of the DFS, then the November 21, 2002 meeting with Mr. DeRobertis and Kernan and the Form A revisions and agreements transitioning control of Oriska Insurance Company, the Insurance Law 1104(c) order by Mr. DeRobertis on behalf of the DFS on June 30, 2003, and records and documents related to the operations of Oriska Insurance Company including affiliate and non-affiliate transactions for the period from January 1, 2001, subject to the same strictures as was demanded by the DFS of all the parties subpoenaed on March 6, 2006, to wit "that until you are advised otherwise, absolutely no document ; or records, including emails and other computer data, should be destroyed by you or your agency".

340. On June 22, 2007, trial was set for November 2007 on Oriska's Counterclaims that Anderson was removed from involvement with Oriska

and there was no dishonesty or untrustworthiness which would lead to receivership under Article 74 of the Insurance Law.

341. At a trial on December 6, 2007 in New York State Supreme Court, Oriska and DFS entered into a stipulation in open court (the "Stipulation") stipulating and agreeing there was no dishonesty or untrustworthiness by management of Oriska.

342. The trial of the Receivership action began in November, 2007 and was dismissed with prejudice on December 6, 2007, upon a stipulation which included a recital by the New York State Insurance Department that it did not allege, and that the court was not making any finding, that the management of Oriska Insurance Company in general, and Plaintiff Kernan in particular, were in any way untrustworthy or dishonest.

**The 2007 Judgment Against State**

343. The litigation involving the state agency and Oriska Insurance Company resulted in a settlement on December 14, 2007 before the Hon. Robert Julian where it was stipulated that the dispute was a matter of statutory accounting and that OIC's accounting was acceptable and the Department agreed not to pursue and further actions or proceedings against Oriska based upon the alleged insolvency as of September 30, 2005. Most important is that Judge Julian found (and the state agreed and stipulated on the record) that "the superintendent has not determined and has not alleged that the current management of Oriska in untrustworthy or dishonest." Even though Oriska Insurance Company was also able to prevail to have an Insurance Law 1104(c) Order lifted on 6/28/07 and the Action for Receivership of Oriska Insurance Company dismissed with prejudice, Oriska Insurance Company has not been in a position to reestablish its US Treasury Certificate of Authority, or regain its footing.

344. The Court entered a judgment (the "Judgment") of December 14, 2007 based upon the Stipulation, pursuant to CPLR §2104, settling the issues raised by the Amended Petition and Counterclaims and resolved by a Notice to Admit.

345. The State and its agency DFS is bound by the terms of the December 6, 2007 Stipulation establishing (a) credit to be allowed by Oriska for deductible

workers' compensation coverage and (b) Kernan's mutually acknowledged "trustworthiness".

## The "Full Partnership" Prosecutorial Team

346. The State DFS, in a New York State publication entitled, "The Annual Report to the Governor and the Legislature of the State of New York on the Operations of the Insurance Frauds Prevention Act (Article 4 of the Insurance Law), as admitted in its FOIL response and touted its "full partnership" with the FBI at page 14 of said Annual Report through Sawyer and Gralton in pursuit of Kernan, referred here to as the "Prosecution Team."

347. As an acknowledged "full" prosecutorial partner, DFS: (a) acted as an arm of the prosecution and, for purposes of the prosecution's discovery obligations, the knowledge it gathered such as the CCIF, may reasonably be imputed to the prosecutor and (b) State had the same disclosure and evidence preservation duties and obligations as that of the primary Prosecutor.

## After Dismissal of Receivership Action, DFS Pushes for Federal Indictment. All Charges are Dismissed Except for Engaging With A Felon, Despite DFS Consent.

348. After the Receivership action against Oriska Insurance Company was dismissed and Kernan refused to resign as a director and the President/Chief Executive Officer of Oriska Insurance Company, Defendants jointly and severally, individually and collectively as employees of the New York State Insurance Department, complained to the United States Attorney for the Northern District of New York and presented unfounded and unsubstantiated charges which ultimately resulted in the indictment of Kernan on January 30, 2008.

## The January 30, 2008 Indictment

349. On January 30, 2008, in a proceeding captioned United States v. Kernan, Case Number 5:08-cr-61 in the Northern District of New York, Kernan was indicted along with Robert Anderson ("Anderson Sr.") on various charges, including criminal conspiracy, mail fraud, wire fraud, insurance fraud, and violating 18 U.S.C. § 1033 (e) (1) (B) by permitting a convicted felon (i.e.,

Anderson) to participate and engage in the business of insurance (the "Indictment" NDNY Federal Court 08-cr-00061 Docket #1).

350. The Indictment arose from Kernan's alleged involvement in a scheme to defraud several professional employer organizations by misrepresenting that his company, Oriska Insurance Company, was authorized to write workers' compensation insurance.

351. All of the charges in the indictment were vigorously defended and dismissed with the exception of one, Kernan having permitted Robert J. Anderson, a person with a criminal record, to serve as a resource for Oriska Insurance Company in violation of 18 U.S.C. 1033 (e)(1)(b). A relationship known to and approved by the New York State Department of Insurance and many of the individual Defendants from the time it started in 2002 until the day of the indictment.

352. Notwithstanding the above stipulation in State Court and the Judgment against the State, the State, partnered with the Federal government to pursue Kernan on Federal criminal charges.

353. One of the counts on the indictment was 18 U.S.C. §1033(e)(1)(B). This was the only count pled to and all 14 of the other counts were dismissed. The crime pled to states that it is a crime for someone who engages in the business of insurance to allow someone to also be engaged in the business of insurance if that person has a criminal record involving dishonesty or untrustworthiness. The State DFS knew of the use of the felon as a resource in litigation from 2002 through 2007, and in fact fully disclosed the relationship in writing to the regulators before the relationship began as early as August 4, 2002.

354. The State agreed in the stipulation before Judge Julian that the management of Oriska Insurance Company was honest and trustworthy in the face of knowledge of the relationship with Anderson. The State Agency then used the §1033(e)(1)B conviction as part of its reasoning for finding dishonesty and untrustworthiness. This twisted reasoning is not only contradicted by the 2007 stipulation but it is also contrary to the statute §1033(e)(1)B.

## DFS Misrepresentation

355. During May of 2008, Kernan had unsuccessfully tried to subpoena the California Department of Insurance, seeking "All documents of any kind in the possession, custody or control of the California Department of Insurance related to any investigation of or pertaining to Oriska and criminal investigation of individual actors, including without limitation Compliance Bureau File OC258-A and Master Case Number 55-073 ... ", the CCIF. Kernan's intent was to obtain same to support his defense in the looming criminal trial and in support of litigation to defeat action to appoint a temporary receiver to supervise and operate Oriska. However, the California Department of Insurance refused to produce same on the basis that such investigative files were subject to numerous privileges.

356. Kernan, nonetheless, continued in his attempts to procure the exculpatory evidence in the CCIF and in October of 2008, filed a Petition for Writ of Mandate seeking a court order compelling the production of the CCIF by the Commissioner of Insurance for the California Department of Insurance.

357. Then on March 6, 2009, just days before the commencement of the criminal trial of Kernan, Kernan's application to obtain this crucial exonerating evidence contained in the CCIF was denied by a California Superior Court judge, who ruled that the material was confidential and not available.

358. On denial by the California Court of access to the CCIF, criminal defense counsel for Kernan sought an adjournment of the criminal trial, but the Prosecution opposed and the NDNY Federal District Court denied the adjournment and the criminal trial proceeded as scheduled for March 20, 2009 in the NDNY Federal District Court, without the CCIF available for the defense. It is now clear that during this trying time the CCIF had been transmitted to the Prosecution Team and was in their possession during the prosecution.

359. Kernan's inability to obtain the CCIF thwarted his ability to defend and constrained him to entering a guilty plea to 18 U.S. C. § 1033 (e) (1) (B), on March 20, 2009, which imposed criminal penalties for "willfully permit[ting] the participation in the business of insurance permitting

Anderson, a convicted felon, to participate in the business of insurance (the "Conviction").

360.  On March 20, 2009, Kernan pled guilty to §1033(e)(1)B. In the colloquy, it was acknowledged that due to the plea to §1033(e)(1)B Kernan was barred from engaging in the business of insurance in prospective matters unless he got consent from the state regulatory agency to get a waiver §1033(e)(2). In January, 2010 Kernan was sentenced. Kernan was suspended from the practice of law for five years but in 2015 was re-admitted to practice in the State of New York.

361. Kernan's Indictment and Conviction constitute the unhinged foundation, which caused DFS to set into motion a series of actions and reactions, causes and effects or consequences, only one of which being the subject of this Article 78 Petition, that being the State DFS' wrongful 02/04/13 Untrustworthiness Determination.

**Exonerating Evidence Withheld by Buzz Sawyer of NYSID During Trial.**

362. The investigation by Ms. Grunke of the Criminal Investigations Branch of the California Department of Insurance continued and ultimately resulted in an Investigation Report issued by the Investigations Division of the State of California Department of Insurance.

363. The California Department of Insurance investigative file contains statements of witnesses to whom the government gave immunity to testify against Kernan and other evidence which exonerate Kernan of culpability to the charges in the federal indictment.

364. The investigative file under the control of California investigator Grunke was provided to the fraud unit of the New York State Department of Insurance, however the investigative file was never produced to Kernan in the criminal prosecution against him.

365. Kernan learned that the fraud unit of the New York State Insurance Department, and specifically Charles "Buzz" Sawyer and Thomas Hurley, who were working on the prosecution of Kernan, withheld and/or deliberately concealed that investigative file from Kernan during the criminal proceedings brought by the US Government against him.

