EXHIBIT "C"



CLOSED CASE
JUDGE LASKER
DATE S-4-77
S. D. OF N. Y.

73 CIV. 4279

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ALBERT E. PERCY, et al.,

                        Plaintiffs,

            vs.
                                        : 73 Civ 4279

PETER J. BRENNAN, Secretary of Labor, et al.,:

                        Defendants.    :
------------------------------------x
```

                                            May 9, 1977
                                            10:00 a.m.

B E F O R E :

        HON. MORRIS E. LASKER,

                                  District Judge

A P P E A R A N C E S :

FRENCH, FINK, MARKLE & MC CALLION, ESQS.,
    Co-Counsel for Board of Urban Affairs
    110 E 42nd Street
    New York, New York
ROBERT J. FINK, ESQ.
WALTER M. COLLERAN, ESQ.,
                    of counsel

LOUIS J. LEFKOWITZ, ESQ.
    Attorney General, State of New York
    2 World Trade Center
    New York, New York
ARNOLD FLEISCHER, ESQ.,
    Assistant Attorney General

ADRIAN P. BURKE, ESQ.,
    Corporation Counsel
    City of New York
    Municipal Building
    New York, New York
BEVERLY GROSS, ESQ.,
    Assistant Corporation Counsel

1  EW

2  A P P E A R A N C E S : (cont'd)

3  ROBERT B. FISKE, JR., ESQ.,
4       United States Attorney for the
        Southern District of New York
        One St. Andrew's Plaza
5       New York, New York
   DENNISON YOUNG, ESQ.
6  PATRICK H. BARTH, ESQ,.
        Assistant United States Attorneys
7

8
   ISABELLE KATZ PINZLER, ESQ.,
9       National Employment Law Project, Inc.,
        423 West 118th Street
10      New York, New York

11                       ---

12              THE COURT: There has been a discussion
13  among all parties here this morning as to whether, first,
14  there was a legal basis for honoring the request specified
15  in the State's letter of April 7, 1977 that the Court
16  "approved the proposed regulations and dismissed this
17  action as against the State defendants," and whether
18  there would be any legal basis for doing so.
19              Counsel for the Plaintiffs and others
20  have pointed out that the Court has extended jurisdiction
21  of this matter in the past against the possibility that
22  the State might propose regulations which would be clearly
23  at odds with the objectives of the litigation, and that
24  the State and the private defendants might have worked
25  together to achieve a "voluntary" plan; in which case,
    the Plaintiffs here would not have been represented in

EW                                                                  3

that process and wished to be protected by being able to

refer the matter to the Court.

                In fact, such a voluntary process has not

occurred, as I understand it; is that correct?

                MR. COLLERAN: That's correct.

                THE COURT: And the regulations which have

now been developed by the State have been developed by

them alone.

                Plaintiff's Counsel has also indicated

that at least the preservation of the proposed regulations

do not prompt the same anxieties on the part of the

Plaintiffs as they believed might have been the case at

an earlier time.

                Under the circumstances of the fact

that some of the hypothetical underpinnings of the

extensions of jurisdiction in the past no longer seem to

exist, this case is four years old, that the major

propositions which it was intended to present to the

Court have long since been disposed of, and in light of

the fact that orders have been issued which, in the

opinion of the Court, have lasting force and which,

insofar as I know, may be enforced by further return to

the Court if the orders are violated, it is believed

there is no reason to continue the existence of the case.

4

1   EW

2          It's in the best interests of justice

3   to dismiss without prejudice such elements of the case as

4   have not been disposed of otherwise to date.

5          MR. YOUNG: Your Honor, that includes,

6   of course, the Federal defendants, I assume?

7          MS. PINZLER: I would assume so.

8          THE COURT: Yes..

9              — — —

I (We) hereby certify that the foregoing
is a true and accurate transcript, to the best
of my (our) skill and ability, from my (our)
stenographic notes of this proceeding.

*Elizabeth Whittet*

Official Court Reporter
U. S. District Court

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
                                  :
ALBERT E. PERCY, ET A             :
                                  :      73 Civ. 4279-ASCOM
         vs.                      :         (MEL)
                                  :
SEC. LABOR, ET AL.                :      MINUTE ENTRY PURSUANT TO
                                  :      MEMORANDUM FROM THE
                                         ADMINISTRATIVE OFFICE OF
                                  :      THE U. S. COURTS, DATED
                                         JUNE 15, 1973
- - - - - - - - - - - - - - - - -X
```



U.S. DISTRICT COURT FILED MAY 4 1977 S.D. OF N.Y.

This case having been pending for over three years, all presently contemplated proceedings having been completed, and there having been no action herein for over 12 months, there appears to be no further reason at this time to maintain the file as an open one for statistical purposes, and the Clerk is instructed to submit a JS-6 form to the Administrative Office.

Nothing contained in this minute entry shall be considered a dismissal or disposition of this matter, and, should further proceedings in it become necessary or desirable, any party may initiate it in the same manner as if this minute entry had not been entered.

So Ordered.

Dated: New York, New York
4 - MAY 1977

S/ David N. Edelstein
Chief Judge
U. S. D. J.

Original filed in CIV 140·323