EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ALBERT E. PERCY et al.,

    Plaintiffs,

-against-

73 Civ. 4279 (CM)

PETER J. BRENNAN, et al.,

    Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/18

ORDER

McMahon, CJ:

    This matter, which commenced in 1973, was handled from early after its filing until it termination in 1977 by the late Judge Morris E. Lasker. According to records received by this court, on May 9, 1977, Judge Lasker dismissed the action without prejudice in the following terms: "Dismissed without prejudice such elements of the case as have not been disposed of otherwise to date." I have no idea how any elements of the case that were not dismissed with prejudiced had "been disposed of otherwise…"

    After laying dormant for 40 years, this action resurfaced when a lawyer who does not seem to have had anything to do with the case long ago (James Kernan) -- as well as a lawyer who may well have had something to do with the matter (Dennis Yeager, now of San Antonio, Texas) -- appeared and attempted to reopen the matter. It seems that they were trying to piggyback this case onto an action pending in the Eastern District of New York, *Evans v. Port Authority of N.Y. and N.J.*, 15 Civ. 3942, which was itself the subject of a motion addressed to the Judicial Panel on Multi-District Litigation.

    The action having been closed many years before ECF arrived in the Southern District of New York, there was absolutely no record of proceedings that could readily be viewed; and Judge Lasker, who had not sat in this district for many years,[1] was no longer available for consultation. It appears that then-Chief Judge Loretta A. Preska signed a *pro forma* order reopening the matter solely in order to accommodate a request for records that had been made by the JPMDL.

    Some days later, the United States Attorney (which had apparently not been given notice of the request to reopen) moved before the Part I Judge, The Hon. P. Kevin Castel, for an order

---

[1] Judge Lasker spent his last years of his distinguished career sitting by designation in the District of Massachusetts.

Copies mailed/faxed/handed to counsel on 2/20/18

reclosing the matter. The United States Attorney provided Judge Castel with information about the handling of this matter in the 1970s, as well as a copy of the aforementioned transcript. Judge Castel quoted Judge Lasker's words when granting the Government's motion, concluding, as the Government had argued, that there was no longer any case in controversy. Mr. Kernan took an appeal from Judge Castel's order; the Second Circuit, not surprisingly, found the appeal entirely lacking in merit and granted the Government's motion for summary affirmance. (*Percy v. U.S. Dept of Labor*, No. 17-2273, issued January 18, 2018).

Not content to follow the Second Circuit's directive that the case remain closed, or its summary affirmance of an order concluding that subject matter jurisdiction was lacking, Mr. Kernan has written to me (I am now the assigned judge). He submitted with his letter a proposed order seeking to have a final judgment entered. The proposed judgment submitted by counsel is judgment in favor of the plaintiff, Mr. Percy, and against Andrew Cuomo in his capacity as Governor of the State of New York. The sole reason assigned for entering said proposed judgment is that the Clerk "never entered a final judgment." No explanation is offered for the 40 year hiatus.

The proposed judgment recites that Judge Lasker directed that judgment be entered in favor of Percy "in accordance with the proceedings…set forth in the Record at Docket #99, Appendix 1, Volume 3, page #741." No copy of such record was attached to the request or to the proposed judgment. However, I note that the last paragraph of the proposed judgment places the date of the proceedings that were recorded under Docket #99 at May 9, 1977 – the very date of the transcript cited by Judge Castel, the one dismissing the action without prejudice. Mr. Kernan did not submit a copy of said transcript along with his letter – he should have -- but nothing in Judge Castel's brief order suggests that Judge Lasker ever directed that any judgment be entered in favor of Mr. Percy, on May 9, 1977, or on any other occasion. The United States Attorney's application to Judge Castel, which appears on the "reopened" ECF docket as Docket #11, strongly suggests otherwise.[2]

I do have in my possession a copy of the docket sheet in this matter that was apparently produced to someone (the United States Attorney? the Clerk of Court? Both?) by the National Archives. I do not see anything on that docket sheet indicating that Judge Lasker ever directed that judgment be entered in favor of anyone. For that matter, I see nothing suggesting that he ever entertained, let alone granted, any motion for summary judgment in Mr. Percy's favor. Since this case never went to trial, such a motion would seem to have been a necessary predicate to Mr. Percy's entitlement to the entry of a judgment in his favor.

