EXHIBIT "F"

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ALBERT E. PERCY, *et al.*,

        Plaintiffs,

-against-                                      73 Civ. 4279 (CM)

PETER J. BRENNAN, *et al.*,

        Defendants.
-------------------------------------------------------------x

ORDER REFUSING TO ENTER JUDGMENT AND CLOSING CASE

McMahon, C.J.:

        In response to the Court's order of February 20, 2018, Mr. Kernan has provided me with a copy of an affidavit from his client objecting to the way in which this case ended back in 1977, as well as a decision of Judge Lasker's from 1974 – *Percy v. Brennan*, 384 F. Supp. 800 (S.D.N.Y. 1974) – which merely underscores why this Court will NOT be entering any "final judgment" in this case.

        As noted in my previous order, Mr. Percy ("Plaintiff") would be entitled to the purely ministerial entry of the judgment he seeks – a judgment in his favor and against Governor Cuomo – if and only if there was at some point in the past a final adjudication of his claims on the merits, either at a trial or by way of a motion for summary judgment. Mr. Kernan seems to think that Judge Lasker's 1974 decision entitles his client to have the Court perform such a ministerial act. He is incorrect.

        Mr. Percy did indeed move for and obtain a partial summary judgment back in 1974. But that judgment was limited to the entry of an injunction (1) barring the federal defendants from enforcing something called the "Brennan Memorandum" on federally-assisted construction projects because it represented an unauthorized attempt to preempt local equal opportunity employment efforts; and (2) barring the state defendants from enforcing something called the "State letter" without first meeting certain publication requirements that were mandated by the New York State Constitution. *See Percy*, 384 F. Supp. at 813-14.

        Although there is no indication in the opinion or on the docket sheet that Judge Lasker granted any timely motion by Plaintiff for the entry of a partial final judgment in his favor pursuant to Fed. R. Civ. P. 54(b), it cannot be doubted that the limited injunction ordered by Judge Lasker of course went into effect immediately. When the case was closed three years later, that injunction necessarily became final; indeed, Judge Lasker himself said, when closing the case, that the matter

was dismissed except insofar as he had entered earlier orders to the contrary. (*See* Filed Transcript of Record of Proceedings dated May 9, 1977.) The limited injunctions he had entered three years earlier in response to Mr. Percy's partial summary judgment motion are undoubtedly among the orders that Judge Lasker had in mind.

At the time Judge Lasker dismissed the rest of his case, Mr. Percy could have moved for entry of a final judgment of injunction if he had thought it necessary.[1] He did not do so. Now, some forty years later, he cannot contend that he is entitled to entry of a "final judgment" on these claims as a purely ministerial act. Indeed, Plaintiff could not obtain a final judgment in his favor on the claims as to which Judge Lasker granted his motion for partial summary judgment without making a showing that the circumstances giving rise to those ancient and hoary injunctions remain the same today. That is, to be entitled to entry of a judgment enjoining the State of New York from enforcing the "State letter," Plaintiff would have to demonstrate that the State of New York is still operating on the basis of this antiquated and no doubt long-ago superseded document – otherwise, the matter is moot. Needless to say, Mr. Kernan makes no such showing. Furthermore, because the Second Circuit has upheld a ruling that this Court lacks subject matter jurisdiction over this lawsuit, I could not entertain such a showing (were it possible to make such a showing) without violating the mandate rule. The only thing I might be able to do is enter judgment as a purely ministerial act. That I cannot do.

In order to get his purely ministerial judgment against Governor Cuomo, Mr. Percy would also have to demonstrate that the State of New York had failed to publish the "State letter" in accordance with the State Constitution after Judge Lasker told it to do so. The Court's injunction against the State of New York was conditional; that is, the State was enjoined only until it satisfied the publication requirement in the State Constitution. After that, the injunction entered by Judge Lasker would have dissolved automatically, by its own terms. Judge Lasker was quite clear that the failure to publish was the only basis for his entry of an injunction against the State. *See Percy*, 384 F. Supp. at 814 n.8. Again, Mr. Kernan has not made the necessary showing; and because the Court lacks subject matter jurisdiction, I could not entertain such a showing if he had done so.

Nothing else in Judge Lasker's decision – certainly not his certification of the case as a class action – even remotely qualifies as a final adjudication on the merits of the case, which would be a necessary predicate to the entry of a final judgment as a ministerial matter. Indeed, it appears from the decision submitted to me that Judge Lasker dismissed many of the claims of the purported class; he certainly did not grant Mr. Percy summary judgment on any of them, except to the limited extent described above. The arguments made in Mr. Percy's affidavit (Dkt. No. 19) about objections he would have made to the closing of this lawsuit come forty years late and so are utterly frivolous.

In short, Plaintiff and his lawyer have not demonstrated that they are entitled to the entry of a final judgment granting injunctive relief as a purely ministerial matter; and this Court lacks jurisdiction to entertain the sort of application that would be necessary to establish that his much

---

[1] As noted in my earlier order, Second Circuit law makes it clear that Judge Lasker's order did operate as a final judgment, from which an appeal could have been timely taken. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 n.3 (2d Cir. 2003).

2

belated request has not been mooted by events. As a result, the Plaintiff's latest effort to re-open this case must be, and is, DENIED.

Context here is important. There is apparently a lawsuit concerning equal employment efforts on construction projects going on in the Eastern District of New York, and perhaps elsewhere in the country (since the JPMDL is somehow involved in this). It is perfectly obvious that Plaintiff and his lawyers are trying to piggyback themselves into the current litigation, to which they are not parties, via the medium of a lawsuit that was dismissed some four decades ago. My colleague Judge Castel correctly recognized that this gambit should not be permitted. The Second Circuit emphatically agreed with him. I emphatically agree with both of them. And I am not prepared to waste any time entertaining additional efforts in that regard.

Therefore, the Clerk of Court is directed to CLOSE THE CASE. Any further effort directed to this Court to re-open this matter will be denied summarily, and counsel will be subject to sanctions for frivolous litigation as well as a reference to the Court's Grievance Committee.

Dated: February 23, 2018

_____
Chief Judge

BY ECF TO ALL COUNSEL

3