EXHIBIT "H"

| |
|---|
| **Matter of Kernan** |
| 2010 NY Slip Op 03721 [73 AD3d 219] |
| April 30, 2010 |
| Per Curiam Opinion, J. |
| Appellate Division, Fourth Department |
| Published by [New York State Law Reporting Bureau](#) pursuant to Judiciary Law § 431. |
| As corrected through Wednesday, July 7, 2010 |

[*1]

| |
|---|
| **In the Matter of James M. Kernan, a Suspended Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.** |

Fourth Department, April 30, 2010

APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Emil M. Rossi*, Syracuse, for respondent.

{**73 AD3d at 219} OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 22, 1977. On March 20, 2009, he was convicted upon his plea of guilty in the United States District Court for the Northern District of New York (District Court) of violating 18 USC § 1033 (e) (1) (B), a federal felony. Respondent admitted, inter alia, that he knowingly and willfully permitted a convicted felon to be engaged in the business of insurance. This Court determined that a violation of 18 USC § 1033 (e) (1) (B) is a serious crime within the meaning of Judiciary Law § 90 (4) (d) and, on September 17, 2009, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered (*Matter of Kernan,* 66 AD3d 1497 [2009]). On October 27, 2009, respondent appeared before this Court and submitted matters in mitigation. On January 25, 2010, respondent was sentenced in

District Court to a five-year term of probation and was ordered to pay a fine in the amount of $250,000 and to perform 400 hours of community service.

We have considered the matters submitted by respondent in mitigation, including his record of public service and the numerous letters of support submitted by individuals attesting to his good character and standing in the community. We have also considered, however, that respondent's misconduct was willful and appears to have been committed for personal gain, and that respondent has failed to express remorse for his misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for five years, effective January 25, 2010, or until the termination of his federal term of probation, whichever period is longer, and until further order of the Court.

Martoche, J.P., Fahey, Carni, Green and Pine, JJ., concur.

Final order of suspension entered.