# EXHIBIT "J"



| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007-2601 | KAMI Z. BARKER<br>Office: (212) 356-1000<br>kbarker@law.nyc.gov |

July 24, 2020

**By E-mail & Regular Mail**
James Kernan
Kernan Professional Group LLC
26 Broadway, 19th Floor
New York, NY 10004
jkernan@kernanllp.com

                Re:   Percy, Albert v. NYC SCA, DDC, et. al.
                      Law Dept.: 2020-021358
                      **\*\*CEASE & DESIST\*\***

Dear Mr. Kernan:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York. I write in response to the complaints sent by email on May 14, 2020, and to demand that you cease and desist from pursuing any and all claims against the City of New York, its agencies, or its contractors related to the Percy v. Brennan 73-CV-4279 (CM) action. As demonstrated below, any attempt by your office or plaintiff to relitigate the claims brought in Percy v. Brennan or to enforce the 1974 judgment of Percy v. Brennan, 384 F. Supp. 800 (S.D.N.Y. 1974) against the City of New York, its agencies, or its contractors, is done in bad faith and subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

      On or about May 14, 2020, the New York City School Construction Authority ("SCA" est. *circa* 1989), the New York City Department of Design and Construction ("DDC" est. *circa* 1996), and numerous SCA and DDC contractors received, by e-mail from your office, copies of three separate complaints by the purported "Percy class" styled as "Private Attorney General Actions." These unfiled and improperly served pleadings attempt to relitigate the claims brought in Percy v. Brennan 73-CV-4279 (CM) and to enforce the 1974 judgment of Percy v. Brennan, 384 F. Supp. 800 (S.D.N.Y. 1974), against City agencies and their contractors, who weren't parties to the initial case.

      The Percy Class brought the aforementioned action in 1973 against the state and federal governments for wrongfully enforcing the "New York Plan" and the "Brennan Memorandum." The City of New York *also* brought a federal action against the state and federal governments for

wrongfully enforcing the "New York Plan" and the "Brennan Memorandum," by withholding federal funds to renovate two sewage treatment plants under the "Mayor's Plan."[1] See New York v. Diamond, 379 F. Supp. 503 (S.D.N.Y. 1974). Both actions were brought in the Southern District of New York ("SDNY"), and both were handled by Judge Lasker. Judge Lasker even considered consolidating the two cases. Thus, plaintiff knew of the City's case and its subsequent decision.[2]

**Plaintiff is preparing to bring these actions in bad faith.** For the plaintiff, under your counsel, to now attempt to enforce his 1974 judgment, enjoining State and federal defendants, against City agencies, which were not yet in existence in the 1970s, and its contractors, is clearly done in bad faith. What is worse is that Plaintiff, under your counsel, is attempting to bring these claims in various New York State Courts after the SDNY dismissed the very same matter in 1977, 2017, and 2018, which was affirmed by the Second Circuit in 2018. Moreover, he attempts to do so after Judge Brodie of the Eastern District of New York ("EDNY") dismissed Evans v. The Port Authority, et. al. for lack of standing in 2018, which addressed the same issue and was also represented by your office. Thus, plaintiff, under your counsel, is clearly engaging in venue shopping on claims barred by, *inter alia, res judicata*, collateral estoppel, *laches*, and various statutes of limitation.

Finally, during the COVID-19 pandemic, when filing and service procedures have been altered to permit electronic filing and service, plaintiff's counsel has used bad faith to electronically provide various parties with confusing complaints and a misleading Dropbox folder. Specifically, you misrepresented to multiple apparent defendants, in your May 27, 2020 letter, that you intended to file a federal class action in the EDNY. Yet, the complaints you ultimately sent were in various New York State Courts. Additionally, those New York State complaints were unduly vague, ambiguous, and confusing. Indeed, all 412 pages of the Queens County Complaint against the SCA, including the attached exhibit, provides the reader with little to no explanation of the many allegations contained within, including, most importantly, any of the allegations' relevant dates. And you provided various defendants with a Dropbox folder containing countless New York State Court summons, which depict two different dates and have never been duly filed or executed.

It is apparent that these complaints, documents, and electronic files have been sent in bad faith as a way to confuse, harass, and extort New York City agencies and their contractors. What is worse, plaintiff and his counsel are wasting precious City resources during a global pandemic and budget crisis. Thus, **plaintiff and his counsel must cease and desist from pursuing these claims in any venue**. **This letter serves to put you on notice that** if the plaintiff files a lawsuit asserting any of these claims, **the City will seek Rule 11 Sanctions against plaintiff and his counsel**. Additionally, should you or plaintiff continue to serve or send any documents, or otherwise contact any City agency or contractor, regarding these claims, the City will **consider reporting counsel to the appropriate grievance committee** for whatever action it deems appropriate.

---

[1] The New York Times covered this controversy in an article published on April 21, 1973 entitled, "CITY SEES THREAT IN BRENNAN MEMO."

[2] The New York Times covered the decision in an article published on July 26, 1974 entitled, "MINORITY JOB PLAN FOR CITY PROJECTS UPHELD BY COURT."

We appreciate your immediate attention to this matter.

                                                                        Yours truly,

By:        _____
                                                 Kami Z. Barker
                                      Assistant Corporation Counsel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------- X

ALBERT E. PERCY,                                    **AFFIDAVIT OF SERVICE**
                                                    **BY CERTIFIED MAIL**
                        Plaintiff,

– against –

NEW YORK CITY SCHOOL CONSTRUCTION
AUTHORITY, et al.,

                        Defendants.
------------------------------------------------------------------- X

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF NEW YORK        )

**Christine Philippin**, duly sworn deposes and says that:

1. The deponent is not a party to the action and is 18 years of age or older.

2. On **July 28, 2020** the deponent served the **Cease and Desist** upon the following person or persons:

   Mr. James Kernan
   Kernan Professional Group LLC
   26 Broadway, 19th Floor
   New York, NY 10004

3. The number of copies served on each of said persons was 1.

4. The method of service on each of said persons was:

   By mailing the paper to the person at the address designated by him or her for that purpose by depositing the same in a first class, postpaid, properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the State of New York pursuant to CPLR 2103(b)(2).

                                                    _____
                                                    Christine Philippin

Sworn to before me this
28th day of July 2020

_____

INEZ CONTRERAS
Commissioner of Deeds
City of New York No. 1-1026
Certificate Filed in New York County
Commission Expires 11/01/20