EXHIBIT "L"

## PERCY JOBS AND CAREERS CORPORATION

## INTRODUCTION

Percy Jobs and Careers Corporation (Percy), a registered not-for-profit, 501(c)(3) corporation in New York State, allegedly provided job training for the construction industry.  Percy sent letters to the New York City School Construction Authority (SCA), as well as to SCA contractors enrolled in SCA's Mentor Program, threatening legal action against the SCA and some of its minority contractors, and in lieu of litigation offered its services for SCA's construction projects and SCA's minority contractors (referred to as the "Percy Letters"[1]).  In the letters, Percy claimed to be the class representative for a class of minority construction workers in a federal settlement, which did not exist and in federal litigation, which was dismissed.  The letters requested that recipients of the letters contact Percy's counsel, James Kernan, an attorney, licensed in New York, and who appears connected to Percy and Percy's affiliated entities.

The Office of the Inspector General is referring this matter to the Attorney General's Charities Bureau for review to determine whether the misrepresentations by the not-for-profit to the SCA and contractors should result in any action against the company.

## BACKGROUND – THE SCHOOL CONSTRUCTION AUTHORITY

The SCA's mission is to design and construct safe, attractive, and environmentally sound public schools for children in New York City.  The SCA is dedicated to building and modernizing schools in a responsible, cost-effective manner while achieving the highest standards of excellence in safety, quality, and integrity.[2]

The SCA manages hundreds of construction projects each year.  These projects include building new schools, expanding the capacity of existing schools, and repairing more than 1,800 school properties throughout New York City.  The SCA has over 1,500 active projects and a five-year capital plan (fiscal years 2020-2024) of $18.78 billion.

In general, the SCA completes two types of construction projects – capital improvement program projects (CIP) and capacity or line projects.  CIP projects maintain and upgrade existing school facilities, which involve work such as interior or exterior building modifications and upgrades, roof and boiler replacements, electrical work, security systems, room conversions and transportable classrooms.  Capacity or line projects are large-scale construction jobs that create additional seating capacity by constructing new schools or additions to existing schools.  To complete most of these projects, the SCA awards contracts to construction entities after a bidding process.

*Project Labor Agreement[3]*

In order to complete its projects in a cost effective, safe, quality and timely manner, the SCA signed a Project Labor Agreement (PLA) with the Building and Construction Trades Council of Greater

---

[1] The SCA letter is attached as Exhibit One and a sample letter sent to a contractor is attached as Exhibit Two.
[2] Taken from the SCA Website's mission statement:  http://www.nycsca.org/Quick-Links-Home/About-the-SCA/Mission-Statement.
[3] Taken from the SCA's website regarding PLA & Labor Law Compliance:  http://www.nycsca.org/Vendor/Labor-Law-Compliance#Overview-8.

New York. The PLA's purpose is to expedite the construction process, avoid costly delays of labor strikes, and to ensure a reliable source of skilled and experienced labor, in addition to encouraging the development of opportunities in construction through Apprenticeship Programs.

Apprentices on SCA sites must be registered with the New York State Department of Labor and must comply with agreed upon labor ratios. A ratio establishes the number of journey workers (more experienced workers) required for each apprentice in a program and on a job site. The ratio or number of apprenticeships will vary from trade to trade and those ratios are found in each Union's Collective Bargaining Agreement.  For example, a trade union may require employment of four journey workers for each apprentice worker on a site.

The PLA applies to most CIPs valued at $1.5 million or more but does not include work under SCA's Mentor and Graduate Mentor contracts.  The PLA contains a provision that the parties encourage the use of four entities for apprentice recruitment:  Edward J Malloy Initiative for Construction Skills, Non-Traditional Employment for Women ("N.E.W."), New York City Helmets to Hardhats, and Pathways to Apprenticeship.

*Mentor Program*[4]

The SCA seeks to facilitate and encourage the participation of minority-owned, women-owned and locally based enterprise (MWLBE) firms by providing a flexible framework for eligible firms to develop and grow within the construction industry.  Through its Mentor and Graduate Mentor Programs, the SCA seeks to increase MWLBE participation in SCA projects. The programs assist MWLBE contractors with job training and guidance in working for the SCA. The Mentor Program offers other assistance to MWLBE contractors including through a loan program, a surety bond program, and construction and information technology training.  Mentor and Graduate Mentors can perform contract work valued up to $1.5 Million and Mentors and Graduate Mentors are not subject to the PLA; therefore, they are not required to employ apprentices.