**Pre-Conviction (Mis)Representation By State Agency As A Full Partner Of The Prosecution Team**

366. At the pre-conviction critical stage of the criminal proceedings, the Prosecution Team expressly (mis)represented in writing to Kernan, upon which he relied to their detriment in entering his guilty plea, that "There is no additional information or material known DFS which may be favorable to the defendant on the issues of guilt or punishment."

367. The State, as part of the Prosecution Team: concealed and withheld the fact that, during the investigation and prior to the Indictment and Conviction.

368. The CCIF had been shared with the DFS and the DFS failed to disclose to Kernan the contents of the CCIF.

369. The Prosecution Team not only failed to disclose to Kernan but spoiled this CCIF and wrongfully misrepresented the contrary in writing that: "There is no additional information or material known to the government at this time which may be favorable to the defendant on the issues of guilt or punishment, within the scope of Brady v. Maryland, 373 U.S. 83 (1963)"

**After Years of Wasted Resources, the Indictments Were Unwarranted and the Convictions Extracted Were Tainted.**

370. Nevertheless, on January 30, 2008, Kernan, together with Robert J. Anderson Sr, were indicted by a grand jury sitting in the United States District Court for the Northern District of New York.

371. After a Judgment dismissing the proceedings against Oriska in New York State Supreme Court on December 6, 2007, on July 30, 2008, a grand jury returned a fifteen-count superseding indictment charging Plaintiff Kernan with conspiracy to commit mail and wire fraud (Count 1), mail fraud (Counts 2-6), wire fraud (Counts 7-11) and insurance fraud (Counts 12, 14-15).

372. Counts 1 through 11, comprising the conspiracy, mail and wire fraud charges (collective the "Mail and Wire Charges"), allege that Kernan defrauded six (6) Professional Employer Organizations ("PEOs") by making misrepresentations to them in connection with the sale of five (5) separate policies of workers' compensation insurance (each, a "WC Policy" and collectively, the "WC Policies"). In essence the fraud charges in the

Indictment allege that Kernan individually or in concert with others, including Robert J. Anderson Sr, marketed "unlawful and invalid" WC Policies to the "victim" PEOs.

373. Kernan vehemently asserted innocence of all of the charges alleged in the superseding indictment, with the exception of counts 12 and 13, which alleged that he permitted Anderson Sr, a known felon to engage in the business of insurance, and as to those counts he entered a guilty plea.

374. During the proceedings to enter the guilty plea, the Assistant US Attorney Edward Broton, set forth the facts that the government claimed that it would have been able to prove at trial. However, the government did not assert that it would have been able to prove that any conduct constituted fraud or dishonesty, or that Kernan engaged in any fraudulent or dishonest conduct.

**Kernan Agrees to Voting Trust in Order to Continue Serving the Percy Program**

375. In March 2008, the regulators of New York, Florida and Illinois had a telephone conference meeting with representatives of Oriska Insurance Company in which all agreed that pending resolution of charges against Kernan in an Indictment issued by the Federal District Court for the Northern District of New York, Kernan would be permitted to place control of Oriska Insurance Company, Insurance Company of the Americas, Reinsurance Company of America and Financial Benefits Insurance Company into a Voting Trust without the necessity of a formal application to change control.

376. On March 31, 2008, Kernan agreed to the terms of a Voting Trust.

**Florida Conducts Another Examination. Once Again, Nothing Found.**

377. The Florida Office of Insurance Regulation selected and directed that Insurance Company of the Americas enter into an agreement with Invotex to conduct an on-site Target Examination of the finances and affairs of the target company, Insurance Company of the Americas, in the hopes of finding unbusiness-like conduct by the Company sufficient to support a Receivership action brought by the Florida Department of Financial Services against Insurance Company of the Americas.

378. The terms of the engagement of Invotex were set by the Florida Office of Insurance Regulation and required to be paid by Insurance Company of the Americas. The examination was conducted on-site in Oriskany, New York from April 1, 2008 through August 17, 2008. The Invotex examination did not provide the basis to sustain the Receivership Action.

**Florida Launches Receivership Action Against ICA, Only to Have it Dismissed.**

379. On July 10, 2008, the Florida Department of Financial Services sued for appointment of a Receiver for Insurance Company of the Americas alleging that Kernan/IPA had transferred control of Insurance Company of the Americas to a Voting Trust without the prior approval of the Florida Office of Insurance Regulations.

380. Insurance Company of the Americas vigorously defended the Receivership Action against Insurance Company of the Americas.

381. The Receivership action was dismissed on March 1, 2011 for failure to prosecute.

**Florida Directs Transfer of Insurance Company of the Americas**

382. On May 15, 2009, IPA Acquisitions, Inc. was constrained by the Florida Office of Insurance Regulation to transfer control of Insurance Company of the Americas to First Florida Equity Holdings under a Stock Purchase Agreement of October 30, 2009, which Agreement had already expired according to its terms.

**Kernan Seeks to Make Reinsurance Company of America the First Minority Owned Insurance Company. Illinois Liquidates RCA Instead.**

383. On November 30, 2009, Irving Hurdle Jr. accepted appointment as President and Chief Executive Officer of Reinsurance Company of America, Inc. ("RCA") and so advised the Illinois Department of Insurance.

384. In January, 2010, Mr. Hurdle reconstituted the Board of Directors of RCA so that it was made up of persons of Native-American/ Hispanic-American/ African-American origin who evidenced ability and experience to perform responsibilities for the major areas of operation of RCA, including financial accounting and reporting, investments, reinsurance, claims adjusting and

litigation, policy services and premium accounting, production of business direct and through agents, advertising and underwriting.

385. On January 10, 2010, an Order was obtained by the Illinois Department of Insurance to appoint the Illinois Special Deputy as a receiver of RCA.

386. On February 2, 2010, Mr. Hurdle participated in a telephone conference with regulators at the Illinois Department of Insurance ("IDOI"). The meeting was led by James Hanson, Assistant to the Deputy Director. Mr. Hurdle described during the conference the direction that he envisioned RCA would take under his administration. Mr. Hanson responded that the state of Illinois was not interested in any social experiment.

387. On February 4, 2010, Mr. Hurdle advised Illinois that he was in the final stages of acquiring Oriska Insurance Company (Oriska) and RCA from Kernan and transforming the Oriska Group into the first minority-owned provider of bonding to federal contractors in the nation.

388. Mr. Hurdle was attempting to transition Oriska Group into the first African-American owned insurer. Oriska is a surety bond specialist, and, unlike its giant corporate competitors, it is an expert in dealing with small businesses and their needs. It has all of the requisite experience to deal with small minority contractors, the type who need bonding the most, and unfortunately, the least likely to get bonding on a timely or any other basis. This results in business going to larger more established contractors, thereby perpetuating the terrible cycle of underperforming, underprivileged business.

389. Mr. Hanson, responded to Mr. Hurdle's interest in continuing the vision of Kernan by directing that Mr. Hurdle re-domicile RCA out of Illinois and further emphasized that he was not interested in any social experiment.

390. On March 15, 2010, Mr. Hurdle confirmed by letter to James Hanson, that he was in the process of re-domiciling RCA out of Illinois. Mr. Hurdle advised that he had met with officials at the Texas Department Insurance (TDI) and had the "green light" to re-domicile RCA to Texas. An offer had been made by an investor group from Texas to purchase RCA. The closing was anticipated to occur in April 2010.

391. Mr. Hurdle advised Mr. Hanson that the anticipated change of control of RCA would close and RCA would be re-domiciled to Texas prior to May, making the RCA/FBIC merger unnecessary.

392. In August 2010, Marvin Kelly, Executive Director at Texas Property & Casualty Insurance Guaranty Association, participated in a telephone conference with insurance regulators from New York, Texas and Illinois about the proposed re-domiciling of RCA to Texas and changing control to Mr. Hurdle, and discussions about Mr. Kelly as a prospective board member of the reconstituted carrier. On the conference call the New York regulators said that the management of RCA and its affiliated companies under the control of Kernan was untrustworthy and recommended that the re-domestication not be authorized.

393. Despite the efforts to sustain the vision, RCA was forced to consent to surrender its assets to the Office of the Illinois Special Deputy ("OSD") by Order on Consent of April 27, 2011.

394. On April 25, 2011, voluntary surrender of control of Reinsurance Company of America was made to the Office of the Illinois Special Deputy.

**Ongoing Discrimination Against the Percy Class**

395. In September, 2009, Walter Fauntroy wrote New York State Governor Patterson about arranging a meeting with the Department of Insurance to make the governor aware of an important opportunity to create in the State of New York African-American surety bonding, property and casualty insurance which "would have the compound effect of facilitating the expansion and success of underprivileged businesses and the disadvantaged community in general. New York State would, as a consequence, break new ground by enabling us to effectively incubate and foster the startup of much needed disadvantaged businesses. The New York Insurance Department is in position to lend a valuable assist in a process that is underway that will allow this to happen. I have only two goals in meeting with you: first, to give you a thorough understanding of the value of what is proposed and, second, to have you to alert your new Superintendent of Insurance to what is at stake in a supportive role that his department can play in this process"

396. Mr. Fauntroy had been a minister of 50 years, and during the first decade of his ministry served as Martin Luther King Jr.'s personal representative to the President of the United States, the leadership of the House and the Senate, and the Cabinet members heading agencies that had relevance to the struggle of black Americans.

397. After the assassination of Dr. King, Reverend Fauntroy was elected to Congress from the Washington DC Congressional District. Reverend Fauntroy founded the Congressional Black Caucus and in that capacity served as chair of the Brain Trust on network development, with his colleague Parren Mitchel who started the Brain Trust on Minority Business Enterprise in New York.

398. In September, 2009, Reverend Fauntroy and Irving Q. Hurdle Jr. met with the new insurance superintendent for the NYS Department of Insurance James J. Wrynn at 25 Beaver Street, New York, NY, along with the previous acting superintendent, Brooks. Robert Eastman, Chief Deputy, a gentleman representing Form A applications, a representative of the NY Insurance general counsel, and Stacy Roland who was in charge of governmental relations.