Interestingly, the docket sheet produced by the National Archives (which is attached to this order) does not have *any* numbered entries, let alone 99 of them. Unlike today, when every ECF docket entry is individually and serially numbered as well as dated, the entries on the attached docket sheet simply bear the date when papers were filed or proceedings were held. Nothing on

---

[2] This court long ago sent records of cases that were closed in the 1970s into archival storage. We have no records from this case here. At some point during this saga, the Judicial Panel on Multi-District Litigation directed this court to produce the record in this action. The Clerk of Court made inquiry about obtaining records in this matter and concluded that it would not be possible without going to inordinate expense. The production order was rescinded by the JPMDL after Judge Castel directed that the case be re-closed.

that docket sheet appears to be labeled, "Docket #99, Appendix 1, Volume 3, page #741." Yet a docket entry corresponding to that description purports to be the basis for Mr. Kernan's request.

The court is bound by the Second Circuit's affirmance of Judge Castel's conclusion that there is no case or controversy pending. However, Mr. Kernan has not asked for any sort of merits adjudication; he asks only that an order previously entered in this action (or so he represents) be given its appropriate legal effect. The problem is that I do not have a copy of that order. Unless I am shown a copy of that order, I have no reason to believe that it exists. Certainly, none is apparent from the docket sheet that I do have, the one produced by the National Archives, which I am prepared to accept as the true and complete docket sheet in this matter.

As the third judge to have been approached about this matter (following Judges Preska and Castel), I confess to harboring suspicions about the *bona fides* of the pending application. It would, however, be unfair of me not to give Mr. Kernan an opportunity to bolster with competent evidence his inadequately supported application. I thus direct Mr. Kernan to provide this court, within two business days from today (which is to say, by close of business on Thursday, February 22), with a copy of the decision or order from Judge Lasker that directed the entry of judgment in favor of his client and against the State of New York or its then-Governor (which I believe would have been either Governor Wilson or Governor Carey). Mr. Kernan should not need any more than two days to produce the order; he must have a copy of it, or he could not possibly have signed a paper addressed to this court in which he represented that such a decision and/or order exists -- at least, not consistent with his Rule 11 obligations. Therefore, I will not extend the two day deadline for production of the paper on which this request is based.

If Mr. Kernan does not produce the order or ruling that forms the basis for his request, I will simply have to assume that he has lied to the court about the existence of such an order – an assumption that would almost inevitably lead to the institution of proceedings before the court's Grievance Committee. I mention this only so that Mr. Kernan will understand how seriously I take this matter.

Given the extraordinary amount of time that has passed since this case was closed, Mr. Kernan will also have to provide me with the reason why his client has waited for 40 years to ask the court to perform what would have been a purely ministerial act four decades ago. Mr. Kernan should not need more than two days to explain his client's inordinate delay; he has to have anticipated the court's interest in the matter. I thus suggest he set aside any other business and get down to it. While he is at it, he should respond to the United States Attorney's point that a final judgment is "deemed entered" in the absence of a separate document to that effect 150 days after it is entered on the docket, *see Silivanch v. Celebrity Cruises, Inc.*, 333 F. 3d 355, 363, n.3 (2d Cir. 2003). As there can be no question that Judge Lasker "finally disposed" of this matter by dismissing what was left of it on the record (albeit without prejudice[3]), I can see no reason why the rule of *Silivanch* should not apply – which means that there has been a "final judgment" in this matter, one that does not encompass the requested relief, for over 39 years.

---

[3] Which is a matter of no importance whatever to the finality of his judgment, see *Nichols v. Prudential Ins. Co. of America*, 406 F. 3d 98, 104 (2d Cir. 2005).

I assume that the Attorney General will wish to respond to this application, since the judgment that Judge Lasker allegedly authorized would be entered against the Governor. He will have 14 days from this Thursday, or until March 8, to respond to Mr. Kernan's request. Of course, if Mr. Kernan cannot provide me with a copy of the order that underlies his request, the Attorney General will not need to respond, since this court will summarily deny the request.