## BACKGROUND – PERCY JOBS AND CAREERS CORPORATION

Percy[5] has several associated entities, including Oriska Corporation, Oriska Corp. General Contracting, Monument Agency, Inc., and Kernan Professional Group, LLP.  All these entities are registered to or located at Oriskany Office Park, 1310 Utica Street, Oriskany, New York. And all these entities are connected to James Kernan, who is listed as counsel for Percy on the letters sent to the SCA.

Oriska Corporation (a for-profit corporation) was incorporated in 1989 and is the parent company of Oriska Jobs and Careers as well as Oriska Insurance Company.  Oriska Corporation's incorporating documents lists its processing address as Kernan Professional Group LLP and Oriska Corporation's website states "Jim Kernan is former CEO of Oriska Insurance and the Executive Director of the non-profit employment development agency, Economic Cornerstone."

---

[4] Taken from the SCA's website on the Mentor Program:  http://www.nycsca.org/MWLBE/Mentor
[5] Percy was originally incorporated in 2013 as Oriska Jobs & Careers Corporation but changed its name to Percy in 2018.  Percy is registered as a 501(c)(3) organization and its IRS NTEE classification code is B30:  Vocational, Technical Schools within the Educational Institutions and Related Activities and its EIN is 37-1736195.

James Kernan is an attorney and Professional Engineer licensed to practice in New York. His law license is registered at 1310 Utica Street in Oriskany. In 2010, Kernan was convicted of mail fraud and wire fraud for permitting a convicted felon to use the Oriska Insurance Company to commit insurance fraud involving Worker Compensation policies. Kernan's sentence for the federal felony conviction involved a fine, probation and a ban from engaging in the practice of insurance. As a result of the federal felony conviction, New York State suspended Kernan from practicing law for five years.[6]

*The History of the Litigation known as Percy v. Brennan*[7]

The Percy Letters referred to and relied on previous class action litigation from 1974, known as Percy v. Brennan. This case, brought on behalf of minority persons seeking training and employment in the New York construction industry, challenged New York's affirmative action plan at the time ("the New York Plan") that imposed broad equal employment obligations on federal and federally assisted construction contracts.[8]

The complaint stated that the New York Plan failed to guarantee equal protection and the right to equal employment opportunities as required by federal law, including, the United States Constitution, the United States Code - 42 U.S.C. 1981, and Executive Order No. 11246.[9] Plaintiffs sought declaratory relief and an injunction that ordered officials to abandon the plan.[10] The court certified the class as "all black and Spanish-surnamed persons who are capable of performing, or capable of learning to perform, construction work, and who wish to perform construction work within the jurisdiction of unions that are members of the defendant Building and Construction Trades Council of Greater New York."

On May 9,1977, the Court dismissed the action without prejudice, and the plaintiffs did not file any additional motions or matters. Thus, the matter did not go to trial and did not have a "settlement" presented to or approved by the court.

After lying dormant for 40 years, James Kernan appeared and attempted to reopen the matter and to join the dismissed Percy[11] case with an action pending in the Eastern District of New York:

---

[6] Based on Kernan's sentence that he was banned from engaging in the practice of insurance, in 2018, a federal court judge disqualified Kernan from representing Oriska Insurance Company in a civil proceeding brought by Oriska Insurance against numerous rehabilitation and nursing home facilities. The Court found that "representing an insurance company was tantamount to practicing the business of insurance" (*Oriska Insurance Co. v. Avalon Gardens Rehab and Health Care Center, LLC*). In 2020, the US District Court for the Northern District of New York's Board of Judges rescinded Kernan's admission to appear in the district.

[7] A class action brought in the United States District Court for the Southern District of New York, 73-CV-4279, 384 F. Supp. 800 (1974).

[8] The plaintiffs were Albert Percy, Manuel Meija and John Mercado. Only Mr. Percy remains alive.

[9] President Lyndon B. Johnson signed this executive order on September 24, 1965. The order established requirements for non-discriminatory practices in hiring and employment for United States government contractors.