399. The response at the meeting with the NYS Insurance Department came primarily from Mr. Brooks. Mr. Brooks said that he was not aware of anything connected with the inquiry by Reverend Fauntroy to the NY Governor. Reverend Fauntroy and Mr. Hurdle were told that the NY Insurance Department would look into it, and get back to Mr. Hurdle and Reverend Fauntroy clarifying and addressing their request and informing them of what their options might be.

400. Nothing was heard from the NYS Insurance Department until an email was received by Mr. Hurdle, the then President of Oriska, scheduling a meeting for February 1, 2011, again at the offices of the Insurance Department on Beaver Street.

401. At that meeting on February 1, 2011, the Department stated that the only alternatives available to Mr. Hurdle were either a voting trust of Kernan's control of Oriska, or for Kernan to apply for a waiver under 1033 of the US Code. Kernan was not at the meeting.

402. Immediately after the February 1, 2011 meeting, Mr. Hurdle asked Kernan to apply for a "1033 waiver". On February 16, 2011, as President of Oriska since November 20, 2009, Mr. Hurdle provided an affidavit to the NYS Insurance Department affirming that through the 90's, Kernan's efforts had provided insurance and insurance related services of particular need to an economically depressed market segment. Oriska insurance programs were central to the specialized opportunities that were essential to the success of contracting businesses.

**NY State Examiner Misleads State of Illinois Investigators, No Wrongdoing Was Found**

403. On or about October 10, 2011, Defendant Masterson wrongfully and maliciously wrote to the State of Illinois and intentionally alleging without any substantial credible evidence and charging without any reasonable grounds, that management of Oriska Insurance Company had illegally diverted in excess of $3 million from its affiliated Illinois company Reinsurance Company of America.

404. On the strength of this letter alone, the State of Illinois opened an investigation into the business and affairs of RCA for the purpose of determining whether there had been any violations of the Illinois Insurance Code.

**A Warrant issued on October 12, 2011 by the State of Illinois against RCA**

405. The charges by Masterson were determined, as a matter of fact upon a full investigation by the Illinois Investigator Prairie States Insurance Consultants Inc., to be false and unfounded and that there was no violation of Illinois law and there was no diversion of monies from RCA to Oriska Insurance Company.

406. A simple inquiry from the New York examiners on the premises of Oriska Insurance Company would have produced proof of the source of the excess of $3 million which was placed in a 114 trust to secure obligations of insureds of Oriska Insurance Company instead of the false charges which were maliciously and intentionally made to the State of Illinois. Yhis was an effort to cause the State of Illinois to take action against RCA to restrain security

upon which Oriska Insurance Company was relying to the detriment of the solvency of Oriska Insurance Company which charges were determined by the Illinois investigator to be unfounded.

## The State Agency Makes Defamatory Accusations About Employees of Oriska Insurance Company, Accusation Found to be False

407. On or about September 29, 2011, Defendant New York State Department of Financial Services made an unfounded complaint against the management of Oriska Insurance Company, alleging that Vice President Kevin Misiaszek was eavesdropping on a conversation between the New York State Department of Financial Services actuaries and the Oriska Insurance Company actuary on September 15, 2011, alleging "it came to [their] attention" that Mr. Misiaszek "listened in… " to a telephone conference set up by an outside conferencing service. It was alleged that Mr. Misiaszek had "dialed in" on the "conference line and "muted" his phone in order to listen".

408. The conference group which provides telephone conferencing services to Oriska Insurance Company was able to list all of the participants in the subject telephone conference held on September 15, 2011, two participants from area code 212 where the New York State Department of Financial Services actuaries were located, and one from area code 818 where the Oriska Insurance Company actuary is located.

409. The allegations of eavesdropping by persons in management of Oriska Insurance Company made by the New York State Department of Financial Services were malicious efforts by the Defendants jointly and severally, individually and collectively, to slander the management of Oriska Insurance Company in order to call into question the trustworthiness of management and to cause serious, permanent, and irreparable injury and damage to the management of Oriska Insurance Company and the company itself.

410. In addition, the false and malicious allegations made by and on behalf of the New York State Department of Financial Services were specifically, intentionally, and maliciously stated in order to provide "grounds" for removal and dismissal of officers and managers of Oriska Insurance Company and thereby enable the New York State Department of Financial

100

Services and the individual named Defendants to fully effect and complete their conspiracy to place Oriska Insurance Company into receivership and proceed to rehabilitate Oriska Insurance Company out of existence as the only effective market which would allow small and minority-based enterprises to compete effectively for work on public projects.

## Proceedings Before State DFS Agency

411. On or about February 18, 2011, Kernan filed an application for a §1033(e)(2) Consent or "1033 Waiver."

412. DFS summarily advised Kernan, by letter dated May 26, 2011, that his application for an 18 U.S.C. § 1033 waiver was denied because he had been deemed to be "untrustworthy."

413. The State DFS then served a Citation, dated July 27, 2011, alleging that Kernan had demonstrated untrustworthiness under Insurance Law §1506(c)(1)(A) based on the summary denial and should be directed to divest his interest in Oriska and/or be removed as a controlling person of Oriska. This would entail requiring Kernan to divest himself of his stock in IPA pursuant to § 1501 (a) (2) of the Insurance Law.

414. The Citation lists four untrustworthiness allegations: specifications permitting regarding Anderson, (2) Kernan's criminal Conviction for violating 18 U.S.C.§ 1033(e)(1)(B), (3) Kernan' suspension from the practice of law as a result of the Conviction, and (4) Kernan's failure to transfer his ownership interests in IPA and Oriska to a voting trust.

415. Kernan filed Answers and Motions for Severance and Separate Hearing which were denied in connection with both the Citation under Insurance Law 1506 and Notice of Hearing to review denial of the waiver.

416. The DFS combined both hearings before the same hearing officer (who happens to also be the Superintendent of the Department of Financial Services, where different parties had different burdens of proof. Over strenuous objections to the fairness of the proceeding by motion, the motion was denied and the hearings took place on both issues at the same time.

417. The DFS did not have jurisdiction under §1506(c) of the Insurance Law since Kernan had transferred his shares into a blind voting trust and was not

engaging in the business of insurance. The fact that Kernan may or may not have ownership of shares in OIC's parent company Oriska Corporation, the shares held in a blind voting trust that the DFS agreed to, is not engaging in the "business of insurance" as that term is defined under §1033(f).

418. The issue of "control" and untrustworthiness and dishonesty under 1506(c) took center place in a three-day administrative hearing. The hearing concerning the waiver/consent under 18 USC 1033(e)(2) was never requested but was unilaterally foisted upon Kernan over his objections, and using the consent deniel as the basis for the improper §1506(c) proceeding, tainting the entire proceeding.

419. On May 31, 2012, without the benefit of the CCIF before him, Hearing Officer Jeffrey A. Stonehill issued a Report and Recommendation to the Superintendent of the DFS on the a judiciary proceeding conducted under Docket No. 2011-0052-C and 2011-0011-A. Based upon State's proof, lacking the benefit of the CCIF, he recommended that Kernan "terminate his ownership control of Oriska Insurance Company immediately and not serve in any capacity at Oriska Insurance Company, including but not limited to, providing legal or engineering services, or insurance agency services, by himself or by any member of his family or relative, directly or indirectly to Oriska."

## February 4, 2013 State Agency DFS Order

420. On February 4, 2013, an Order and Final Determination, which is the subject of this special proceeding, was issued by the DFS, adopting Hearing Officer Stonehill's Report, requiring that Kernan divest his ownership and control of Oriska (the "02/04/13 Untrustworthiness Determination").

421. The Order issued by the Department of Financial Services on February 4, 2013 pursuant to Insurance law §1506(c) was an abuse of discretion and violative of both procedural and substantive due process of the fourteenth amendment and is otherwise jurisdictionally defective as the agency had no jurisdiction to issue the February 4, 2013 Order, prohibiting Kernan from providing legal and engineering service to Oriska Insurance Company. The state agency is not charged with enforcing the prohibitions under 18 U.S.C.

1033; instead the federal statutory scheme places the US Federal Courts in control of injunctions which would cover prohibiting Kernan from representing Oriska, requiring an application by the DFS to the US Federal Courts under 18 U.S.C. §1034.

422. Moreover, a conviction of violation of 18 U.S.C. 1033(e)(1)(B) is not a conviction involving dishonesty or untrustworthiness.

423. After the agency rendered its decision in February 4, 2013, Kernan challenged it as part of a Federal lawsuit in the Eastern District of New York before Judge Seybert, submitting this current Article 78 petition as supplemental to the Federal complaint. The Federal causes of action were dismissed in the Federal complaint in July 2015 but the Article 78 proceeding was allowed to stay active, and under CPLR §205. In January 2016 Oriska and Kernan brought the Article 78 which is pending before the Appellate Division of the New York State Supreme Court Fourth Department under Index CA2016-000126.

**After the Superintendent Orders Kernan To Divest His Ownership and Control Of Oriska, Kernan Makes A Startling, Agonizing and Disturbing Discovery**

424. Not until July 11, 2014, long after the hearing conducted by the DFS Superintendent, did Kernan learn, contrary to the DFS misrepesentation that the Prosecution Team which included the State, had, in fact, not disclosed to him and spoiled all exculpatory evidence in its possession. Grunke had maintained contact with California Attorney, Daniel L. Hitzke, Esq. ("Hitzke"),while he had represented Oriska to rectify the Scheme and move coverage to responsible parties. Submitted therewith was a declaration of Hitzke together with Exhibits referencing the Exhibit Packet detailing, inter alia, "multiple conferences" relative to the CCIF he had with Grunke.