Dated: February 20, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL
BY FAX AND FIRST CLASS MAIL TO:

    Assistant Attorney General Benjamin H. Torrence

Case 1:21-cv-02182-NGG-SJB   Document 32-4   Filed 06/11/21   Page 6 of 9 PageID #: 887
Case 1:23-cv-02182-NGG-SJB   Document 16   Filed 02/20/18   Page 5 of 8
Case 1:73-cv-04279-CM   Document 1   Filed 10/09/73   Page 1 of 4

CLASS ACTION (ORDER OF 11-8-74)
CIVIL DOCKET
UNITED STATES DISTRICT COURT

**JUDGE LASKER** 

D. C. Form No. 106 Rev.

Jury demand date: **73 CIV. 4279**

| TITLE OF CASE | ATTORNEYS |
|---|---|
| ALBERT E. PERCY; JOHN MERCADO; MANUEL MEJIA; FIGHT BACK & THE ADVANCEMENT OF COLORED PEOPLE<br><br>vs<br><br>PETER BRENNAN, Secretary of Labor; THE UNITED STATES DEP'T OF LABOR; BERNARD DeLURY, Ass't Sec. of Labor for Employment Standards; Phillip J. Davis, Director, Office of FEDERAL CONTRACT COMPLIANCE; NELSON A. ROCKEFELLER, Governor of the State of N.Y.; LOUIS L. LEVINE, Industrial Comm. of the State of New York; the N. Y. STATE DEPARTMENT OF LABOR; 11-8-74 <br>the BUILDING & CONSTRUCTION TRADES COUNCIL OF GREATER NEW YORK; the N. Y. BUILDING & CONSTRUCTION INDUSTRY BOARD OF URBAN AFFAIRS FUND; & the NEW YORK PLAN FOR TRAINING, INC.<br><br>10-9-73<br><br>5-1-77 | For plaintiff:<br>Dennis R. Yeager<br>423 W. 118th St., NYC 10027<br>866-8591<br><br>William D. Wells - N.A.A.C.P.<br>1790 B'way, 10th Fl. NYC 10019<br><br><br><br>For defendant:<br>French Fink Markle & McCallion<br>110 E. 42nd St., NYC 10017  Ox 7-0880<br>(N.Y. Bldg. & Construction Ind. Bd. of Urban Affairs Fund & N.Y. Plan for Trn.)<br><br>U.S. ATTY OFFICE<br>c/o STEVEN GLASSMAN |

| STATISTICAL RECORD | COSTS | | DATE | NAME ON RECEIPT NO. | REC. | DIB. |
|---|---|---|---|---|---|---|
| J.S. 6 mailed   X | Clerk | | | | 15 | |
| | | | 10-1 | | | 15 |
| J.S. 6 mailed | Marshal | | | | | |
| Basis of Action: | Docket fee | | | | | |
| Civil Rights Class Action | Witness fees | | | | | |
| Action arose at: | Depositions | | | | | |