[10] The plaintiffs filed the matter in the federal district court for the Southern District of New York (Judge Morris E, Lasker) and sued the U.S. Secretary of Labor, the United States Department of Labor, the Assistant Secretary of Labor for Employment Standards, the Director of the Office of Federal Contract Compliance and the Office of Federal Contract Compliance (federal defendants); the Governor of the State of New York, the Industrial Commissioner of the State of New York and the New York State Department of Labor (state defendants); and the Building and Construction Trades Council of Greater New York, the New York Building and Construction Industry Board of Urban Affairs Fund (Fund) and the New York Plan for Training, Inc.

[11] At the time of the filing, The original plaintiff, Albert Percy was still alive.

<u>Evans v. The Port Authority of New York and New Jersey, et al.</u>, l5 Civ. 3942.  In 2015, Kernan filed the complaint in Evans, which alleged that the plaintiffs (Carl Evans and Reginald Benjamin) were a class of similarly situated individuals who had been denied their rights to "paid on-the-job apprentice training and employment in connection with public works construction contracts" and thereby had been deprived of the opportunity to "compete fairly for jobs based on ability," rather than on their status as racial and ethnic minorities.  The Plaintiffs generally sought apprenticeships and on-the-job training for the Class and claimed that their "solution" (using their job training programs) was the "constitutionally correct" solution.

In seeking to join the matters, Kernan claimed that the Percy matter was still outstanding and that the Percy and Evans matters were related actions based on "the same alleged misconduct by Defendants regarding training" and that there were common questions of fact and law to justify joining the matters.  In addition, Kernan sought to litigate the matter nationwide via a motion addressed to the federal Judicial Panel on Multi-District Litigation (JPMDL).

Since the original Percy action had been closed for almost 40 years and the files were not easily available, at the request of the JPMDL, the Chief Judge for the Southern District of New York re-opened the matter to gain access to the archived records.  Once the archived records were retrieved, the government moved to reclose Percy in the action brought by Kernan in the Eastern District of New York.  The Court granted the motion to dismiss and Kernan's appeal was denied.[12]  The Percy matter was closed.  Also, in August 2017, in the pending Evans litigation, the Court granted a motion for summary judgment to dismiss Evan's action against the Port Authority.[13]

Despite these repeated adverse decisions, in 2017, Kernan sent a letter to the Chief Judge in the Southern District (where the original Percy case was filed) seeking a "final order of judgment" in favor of plaintiff in the original Percy case.  In the letter to the Chief Judge, Kernan stated that the court in Percy "never entered a final judgment" and did not explain the 40-year hiatus.  In February 2018, the Court issued a scathing order that questioned the veracity of Kernan's representations to the court and directed Kernan to produce documentation to support his request within two days.  Kernan failed to provide the documentation and the court dismissed the request.  Thus, and once again, no "Percy Settlement" or "Percy Order" exists.

**INVESTIGATION AND REVIEW**

In letters sent to the SCA and to SCA contractors, Kernan presented himself as "class counsel" for Percy Jobs and Careers.[14]  Percy offered apprentice and vocational training in various construction trades with the promise of achieving construction "Journeyman" status upon completion of its course. Percy marketed these services as the "Percy Plan" and the "Percy Solution," and claimed that its services will satisfy the court-ordered "decision" in <u>Percy v. Brennan.</u>  As mentioned above, the Court dismissed the Percy Case in 1977 and Kernan knew that his subsequent attempts to re-open the matter were denied and that no Percy decision existed.

---

[12] *Percy v. U.S. Dept of Labor*, No. 17-2273, issued January 18, 2018.
[13] The Court dismissed the Evans action without prejudiced based on lack of standing and subject matter jurisdiction.  The court found plaintiffs' reliance on Percy "inapposite and unpersuasive."
[14] As mentioned above, the original name of this entity was Oriska Jobs and Careers, but Kernan changed the name to Percy in 2018.

In late May through early June 2020, at least 42 SCA contractors[15] received a letter dated May 27, 2020, from Kernan, claiming to be Percy's counsel. In these letters, Kernan represented that plaintiff "Albert Percy, As Class Representative," would be filing a federal class action against the letter's recipient in the Eastern District of New York, for "unlawful employment practices." In the letters, Kernan provided a link to a Dropbox folder that included a complaint entitled "Percy Lead Complaint EDNY," a document entitled "Apprenticeable Position Register revised 2020-05-20," and a separate folder labeled "Ver 2 – 2020-06-02."