425. Although in July 2014, California had provided a privilege log to attorney Hitzke listing the evidence obtained in the course of the Grunke investigation, due to confidentiality issues applicable under California law, the CCIF could not be released.

426. Attorney Hitzke's attempt to subpoena Grunke and the CCIF resulted in his procuring, instead, her July 11, 2014 Declaration (the "Grunke Declaration") in lieu of deposing Grunke with respect to the CCIF.

427. The Grunke Declaration(a) reveals that the CCIF was, in fact, shared with the DFS almost twelve (12) years prior; 5 years prior to the January 30, 2008 Indictment or 7 years prior to Kernan entering his guilty pleas on March 20, 2009 and (b) clearly establishes a chain of custody with respect to the CCIF: "In approximately June 2004, during the course of my investigation I conversed with Charles "Buzz" Sawyer and Christine Gralton from the New York State Department of Insurance and shared some of my investigation details regarding Reinsurance Company of America, Oriska Insurance Co. and/or Insurance Company of America. During the course of my investigation some contents of the confidential investigation files were shared inter-agency with the New York Department of Insurance."

428. Hitzke has provided a declaration based on interaction with Grunke which establishes the importance of the CCIF, to wit:

Hitzke: "This vital evidenced contained in the CCIF proves the existence of a calculated scheme by Robert Anderson, Mitchell Zogob and Alan Gagleard to hijack the identity of Oriska Insurance Company ("Oriska") and improperly issue Workers' Compensation Insurance in Oriska's name. The CCIF materials show that Robert Anderson was conspiring with Alan Gagleard, Mitchell Zogob and others - not with Kernan - but with others to commit the acts defrauding Kernan and his company, Oriska by misappropriating the company's name to write policies in California without Kernan's knowledge."

Hitzke: "Ms. Grunke was astonished when she learned of the indictment of Kernan as a result of the events in California let alone that the evidence in the CCIF gathered in her investigation would have exonerated Kernan, even though the evidence .in the CCIF have been delivered to the the State years before the indictment."

Hitzke: "Over the course of my work in ongoing litigation on behalf of Oriska and Kernan, I have been able to procure multiple documents identified in the Privilege Log of the CCIF. In reviewing these materials with

104

Ms. Grunke I was able to determine they were the subject of the Grunke investigation and were contained in the CCIF Mitchell Zogob and Robert Anderson entered into a business relationship known as "Zogob Anderson Partners d/b/a/ Z&A Marketing Inc.," an entity that the Kernan had no involvement in. Ms. Grunke made me aware of the Zogob-Anderson evidence in the CCIF, most of which she had obtained as a result of a search warrant for evidence against Mr. Zogob.In the process of investigating and representing Oriska and Kernan in California I was able to locate the following evidence in the CCIF, which as long ago as 2002 was provided to the New York Insurance Department as stated by Ms. Grunke in her Declaration filed with this Petition. This evidence is relevant and material as it shows a criminal scheme and conspiracy of Mr. Zogob and Mr. Anderson, which was pervasive and involved forged policies, fraudulently misrepresenting the documents as insurance certificates issued by such firms as American International Group Inc.'s Granite State Insurance Co., Hartford Insurance Group, Regency and Transglobal Indemnity Ltd., as well as Oriska Insurance Company, covering literally tens of thousands of employees, to steal the identity of Oriska Insurance Company in order to facilitate the issuance of fraudulent insurance certificates in the states of California and Texas without involvement of Kernan. The Zogob/Anderson partnership forged the certificates on Oriska paper with Oriska policy numbers, without James Kernan's and his wife's knowledge and absent any consent from Oriska."

429. The California investigation by Ms. Grunke shows that the Zogob/Anderson partnership enabled Anderson under the guise of doing due diligence to become an inside operative at Oriska to carry out the scheme of Zogob/Anderson/Gagleard.

430. The CCIF documents consist of material exculpatory information which unquestionably indicate that Power PEO, Gagleard, Zogob, Anderson, Price and Barron were all operating their illegal insurance activities and schemes. These documents and statements indicate that Kernan had no knowledge of their scheme to defraud Oriska, nor of these individuals scheme to defraud individuals in California to whom fake workers' compensation insurance coverage was sold. Again, none of this evidence was produced by the

105

government from the CCIF to Kernan. The documents and evidence attached that were part of the CCIF as referenced in the Privilege Log from the State of California, clearly establish that the only conspiracy that was ever entered into to commit workers' compensation fraud was between Mr. Anderson, Mitchell Zogob and Alan Gagleard, without culpability by Kernan in the Anderson/Zogob/Gagleard scheme.

431. These materials serve to prove that neither Oriska or Kernan had any involvement whatsoever in the Anderson/Zogob Scheme.

432. At the time of the 02/04/13 Untrustworthiness Determination, although the CCIF had been shared with the DFS, it was not included in the record of the hearing prosecuted by the DFS against Kernan, nor in the criminal proceedings in which the State participated as a "full partner" in the prosecution.

**State Agency DFS' Failure to Disclose Spoliation of Evidence**

433. The DFS has now admitted, in its FOIL response of April 5, 2016, that the exculpatory CCIF evidence, except for the ten pages of materials provided and appearing there, has since been destroyed. The DFS now states that the only CCIF document that survived was a fax transmission cover sheet dated January 26, 2005, the latter of which apparently having once accompanied said fax cover sheet, from Ms. Vera Grunke to "Buzz" Sawyer.

434. Obviously, had the DFS preserved and disclosed the CCIF to Kernan, he would have been aware of the DFS' possession of the CCIF at the time of the hearing and, as well, at the time of his Indictment and Conviction and, consequently, there would have been no voluntary plea entered and, thus, no Conviction upon which the DFS could have premised its 02/04/13 Untrustworthiness Determination.

435. However, the DFS failed to disclose its possession or knowledge of the CCIF to Kernan and Kernan relied to his detriment upon the DFS misrepresentation.

436. The 02/04/13 untrustworthiness determination is a final determination of a governmental agency and is pending review by the Appellate Division of the Fourth Department of the New York State Supreme Court reviewable in a proceeding pursuant to Article 78.

**The 2010 Examination**

437. Oriska is a qualified stock corporation authorized to transact the business of Workers' Compensation Insurance in the State of New York, and issue policies under the laws of New York State, in accordance with and compliance with section 50 of the Workers' Compensation Law. Designation of Oriska as an admitted Workers' Compensation Insurer by the New York State Workers' Compensation Board ("WCB"), established under the Worker's Compensation Law section 2 and section 140, and 141 to be the designated authority as the Board for the determination of claims before the WCB.

438. On June 11, 2010, Broad by Isaac Muller, wrote the coverage for certain policyholders.

439. Muller was also adjusting and paying the claims of injured workers covered by the policies issued by Oriska Insurance.

440. Broad by Isaac Muller, established an off-shore reinsurance program in Bermuda, which was intended to be collateralized by a 114 trust to secure the deductible retention of Obligations of the policyholders where Broad was Grantor of a 114 Trust at TD Bank.

**The 2010 Exam Report**

441. On October 29, 2012, the DFS issued its Exam Report for the Financial Exam, disallowing credit for the off-shore reinsurance, because there was not a proper transfer of risk, and because the trust failed to comply with the regulatory requirements of New York Regulation 114 (11 NYCRR §126), and as a result of the disallowance of the off-shore reinsurance found that Plaintiff was impaired, identified in the 2010 Exam Report of $8,091,480.

442. On January 8, 2013, a comprehensive Complaint was filed and served against State, detailing the lengthy history of the State agency DFS' efforts to force Oriska to stop doing business and liquidate.

**The 1310 Order**

443. On February 1, 2013, the Superintendent of the DFS issued an order pursuant to Insurance Law 1310, citing the impairment identified in the Exam Report,

and ordered that Plaintiff could not write any new policies until the impairment had been addressed, directly affecting the Nursing Program.

444. It was the Policyholders, their owners and operators who caused the impairment identified in the 1310 Order, by their use of offshore reinsurance and not properly paying Defendant Oriska Insurance Final Adjusted Premium in order for Oriska Insurance to fund the 114 Trust under the Program as it applies to the Policyholders.

445. On March 20, 2013, Broad was fired as the reinsurer and as the Administrator and Rashbi Management, Inc. was reinstalled as the Administrator, and resumed its position as grantor of the 114 Trust set up in 2007, as recited in a Settlement Stipulation, Defendant Oriska Insurance participated in addressing the impairment identified by the 1310 Order by removing Broad by Isaac Muller on March 20, 2013

446. On June 3, 2013, Kernan sought relief under CPLR Article 78 to vacate State's 02/04/13 Untrustworthiness Determination in Kernan, et al v. New York State Department of Financial Services, et al; 13-CV-3196 (JS) (ARL) in the United States District Court for the Eastern District of New York before the Hon. Joanna Seybert.

447. On November 23, 2014, by a surplus note pursuant to Insurance Law 1307 issued by Oriska's parent addressing the impairment by paying into the capital of Oriska Insurance of $8,489,800.00 to address the impairment identified in the 1310 Order of $8,091,480. This Order remains in force as of the filing of this Complaint, despite Oriska having addressed the impairment.

448. On July 15, 2015, the Eastern District Court dismissed the federal law violations under FRCP(12) (b)(6) for failure to state a cause of action and terminated the state causes of action, including the Article 78 challenge to the 02/04/13 Untrustworthiness Determination, by declining to assert supplemental jurisdiction and judgment was entered July 27, 2015.

449. Pursuant to CPLR §205, Oriska and Kernan recommenced the Article 78 cause of action on January 15, 2016, in New York State Supreme Court Index CA2016-000126 and CA2016-000125, and is pending before the Appellate Division Fourth Department.