73 Civ. 4279 ALBERT D. PERCY, et al -v- PETER J. BRENNAN, Sec. of Labor, et al

## JUDGE LASKER

## 73 CIV. 4279

| DATE | PROCEEDINGS | Date Order or Judgment Noted |
|---|---|---|
| Oct. 9-73 | Filed complaint & issued summons. | |
| Oct. 26-73 | Filed summons with marshal's return, served by certified mail. Peter J. Brennan, Oct. 11, 73. | |
| | U.S. Dept. of Labor, by certified mail 10-11-73 | |
| | Bernard DeLury, by certified mail 10-11-73. | |
| | Philip J. Davis by certified mail 10-11-73. | |
| | Office of Federal Contract Compliance, by certified mail 10-11-73. | |
| | U.S. Atty Gen. by certified mail 10-11-73 | |
| | Nelson A. Rockefeller, by David E. Blaney 10-12-73. | |
| | Louis L. Levene, by B.J. Diggs, 10-10-73. | |
| | N.Y. State Dept of Labor, by B.J. Diggs, 10-10-73. | |
| | Building and Construction Trades Council of Greater N.Y., by Brendan Meade, 10-10-73. | |
| | N.Y. Building and Construction Industry Board of Urban Affairs Fund, by Brendan Meade, 10-10-73 and | |
| | N.Y. Plan for training, Inc. by Mr. Jose Torres, 10-10-73. | |
| Oct. 29-73 | Filed Amended complaint. | |
| Oct. 30-73 | Filed stip. & order extending time of defts. State of NY, et al to answer to 12-15-73--Bauman, J. | |
| Dec. 10-73 | Filed deft's notice of motion to dismiss amended complaint. Ret. 12-27-73. | |
| Dec. 10-73 | Filed deft's memo in support of motion. | |
| Dec. 12-73 | Filed pltffs Notice of Motion for preliminary injunction. Time & place to be fixed by Court. | |
| Dec. 12-73 | Filed pltffs memo of law in support of motion. | |
| Dec. 20-73 | Filed stip. & order extending defts' time to answer to 1-30-74--Bauman, J. | |
| Jan. 10-74 | Filed pltfs. affdvt. and notice of motion for determination of Class. (ret. date not noted) | |
| Jan. 10-74 | Filed pltfs. memo of law in support of motion for a determination of the class. | |
| JAN. 11-74 | RE-ASSIGNED TO JUDGE LASKER | |
| Jan. 18-74 | Filed deft's Bldg. & Construction Trades Council notice of motion to dismiss amended complaint. Time & place to be fixed by Court. | |
| Jan. 18-74 | Filed deft's memo in support of motion to dismiss. | |
| Jan. 22-74 | Filed pltff's notice of motion to consolidate motions to dismiss & for partial summary judgment--ret. at a time to be fixed by the Court | |
| Jan. 22-74 | Filed pltffs' memorandum of law in support of motion | |
| Jan. 22-74 | Filed pltffs' motion for partial summary judgment--ret. at a time & place to be fixed by the Court. | |
| Jan. 22-74 | Filed pltffs' memorandum in support of motion | |
| Jan. 25-74 | Filed U.S.A. defts. notice of motion dismissing the action (ret. date not noted) | |
| Jan. 25-74 | Filed U.S.A. defts. memo of law in opposition to pltfs. motions and in support of motion to dismiss. | |
| Jan. 28-74 | Filed pltffs affdvt & memo of law in opposition to State Deft's & private party deft's motions to dismiss. | |
| Jan. 29-74 | Filed deft's affdvt in opposition to pltffs motion for a determination of the class. | |
| Jan. 29-74 | Filed deft's memo in opposition to motion. | |
| Feb. 4-74 | Filed pltfs. statement pursuant to Rule 9(g) in support of motion for summary judgment. | |
| Feb. 7-74 | Filed defts. counterstatement pursuant to Rule 9(g). Re: employment of pltfs. | |
| Feb. 5-74 | Filed pltfs. supplemental affdvt. | |
| Feb. 11-74 | Filed defts' counterstatement pursuant to Rule 9(g) | |

cont'd on page 2

73 Civ. 4279  Albert E. Percy, et al -v- Peter Brennan, et al    73 Civ. 4279

CIVIL DOCKET    Page 2    LASKER, J.

| DATE | FILINGS—PROCEEDINGS | AMOUNT REPORTED IN EMOLUMENT RETURNS |
|---|---|---|
| Feb. 22-74 | Filed affdvt. of Dennis R. Yeager in opposition | |
| Feb. 22-74 | Filed pltffs' memorandum of law in opposition | |
| Mar. 28-74 | Filed pltfs. first set of interrogatories to defts. Brennan, U.S.A Dept. of Labor, etc. | |
| Mar. 28-74 | Filed pltfs. first set of interrogatories to defts. Building and Const. etc. | |
| Apr. 2-74 | Filed pltfs. 1st. set interrogatories to defts. Wilson, Levine and N.Y. St. Dept. of Labor. | |
| Apr. 19-74 | Filed pltffs' notice of deposition of Roger Starr, & Leila Long. | |
| May 1-74 | Filed stip and order adj. deposition of Roger Starr, etc. until May 7-74. LASKER, J. | |
| May 13-74 | Filed stip and order extending time for defts. to answer interrogatories until 5-28-74. LASKER, J. | |
| May 24-74 | Filed pltffs notice to take deposition of Eugene Lattimer, Special Ass't to Chairman, NYC Housing Authority. | |
| Jun. 7-74 | Filed stip & order that notice of deposition & subpoena ret. 5-31-74 is adjourned to 6-11-74. | |
| July 18-74 | Filed Order to Show Cause & Affdvt.....Lasker, U. | |
| Jul 18-74 | Filed Memo-End. on back of Order to Show Cause filed 7-18-74...Motion disposed of in accordacne with statement on the record 7-17-74..It is so ordered...Lasker, J. (docketed in 73 Civ 5239) | |
| Jul 18-74 | Filed Affidavit by Govt. in opposition to order to show cause & TRO. (docketed in 73 Civ 5293) | |
| Jul 22-74 | Filed Notice of Appeal by The N.Y. Bldg. & Const. Ind. Bd of Urban Affairs fund, deft. from an order entered in this proceeding on Jul 18-74.. copies mailed on 7-24-74 to:Paul Curran, U.S. Atty.----Louis Lefkowitz,NYS Atty Gen----Dnnis R. Yeager Esq.----Nathaniel R. Jones, Gen Counsel-NAACP-- Adrian P. Burke Esq. Corp. Counsel NYC-. | |
| SEPT 5-74 | Filed transcript of record of proceedings, dated July 17, 1974 | |
| Nov 8-74 | Filed Memorandum#41415.....Accordingly, the motion is granted allowing this action to be maintained as a class and the class is defined as "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the deft. Building & Constr. Trades Counceil of Greater N.Y.Y." For the reason set forth(See Memorandum) the motions to dismiss are denied except as to the N.Y.S. Dept of Labor. The motions for class determination and for partial summary judg. are granted. the motion for preliminary relief is granted to the extent indicated. It is so ordered....Lasker, J.    m/n | |