The separate folder labeled "VER2-2020-06-02" contained several subfolders labeled as various New York State counties. These subfolders contained New York State Court summons and complaints (dated April 23, 2020 at the top and June 2, 2020 at the bottom) purportedly filed in various New York Counties against countless defendants, including multiple City agencies and contractors. None of these Summons and Complaints were executed or filed but appeared to be legitimate civil actions, so that the contractors, who received the letters, would retain Percy's services.

The contractors who received these letters expressed concern about being sued to the SCA. Because of the concern expressed by SCA's MWBE contractors, in June 2020, the SCA retained outside counsel to give a presentation to these contractors who received the correspondence, to educate these inexperienced contractors regarding civil litigation and to distinguish legitimate litigation complaints from potential scams.

From September 14 through September 29, 2020, Percy Jobs and Careers sent 18 letters, along with a Notice of Settlement, to the SCA. Each of these letters, allegedly signed by Albert Percy, referenced a specific SCA project and stated that Albert Percy was a "class representative," that a "Notice of Settlement" in Percy v. Brennan was enclosed, and offered the services of Percy Jobs and Careers to fulfill the SCA's affirmative action requirements by providing Percy Class members to work in apprentice positions. The letter requested that the SCA contact Jim Kernan at the Kernan Professional Group LLC.

The letters, attachments, and other documents sent to SCA contractors and to the SCA were false and misleading. As discussed above, the original Percy v. Brennan litigation, as well as the recent litigation filed by Kernan were dismissed so that no Percy class, nor any settlement exists. Rather, using these false statements, Kernan attempted to intimidate SCA contractors and the SCA into hiring Percy to provide apprenticeship workers who had attended the Percy school. Kernan's and Percy's misconduct harassed the SCA and its contractors.

In addition to Percy's misconduct of using false and misleading statements to intimidate the SCA and its contractors into hiring Percy, the 18 letters sent to the SCA have letterhead with a logo that reads "Percy Jobs and Careers at Maritime College State University of New York" and lists the address of the college, located in Throg's Neck in the Bronx, as its own. According to SUNY officials, the only relationship that SUNY Maritime has with Percy Jobs and Careers was an annual revocable permit for Oriska Jobs and Careers to rent a classroom at SUNY Maritime College for Oriska Jobs and Careers to provide apprenticeship training to interested individuals in various construction trades. The annual rent for the classroom space was $30,000 per year, which was paid by Oriska Jobs and Careers. The actual training classes were given by 10 SUNY

---

[15] All 42 contractors had participated in the SCA's Mentor Program and were MWLBEs (Minority/Women/Locally-Based Enterprises).

faculty members working independently for Oriska Jobs and Careers, on their own time, for which they are paid a salary and issued an IRS Form 1099 by Oriska Jobs and Careers.[16]

## CONCLUSION

Percy, a registered 501(c) (3) corporation, and Kernan, sent harassing letters with false information to the SCA and 42 SCA minority contractors and claimed to be a solution to threatened civil action based on a violation of a nonexistent "Settlement" of federal litigation. Although no contractors responded to the Percy letters, Kernan and Percy sent these letters and other documents in bad faith to confuse, harass, and extort New York City agencies and their contractors.

Based on the letters and actions from Kernan and Percy, on July 24, 2020, the New York City Law Department issued a Cease-and-Desist letter to Kernan directing him to stop these activities on behalf of Percy Jobs and Careers. The Law Department was preparing a referral to the New York State Attorney Grievance Committee seeking sanctions against Kernan for these activities. Counsel for SUNY Maritime also issued a Cease-and-Desist letter to Oriska Jobs and Careers and directed them to refrain from their deceptive advertising practices. Despite these actions by the Law Department and SUNY Maritime, Percy Jobs and Careers' website still promotes that it provides a diploma after its participants "graduated from the SUNY Maritime College in the Bronx's apprenticeship program."

We are referring this matter pertaining to Percy Jobs and Careers, a registered not-for-profit, to you for whatever action you deem appropriate. Should you require additional information please contact First Assistant Inspector General Gerard McEnroe at (646) 996-7039 or gmcenroe@scaoig.org.

---

[16]SUNY was adamant that they had no official affiliation with either Oriska Jobs and Careers or Percy even though the Percy website and marketing material that stated that students enrolled in the program were given "SUNY approved apprenticeship training" and other statements. These statements implied a connection to SUNY and imprimatur of the instruction given.