**Procedural Path to Challenge the Actions of The State**

450. This is an action to enforce a Judgment ("Judgment") of December 14, 2007 of this Court based upon a Stipulation ("Stipulation") in open court of December 10, 2007.

451. The State is bound by the Stipulation establishing credit to be allowed in accordance with Statement of Statutory Accounting Principle ("SSAP") 65.

452. A Report of Examination of Oriska Insurance Company (the "Report") issued from the New York Department of Financial Services ("DFS" or "Department") alleges that Oriska is insolvent. A draft of that Report was sent to Oriska Insurance Company on June 15, 2012.

453. Furthermore, the issue of trustworthiness of management of Oriska, including Kernan as raised at page 12 of the Report, was resolved and settled by the stipulation at page 3 of the transcript. The references to Anderson Sr. in the Report were previously resolved by the Stipulation that there was "no dishonesty or untrustworthiness" on the part of management of Oriska including Kernan. There are no new facts which are distinguishable from the accord reached in the Stipulation and in the 2007 Judgment.

454. The Stipulation of accord and settlement was on the record before the Court by the State and Oriska, by entry into the record and is enforceable under CPLR 2104.

## XI.   THE PERCY PROGRAM

**History of Apprenticeship in the Percy Program**

455. The Percy Program was developed with the assistance of predecessors of Defendant State DFS officers: former Chief Deputy Frank Donohue, and former General Counsel Morty Greenspan, who worked tirelessly to shepherd the development of the Percy Program. Oriska's singular mix of tools provides training and working environments that exists nowhere else. Such rich benefits under the Percy Program results in retention of well trained, competent and safety conscious workers for employers who participate in the Percy Program.

456. It happens that 90% of the persons accessing the Percy Program have been minority or disadvantaged by natural outreach, meaning that the

disadvantaged have a difficult time being accepted into organized labor OJT apprenticeship programs. The Percy Program can work with unions utilizing union journeypersons for OJT apprenticeship of Percy apprentices, providing jobs to union members and apprentices, benefiting all.

457. The Percy Program began in 1984 paragraph 85 and 158 hereof, and for 25 years has provided apprenticeship to hundreds in the skilled trades. The Percy Program moved from upstate New York to the Bronx in 1999 to accomplish the same substantial and permanent good that was accomplished upstate.

458. Since 1999, the Percy Program, in partnership with State University of New York Maritime College ("SUNY Maritime") paragraph 180, 209, and 218 hereof, has trained skilled trade persons through the OJT Apprentice Program.

459. The Percy Program works under the delegation of authority by the Federal Bureau of Apprenticeship Training to the NYS Departments of Education and Labor. The Percy Program works under the guidance, authorization and regulation of the New York State Departments of Education and Labor.

460. You can affect workers' safety positively utilizing the Percy Program, resulting in greater control of risk, reducing loss for employers and injuries and illnesses to employees, through instruction in safe and healthful practices.

461. The Percy Program was first registered under the Oriska Corporation, paragraph 161 hereof, with the NYS Department of Labor for the work processes for OJT and related classroom instruction for the following skilled trades: carpenter, plumber, heating, ventilation, air-conditioning workers, steam fitter, mason, steelworker, roofer, operating engineer, electrician, and skilled laborer, and work processes in development are health care workers, nurse aide, personal care, activity director, dining services, environmental services, home health aide, rehabilitative aide, medication aide, hospital maintenance worker.

462. The length of apprenticeship varies from two to five years, depending on the occupation. The Program works especially well in public works construction where the federal Davis-Bacon law and the NYS Labor Law Article 8 keep wages in the skilled trades high. The apprentice is paid a percentage of the

journeyperson rate while in apprenticeship as part of the workforce working under the guidance of more experienced workers called journeypersons.

463. Successful completion of all requirements results in award of a NYS Department of Labor Certificate recognized by the Federal Bureau of Apprenticeship Training verifying journeyperson competency.

464. The Percy Program works closely with employers and their employees, on education/training, consulting with employers and employees on safety, traffic control, fall protection, trench safety, OSHA regulations, drilling and blasting safety, hot and cold weld precautions, heavy equipment safety operation, scheduling and working height safety protection, hazardous material handling and health safety evaluation, airborne infectious diseases, lead abatement, asbestos blood borne pathogens, mold and other hazardous materials and fire, incorporated into teaching programs. Safe workplace practices and controls reduce hazards, mitigate potential losses for employers and fosters safety. The Percy Program includes on-site safety inspections and risk assessment. creating safe work environments necessary to help to control the workplace and increase safety awareness and loss prevention. Loss prevention includes risk evaluation, pre-inspection, of sites includes loss history, nature of risk, safety practices and program compliance recommendations for implementation of safety programs.

**Worker Assessment**

465. All workers undergo a complete series of entry- and journey-level assessments as part of the Percy Program. These assessments evaluate the knowledge of an individual and provide a prescription for upgrade training when needed. All assessments are based upon curriculum developed in conjunction with subject matter prevalent in the covered industry. The assessment and certification are in compliance with existing federal, state and local employment laws.

466. Management assessment tests assess an individual's skill level. Performance verifications are administered by a qualified objective performance evaluator.

111

## OSHA Workplace Hazards Addressed

467. Occupational Safety and Health Act of 1970  Section 5(a)(1), "General Duties Clause", recognizes hazards in the workplace that are causing or are likely to cause death or serious physical harm, including from airborne infectious diseases. Mitigation is by engineering and administrative controls, and by safe work practices.

> Personal protective equipment (PPE, including goggles, face mask, gowns) as may be necessary, to assist medications, including IV, oxygen monitoring, and administration of bathing, personal care in hospitalization, home health care and nursing home settings.

> Engineering controls include mechanical methods of separating an employee from a workplace danger, air filtration systems or physical barriers, sneeze guards.

> Administrative controls changing human behavior to reduce exposure to a hazard, encouraging sick employees to stay home, keep workers six feet apart from each other and reducing unnecessary travel to locations with coronavirus outbreaks.

> Safe work practices provide disinfecting products so employees can clean their work surfaces.

> Working in personal protective equipment (PPE) including masks, gloves, hard hats, eye protection and respirators, nurse working triage in hospitals.

468. The Percy Program includes OSHA Certification Training providing health and safety certification programs to reduce occupational errors and promote protective measures, including OSHA classes, first aid, emergency planning, and fire safety, and OSHA's recently released guidance on classification of worker risk to potential exposure to the coronavirus.

## OSHA 10 and 30 Hour Course

469. The 10 and 30 Hour course provides instructions on various industry safety and health standards. It introduces workers to safety standards and makes them able to recognize hazards, avoid dangerous situations and prevent

accidents, includes intro to OSHA, fall protection, electricity, personal protective equipment, handling, storage, use and disposal of tools.

## OSHA 10 Permit-Required Confined Space Entry

470. This course is designed to recognize, evaluate, control and abate safety and health hazards associated with permit-required confined space entry. The course focuses on the specific requirements of OSHA 29 CFR 1910.146, recognition of confined space hazards, basic information about instrumentation used to evaluate atmospheric hazards, and general permit space ventilation techniques.

## OSHA Ergonomics

471. This course covers the use of ergonomic principles to prevent musculoskeletal disorders. Topics include anthropometry, video display terminals, work physiology, musculoskeletal disorders and risk factors such as vibration, temperature, material handling, repetition and lifting and transfers in health care. The course features industrial case studies covering analysis and design of work stations and equipment, laboratory sessions in manual lifting and coverage of current OSHA compliance policies.

## OSHA Excavation, Trenching and Soil Mechanics

472. OHSA standard and on safety aspects of excavation and trenching, practical soil mechanics and its relationship to the stability of shored and un-shored slopes and walls of excavations, various types of shoring (wood timbers and hydraulic) are covered.

## OSHA 7600 Disaster Site Worker

473. participants are made aware of safety and health hazards, including CBRNE agents that may be encountered at a natural or human made disaster site. The importance of respiratory and other personal protective equipment and proper decontamination procedures that may be used to mitigate the hazards are emphasized. Participants support the use of an Incident Command System through the safe performance of their job responsibilities. They will be able to show awareness of effects of traumatic incident stress that can result from working conditions and measures to reduce stress. Participants perform the following specific tasks:1) inspection

of an air purifying respirator; 2) donning and doffing of an air purifying respirator; and 3) respirator user seal check; using skilled support services (e.g. utility, demolition, debris removal, or heavy equipment operation) or site cleanup services in response to a disaster.

**OSHA 2225 Respiratory Protection**

474. Covers the requirements for the establishment, maintenance, and monitoring of a respirator program, OSHA standards, NIOSH certification and medical evaluation recommendations. Course highlights include laboratories on respirator selection, qualitative fit testing and the use of a large array of respiratory and support equipment for hands on training (Included Respiratory Medical Clearance Test and Respiratory Mask Fit Test)

**OSHA 3110 Fall Arrest Systems**

475. Provides participants with an overview of state of the art technology for fall protection and current OSHA requirements, including the principles of fall protection, the components of fall arrest systems, the limitations of fall arrest equipment, and OSHA policies regarding fall protection. Course Objectives: Identify various types of fall protection and their components; Recognize fall hazards and identify abatement methods for fall hazards; Define the proper use of fall protection equipment and personal fall arrest systems and slection of proper standards for citation purposes.

**Fire Safety and Emergency Preparedness**

476. The Fire Safety is designed to give a clear understanding of the Fire Code and Fire Rules, the duties of a Fire Safety Manager, the Fire Code construction site requirements, and construction site fire safety requirements, fire alarm systems; emergency procedures; training requirements; fire suppression systems; other building systems; maintenance; recordkeeping and knowledge of rules as they pertain to fire safety.