(Continucon page #3)

Case 1:21-cv-02182-NGG-SJB Document 32-4 Filed 06/11/21 Page 9 of 9 PageID #: 890
Case 1:73-cv-04279-CM Document 16 Filed 02/20/18 Page 8 of 8
Case 1:73-cv-04279-CM Document 1 Filed 10/09/73 Page 4 of 4

| 73 Civ 4279 MEL | PERCY ET AL VS BRENNAN ET AL |  |
|---|---|---|
| | Page #3 | |
| DATE | FILINGS—PROCEEDINGS | AMOUNT REPORTED IN EMOLUMENT RETURNS |
| Nov 14-74 | Filed Order to Show Cause by Pltffs. for an order enjoining defts....ret. ...11-20-74...10 AM. | |
| Nov 19-74 | Filed Pltffs' Ex-Parte Motion for leave to communicate with Class Member..No Date of Ret. Given. | |
| Nov 19-74 | Filed Pltffs' Memorandum of Law in support for an order granting leave to communicate with class members. | |
| Nov 18-74 | Filed Pltffs' Notice of Deposition of George Daly. | |
| Nov 18-74 | Filed Pltffs' Notice of Deposition of Claudius Johnson. | |
| Nov 22-74 | Filed Order that defts. U.S. Dept. of Labor, Peter Brennan, Bernard Delury & Phillip J. Davis are hereby enjoined from further enforcement of 29 C.F.R. §60-1.4 (39 Fed. Reg. 2365( Jan 21-74))...Lasker, J. m/n | |
| Jan 6, 1975 | Filed transcript of record of proceedings, dated Nov 26, 1974 | |
| Jan 13-75 | Filed Order from USCA# ( true Copy ) dismissing the appeal tak USCA. m/n | |
| Feb 24-75 | Filed Memo—End on back of motion filed 11-19-74...motion denied without prejudice to renewal if necessary to protect the rights of members of the Class under the terms of the order filed concurrently wherewith. It is so Ordered... Lasker, J. m/n | |
| Feb 24-75 | Filed Order that further proceedings are stayed unless the court directs otherwise; and that no deft. in this action shall enter into any agreement with any other deft. or any other entity providing for a new affirmative action program for public construction in the City of N.Y. which shall become effective unless approved by order of this court after having been submitted in writing to counsel for the pltffs. herein.......and that the court retains jurisdiction of this action until 7-15-76 for the purpose of entertaining applications from any party for relief relating to adherence to the aforementioned assurances and to the court's prior orders of 11-8-74 and 11-21-74 or for an order dismissing the complt. herein; and that pltffs application for costs and attys fees is denied without prejudice to renewal on a plenary motion for such relief...Lasker, J. m/n | |
| Mar 7-75 | Filed Pltffs' Affdvt. of Service by Dennis R. Yeager, dated 3-5-75. | |
| 4-23-75 | Filed transcript of record of proceedings, dated Feb 28, 1975 | |
| 07-14-76 | Filed Order that the Order of 2-24-75 is amended to the extent that the Court retains jurisdiction of this action until 12-31-76........Lasker,J. (mailed notice) | |
| 12-15-76 | Filed order that Order of Feb 24, 1975 is amended to the extent that the Court retains jurisdiction of this action until 7-1-77 Lasker J. | |
| 5-1-77 | Filed Duplicate Orig. Minute entry pur. Adm. Office memo. dated 6-15-73 that this action not be maintained as an open one for statistical purposes and that it may be initiated for further proceedings at any time by any party as if this minute entry has not been entered. So ordered Chief Judge Edelstein m/n | |
| 7-12-77 | Filed transcript of record of proceedings, dated 5-4-77 | |