**American Heart Association First Aid, CPR with AED**

477. Procedures for CPR and choking, heart attacks, strokes, Automated External Defibrillator (AED) introduction, as well as topics such as bleeding, shock, fainting, poisoning, epilepsy, diabetic emergencies, allergic reactions, burn

accidents, heat and cold emergencies, head and neck injuries, and musculoskeletal injuries, is certified, good for 2 years.

## Enforcement of smoking prohibitions

478. Inspection for accumulation of rubbish, location and use of fire extinguishers, and fire alarm pull stations when required; Information of the extent of the out-of-service condition; location of hazardous materials that are stored, handled or used in the building including fuel oil storage tanks; the means available for the fire guard to make required notification

## Environmental Training Lead - Renovation, Repair and Painting Class

479. The U.S. Environmental Protection Agency (EPA) Renovation, Repair and Painting (RRP) Rule, developed under the Toxic Substances Control Act, imposes requirements for contractors, property Owners and managers, who renovate, repair or prepare surfaces for painting in pre-1978 rental housing or space rented by child care facilities for lead safe work practices, learning lead laws that apply regarding certification and lead safe work practices.

## Mold Remediation

480. Facts associated with mold, interpretation of data and the current general status of mold-related litigation, legislation, licensing, and certification, are covered.

## Blood Borne Pathogens

481. Covered are exposure control plans and workplace practices that will minimize risks, OSHA standard universal precautions, personal protective equipment, safe work practices and engineering controls; decontamination; housekeeping; labels and signs.

## Asbestos Handler

482. Employees on an asbestos project whose duties involve removal, encapsulation, application or enclosure of any asbestos material, or the disturbance of friable asbestos, medical surveillance, personal protective equipment, preparing the working area and setting up the decontamination unit, usage of negative pressure air filters, air monitoring and hazard communication regulations, EPA, OSHA & relevant state & local regulations, New York State Industrial Code Rule (12NYCRR56) and

Federal USEPA and USOSHA regulations, waste disposal and recordkeeping requirements, air bulk sampling and glove bag techniques, confirming and minimizing airborne fibers, and on-site safety, are covered.

483. Air Sampling covering air sampling techniques, inspections and procedures, regulations and emergency response, becoming familiar with the methodology for representative quality assurance for both personal and area sampling for phase contrast microscopy (PCM) and transmission electron microscopy analysis (TEM) are included.

## Lead Worker EPA

484. Lead hazard control activities including elevated blood level (EBL), health department ordered projects, USHUD grant programs, public & Indian housing abatement programs and military abatement projects, include: health effects of lead poisoning and sources of lead exposure, testing for lead-based paint, worker protection, abatement, clean-up, clearance testing, disposal of abatement debris, regulation, guidelines and recourses for lead testing and abatement, risk management, hazard control strategies, waste disposal.

## Apprentice Wages

485. Apprentices can be paid a percentage of journeyperson wage. If a wage and benefit determination for the public work construction applies pursuant to section 220 of the New York State Labor Law and the federal Davis–Bacon Act USC 40 U.S.C. §§ 276a-276a-5, re-codified as 40 U.S.C. 3141-3148, the apprentices rate is scheduled.

486. Out of the savings on the apprenticeship wage paid as a percentage of the journeyperson wage, an emolument to journeypersons who undertake, train and mentor the apprentices' OJT, a 10% markup on such journeyperson's wages is available. The journeyperson must be assessed and qualified as a trainer to be eligible for the training emolument.

## Components of the Percy Program

487. The Percy Program on which we seek declaratory judgment relief against the Defendant Government Agencies, and specifically the State of New York on the enforceability of the Percy Program, includes apprenticeship and health,

disability and workers' compensation benefits offered to a homogeneous group of employers.

The Benefit Program includes the following:

- Accident and Health Insurance

- New York Statutory Disability Insurance

- Workers' Compensation Insurance

- Short-Term Disability

- Long-Term Disability

- Contract bonding, including Bid, Performance and Payment Bonds

- Apprenticeship under the National Apprenticeship Act of 1937 as approved by the NYSDOL

488. Gaining control of workers' compensation costs is essential. Health care providers under intense pressure from health care programs, find it all too convenient to shift costs to workers' compensation coverage. This can raise the medical cost for any claim by a factor of 100 - 400%. To help alleviate this crushing burden, the Program offers a singularly unique 24-hour protection portfolio jointly administering workers' compensation, health, and disability coverages. Delivery of workers' compensation services and traditional health care reduces costs while providing employees with a simple, state-of-the-art system of health care delivery, combining care for injured and ill workers.

Oriska Insurance is the sole provider of a fully insured 24-Hour Coverage Program of employee benefits (the "24-Hour Coverage Program") offered by Oriska as a domestic New York insurance carrier. The 24-Hour Coverage Program seamlessly provides instant care through a workers' compensation carrier that is also a licensed health carrier, specializing in workers' compensation, health and disability. Oriska is so singularly licensed, licensed for health in its P&C licensing, even though health coverage is normally the purview of a life carrier. This gives Oriska the ability to provide immediate care regardless if the injury is work-related or not in a cost-efficient manner. No other U.S. company is so specially licensed.

117

The unusual licensing of Oriska for health, disability and workers' compensation insurance within the same carrier enables Oriska to provide immediate care under its health coverage, returning injured employees to work, avoiding long term worker compensation benefit costs. Employees receive the same medical attention whether the injuries are work or non-work related.

The necessary licenses for the business of accident and health, disability and workers' compensation as specified in paragraphs 3 and 15 of Section 1113(a) of the New York Insurance Law, are required for the loss sensitive 24-Hour Coverage Program. These licenses were granted by the State to Oriska in 1993. The licenses required rating and form approvals by the DFS pursuant to Insurance Law §2307 and were first approved by the DFS for Oriska in 1994, and were revised and ratified in 2003, 2005 and 2007. Oriska's membership in the New York Compensation Insurance Rating Board ("NYCIRB"), credentialed with the New York Workers Compensation Board ("WCB"), recognized by New York State by the issuance of licenses under paragraphs 3 and 15 of Section 1113(a) of the New York Insurance Law, were necessary to legally operate this 24-Hour Coverage Program, intellectual property specifically approved for Oriska's individual use and identity.

This loss sensitive program of 24 hour work-related and non-work related coverage is accomplished by endorsing standard policies to provide coverage offered as a portfolio of coverages with basic required pieces that the insured must agree to take and participate in, a basic program that the insured agrees to by its Adoption Agreement. There are additional coverages that are added to enhance the program as the insured chooses.

The basic coverage is workers' compensation as shown on the Information Page of the Policy.

A first aid emergency treatment, well care coverage rider and preventative care is added for claims which are not immediately accepted as work related in order to provide immediate medical care and treatment. If there is a C2 First Report of Claim alleging a work related incident, the Carrier so notifies the Workers Compensation Board but continues to pay as a non-work-related incident until a claim has been established by decision

of the Workers Compensation Board.

In addition, a rider for Enhanced Statutory Disability shall apply for lost wages as an enhancement to supplementing Statutory Disability overage issued by the Carrier or to enhance Disability coverage provided by another carrier [upon renewal of the Program adopted by the Insured, the Carrier shall provide Statutory Disability Coverage at rates in place with another carrier at the time of the initial adoption of the Program, and thereafter at rates calculated by the Carrier for the experience of the Insured. If upon renewal of the Program the insured opts not to purchase its Statutory Disability Coverage from the Carrier, the Carrier has the option to non-renew the Program in its sole discretion].

The Program includes first aid emergency treatment, well care, safety, risk management, loss control, education and continuing education, and apprenticeship. If an insured fails to participate in these aspects of the Program, the Carrier has the option to nonrenewal in its sole discretion.

Oriska reports as a Large Deductible Discount below Standard Premium covering:

- Return to Work Incentive
- Drug Free Work Place
- Scheduled Deductible Credit
- Managed Care
- Work Place Safety
- Apprenticeship
- Premium Discount

The Program coverage is as a trade association covering all of the employees of multiple-coordinated subsidiary policies issued to insureds. The maximum amount that a multiple-coordinated insureds are required to pay is annual standard premium as shown on the Information Page of its policy adjusted by audit, there is no override for the extra benefits provided under the Program.

Assessment (assessments and taxes charged by the State) are paid directly to the State.

From the Annual Premium paid in this loss sensitive Program a

deductible premium is retained by Oriska as mutually agreed with the insureds, and the balance paid as a deductible discount to a loss fund to cover actual benefit obligations incurred during the period the Program is in effect, providing an incentive to the insureds to emphasize safety and loss control activities. The deductible discount paid into the Loss Fund are funds that are restricted to the payment of the obligations of the Program as to the time and manner of payment out of the loss fund. When the loss fund balance exceeds 110% of the obligations as defined by the trust, the overage can be distributed as reduction in premium on renewal.

The Program is funded by the flow of revenue from the multiple coordinated policyholders. The Carrier Oriska pays to the Loss Fund consisting of an imprest account and a trust for the reimbursement to Oriska Insurance for obligations of the Program (claim payments, loss adjustment expenses, reserves, safety training and risk management, and Bank and trust fees) to fund the obligations.

All claims of injured or ill employees within the deductible covered under the Program are reimbursed from the Loss Fund either out of the Imprest Account or the Trust administered by the Administrative Trustee.

After the aggregate limit as agreed between the parties the risk belongs to the Oriska.

The 24 HR Program Discount for the loss sensitive program is agreed to by "mutual agreement" on a portfolio of coverages and attributes defined within the Program for managed care, loss control, safety training, risk management, continuing education, first aid emergency treatment, well care, apprenticeship, and aspects of the Program as added from time to time by mutual agreement.

## XII.   REGULATORY APPROVALS OF PERCY PROGRAM

489. The following is a summary of the regulatory approvals obtained by Oriska Insurance and Oriska Corporation for the Percy Program.

490. As set forth in paragraphs 164-166 in the X. CHRONICLE AFTER THE FIRST PERCY V. BRENNAN of this Lead Complaint, the Apprentice Program was first certified by the New York State Department of Labor and Department of Education in 1990. In 1999 the Apprentice Program moved to the Bronx.

491. The endorsements subsequent to 1994, both by direct approval by the DFS or by adoption of NYCIRB policy endorsements, constitute modifications and/or additions to the 1994 Memorandum which initially detailed the workers' compensation coverage approved by the DFS.

**File 93100407-408 Memorandum, November 15, 1994**

Approval of Workers Compensation, Accident and Health, and Disability loss sensitive program.

- The Program is offered under Insurance Law 4235, Insurance Law 3443 and Insurance Law 2307.

- Described as a Program of multiple coordinate policies to insureds who have adopted the Program through an Administrative Trustee and have elected coverage through the Program.

- The loss sensitive program endorses standard policies to provide coverage offered as a portfolio of coverages with basic required pieces that the Insured must agree to take and participate in.

- Provides for a Large Deductible Discount.

- The policyholder is the Administrative Trustee or the Professional Employer Organization licensed under Article 31 of the New York Labor Law.

- The maximum amount multiple-coordinated Insured policyholder is obligated to pay Oriska is the full audited Annual Final Premium plus Assessments.

- The Program is funded by the flow of revenue from the multiple-coordinated policyholders. The Annual Premium is divided into two (2) parts, the first is the Deductible Premium as a percentage of Annual Standard Premium which is as mutually agreed and which is retained by Oriska; and the second, the balance is the Deductible Discount to reimburse obligations.

- From the annual premium paid in this loss sensitive program the agreed deductible premium is retained by Oriska as mutually agreed with the Policyholder and the balance paid as a Deductible Discount to a Loss Fund to cover actual Obligations incurred.

121

- It is not until the balance in the Loss Fund balance exceeds 110% of the coverage Obligations, can there be a return of a portion of annual premium to insureds.

- The Loss Fund consists of an imprest account and a trust for the reimbursement of Oriska for obligations of the Program (claims payments, loss adjustment expenses, reserves, safety training and risk management).

- Oriska requires collateral for the credit risk associated with the Deductible Credit.

## 1996-09-26; LRRO Mutual Agreement Approval

- Modification approval to 1994 Memorandum to eliminate the NY Large Risk Rating Option limitations and allow the individual large risk.

- Revised the premium eligibility requirement to estimate annual standard premium in excess of $500,000.

## 2002-11-02; WC Large Deductible Filing

- This is a significant modification to the 1994 Memorandum. Not only were there major changes to the "Program" per the 1994 Memorandum, File 93100407-408 Memorandum, November 15, 1994, the changes to the 1994 Memorandum were incorporated into a policy endorsement.

- 2003 -02-13; Workers Compensation Large Deductible Plan Filing Approval OIC Final is the Department of Financial Services approval of the policy endorsement significantly modifying the 1994 Memorandum.

- Essentially a changed form Large Risk Rating Option to Workers' Compensation Large Deductible Plan [Deductible Endorsement (WW 99 06 01 (2002)].

- Requires named insured must sign a copy of the endorsement acknowledging responsibility to reimburse the program and confirming he/she understands the possible economic effects of being responsible for loss adjustment expenses.

122

- The Plan is designed as an alternative to self-insurance.

- Provides the Explanatory Memorandum and Operational Rules.

- Solvency of insurer is protected by requiring collateral to secure reimbursement.

- Range of deductible amounts.

- Basis for computing Deductible Premium.

- Allows participation by Professional Employer Organizations.

- Provides underwriting guidelines.

- Deductible Endorsement.

- Establishes each named insured is jointly and severally liable for all deductible amounts under this policy.

- Prototype Trust Agreement to be used in lieu of a letter of credit to satisfy the security requirement in the endorsement for the related credit risk.

- Security of the employees is preserved because insurer has primary responsibility to pay claim liabilities to injured employees.

## 2003-02-13; Workers Compensation Large Deductible Plan Filing Approval OIC Final

The DFS approval letter of Endorsement WC 99 06 01 (2002).

## 2005-02-15 Approval of LD Filing

Large Deductible Program Endorsement approval [WC 99 06 01 B (01/05) NY] was obtained from the Superintendent of Insurance to increase the deductible to the greater of $1 million each occurrence/claim or 200% of audited standard premium.

Amendments as Endorsements to the Policy form were approved as to how the deductible applies, miscellaneous definitions, and provisions for PEOs. A new paragraph I was added on Joint and Several liability.

## 2007-12-05; NYSID Endorsement Approvals

Approval of Endorsement – WC 31 040 03A and WC 31 06 16A were

obtained from the DFS, also approved was Endorsement WC 99 01 01 pertaining to the acceptable calculation of the assessment and premium tax. The revised Professional Employers Organization Deductible Endorsement – WC 99 06 01 C and the Deductible Program Endorsement – WC 99 06 020 were also approved effective 2007.

492. **Summary:**

Certain provisions in the 1994 Memorandum were superseded and are referenced in the endorsements that were approved by the DFS. It is significant to note that effective 2002, to ensure named insureds give informed consent, the rights and responsibilities of the named insureds are encapsulated in the endorsement which is part of the policy they receive. Use of the endorsement not only ensures insured are informed of critical aspects of the coverage such as the pooling arrangement and joint and several liability caveats, but that they also received the most current terms and conditions. The 2007 endorsement (WC 99 06 020) details the most current rights and responsibilities of the insured and is applicable to the examination period.

The originally approved document, the 1994 Memorandum, still contains relevant administrative information and in particular is the governing document that authorizes the administrative trustee, the creation of a trust and imprest account and details how the multiple coordinated policy coverage works.

## XIII.   NUMEROSITY

493. The number of members of the Percy Class are essentially unenumerable but are not indeterminate and have been identified in the Percy v. Brennan action Case 73-cv-04279 being enforced here.

## XIV.   COMMON ISSUES OF LAW AND FACT

494. The issues of law and fact determining the claims of the Percy Class, that the actions of the Defendant State and its DFS and the Owners and Employers named in this action and the tag-along actions, have caused, are causing, and will continue to cause serious, permanent and irreparable economic and social injury and damage to the Percy Class, are common to all members of the Class.

495. The common issues of law and fact must be determined by this Court in order to fashion an appropriate equitable remedy and provide equitable relief for the benefit of the Percy Class.

## XV. JUDICIAL ECONOMY

496. This action avoids the prosecution of separate actions by multiplicity of actions involving the same individual members of the Percy Class and the same Owners which would create a likelihood of inconsistent or varying adjudications with respect to individual members of the Percy Class.

497. The Defendant Government Agencies, individually and collectively, alone and in concert with other still unidentified parties, cloaking themselves under the color of law, utilized and are still utilizing all the power of their government offices, in capricious and conspiratorial disregard to deny and to inflict damages on the Percy Class without justification. The Percy Class has been denied and deprived of an opportunity to compete effectively within the American free enterprise system and as a result the Percy Class have sustained serious and ongoing damages, and if the wrongdoing of the Defendants is not enjoined and prevented, the chronic damage will continue unabated.

## XVI. AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT GOVERNMENT AGENCIES

498. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

499. The acts of Defendant Government Agencies and each of them have violated the Civil Rights Act of 1964, 42 USCA § 2000e and d.

500. Plaintiff Percy and the Class he represents have been constantly denied due to such wrongful and illegal acts in violation of the Civil Rights Act of 1964, 42 USCA § 2000e and d, depriving the Percy Class of opportunity, entitling the Percy Class to actual damages for lost wages, for lost opportunity and compensation as money damages, not limited to members of the Class, but also including members of the Percy Classes' children and families, significantly disadvantaged in education and skills, struggling to get a job, damaging the families of the members of the Percy Class, in an amount to be determined at trial.

## XVII.   AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT GOVERNMENT AGENCIES

501.  The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

502. The acts of Defendant Government Agencies and each of them have violated of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§§1981, 1983 and 1985.

503. Plaintiff Percy and the Class he represents have been constantly denied due to such wrongful and illegal acts in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§§1981, 1983 and 1985, depriving the Percy Class of opportunity, entitling the Percy Class to actual damages for lost wages, for lost opportunity and compensation as money damages, not limited to members of the Class, but also including members of the Percy Classes' children and families, significantly disadvantaged in education and skills, struggling to get a job, damaging the families of the members of the Percy Class, in an amount to be determined at trial.

## XVIII.   AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT GOVERNMENT AGENCIES

504. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

505. The acts of Defendant Government Agencies and each of them violated EO 11246.

506. Plaintiff Percy and the Class he represents have been constantly denied due to such wrongful and illegal acts in violation of EO 11246, depriving the Percy Class of opportunity, entitling the Percy Class to actual damages for lost wages, for lost opportunity and compensation as money damages, not limited to members of the Class, but also including members of the Percy Classes' children and families, significantly disadvantaged in education and skills, struggling to get a job, damaging the families of the members of the Percy Class, in an amount to be determined at trial.

## XIX.   AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT STATE

507. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

508. The State, individually and collectively, jointly and severally conspired and acted to frustrate the efforts of Percy limiting the effectiveness of the Percy Program in its support of the efforts of independent entrepreneurs to provide training to enable the Percy Class to compete for jobs which can lead to rewarding careers providing reliable and steady income and benefits for those workers and their families.

509. As an agency of the State of New York, the DFS is delegated extensive powers from the State government office of the Governor.

510. The State suspended the ability of the Percy Program to write business by wrongfully exercising Insurance Law §1104(c) on June 30, 2004. The State's wrongful suspension of the Percy Program on June 30, 2004 under Section 1104(c) some three years later on June 28, 2007, too little and too late to prevent serious, permanent and irreparable damage to the Percy Program. The State unilaterally lifted the June 30, 2004 Order of Suspension.

511. The State then issued an Order under 1310 of the Insurance Law on February 1, 2013 failing to recognize the approvals set forth herein, and failing to abide by the Stipulation and Judgment of 2007.

512. Special knowledge incorporated into the operation of the Percy Program, is singular to Oriska, and does not exist anywhere else.

513. The State's actions threatens and discriminates against "blacks" and "Spanish-surnamed" persons as the Percy Class by means of regulatory actions and proceedings brought by and at the instance of the Defendant State, were brought in bad faith or were initiated with and animated by motives based on retaliation, harassment, that has the effect of discrimination on the basis of race, national origin or gender, or other illegitimate motives, the State has evidenced an intent going back 20 years where the Defendant State has abused its power attempting to eliminate the Percy Program.

514.  The Percy Class suffers and will continue to suffer similar serious, permanent and irreparable economic injury, loss and damage as a result of actions by the Defendants preventing implementation of apprenticeship programs which continue the successful efforts of Oriska Corp and Oriska Insurance in developing and implementing those programs to develop marketable skills among disadvantaged workers on the way to success in a free and openly competitive marketplace.

515.  The Defendant State, individually and collectively in concert with other still unidentified parties, cloaking themselves with the mantle of public service, utilized and are still utilizing all the power of the State in a malevolent effort to deny opportunities for the Percy Class, due to such wrongful and illegal acts as aforesaid depriving the Percy Class of opportunity, entitling the Percy Class to actual damages for lost wages, for lost opportunity but also including members of the Percy Classes' children and families, significantly disadvantaged in education and skills, struggling to get a job, damaging the families of the members of the Percy Class.

516.  Demand is made to enforce the aforementioned Stipulation of accord and settlement and Judgment with the State by directing entry of a decree compelling specific performance of the terms of the Stipulation allowing the Percy Program to operate, and for other and further relief as to the court may seem just and proper to allow the operation of the Percy Program, and enter a declaratory judgment declaring that the acts of the Defendants and each of them to be in violation of the Percy Class' rights to equal employment and enjoin the Defendants and each of them from further violation of such rights, declaring that damages must be stopped and rectified.

## XX.   AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT GOVERNMENT AGENCIES

517.  The Plaintiffs repeat and reiterate the allegations set forth above as though fully set forth herein.

518.  The wrongful and improper violation of the law by the Defendant Government Agencies creates barriers which cannot be allowed to continue when the real and ultimate result is permanent irreparable serious damage to a protected class under the Constitution and federal law and as intended beneficiaries under contracts.

519. The Percy Class, as the intended beneficiaries of the Federal Funding described herein, are entitled to an accounting relative to the Defendants' Compliance with Federal Funding described herein, and specifically are entitled to an accounting regarding Defendants' utilization of Federal Funding in compliance with the Civil Rights Act of 1964, 49 CFR 21, 49 CFR 23, and 49 CFR 26, as well as EO 11246.

520. The Percy Class is also entitled to an accounting as to how Defendant Government Agencies calculate both their compliance with these statutes and regulations, and, how they calculate and implement their required "affirmative action" intended for the direct benefit of the Class.

521. The Percy Class requests a full accounting as well as declaratory relief from this Honorable Court that they are entitled to this information, and that the Defendant Government Agencies be ordered to provide the same.

## XXI.   AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ORISKA INSURANCE AND ORISKA CORPORATION

522. The Plaintiffs repeat and reiterate the allegations set forth above as though fully set herein.

523. Oriska Insurance and Oriska Corporation have failed and/or neglected to protect the facilities needed to operate the Percy Program, causing the Oriska facilities to become impaired as determined by an order of the Superintendent of Insurance pursuant to Insurance Law 1310, undermining the availability of the singular credentials of Oriska Insurance and Oriska Corporation, affecting the Percy Program as a going enterprise.

524. Wrongful acts of parties not named as defendants, caused the impairment alleged in the Complaint by using off-shore reinsurance, reinsurance that the DFS determined did not transfer risk, causing the DFS to disallow the reinsurance, bringing all of the liabilities which had been transferred to the off-shore reinsurer back onto the books of Oriska Insurance.

525. The Percy Class seeks an order in the nature of a mandamus enjoining Defendants Oriska Insurance and Oriska Corporation to provide the facilities specifically developed for the Percy Program, the Percy Class having relied to its detriment on Oriska Insurance and Oriska Corporation's

ability to deliver the Percy Program as a vehicle for the Alternative Employment Practice.

## XXII.   WHEREFORE

Plaintiff Percy Class and all those similarly situated, collectively pray that this Court:

Issue an order permitting this litigation to proceed as a class action under CPLR Article 9 as previously certified in Case 73-cv-04279 under Federal Rules of Civil Procedure 23(a) and (b)(3) and order prompt notice to all class members that this litigation is pending;

Declare that the Defendants are precluded, under the doctrine of collateral estoppel, from denying the standing and class certification by the Memorandum/Order and Order;

Declare that the Defendants violated and continue to violate the Memorandum/Order and Order by Defendants having failed to implement the settlement in Case 73-cv-04279 by regulations and executive orders to accomplish EO 11246 and the Memorandum/Order and Order in Case 73-cv-04279, and the settlement in Case 73-cv-04279, for relief affirmatively providing OJT training and related classroom instructions to develop skills and equal employment opportunity, in harmony with the Civil Rights Act of 1964 and as amended in 1991, within the protections of the Fifth and Fourteenth Amendments to the Constitution, 42 U.S.C. § 1981;, and EO 11246,

Declare that damages must be stopped and rectified;

Award Plaintiff Percy and the Class he represents actual damages for lost wages, for lost opportunity and compensation as money damages to be determined at trial in this litigation;

Award Plaintiff Percy and the Class he represents liquidated damages to be determined;

Award Plaintiff Percy and the Class he represents pre- and post-judgment interest at the statutory rate;

Award Plaintiff Percy and the class he represents attorneys' fees, costs, and disbursements;

Enforce the aforementioned Stipulation of accord and settlement and Judgment with the State by directing entry of a decree compelling specific performance of the terms of the Stipulation allowing the Percy Program to operate and for other and further relief as to the court may seem just and proper to allow the operation of the Percy Program;

Enter a declaratory judgment declaring that the acts of the Defendants and each of them to be in violation of the Percy Class' rights to equal employment and enjoin the Defendants and each of them from further violation of such rights;

Enter an order in the nature of a mandamus enjoining Defendants to provide an accounting of their acts;

Enter an order enjoining any further payment of Federal Funding until Defendants have implemented corrective policies and procedures, conditions, covenants and obligations as asserted in this complaint so as to prevent the further waste of Federal Funding by officials of the Defendants, and from denying the Percy Class their right to employment in connection with public works contracts through Defendants' continued failure to abide by agreements, covenants, statutes, regulations, executive orders and other federally approved provisions guaranteeing the right to such affirmative action to empower the Percy Class with skills to compete for equal employment, and that Defendants provide an actual accounting providing actual evidence of the apprenticeship of the Class of members of the disenfranchised, and, pray that this Court enjoin any further payment of Federal Funding to Orders and Employers on the tag-along actions until Defendants have cured the breach of agreements, conditions, covenants and obligations as asserted in this complaint and have mitigated the ongoing damage to the Percy Class and the waste of Federal Funding by taking remedial action to correct past wrongful conduct;

Enter an order in the nature of a mandamus enjoining Defendants Oriska Insurance and Oriska Corporation to provide the facilities specifically developed for the Percy Program;

Treat this as a Private Attorney General Action under 42 U.S.C. 1988 insofar as may be necessary to provide the relief requested in this Complaint

together with reimbursement of attorneys fees, expert fees, costs and disbursements;

ALL together with such other and further relief as shall seem just and proper under the circumstances.

A JURY TRIAL is respectfully demanded in conjunction with the allegations made in this Complaint.

Dated: April ___, 2020

/s/James M. Kernan

KERNAN PROFESSIONAL GROUP, LLP

James M. Kernan, Esq., of Counsel
26 Broadway, 19th Floor,
New York, New York 10004
Phone:(212) 697-9084
Fax (212) 656-1213
jkernan@kernanllp.com

VERIFICATION

STATE OF NEW YORK   )
                                        ) ss.:
COUNTY OF KINGS     )

ALBERT E. PERCY hereby affirms the following under penalties of perjury:

I have read the annexed Verified Complaint, know the contents thereof, and that the same

are true to my knowledge, except as to the matters therein stated to be alleged on information and

belief, and that as to those matters deponent believes it to be true. The sources of the allegations

made upon information and belief are, among other things, a review of documents and information

provided by the Plaintifft herein. I make this verification because I maintain my residence in a

different county than that in which the Defendant resides or is found.

Dated: New York, New
    York April 28, 2020

_____
    Albert E. Percy

Sworn to me this 28th
day of  April 2020.

_____
Notary Public State of New York
No. 02KE6381193
Qualified in Oneida County
Commission Expires October 1, 2022

VERIFICATION

STATE OF NEW YORK        )

                         ) ss.:

COUNTY OF NEW YORK   )

JAMES M. KERNAN an attorney duly licensed to practice law before the courts of the State of New York hereby affirms the following under penalties of perjury:

I am an attorney with Kernan Professional Group, LLP, the attorneys for the Plaintiff in this action. I have read the annexed Verified Complaint, know the contents thereof, and that the same are true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. The sources of the allegations made upon information and belief are, among other things, a review of documents and information provided by the client herein. I make this verification because I maintain my office in a different county than that in which the Plaintiff resides or is found.

Dated: New York, New York

      April 28th, 2020

James M. Kernan, Esq.